

# Thompson Wigdor & Gilly LLP ATTORNEYS AND COUNSELORS AT LAW

85 Fifth Avenue
New York, NY 10003
Tel 212.257.6800
Fax 212.257.6845
www.twglaw.com

**Andrew S. Goodstadt**
agoodstadt@twglaw.com

November 13, 2008

**VIA ECF**

Honorable E. Thomas Boyle
United States Magistrate Judge
United States District Court
100 Federal Plaza
Central Islip, New York 11722

    Re: **Carter, et al. v. Incorporated Village of Ocean Beach, et al., 07 Civ. 1215 (SJF) (ETB)**

Dear Judge Boyle:

We represent Plaintiffs in the above-referenced matter, and write in opposition to Defendants Incorporated Village of Ocean Beach, mayor Joseph C. Loeffler, Jr., former mayor Natalie K. Rogers, and the Ocean Beach Police Department's (collectively, the "Ocean Beach Defendants") letter motion pursuant to Fed. R. Civ. P. 26(c), which requests a Protective Order directing that the depositions of the Ocean Beach Defendants – as well as non-party employees of Ocean Beach – take place at the offices of Rivkin Radler, LLP, in Uniondale, New York, rather than at the offices of Plaintiffs' counsel in Manhattan. For the reasons set forth below, Plaintiffs respectfully request that the Ocean Beach Defendants' motion be denied in its entirety.

We note preliminarily that counsel for no other party in this action, including Defendant Suffolk County and Defendant Hesse, has expressed any opposition to conducting the depositions of the Ocean Beach Defendants at the offices of Plaintiffs' counsel in New York, which are located less than 30 miles from the Uniondale offices of Rivkin Radler LLP. It should also be noted that this distance is comparable to the 25 miles between the Uniondale offices of Rivkin Radler LLP and the Courthouse, and the approximately 30 miles between Rivkin Radler's offices and Ocean Beach itself. Moreover, although the Ocean Beach Defendants claim that conducting their depositions at Plaintiffs' counsel's offices require them to "spend their own money, or taxpayer money, to drive into New York City, pay tolls and parking, or take a train into the City and pay for a subway ride or taxicab," the fact is that Plaintiffs are willing to reimburse the Ocean Beach Defendants for these travel expenses.

Similarly, the Ocean Beach Defendants' claim that Plaintiffs cannot identify "peculiar circumstances" to justify holding the depositions of the Ocean Beach Defendants at the offices of Plaintiffs' counsel as noticed is also without merit. As Defendants know, the parties have collectively produced in excess of 24,000 pages of documents thus far in discovery, and it would be unreasonable to deprive Plaintiffs' counsel of the ability to access these documents for use as potential deposition exhibits as may be warranted by the testimony of particular witnesses. Although Plaintiffs' counsel certainly prepares potential exhibits (including copies for counsel for the respective parties) in advance of each deposition, it is impossible to predict the precise documents that counsel may wish to discuss with each witness during the course of his or her testimony, and Plaintiffs' counsel would thus be required to transport an unwieldy volume of potential deposition exhibits to the Uniondale offices of Rivkin Radler LLP if the Ocean Beach Defendants' motion is granted. *See Haymes v. Columbia Pictures Corp.*, 16 F.R.D. 118, 123 (S.D.N.Y. 1954) (recognizing convenience of counsel as valid consideration for location of depositions).

Finally, as counsel for the Ocean Beach Defendants is aware, his office agreed to schedule the depositions of certain non-party employees pursuant to Notices of Deposition, rather than by subpoena, for the convenience of all parties. It is therefore unreasonable for opposing counsel to claim – only days before these depositions commenced – that these non-party employees are immune from the standard 100-mile rule that pertains to witnesses deposed pursuant to subpoenas.

For the foregoing reasons, Plaintiffs respectfully request that the Court deny the Ocean Beach Defendants' motion to compel Plaintiffs to conduct the Ocean Beach Defendants' depositions at the Uniondale offices of Rivkin Radler LLP, rather than at the offices of Plaintiffs' counsel in New York City.

Respectfully submitted,

/s/
Andrew S. Goodstadt


cc:   Kenneth A. Novikoff, Esq. (*Attorney for Ocean Beach Defendants* – via ECF)
      Kevin W. Connolly, Esq. (*Attorney for Defendant George B. Hesse* – via ECF)
      Arlene Zwilling, Esq. (*Attorney for Suffolk County Defendants* – via ECF)