```
3    ----------------------------------X
     EDWARD CARTER,                    :   07-CV-1215
4                                      :
                    Plaintiff,         :
5                                      :
                    v.                 :   January 28, 2009
6                                      :
     INCORPORATED VILLAGE OF OCEAN     :   United States Courthouse
7     BEACH, et al.,                   :   Central Islip, New York
                                       :
8                   Defendants.        :
     ----------------------------------X
9
          TRANSCRIPT OF CIVIL CAUSE FOR DISCOVERY HEARING
10            BEFORE THE HONORABLE E. THOMAS BOYLE
                 UNITED STATES MAGISTRATE JUDGE
11

12   APPEARANCES:

13   For the Plaintiff:          ANDREW S. GOODSTADT, ESQ.
                                 Thompson Wigdor & Gilly LLP
14                               85 Fifth Avenue
                                 New York, New York  10003
15
     For Village of Ocean:       KENNETH A. NOVIKOFF, ESQ.
16    Beach, Ocean Beach         Rivkin, Radler LLP
      Police Dept., Mayor        926 Rexcorp Plaza
17   Loughlin, Mayor Rogers      Uniondale, New York  11556

18   For Defendant Hesse:        JOHN MORAN, ESQ.
                                 Marks, O'Neill, O'Brien &
19                                Courtney
                                 530 Saw Mill River Road
20                               Elmsford, New York  10523

21   For Suffolk County:         District Attorney's Office
                                 BY:  ROSYLN GRAY, ESQ.
22                               Assistant District Attorney
                                 100 Veterans Memorial Highway
23                               Hauppauge, New York  11788

24   Court Transcriber:          CARLA NUTTER
                                 TypeWrite Word Processing Service
25                               211 N. Milton Road
                                 Saratoga Springs, New York 12866
```

Proceedings recorded by electronic sound recording,
transcript produced by transcription service

1       THE CLERK:  Calling Case 07-CV-01215, <u>Carter v.</u>

2  <u>Incorporated Village of Ocean Beach</u>.

3       Parties, please state your appearances for the

4  record.

5       MR. GOODSTADT:  Andrew Goodstadt of Thompson, Wigdor

6  & Gilly on behalf of plaintiff.  Good morning, Your Honor.

7       THE COURT:  Good morning.

8       MR. NOVIKOFF:  On behalf of defendants Village, Ocean

9  Beach Police Department and Mayor Loughlin, former Mayor

10  Rogers, Ken Novikoff from Rivkin, Radler.  Good morning, Your

11  Honor.

12       THE COURT:  Good morning.

13       MR. MORAN:  On behalf of the defendant George Hesse,

14  John Moran from the law offices of Marks, O'Neill, O'Brien &

15  Courtney.

16       MS. GRAY:  I'm Roslyn Gray, head counsel for

17  [inaudible].

18       MR. YOUNG:  I'm Robert Young, of counsel [inaudible].

19       THE COURT:  Ms. Gray, I've seen a lot of district

20  attorneys come into this court and I would say a lot of them

21  don't know what they're doing.  You did a very nice job.

22       MS. GRAY:  Thank you, Your Honor.

23       THE COURT:  All right.  Let's take what appears to be

24  a consent application first, that's the easier one to deal with

25  here and it's putting over until after the criminal trial --

1  the deposition of Mr. Hesse?  Would anybody like to be heard on

2  that?

3          MR. GOODSTADT:  Yes, Your Honor.  The only issue that

4  we had put forth in our one page letter was to the extent that

5  the trial doesn't commence or end timely as is currently

6  anticipated and I spoke with Mr. Hesse's counsel and the

7  schedule that we discussed last time we were here still seemed

8  to be in effect.  So we don't have a problem assuming it

9  doesn't get pushed off for months and assuming that the Court

10  would entertain discovery issues that arise out of Mr. Hesse's

11  deposition and follow-up discovery despite the fact that the

12  formal discovery deadline is the end of this month.

13          THE COURT:  Thank you.

14          MR. MORAN:  Your Honor, I would just add that I spoke

15  to Mr. Hesse and his criminal attorney yesterday and they've

16  advised me that they fully expect to -- that jury selection in

17  the criminal matter is to begin on February 23rd and the

18  criminal attorney anticipates that the trial of that action

19  will take approximately two weeks but they expected to go ahead

20  on that date.

21          THE COURT:  Okay.  So I'll grant it subject to the

22  conditions that you suggested which are only reasonable and

23  that is that discovery will be extended for purposes of Mr.

24  Hesse.

25          Now, do I understand that after the trial he will

1   submit to a deposition?

2          MR. MORAN:  Well, Your Honor, Mr. Hesse will submit

3   to a deposition after the trial.  He anticipates being

4   acquitted.  If he's not acquitted I assume that the decisions

5   regarding what he'll actually testify to would be something

6   that he would discuss with his criminal attorney.

7          THE COURT:  All right.  You understand -- I mean

8   there's nothing anybody can do about his invoking the Fifth

9   Amendment privilege assuming it's invoked in good faith, that's

10  regardless of whether he's acquitted or convicted but I think

11  what's anticipated here -- at least what I anticipate by

12  granting this temporary stay is that he'll submit to the

13  examination.  I don't have any control if he decides to invoke

14  his privilege with regard to particular questions but that

15  would probably be the procedure that would be followed.

16         MR. MORAN:  Yes, Your Honor.

17         THE COURT:  Okay.  So your application is granted and

18  I'll put something in writing that will adopt the conditions

19  and so forth.

20         MR. MORAN:  Thank you, Your Honor.

21         MR. GOODSTADT:  Thank you, Your Honor.

22         THE COURT:  Now, we have the application by the

23  defendants to hold the District Attorney of Suffolk County in

24  contempt.

25         MR. NOVIKOFF:  Your Honor, we'll waive that --

1          THE COURT:  This is the mouse that roared here.

2          MR. NOVIKOFF:  Your Honor, we'll waive that aspect of

3  the motion.

4          THE COURT:  Well, I would hope so because it is

5  totally devoid of any and all merit.  You're not waiving too

6  much.

7          MR. NOVIKOFF:  We'll move on to the -- Your Honor,

8  you're correct, we'll move on to the substantive element of the

9  motion, Your Honor.

10          THE COURT:  All right.  Would you like to be heard?

11          MR. NOVIKOFF:  Yes, Your Honor.

12          May it please the Court, we fully appreciate the

13  assertions of the privileges that are contained in the District

14  Attorney's letter to the Court.  We believe, however, that

15  while the assertions or at least one of them has been

16  recognized by the federal court, the other one -- and

17  specifically the public interest privilege -- has not been

18  recognized as binding on this federal court.  Nevertheless,

19  other than asserting the privilege and other than a general and

20  conclusory statement that the disclosure of certain documents

21  could impact a future investigation the District Attorney

22  really hasn't articulated the substantial showing that in our

23  opinion is necessary to prevent disclosure of most of the

24  documents that we have sought.

25          They are correct; with regard to any grand jury

1  testimony of non-parties to this action we would have to go to

2  state court and get that so for the purposes of this motion

3  we're not going to seek any order from the Court.

4          THE COURT:  Okay.

5          MR. NOVIKOFF:  To the extent, however, that any of

6  the five former police officers of Ocean Beach have testified

7  before the grand jury, this is an interesting issue.  They are

8  correct that there is a secrecy that is attached to grand jury

9  testimony, however, any witness to a grand jury has the right

10 to request the production of that transcript and they have the

11 right to disclose what their testimony has been.

12         THE COURT:  Who told you that?

13         MR. NOVIKOFF:  Various New York cases, Your Honor,

14 and I will cite the one that was actually cited --

15         THE COURT:  A witness is entitled to his or her grand

16 jury testimony?

17         MR. NOVIKOFF:  Yes.  They're entitled to disclose

18 their testimony and I will --

19         THE COURT:  Is it a case that you've cited or is it

20 something --

21         MR. NOVIKOFF:  This is a case that they have cited,

22 actually, it's <u>Melendez v. City of New York</u>, 109 A.D. 213, 1st

23 Dept. 1985.

24         THE COURT:  Say it a little bit slower.

25         MR. NOVIKOFF:  Sure.  109 A.D. 213, 1st Dept., 1985.

1          I'll read from the opinion that starts, I believe, on

2     Page 7 of the Lexis printout and I'm going to quote, "However,

3     plaintiffs are entitled to immediate disclosure of their own

4     grand jury testimony.  The statute, while directing secrecy,

5     expressly provides that a witness is not precluded `from

6     disclosing his own testimony.'"

7          THE COURT:  Is this an accused in a criminal

8     prosecution?

9          MR. NOVIKOFF:  No.  These are the plaintiffs.

10         THE COURT:  No, I mean in this case.

11         MR. NOVIKOFF:  Right.

12         THE COURT:  In other words, if someone is charged

13    with a crime, presumably -- and I'd be glad to hear argument on

14    it -- but, presumably, the prosecutor has an obligation to turn

15    over all the defendant's statements.

16         MR. NOVIKOFF:  Yes.

17         THE COURT:  Is that what this case stands for?

18         MR. NOVIKOFF:  No, this case -- and if I can read the

19    next two sentences?

20         THE COURT:  Sure.

21         MR. NOVIKOFF:  "It has been held that the principle

22    of confidentiality does not prevent the witness from revealing

23    his testimony before a grand jury.  In addition, in civil

24    actions a party has a right to obtain a copy of his own

25    statement which extends to both prior written and recorded

1   statements."  This is in the context of grand jury testimony.

2           So while I agree with the concept -- the argument

3   posed by the District Attorney that they don't have the right

4   absent a state court order to disclose the grand jury

5   testimony, the plaintiffs have the ability to get that

6   testimony if they so desire.  They can make -- at least

7   according to this and I'd be happy to brief the issue a little

8   bit further -- they have the ability to make the request to the

9   District Attorney and say, please release my grand jury

10  testimony.

11          THE COURT:  But as I understand your application you

12  don't just want plaintiff's statements, you want any witness

13  that they may have interviewed including the detectives' notes.

14          MR. NOVIKOFF:  That's a separate aspect.  I'm

15  focusing on just the pure grand jury testimony because I think

16  that's --

17          THE COURT:  That, I understood you to withdraw.

18          MR. NOVIKOFF:  Right.  For any other witnesses other

19  than the parties in this matter.  We're not going to -- unless

20  we want to go to state -- well, let me take a step back.  If

21  the plaintiffs testified in front of the grand jury -- the

22  plaintiffs in this action -- we are still seeking through the

23  plaintiffs the production of that.

24          THE COURT:  Grand jury testimony?

25          MR. NOVIKOFF:  Grand jury testimony.  Under Rule 26 I

1  think it would be in their custody, possession and control if

2  all they need to do --

3          THE COURT:  Well, I'm going to get rid of that one

4  right now.  Go to the state court if you want that.

5          MR. NOVIKOFF:  Okay.

6          THE COURT:  Along with everything else.

7          MR. NOVIKOFF:  Okay.  So we're done with the grand

8  jury aspect -- the grand jury testimony.  Thank you, Your

9  Honor.

10         With regard to the statements made by Mr. Carter and

11 the audiotapes between Mr. Carter and Mr. Lamm, I believe we

12 are entitled to production of that; (1) according to the

13 affidavit the audiotapes were not even made at the behest of

14 the D.A.

15         THE COURT:  Did you ask the plaintiff for it?

16         MR. NOVIKOFF:  The plaintiff has produced audiotapes

17 but I don't know if those are the same audiotapes that have

18 been produced.

19         THE COURT:  Did you cover this in your deposition?

20 Were these the same audiotapes that you turned over to the

21 District Attorney of Suffolk County?  That's a simple question.

22         MR. NOVIKOFF:  We were unaware at the time of the

23 deposition that audiotapes had been -- and I'll check the

24 deposition transcripts -- I don't know if I was aware

25 necessarily that there had been audiotape separate and apart

1    from what had been produced to us that had been turned over to

2    the D.A. but perhaps I could inquire with Mr. Goodstadt on that

3    issue.

4              THE COURT:  I think you're barking up the wrong tree.

5              They've got a criminal prosecution going here.  The

6    case is scheduled for trial at the end of February as we just

7    discussed.  They've made the representation by affidavit which

8    is in sharp contrast to your application here for privileged

9    documents by letter motion.  Their representation is that they

10   have an ongoing investigation.

11             MR. NOVIKOFF:  Yes, Your Honor, and I'll address

12   that.

13             THE COURT:  Don't they have a work product privilege?

14             MR. NOVIKOFF:  Your Honor, I don't believe that they

15   have shown that this harm that will take place from disclosure

16   of documents that would pre-date -- or disclosure of

17   information pre-dating, certainly, the terminations --

18             THE COURT:  Did you ever do any criminal work?

19             MR. NOVIKOFF:  No, Your Honor.  Should I continue,

20   Your Honor.

21             THE COURT:  It's obvious.

22             MR. NOVIKOFF:  Your Honor, the indictments of Mr.

23   Hesse took place two years ago.  There has been no indictment

24   of anyone else at the Village other than the police officers.

25   To the extent the plaintiffs -- Mr. Carter -- has made a

1  statement, I think we certainly should be entitled to Mr.

2  Carter's statement at a minimum as to what he provided the D.A.

3  I could understand the Court's position with regard to,

4  perhaps, other witnesses but Mr. Carter is a plaintiff in this

5  action and I've seen no harm that has been articulated with

6  regard to the disclosure of Mr. Carter's statement.

7         THE COURT:  Okay.  You don't now how criminal

8  prosecutions work.  You try to get your first conviction and

9  then if you do get that first conviction and that person has

10 something to lose at sentence, then maybe that person decides

11 to do some talking and provide information with regard to other

12 prosecutions.  That's the ongoing investigation, I would

13 assume, here.

14        MR. NOVIKOFF:  Yes, but Mr. Carter is not from my

15 understanding and, perhaps, I'm misunderstanding --

16        THE COURT:  I'm talking about the defendant Hesse.

17        MR. NOVIKOFF:  Yes, I'm not looking --

18        THE COURT:  You seem to be questioning whether or not

19 they can invoke the law enforcement privilege or work product

20 privilege because the investigation is all over.

21        MR. NOVIKOFF:  Well, the investigation as to Mr.

22 Hesse is over because he's been indicted and he was indicted

23 two years ago.  The only other investigation that has been

24 articulated by the D.A.'s Office is they're currently

25 investigating the Village of Ocean Beach.

1    THE COURT:  Can't they do that?

2    MR. NOVIKOFF:  They can but it's been two years, Your

3  Honor, and --

4    THE COURT:  It should be narrower.

5    MR. NOVIKOFF:  Excuse me?

6    THE COURT:  It should be a much narrower

7  investigation?

8    MR. NOVIKOFF:  Your Honor, with regard to Mr. Hesse's

9  statements we're not seeking those, it's just Mr. Carter's

10  statement since he is a plaintiff in this action.

11    THE COURT:  You asked for any witnesses.  I have no

12  idea who they spoke to.  Your request is for any and all

13  witnesses.

14    MR. NOVIKOFF:  Yes, but we certainly --

15    THE COURT:  I assume that Hesse and some of the other

16  defendants were somehow involved in this investigation.

17    MR. NOVIKOFF:  I know of no other person other than

18  Hesse that was potentially involved in this investigation but I

19  do know from the D.A.'s affidavit that they have a statement

20  from Mr. Carter, who is a plaintiff in this action.  So,

21  certainly, as to Mr. Carter I would think we would be entitled

22  to that statement.

23    THE COURT:  Anything else?

24    MR. NOVIKOFF:  No, Your Honor.  Thank you.

25    THE COURT:  All right.  Can I hear from the D.A.,

1  please?

2          MS. GRAY:  We would assert our privilege simply

3  because this is an ongoing investigation and simply because

4  defendant does not believe that there are other investigations

5  going on does not minimize our interest in maintaining our

6  files and not alerting possible defendants to our

7  investigations.

8          THE COURT:  What are the privileges you're asserting?

9          MS. GRAY:  We are asserting the law enforcement

10 privilege as well as the confidential informant privilege to

11 protect people who have given us information based on the

12 promise that we will keep their identities secret.

13         THE COURT:  Anybody else have an interest in this and

14 want to be heard on this issue?

15         MR. GOODSTADT:  Your Honor, we didn't submit a letter

16 because I wasn't positive after doing the research that we had

17 standing to object to the disclosure of this information but,

18 certainly, to the extent that it would impede an investigation

19 into any of the conduct either that Mr. Hesse has already been

20 indicted for or some future potential indictments that are

21 coming down, whether it's related or not to the issues in this

22 case which it reasonably might be, we certainly believe that

23 disclosure would impede the investigation to the extent one is

24 going on.  Again, I'm not privy to what they have as you could

25 imagine so I'm not sure exactly what they are protecting but to

the statement of my client, I would assume there would be no

exclusion and I don't think there's any exclusion to the

privilege that I've seen for a party in a civil lawsuit

because they're a plaintiff in a civil lawsuit and their

testimony would be similarly protected or a statement would be

similarly protected by the law enforcement privilege or the

confidential informant privilege or work product privilege.  To

the extent that Mr. Novikoff asked our clients -- and he

certainly did -- about meetings, statements, recordings,

discussions with anybody representing someone in the District

Attorney's Office, we did not instruct our clients not to

answer because I don't think we had a basis to make that

instruction, I'm not sure it's our privilege --

          THE COURT:  You mean at a deposition?

          MR. GOODSTADT:  Yes, Your Honor.

          THE COURT:  Can you make any representation that may

avoid some future motion practice with regard to the videos?

Do you know whether the videos that were turned over to the

District Attorney of Suffolk County are one in the same as the

ones that your clients maintained?

          MR. GOODSTADT:  Your Honor, I certainly can find that

out.  What I can represent to the Court is that any audio

recordings that were in my client's custody, possession or

control throughout this litigation have been turned over and I

don't have any reason to believe that they're different but

1  they may be.  I can ask my clients and find that out.

2        Another representation I can make is I'm not sure if

3  they actually had -- for them to have turned over an audio

4  recording and not been the same, that means I would have had to

5  turn over the original.  I know they haven't destroyed any

6  audio recordings.  So I would believe that it's probably the

7  same but I can definitely confirm that to avoid a motion.

8        THE COURT:  Okay.  Mr. Novikoff, anything else you

9  want to --

10        MR. NOVIKOFF:  Yes, and I'm not suggesting for a

11  moment that anything has been destroyed or anything has gone

12  on.

13        THE COURT:  You have a very hard issue here but

14  because you've raised so many legal issues I'm not going to do

15  anything from the bench but I'll give you something in writing.

16        MR. NOVIKOFF:  Thank you, Your Honor.

17        THE COURT:  Okay.  Is there anything else while we

18  have everybody here that we ought to be talking about as far as

19  a schedule or anything?  Everything is going on schedule as far

20  as discovery completion at the end of February, I think, is

21  that right?

22        MR. GOODSTADT:  Although we have a pretty packed

23  schedule for depositions in February I think we're going to be

24  able to squeeze everybody in other than for Hesse and to the

25  extent that there are one or two due to scheduling with some

1  third parties that I'm trying to work out some scheduling with

2  maybe it will spill into March but at this point I don't think

3  that that's necessarily going to be the case.

4          THE COURT:  Okay.  Well, we already know that one

5  deposition will be going over -- and I know you're all working

6  at the case and I know there are a lot of legal issues that

7  have slowed everything down so if you do need more time let me

8  know.

9          MR. GOODSTADT:  Appreciate that, Your Honor.

10          MR. NOVIKOFF:  Thank you, Your Honor.

11          MR. MORAN:  Thank you, Your Honor.

12          THE COURT:  Okay.  Thanks for coming out under very

13  adverse conditions.

14                              *  *  *  *  *

15

16

17

18

19

20

21

22

23

24

25

* * * * *

I certify that the foregoing is a transcript from an electronic sound recording of the proceedings in the above-entitled matter.

_____
CARLA NUTTER

Dated:  January 28, 2009