UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------ X
EDWARD CARTER, FRANK FIORILLO, KEVIN
LAMM, JOSEPH NOFI AND THOMAS SNYDER,           Case No.:  07 CV 1215 (SJF) (ETB)

                              Plaintiffs,

              -against-

INCORPORATED VILLAGE OF OCEAN BEACH;
MAYOR JOSEPH C. LOEFFLER, JR., individually
and in his official capacity; former mayor NATALIE K.
ROGERS, individually and in her official capacity,
OCEAN BEACH POLICE DEPARTMENT; ACTING
DEPUTY POLICE CHIEF GEORGE B. HESSE,
individually and in his official capacity; SUFFOLK
COUNTY; SUFFOLK COUNTY POLICE
DEPARTMENT; SUFFOLK COUNTY
DEPARTMENT OF CIVIL SERVICE; and ALISON
SANCHEZ, individually and in her official capacity,

                              Defendants.

------------------------------------------------------------------ X


**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT ACTING DEPUTY
POLICE CHIEF GEORGE B. HESSE'S MOTION FOR SUMMARY JUDGMENT**


                         **MARKS, O'NEILL, O'BRIEN
                         & COURTNEY, P.C.**
                         Attorneys for Defendant
                         **ACTING DEPUTY POLICE CHIEF
                         GEORGE B. HESSE, individually
                         and in his official capacity**
                         530 Saw Mill River Road
                         Elmsford, New York 10523
                         (914) 345-3701
                         File No.: 479.81595


**JAMES M. SKELLY, ESQ.
KEVIN W. CONNOLLY, ESQ.
KAREN M. LAGER, ESQ.**

# TABLE OF CONTENTS

                                                                                    **Page**

TABLE OF AUTHORITIES ........................................................................................... iii

PRELIMINARY STATEMENT ..................................................................................... 1

STATEMENT OF FACTS ............................................................................................... 1

STANDARD OF REVIEW THE SUMMARY JUDGMENT STANDARD ................................ 1

LEGAL ARGUMENT ..................................................................................................... 2

PLAINTIFFS' FIRST AMENDMENT RETALIATION CLAIMS UNDER 42 USC §§ 1983, 1985
AND THE NEW YORK STATE CONSTITUTION SHOULD BE DISMISSED ON SUMMARY
JUDGMENT AS PLAINTIFFS' SPEECH IS NOT PROTECTED SPEECH UNDER THE FIRST
AMENDMENT ................................................................................................................ 2

PLAINTIFFS' FEDERAL(42 USC §§ 1983, 1985) AND STATE PROCEDURAL DUE PROCESS
AND SUBSTANTIVE DUE PROCESS CLAIMS MUST BE DISMISSED AS PLAINTIFFS
WERE NOT ENTITLED TO CONTINUED GOVERNMENT EMPLOYMENT ...................... 6

PLAINTIFFS' FOURTEENTH AMENDMENT EQUAL PROTECTION CLAIM(42 USC §§
1983, 1985) SHOULD BE DENIED ON SUMMARY JUDGMENT AS CLASS-OF-ONE
THEORY IS INAPPLICABLE TO THE PUBLIC EMPLOYMENT CONTEXT ...................... 7

SUMMARY JUDGMENT ON PLAINTIFFS' NEW YORK CIVIL SERVICE LAW 75-B CLAIM
SHOULD BE GRANTED AS PLAINTIFFS CANNOT ESTABLISH THE REQUIRED
DISCLOSURE TO A GOVERNMENTAL BODY ................................................................ 10

PLAINTIFFS' NEW YORK LABOR LAW §740 CLAIM MUST BE DISMISSED ON
SUMMARY JUDGMENT AS IT IS INAPPLICABLE TO PUBLIC EMPLOYEES ................ 12

SUMMARY JUDGMENT SHOULD BE GRANTED ON PLAINTIFFS' CLAIM FOR
DEFAMATION *PER SE* UNDER NEW YORK LAW AS THE STATEMENTS PUBLISHED BY
DEFENDANT WERE NOT PER SE DEFAMATORY .......................................................... 13

SUMMARY JUDGMENT SHOULD BE GRANTED IN DEFENDANT'S FAVOR, AS
TERMINATION IN VIOLATION OF PUBLIC POLICY IS NOT RECOGNIZED UNDER NEW
YORK LAW .................................................................................................................... 20

PLAINTIFFS' NEGLIGENT RETENTION OF AN UNFIT EMPLOYEE UNDER NEW YORK
LAW FAILS AS A MATTER OF LAW AS PLAINTIFFS CANNOT DEMONSTRATE A
COGNIZABLE INJURY AS A RESULT OF THE RETENTION ........................................... 21

PLAINTIFFS' CLAIMS UNDER RICO FAIL AS A MATTER OF LAW AND MUST BE
DISMISSED ON SUMMARY JUDGMENT ....................................................................... 23

PLAINTIFFS' CAUSE OF ACTION FOR CIVIL CONSPIRACY UNDER NEW YORK LAW MUST BE DISMISSED ON SUMMARY JUDGMENT............................................................26

PLAINTIFFS' CLAIM FOR TORTIOUS INTERFERENCE WITH A PROSPECTIVE BUSINESS RELATIONSHIP UNDER NEW YORK LAW MUST BE DISMISSED...................................26

CONCLUSION .................................................................................................................30

# TABLE OF AUTHORITIES

**Cases**

Abeles, Inc. v. Farmers Pride, Inc., 2007 U.S. Dist. LEXIS 50071 ........................................1, 27, 28

Abra Constr. Corp. v. Merchs. Bank, 258 Fed. Appx. 379, 381 (2d Cir. 2007) .................................25

Abramson et. al. v. Pataki, et. al. 278 F. 3d 93 (2d Cir. 2002).................................................................6

Adickes v. S.H. Kress & Co., 398 U.S. 144, 158-59, 90 S.Ct. 1598 (1970).........................................2

Allum v. BankAmerica Corp., 1998 U.S. App. LEXIS 6642 (9th Cir. 1998) ...................................25

Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255, 106 S.Ct. 2505 ...................................................2

Bal v. City of New York, et. al., 266 A.D. 2d 79, 698 N.Y.S. 2d 852 (1st Dep't 1999) ...................11

Bd. of Regents v. Roth, 408 U.S. 564,569-70 (1972) .......................................................................6, 7

Beck v. Prupis, 529 U.S. 494, 120 S.Ct 1608 (2000)........................................................................24

Bell v. Alden Owners, Inc., 299 A.D.2d 207, 209 (1st Dep't 2002) ...................................................26

Bishop v. Wood, 426 U.S. 341,348, 96 S.Ct. 2074, 2079 (1976) ........................................................7

Brian v. Richardson, 87 N.Y. 2d 46, 51, 660 N.E. 2d 1126 (N.Y. 1995) ...........................................17

Burdick v. American Express Co., 865 F.2d 527 (2d Cir. 1989).................................................24, 25

Cafeteria & Rest. Workers v. McElroy, 367 U.S. 886, 896, 81 S.Ct. 1743 (1961) ............................9

Celle v. Filipino reporter Enters., 209 F.3d 163, 176 (2d Cir. 2000)........................................13, 14

Celotex Corp. v. Catrett, 477 U.S. 317, 324 (1986)............................................................................2

Chiaramonte v. Boxer, Gerst & Morse et al., 122 A.D.2d 13; 504 N.Y.S.2d 182 (2d Dep't. 1986).26

Church of Scientology Int'l v. Behar, 238 F.2d 168, 173 (2d Cir. 2001) ...........................................13

Cifarelli v. Village of Babylon, 93 F.3d 47, 51 (2d Cir. 1996)..........................................................2

Connick v. Myers, 461 U.S. 138, 148 n.7, 103 S.Ct. 1684 (1983) .....................................................4

D'Amico v. City of New York, 132 F.3d 145, 149 (2d Cir. 1998) ........................................................2

Davis v. Ross, 754 F.2d 80, 82 (2d Cir. 1985)..................................................................................19

Diabiase v. Barber, et. al., 2008 U.S. Dist. LEXIS 75664 at *28 (E.D.N.Y. 2008)............................4

Dibiase v. Barber at al., 2008 U.S. Dist. LEXIS 75664 (E.D.N.Y. 2008) ........................................13

Dillon, Jr., et. al. v. City of N.Y. et. al., 261 A.D. 2d 34,38, 704 N.Y.S. 2d 1, 7 (1999)............14, 17

Dobies v. Brefka, 273 A.D.2d 776; 710 N.Y.S.2d 4 (2000) ............................................................26

Enquist v. Oregon Dep't of Agriculture, 128 S.Ct. 2146, 2152,170 L. Ed. 2d 975, 985 (2008) ..8, 9, 10, 21

Feinman v. Morgan Stanley Dean Witter, 193 Misc. 2d 496, 752 N.Y.S. 2d 229, 231 (Supp. Ct. 2002)....................................................................................................................................12

Fonar Corp. v. Magnetic Resonance Plus,Inc., 957 F. Supp. 477, 482 (S.D.N.Y. 1997) .................27

Fusco v. Fusco, 36 A.D. 3d 589, 590, 829 N.Y.S. 2d 138, 140 (2007) ...........................................15

Garcetti, et al. v. Ceballos, 574 U.S. 410, 418;126 S. Ct. 1951,1958 (2006) ....................................4

Gardner v. Alexander Rent-A-Car, 28 A.D. 2d 667, 280 N.Y.S. 2d 595 (1967)...............................14

Gatz v. Otis Ford, 262 A.D. 2d 280, 691 N.Y.S. 2d 113(1999).......................................................19

Gjonlekaj et al. v. Bota Sot et. al., 308 A.D. 2d 471; 764 N.Y.S. 2d 278 (2d Dep't 2003) ...13, 14, 19

Gross v. New York Times Co., 82 N.Y. 2d 146, 153, 623 N.E. 2d 1163, 1167 (1993) ...................17

Gunsberg v. Roseland Corp., 34 Misc. 2d 220, 225 N.Y.S. 2d 1020, 1021 (1962)..........................19

Healy v. The City of N.Y. Dep't of Sanitation, 2006 U.S. Dist. LEXIS 86344 (S.D.N.Y. 2006).......3

Hecht v. Commerce Clearing House, Inc., 897 F.2d 21, 23 (2d Cir. N.Y. 1990) ..............................23

Holmes v. Securities Investor Protection Corp., 503 U.S. 258, 268, 112 S. Ct. 1311 (1992) ..........25

Horn v. N.Y. Times, 100 N.Y.2d 85, 97 (2003) ...................................................20
Houston, v. The N.Y. Post Co., Inc., 1196 U.S. Dist. LEXIS 1970 at *5....................................18, 20
Immuno A.G. v. Moor-Jankowiski, 77 N.Y. 2d 235, 567 N.E. 2d 1270 (N.Y. 1991)...................17
Lasky v. American Broadcasting Co., Inc. 606 F. Supp. 934, 937 (S.D.N.Y. 1985)........................19
Lerwick v. Kelsey, 150 Fed. Appx. 62, 65 (2d Cir. 2005).........................................................25
Mahmud v. Kaufmann, 454 F. Supp. 2d 150, 162 (S.D.N.Y. 2006)..........................................27
Mann v. Abel et. al., 10 N.Y. 3d 271, 276, 85 N.E. 2d 884, 885 (N.Y. 2008) ...........................16, 17
Marek d/b/a Zinc, v. Old Navy (Apparel) Inc., 348 F.Supp. 2d 275, 279 (S.D.N.Y. 2004).............27
Markovic v. New York City Sch. Constr. Auth., et. al., 200 U.S. Dist. LEXIS 214 (S.D.N.Y. 2002) .............................................................................................................3, 4, 5, 13
McGowan v. Maryland, 366 U.S. 420, 425, 91 S.Ct. 1101(1961)...............................................8
Morast v. Lance, 807 F.2d 926, 932-33 (11th Cir. 1987) .........................................................25
Morris v. Lindau, 196 F. 3d 102, 109 (2d Cir. 1999)..................................................................3
Nodine v. Textron, Inc., 819 F.2d 347, 349 (1st Cir. 1987).......................................................25
November v. Time Inc., 13 N.Y. 2d 175, 179, 244 N.Y.S. 2d 309 (1963) ..................................14
Pappas v. Passias, 1998 U.S. App. LEXIS 30914 (2d Cir. N.Y. Dec. 1, 1998)..................................25
Parks v. Steinbrenner, 131 A.D. 2d 60, 62, 520 N.Y.S. 2d 374 (N.Y. App. Div. 1987) ..................16
Pisani v. Staten Island University Hospital et. al., 440 F. Supp. 2d 168, 172; 2006 U.S. Dist. LEXIS 35638 (E.D.N.Y. 2006)...........................................................................................13, 17
Pujol v. Shearson/American Express, Inc., 829 F.2d 1201, 1204-06 (1st Cir. 1987) ......................25
Reuland v. Hynes, 460 F. 3d 409, 416 (2d Cir. 2006) .................................................................4
Rinaldi v. Holt, 42 N.Y.2d 369, 379 (1977)...............................................................................19
Roth v. United Federation of Teachers, et. al., 5 Misc. 3d 888, 894, 787 N.Y.S. 2d 603, 609 (Sup. Ct. Kings Co. 2004)....................................................................................................14
Rouse v. N.Y.C., 2009 U.S. Dist. LEXIS 46718 at 43-44 (S.D.N.Y., 2009).....................................13
San Antonio Independent School Dist. V. Rodriguez, 411 U.S. 1, 60, 93 S.Ct. 1278(1973).............8
Scott v. Harris, 127 S.Ct. 1769, 1776, 167 L.Ed.2d 686...............................................................2
Sedima, S.P.R.L. v. Imrex Co., Inc., 473 U.S. 479, 496, 105 S.Ct. 3275 (1985) ...........................23
Smith v. American Express Co., 853 F.2d 151, 155 (2d Cir. 1988) .................................................2
Snyder v. Sony Music Entm't, 252 A.D.2d 294, 300; Schwartz v. Society of N.Y. Hosp. ...............27
Tomayo v. city of New York, 2004 U.S. Dist. LEXIS 911 ( S.D.N.Y. 2004)............................12, 13
Toms v. Pizzo, 1999 U.S. App. LEXIS 1403 (2d Cir. 1999).........................................................24
Torain v. Liu, 2007 U.S. Dist. LEXIS 60065 (S.D.N.Y. 2007) ...................................................16
Vigoda v. DCA Prods. Plus Inc., 293 A.D.2d 265, 266-267 (1st Dep't 2002)................................27
Village of Willowbrook, et. al. v. Olech, 528 U.S. 562, 564, 120 S.Ct. 1073, 1074-75 (2000) ......8, 9
Wall v. Delaware, 7 N.Y.S. 709, 710-11 (4th Dep't 1889)........................................................21, 22
Waters v. Churchill, 511 U.S. 661, 114 S. Ct. 1878 (1993).....................................................10, 21
WFB Telecomm. v. NYNEX Corp., 188 A.D.2d 257, lv denied 81 NY2d 709) ............................27
Yerndon v. Henry, 91 F.3d 370, 374 (2d Cir. 1996) ..................................................................2

**Statutes**

18 U.S.C. § 1961 ..........................................................................................23, 24, 25
18 U.S.C. § 1962(c).................................................................................................19, 23, 24
18 U.S.C. § 1964(c)...........................................................................................................23
18 U.S.C. §1962 ...............................................................................................................23
42 U.S.C. §1983 ............................................................................................................3, 8
Fed. R. Civ. P. 56(c)...........................................................................................................1

iv

New York Civil Service Law §75-b ................................................................. 10, 11, 12, 13

**Rules**

C.P.L.R. §3016(a) ................................................................................................ 14

## PRELIMINARY STATEMENT

Plaintiffs, Edward Carter, Frank Fiorillo, Kevin Lamm, Joseph Nofi, and Thomas Snyder bring this action against, *inter alia*, Acting Deputy Police Chief George B. Hesse, individually and in his official capacity, alleging that as a result of First Amendment protected speech, plaintiffs were wrongfully terminated, retaliated against, denied constitutionally-protected rights, defamed, subject to violations of New York State Labor and Civil Service laws, common law employment law claims and violations of Racketeer Influenced and Corrupt Organizations Act.

Defendant now moves pursuant to Rule 56 of the Federal Rules of Civil Procedure for summary judgment on the following grounds.

## STATEMENT OF FACTS

The Court is respectfully referred to Defendant, Acting Deputy Police Chief George B. Hesse's Statement of Undisputed Facts Under Local Civil Rule 56.1, dated October 14, 2009 ("Rule 56.1 Statement"), the Declaration of James M. Skelly dated October 14, 2009 ("Skelly Decl.") and the supporting evidence cited to therein for a statement of pertinent and material facts.

## STANDARD OF REVIEW
## THE SUMMARY JUDGMENT STANDARD

Summary judgment is appropriate "where the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c); <u>Abeles, Inc. v. Farmers Pride, Inc.</u>, 2007 U.S. Dist. LEXIS 50071. "The Court must view all facts in the light most favorable to the non-moving party but the mere existence of a factual dispute between the parties will not defeat a properly supported motion for summary judgment; the requirement is that there be no *genuine* issue of material fact." <u>Id.</u>(citing

Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255, 106 S.Ct. 2505)(citing Adickes v. S.H. Kress & Co., 398 U.S. 144, 158-59, 90 S.Ct. 1598 (1970))(emphasis added).

To defeat this motion, Plaintiffs bear the burden of producing competent evidence on each element of their claims. Plaintiffs' evidence must sufficiently create a genuine issue with respect to any material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 324 (1986). Evidence presented by the non-moving party that is "blatantly contradicted by the record" should not be accepted by the court for purposes of defeating a motion for summary judgment. Scott v. Harris, 127 S.Ct. 1769, 1776, 167 L.Ed.2d 686 (2007).

A Plaintiff cannot create a genuine issue of material fact through mere speculation. Yerndon v. Henry, 91 F.3d 370, 374 (2d Cir. 1996); Smith v. American Express Co., 853 F.2d 151, 155 (2d Cir. 1988). "The non-moving party may not rely on mere conclusory allegations nor speculation, but instead must offer some hard evidence" to show that there is a genuine issue for the trier of fact to resolve. D'Amico v. City of New York, 132 F.3d 145, 149 (2d Cir. 1998). Thus, "mere conclusory allegations, speculation or conjecture will not avail a party resisting summary judgment." Cifarelli v. Village of Babylon, 93 F.3d 47, 51 (2d Cir. 1996).

## LEGAL ARGUMENT

### PLAINTIFFS' FIRST AMENDMENT RETALIATION CLAIMS UNDER 42 USC §§ 1983, 1985 AND THE NEW YORK STATE CONSTITUTION SHOULD BE DISMISSED ON SUMMARY JUDGMENT AS PLAINTIFFS' SPEECH IS NOT PROTECTED SPEECH UNDER THE FIRST AMENDMENT

Plaintiffs allege that as a result of repeatedly reporting endemic corruption and abuse of power by members of the Ocean Beach Police Department ("OBPD"), plaintiffs engaged in activity protected by the First Amendment and as a result of this protected activity, adverse employment action was taken, specifically, the termination of employment at OBPD. (Skelly Decl. Ex. A, Compl.¶117).

2

A plaintiff has a cause of action under 42 U.S.C. §1983 where defendants (1) acted under color of state law; and (2) violated plaintiff's constitutional rights or privileges.  Healy v. The City of N.Y. Dep't of Sanitation, 2006 U.S. Dist. LEXIS 86344 (S.D.N.Y. 2006).  A Plaintiff asserting a First Amendment retaliation claim under §1983 must at the outset demonstrate by a preponderance of the evidence that (1) the plaintiff engaged in constitutionally protected speech; (2) the plaintiff suffered an adverse employment action; and (3) that a causal connection exists between the speech and the adverse employment action, such that it can be said that the speech was a motivating factor in the adverse action.[1]  Markovic v. New York City Sch. Constr. Auth., et. al., 2002 U.S. Dist. LEXIS 214 (S.D.N.Y. 2002)(citing Morris v. Lindau, 196 F. 3d 102, 109 (2d Cir. 1999); Healy v. The City of N.Y. Dep't of Sanitation, 2006 U.S. Dist. LEXIS 86344 (S.D.N.Y. 2006).

## A.  Statements made by plaintiffs to Acting Deputy Police Chief George B. Hesse did not amount to speech as a private citizen on a matter of public concern.

Plaintiffs allege that as a result of reporting endemic corruption and abuse of power of members of the OBPD, including complaints to Acting Deputy Police Chief George B. Hesse ("Hesse") that officers were drinking in uniform at local bars, drinking on duty at the police station, allowing the village to be left dangerously short of personnel while officers were ordered to drive other personnel to off-island checkpoints, and allowing uncertified officers to work within the village who were not certified by Suffolk County Civil Service, plaintiffs engaged in First Amendment protected speech.  (Skelly Decl., Ex. A, Compl. ¶32-36, 117).  Whether speech is protected under the First Amendment is a question of law for the Court to decide.  Id.  In determining if a public employee's speech is protected under the First Amendment, the court must determine whether the employee spoke as a citizen on a matter of public concern.  Garcetti, et al. v.

---

[1] Free speech claims under Article 1, §8, of the New York State Constitution are governed by the same standards as free speech claims under the First Amendment.  Markovic, 2002 U.S. Dist. Lexis 214 (S.D.N.Y. 2002); Kenny v. Genesee Valley Bd. of Coop. Educ.  Services at al., 2008 U.S. Dist. LEXIS 8808 at *7 (W.D.N.Y. 2008).

3

Ceballos, 574 U.S. 410, 418;126 S. Ct. 1951,1958 (2006). An employee's speech relating to only matters of personal concern is not protected speech under the First Amendment. See Markovic v. N.Y.C. Sch. Constr. Auth., 2002 U.S. Dist. LEXIS 214 (S.D.N.Y. 2002). Generally, a statement is a matter of public concern if it relates to any "political, social or other concern to the community." Reuland v. Hynes, 460 F. 3d 409, 416 (2d Cir. 2006); Connick v. Myers, 461 U.S. 138, 148 n.7, 103 S.Ct. 1684 (1983).  Whether employee speech addresses a matter of public concern is to be determined by the content, form and context of a given statement, as revealed by the whole record. Connick, 461 U.S. at 147-48.  A public employee who makes statements pursuant to their official duties, is not speaking as a private citizen under the First Amendment, and, therefore, the First Amendment does not prohibit managerial discipline of such employees for such speech. Markovic, 2002 U.S. Dist. LEXIS 214 (S.D.N.Y. 2002).  Further, statements do not rise to a level of 'public concern' by virtue of the speaker's interest in the subject matter, rather they achieve that protected status if the words or conduct are conveyed by the speaker in his *role as a citizen* and not in his *role as an employee.* Kenney, 2008 U.S. Dist. LEXIS 8808 at *10 (W.D.N.Y. 2008).

Plaintiffs' statements of complaints made to their supervisor Hesse are not protected statements under the First Amendment.  These statements cannot be said to have been made as a "private citizen on a matter of public concern" as plaintiffs were speaking within the role as an employee and not as a citizen on a matter of public concern.  Plaintiffs, during the course of their employment, were lodging complaints and merely reporting to their supervisor instances of misconduct within the OBPD.  "Matters of public concern have political or social import to the community, but this does not include merely personal grievances." Diabiase v. Barber, et. al., 2008 U.S. Dist. LEXIS 75664 at *28 (E.D.N.Y. 2008); (Connick, 461 U.S. at 145-46.  Although these statements are ones that may concern "the community," merely reporting internal grievance

problems to your supervisor cannot be said to have been made in plaintiffs' roles as private citizens. These statements are clearly personal in nature when reading the record in its entirety. The plaintiffs and Hesse did not see "eye-to-eye," and whenever an issue surfaced in which plaintiffs were not assigned their "favored" posts or had to perform work duties at the request of the Chief, plaintiffs would let their opinions be known. All statements related directly to internal issues the plaintiffs had with their employment and were personal in nature. Further, the officers' complaints all related to individual problems each plaintiff had with Hesse and how he was running the internal affairs of Ocean Beach. It cannot be held, as a matter of law, that these statements were statements made as citizens on matters of public concern.

### B.  Plaintiffs cannot prove that, as a result of plaintiffs' protected speech, their employment was terminated by Ocean Beach Police Department.

Plaintiffs allege that as a result of the repeated reports of endemic corruption, plaintiffs' part-time seasonal employment was terminated for the 2006 season. However, plaintiffs' complaint fails to allege any facts which suggest a plausible connection between the termination and the speech. The plaintiffs must prove that the adverse employment action would not have taken place, but for the employee's protected speech. Markovic, 202 U.S. Dist. LEXIS 214 (S.D.N.Y. 2002). The record is devoid of evidence suggesting that the sole reason plaintiffs were terminated was a result of their First Amendment protected speech. The speech that is alleged to be the cause of the termination was made throughout a period of years. The timing is simply too far attenuated to determine, as a matter of law, that plaintiffs were in fact terminated as a result of this speech. Plaintiffs all testify that these repeated reports of misconduct within the police department were between 2002 and 2005. (Skelly Decl., Ex. D, Carter T., pp. 314, 322-23, 326-27; Ex. F, Lamm T., pp.191-92).  Further, defendant Hesse testified to legitimate reasons why plaintiffs were not asked back for the 2006 season. (Skelly Decl., Ex. N, Hesse T., pp. 755, 765, 770, 772). Further, when defendant Hesse was appointed Deputy Chief in January of 2006, he decided it was time for a

change in the make-up of the department and that certain officers were no longer fitting the needs of the department.  (Skelly Decl., Ex. N, Hesse T.,  755:13-25).  Defendant Hesse testified that the plaintiffs were insubordinate, would not listen to his directives, some were sleeping on the job or merely failing to report to work.  (Skelly Decl., Ex. N, Hesse T., pp. 617, 626, 634, 637, 640).  The record simply does not support a causal connection between the timing of the complaints and the termination.  The complaints were all made over a course of years.  Plaintiffs were simply not asked back for the 2006 season.  Plaintiffs cannot, as a matter of law, establish that the protected speech was causally related to their termination and this claim must be dismissed on summary judgment.

### PLAINTIFFS' FEDERAL AND STATE PROCEDURAL DUE PROCESS AND SUBSTANTIVE DUE PROCESS CLAIMS MUST BE DISMISSED AS PLAINTIFFS WERE NOT ENTITLED TO CONTINUED GOVERNMENT  EMPLOYMENT

**A.  Plaintiffs have no entitlement to continued employment with the Village of Ocean Beach and, therefore, have no rights to a pre-termination or name-clearing hearing.**

The requirements of procedural due process only apply to the deprivation of interests encompassed by the 14th Amendment's protection of liberty and property.  Bd. of Regents v. Roth, 408 U.S. 564, 569-70 (1972).  When protected interest are implicated, the right to some kind of prior hearing is paramount, but the range of interests protected by procedural due process is not infinite.  Id.; see Abramson et. al. v. Pataki, et. al. 278 F. 3d 93 (2d Cir. 2002)  An expectation of employment is not enough.  Id.  Plaintiffs must have a legitimate entitlement to the interest to be a protected right under the constitution.  Id.  Such entitlement is not created by the Constitution, but rather by independent sources such as a contract or state law.  Bd. of Regents, 408 U.S. at 577. Employees at-will have no protectable interest in their continued employment.  Id.

Plaintiffs allege their due process rights were violated by not being entitled to a pre-termination  hearing or  name-clearing  hearing.   However, plaintiffs  were  part-time  seasonal employees who had  no  contract  with  the  Village  of  Ocean  Beach.   Plaintiffs  were  at-will

employees, who had no property interest in prospective government employment and, therefore, plaintiffs' due process claim must fail.

**B. Plaintiffs were not charged with any instances of dishonesty, immorality and plaintiffs' good name, reputation and honor was not at stake, thus, notice and an opportunity to be heard is not essential.**

Plaintiffs make no allegation, and the record is devoid of evidence suggesting that plaintiffs' names were tarnished as a result of their termination.  Mere nonretention of an employee may make them less attractive to other employers, but that does not imply that the person was deprived liberty when he is simply not rehired, but remains as free as before to seek other employment.  Bishop v. Wood, 426 U.S. 341,348, 96 S.Ct. 2074, 2079 (1976)(citing Bd. of Regents, 408 U.S. at 575. Similarly, discharging a public employee who is terminable at will when there is no public disclosure as to the reasons of the discharge does not implicate liberty interests.  Id.  Further, this is not such a case where interests in liberty would be implicated by defendants failure to reemploy the plaintiffs for the 2006 season.  Plaintiffs were simply not asked back.  There were no charges of misconduct, or guilt requiring the government provide these plaintiffs with due process.  Moreover, no stigma or disability foreclosed any of the plaintiffs from the freedom to take advantage of other employment opportunities.  Plaintiffs were free to seek employment in other municipalities and towns as part-time or full-time police officers.   In fact, all plaintiffs did find subsequent employment.  Plaintiffs' liberty interests were not implicated by Ocean Beach's failure to ask back plaintiffs for the 2006 summer season and this claim must fail as a matter of law.

## PLAINTIFFS' FOURTEENTH AMENDMENT EQUAL PROTECTION CLAIM(42 USC §§ 1983, 1985) SHOULD BE DENIED ON SUMMARY JUDGMENT AS CLASS-OF-ONE THEORY IS INAPPLICABLE TO THE PUBLIC EMPLOYMENT CONTEXT

Plaintiffs allege that as a result of defendants' arbitrary and irrational discrimination, by terminating their employment with OBPD, plaintiffs were deprived their right to the equal

protections of the law in violation of 42 U.S.C. §1983, 1985 and the Fourteenth Amendment to the United States Constitution. (Skelly Decl., Ex. A, Compl. ¶148). The Equal Protection Clause of the Fourteenth Amendment is not implicated in the public employment context and plaintiffs' claim fails as a matter of law.

Equal protection jurisprudence is typically concerned with governmental classifications that "effect some groups of citizens differently than others." Engquist v. Oregon Dep't of Agriculture, 128 S.Ct. 2146, 2152, 170 L. Ed. 2d 975, 985 (2008)(quoting McGowan v. Maryland, 366 U.S. 420, 425, 91 S.Ct. 1101(1961)("The equal protection clause is designed to protect against state legislation, whose purpose or effect is to create discrete and objectively identifiable classes, wherein plaintiffs generally allege they have been arbitrarily classified as a member of an identifiable group.")(quoting Stewart, J., concurrence San Antonio Independent School Dist. v. Rodriguez, 411 U.S. 1, 60, 93 S.Ct. 1278(1973)).

In this case, plaintiffs allege that they were discriminated by defendants by the selective termination of their employment with a malicious or bad faith intent to injure. (Skelly Decl., Ex.A, Compl. ¶148). Generally, plaintiffs have been successful in bringing equal protection claims brought by a "class of one," where the plaintiff alleges that he has been treated differently from others similarly situated and that there is no rational basis for the difference in treatment. Village of Willowbrook, et. al. v. Olech, 528 U.S. 562, 564, 120 S.Ct. 1073, 1074-75 (2000). The Supreme Court has upheld a "class-of-one" equal protection challenge to state legislative and regulatory action, alleging that plaintiffs were terminated not because they were members of an identified class, but simply for "arbitrary, vindictive, and malicious reasons." Engquist v. Oregon Dep't of Agric., 128 S.Ct. 2146, 2152,170 L. Ed. 2d 975, 985 (2008).

However, the Supreme Court has failed to recognize a class-of-one theory of equal protection in the public employment context. Engquist, 128 S.Ct. at 2150. The Court held in Olech,

8

that extending the class-of-one theory of equal protection to the public employment context would lead to undue judicial interference in state employment practices and "completely invalidate the public at-will employment." 528 U.S. at 995.  A crucial difference exists between the government as lawmaker and the government as employer acting to manage its internal operations. Id. at 2151(quoting Cafeteria & Rest. Workers v. McElroy, 367 U.S. 886, 896, 81 S.Ct. 1743 (1961).  The Supreme Court went on to explain that equal protection is a poor fit in the public employment context; to treat employees differently is not to classify them in a way that raises equal protection concerns but is simply to exercise the broad discretion that typically characterizes the employer-employee relationship. Engquist, 128 S.Ct. at 2155.[2]   The Supreme Court has routinely held that class-of-one theory of equal protection is "inapplicable to decisions made by public employers with regard to their employees." Olech,  528 U.S at 996.

Plaintiffs, employees of OBPD, working for the government, as public employees cannot assert a cause of action alleging a violation of the equal protection clause of the Fourteenth Amendment as a result of arbitrary employment decisions made by their supervisors.  The court has never found the Equal Protection clause to be implicated in circumstances where, as here, government employers are alleged to have made an individualized, subjective personnel decision in a seemingly arbitrary or irrational manner. Engquist, 128 S.Ct. at 2155.  The principle is well settled by the Courts, "government employment, in the absence of legislation, can be revoked at the will of the appointing officer." Id. (citing Cafeteria & Rest. Workers v. McElroy, 367 U.S. 886, 896, 81 S.Ct. 1743 (1961)).  It is well recognized, that state employers cannot take personnel actions that directly violate the Constitution, but "a claim that a State treated an employee differently from

_____

[2]Equal protection does apply to public employers, but is only implicated in the public employment context when the government treats distinct groups of people differently. Engquist, 128 S.Ct. at 2155; see e.g. N.Y.C. Transit Auth. et. al., v. Beazer, 440 U.S. 568, 593, 99 S. Ct. 1355 (1978)(upholding city's exclusion of methadone users from employment under rational-basis review); see also Harrah Indep. Sch. District v. Martin, 440 U.S. 194, 199-201; 99 S. Ct. 1062 (1979)(upholding classification between teachers who complied with continuing-education requirement and those that had not, does not violate equal protection clause).

others for a bad reason, or for no reason at all is simply contrary to the concept of at-will employment." Id. (citing Waters v. Churchill, 511 U.S. 661, 114 S. Ct. 1878 (1993).

Plaintiffs present no evidence suggesting that in terminating plaintiffs' employment, plaintiffs were treated as a distinct group, differently from others. Defendant Hesse and the Village of Ocean Beach in terminating plaintiffs were exercising their discretion in running the OBPD. Employers have wide discretion and latitude in making day-to-day employment decisions and defendant's decision to not ask back plaintiffs for the 2006 season did not classify plaintiffs within any distinct group in violation of the equal protection clause. Plaintiffs' claim fails as a matter of law and summary judgment in defendant's favor is appropriate.

## SUMMARY JUDGMENT ON PLAINTIFFS' NEW YORK CIVIL SERVICE LAW 75-B CLAIM SHOULD BE GRANTED AS PLAINTIFFS CANNOT ESTABLISH THE REQUIRED DISCLOSURE TO A GOVERNMENTAL BODY

Plaintiffs assert a claim under New York Civil Service Law §75-b, commonly referred to as the "Whistleblower's Law." Plaintiffs' allegations include assertions that "adverse personnel action" was taken solely as a result of plaintiffs' disclosure of "improper governmental action." (Skelly Decl. Ex. A, Comp. ¶ 155.) New York Civil Service Law in relevant part states that:

> A public employer shall not dismiss or take other disciplinary or other adverse personnel action against a public employee regarding the employee's employment because the employee discloses to a governmental body information: (i) regarding a violation of a law, rule or regulation which violation creates and presents a substantial and specific danger to the public health or safety; or (ii) which the employee reasonably believes to be true and reasonably believes constitutes an improper governmental action. Civil Service Law §75-b(2)(a)(i)-(ii).

### A. Plaintiffs complained of the "endemic corruption" only to their direct supervisor and, therefore, fail to meet the requirements of Civil Service Law §75-b.

Plaintiffs' New York Civil Service Law §75-b claim fails as a matter of law because plaintiffs did not report the alleged improper governmental action to the necessary governmental body under §75-b of the Civil Service Law. See Bal v. City of New York, et. al., 266 A.D. 2d 79,

698 N.Y.S. 2d 852 (1st Dep't 1999).  Merely reporting misconduct to a supervisor, the very person guilty of the mistreatment, does not amount to disclosure to a governmental body necessary to make a claim under Civil Service Law §75-b . Id.

Plaintiffs allege that on "numerous occasions," plaintiffs advised Hesse of instances of misconduct, including leaving the department dangerously short to chauffeur intoxicated officers and civilians to their friends' homes; reporting instances of officer misconduct as a result of failure to respond to repeated calls on the police radio for officer assistance; repeated instances of drinking beer while patrolling in police vehicles in addition to repeated complaints to Hesse regarding his selective enforcement of the law by disregarding crimes and other violations of Hesse's friends. (Skelly Decl., Ex. A, Compl. ¶¶36-37,40, 51).

However, plaintiffs testified that the only reports of misconduct that any of the plaintiffs engaged in was in reporting to their supervisor Hesse .  Plaintiff Edward Carter ("Carter") testified the only person he ever complained to of instances of misconduct, specifically, drinking while on duty and in the police station was to his direct supervisor, Hesse. (Skelly Decl., Ex. D, Carter T., pp. 36-42).  Similarly, Plaintiff Carter testified he only complained to his direct supervisor Hesse regarding chauffeuring other officers out of the village, and leaving the village short on staff and vehicles.  (Skelly Decl. Ex. D, Carter T., pp.315-16, 328-330; Ex. F, Lamm T., pp.227-29, 257-58). Plaintiff Joseph Nofi ("Nofi") testified that he complained to Hesse on numerous occasions about the endemic corruption that occurred at the OBPD. (Skelly Decl., Ex. E, Nofi T., p. 204).  Plaintiff Kevin Lamm ("Lamm") also testified that he was obeying the "chain of command" in reporting any instances of misconduct, or endemic corruption solely to defendant Hesse.  (Skelly Decl., Ex. F, Lamm, T., pp. 257-58).  Similarly, plaintiff Frank Fiorillo ("Fiorillo") only complained to Chief Paradiso, his direct supervisor, of all instances of misconduct and endemic corruption relating to driving officers to checkpoints, and thus leaving the beach understaffed.  Plaintiff Thomas Snyder

11

("Snyder") also testified that he only complained to Hesse regarding instances of endemic corruption. (Skelly Decl., Ex. G, Snyder T., pp. 250, 258, 262).

The record is clear that plaintiffs only complained to their direct supervisor, and as such, plaintiffs' claim must fail as a matter of law.

**B. Plaintiffs were not employees of Ocean Beach, but prospective seasonal employees, who were not hired for the 2006 Season.**

Plaintiffs' claim must fail as a matter of law because plaintiffs were not employees within the meaning of Civil Service Law §75-b. Plaintiffs all acknowledge they were seasonal/part-time employees who worked between Memorial Day and Labor Day for the Village. Plaintiffs had no rights under the Civil Service Law as indicated by the policies of Ocean Beach for seasonal employees. (Skelly Decl., Ex. H, OBPD and Discipline/Charges and Specifications). As such, plaintiffs cannot claim protection under Civil Service Law §75-b, and their claim must be dismissed.

## PLAINTIFFS' NEW YORK LABOR LAW §740 CLAIM MUST BE DISMISSED ON SUMMARY JUDGMENT AS IT IS INAPPLICABLE TO PUBLIC EMPLOYEES

Plaintiffs assert a claim under New York Labor Law §740, alleging that as a result of reporting unlawful activity, policies and practices of the OBPD to their direct supervisor, Hesse, plaintiffs' employment with OBPD was terminated. (Skelly Decl., Ex. A, Compl. ¶¶ 158-160.) Section 740 of New York Labor Law, New York's "Whistle-blower" statute, "creates a cause of action in favor of an employee against whom an employer has retaliated for disclosing to a supervisor or to a public body, a violation of law on the part of the employer, which 'creates and presents a substantial and specific danger to the public health or safety.'" Tomayo v. City of New York, 2004 U.S. Dist. LEXIS 911 ( S.D.N.Y. 2004)(quoting Feinman v. Morgan Stanley Dean Witter, 193 Misc. 2d 496, 752 N.Y.S. 2d 229, 231 (Supp. Ct. 2002)(citing N.Y. Labor Law §740(2)(a)).

However, §740 does not apply to "public employers."  Public employers are covered, instead by New York Civil Service Law §75-b. <u>Tomayo v. City of N.Y.</u>, 2004 U.S. Dist. LEXIS 911 (S.D.N.Y. 2004)(quoting <u>Markovic v. New York City Sch. Constr. Auth.</u>, 2002 U.S. Dist. LEXIS 214 at 12 (S.D.N.Y. 2002); <u>Rouse v. N.Y.C.</u>, 2009 U.S. Dist. LEXIS 46718 at 43-44 (S.D.N.Y., 2009)  Any public employee who has rights under §75-b of the Civil Service Law may rely only on §75-b for redress.  <u>Dibiase v. Barber at al.</u>, 2008 U.S. Dist. LEXIS 75664 (E.D.N.Y. 2008).

Plaintiffs' claim must fail as a matter of law as plaintiffs were public employees under New York Civil Service Law §75-b(a)(1), as they were employed by the Village of Ocean Beach.  New York Labor Law §740 does not apply to public employees and plaintiffs may only seek redress under New York Civil Service Law §75-b.

## SUMMARY JUDGMENT SHOULD BE GRANTED ON PLAINTIFFS' CLAIM FOR DEFAMATION *PER SE* UNDER NEW YORK LAW AS THE STATEMENTS PUBLISHED BY DEFENDANT WERE NOT PER SE DEFAMATORY

An action for defamation that is expressed in writing or print is the common law cause of action of libel.  <u>See Church of Scientology Int'l v. Behar</u>, 238 F.2d 168, 173 (2d Cir. 2001).  To state a claim for libel under New York Law, the plaintiffs must plead and prove:  (1) a false and defamatory statement of fact concerning the plaintiff; (2) that was published by the defendant to a third party; (3) due to the defendant's negligence (or actual malice depending on the status of the person libeled); and (4) special damages or per se actionability. <u>Pisani v. Staten Island University Hospital et. al.</u>, 440 F. Supp. 2d 168, 172; 2006 U.S. Dist. LEXIS 35638 (E.D.N.Y. 2006)(citing <u>Celle v. Filipino Reporter Enters.</u>, 209 F.3d 163, 176 (2d Cir. 2000).

Whether particular words are reasonably susceptible of a defamatory meaning is a matter of law, to be resolved by the Court.  <u>Gjonlekaj et al. v. Bota Sot et. al.</u>, 308 A.D. 2d 471; 764 N.Y.S. 2d 278 (2d Dep't 2003).  The statement's defamatory meaning is to be judged by the average and

ordinary reader "acquainted with the parties and the subject-matter." Id. (citing November v. Time Inc., 13 N.Y. 2d 175, 179, 244 N.Y.S. 2d 309 (1963); Celle v. Filipino Reporter Enterprises, Inc., 209 F.3d 163, 177 (2d Cir. 2000). The Court "must give the disputed language a fair reading in the context of the publication as a whole." Celle, at 209 F.3d 163.

**A. Plaintiffs fail to plead with specificity the defamatory statements made by Defendant Hesse, thus requiring dismissal of this cause of action as a Matter of Law.**

At the outset, plaintiffs have failed to plead with sufficient particularity the statements giving rise to a cause of action for defamation.   C.P.L.R. §3016(a) requires that " in an action for libel or slander, the particular words complained of shall be set forth in the complaint, but their application to the plaintiff may be stated generally." N.Y. C.P.L.R. §3016(a). "The requirement is strictly enforced…[and] any qualification in the pleading thereof by use of words 'to the effect,' 'substantially', or words of similar import generally renders the complaint defective." Roth v. United Federation of Teachers, et. al., 5 Misc. 3d 888, 894, 787 N.Y.S. 2d 603, 609 (Sup. Ct. Kings Co. 2004) ( quoting Gardner v. Alexander Rent-A-Car, 28 A.D. 2d 667, 280 N.Y.S. 2d 595 (1967). "Dismissal is required when the complaint paraphrases, rather than pleads with particularity, the actual words used." )Roth, 5 Misc. 3d at 895; see Dillon, Jr., et. al. v. City of N.Y. et. al., 261 A.D. 2d 34,38, 704 N.Y.S. 2d 1, 7 (1999).

Plaintiffs' complaint alleges that "Defendant Hesse and OBPD published defamatory statements about Plaintiffs, including assertions that:

> **By way of example only**, these postings described Plaintiffs as "rats who were lucky they were not charged with official misconduct and falsification of an official document, and claim that Plaintiffs were fired for consistently abusing, beating and humiliating the public. (Skelly Decl., Ex. A, Compl. ¶114)(emphasis added)

Further, plaintiffs' allegation in the complaint include:

> Defendants Hesse and OBPD published defamatory statements about Plaintiffs **including without limitation,** (a) Plaintiffs were dishonest men, 'rats,' and rogue law enforcement officers, (b) Plaintiffs had conspired to inculpate innocent law

14

enforcement officers for acts of brutality against innocent citizens; (c) Plaintiffs had conspired to disqualify fellow officers from continued employment with the OBPD without cause; (d) that citizens of Ocean Beach should recognize that because 'Officer Kevin Lamm is a loser and no one likes him,' Officer Lamm's lawful directives should be freely ignored; and (e) by repeatedly advising prospective employers that he had terminated Plaintiffs for cause, that Plaintiffs were litigious and that he could not comment favorably on Plaintiffs' performance as police officers. (Id at. ¶164.)(emphasis added)

Plaintiffs' qualification of the pleadings, with statements "by way of example," and "including without limitation" are not sufficient pleading to allege a cause of action for defamation per se. Additionally, since plaintiffs did not allege a contextual description thereof, and only provide general language as to the written statements on a voluminous blog with over 500 submissions, plaintiffs cannot be said to have plead specifically the words which they claim are defamatory. See Fusco v. Fusco, 36 A.D. 3d 589, 590, 829 N.Y.S. 2d 138, 140 (2007). No where in the blog has it been identified that "rogue law enforcement officers" was ever stated by defendant Hesse.

Further, to date, the record does not establish the statements made by defendant Hesse were defamatory. Hesse concedes to writing statements on the blog, but none of these statements include the language as presented by plaintiffs in their allegations, nor is it the language identified by any of the plaintiffs in their testimony. (Skelly Decl., Ex. I, Ex. J, The Schwartz Report Blog.) Specifically, the allegation of misconduct and falsification of an official document is stated on blog entry, number 18. However, this is a misquoted statement. The actual language reads "They are lucky that they didn't get charged with official misconduct and falsely reporting an incident. Id. The actual words used, though similar, are not the specific language used and, therefore, this claim has not been plead with particularity, and must fail as a matter of law.

Furthermore, the record does not establish any specific statement that defendant Hesse said to prospective employers that is in fact defamatory. To date, defendant does not know what statements plaintiffs' allege Hesse stated to prospective employers that are defamatory. (Skelly

15

Decl., Ex. G, Snyder T., p.88-90, 95; Ex. L, Fiorillo T., p. 272-273; Ex. D, Carter T., pp.214, 216) Plaintiffs all testify that they did not know what Hesse said to their prospective employers, but merely knew that the reference was bad. (Skelly Decl., Ex. F, Lamm T., pp. 57-59; Ex. E, Nofi T., pp. 34, 83). This is insufficient to plead a cause of action for defamation per se, as the statement must be identified specifically, by whom it was said and to whom it was made in order to be plead sufficiently. The complaint is insufficient to establish that Hesse made defamatory statements about plaintiffs. The record is simply devoid of evidence even suggesting any statements made by Hesse to prospective employers were defamatory. As plaintiffs cannot specifically point to any evidence proving that certain statements were made by defendant Hesse, this cause of action must fail.

**B. The statements made by the Defendant, when read as a whole, are as a Matter of Law, Privileged Statements of Opinion or Factual Statements which are provably true and, therefore, not a basis for a claim of defamation.**

Even if the Court determines that the complaint is plead with specificity, the Court, cannot as a matter of law make the determination that these statements by defendant were anything other than "pure opinion," and, therefore, these statements are insufficient to form a basis for a claim of defamation per se.

In evaluating a defamation claim, the threshold issue to be determined by the Court is whether the complained of statements constitute fact or opinion. Mann v. Abel et. al., 10 N.Y. 3d 271, 276, 85 N.E. 2d 884, 885 (N.Y. 2008). If the statement is one of "'pure opinion,' then even if false and libelous, no matter how pejorative or pernicious they may be, such statements are safeguarded and may not serve as the basis for an action in defamation," or defamation per se. Parks v. Steinbrenner, 131 A.D. 2d 60, 62, 520 N.Y.S. 2d 374 (N.Y. App. Div. 1987); Torain v. Liu, 2007 U.S. Dist. LEXIS 60065 (S.D.N.Y. 2007)(stating statements of pure opinion are immune from all defamation claims, even claims of per se defamation.) The New York Court of Appeals in

determining whether a statement is one of opinion or fact, engages in a three-part analysis considering:

> (1) whether the specific language in issue has a precise meaning which is readily understood; (2) whether the statements are capable of being proven true or false; and (3) whether either the full context of the communication in which the statement appears or the broader social context and surrounding circumstances are such as to signal...readers or listeners that what is being read or heard is likely to be opinion, not fact; Mann, 10 N.Y. 3d at 276; Gross v. New York Times Co., 82 N.Y. 2d 146, 153, 623 N.E.2d 1163, 1167 (1993); Pisani, 440 F. Supp. 2d at 176.

In determining whether a statement is fact or opinion, the Courts must look to the "content of the communication as a whole, as well as its tone and apparent purpose and look to the overall context in which the assertions were made and determine on that basis 'whether the reasonable reader would believe that the challenged statements were conveying facts about the libel plaintiff.'" Mann, 10 N.Y. 3d at 276 (citing Brian v. Richardson, 87 N.Y. 2d 46, 51, 660 N.E. 2d 1126 (N.Y. 1995))(quoting Immuno A.G. v. Moor-Jankowski, 77 N.Y. 2d 235, 567 N.E. 2d 1270 (N.Y. 1991)). "Loose, figurative, or hyperbolic statements, even if deprecating to plaintiff are not actionable." Dillon v. City of New York, 261 A.D.2d 34, 704 N.Y.S.2d 1, 5 (1st Dept. 1999)(citing Gross v. New York Times, 82 N.Y.2d 146, 152-53, 603 N.Y.S.2d 813, 817 (1993)).

When looking at the statements alleged by plaintiffs in addition to the context in which they were made, the statements cannot, as a matter of law, be said to be statements of fact. Plaintiffs' allegations that they were called "rats," is simply a matter of opinion that can in no way be proven false. (Skelly Decl., Ex. A, Compl. ¶164). Further, when read in the context of the blog entries, simple name calling back and forth would never be read as a true statement of fact by the average reader. The context of the blog makes clear that these entries were written by disgruntled employers and employees who were simply hashing out their discrepancies on a public forum. In no way can a reader perceive these statements to be grounded in fact.

Further, statements made by defendant Hesse that "Kevin Lamm is a loser" is simply a matter of opinion. There is no way a statement of this nature can be proven false. Stating someone is a loser, is always deemed a matter of opinion, and cannot as a matter of law said to be a false statement of fact. Similarly, the record does not establish that Hesse made any statements to prospective employers that were defamatory. Simply failing to answer questions about plaintiffs' performance, and notifying prospective employers that he could not comment due to a pending law suit are all true statements of fact and, therefore, cannot serve the basis for an action of defamation per se. In fact, plaintiff Nofi admits that these were true statements of fact. (Skelly Decl., Ex. E, Nofi T., 33:2);(See Defendant's 56.1 Statement, Skelly Decl., Ex. K). The statements alleged to have been made by Hesse are in no way actionable statements. Mere opinions and statements of truth cannot form the basis for a defamation cause of action.

Plaintiffs also allege that defendant Hesse made a defamatory statement that plaintiffs were "rats who were lucky they were not charged with official misconduct and falsification of an official document." (Skelly Decl., Ex. A, Compl. ¶114). However, defendant Hesse did not create this blog entry. (Skelly Decl., Ex. N, Blog, ¶18, Ex. O, Def. Response to Plaintiffs' Second Set of Interrogatories). A statement that someone is lucky is merely one of opinion. Luck is a matter of opinion that no person can say yes or no, true or false someone is or is not. Further, it is a true statement of fact that plaintiffs were not charged with official misconduct and falsification of a document. This statement is insufficient to establish a cause of action for defamation.

**C. Plaintiffs cannot establish the necessary elements of defamation per se, specifically, that defendants statement alleges criminal misconduct or fraud, dishonest or unfitness in conducting ones profession, and therefore, plaintiffs' claim must fail as a matter of law.**

"Under New York Law, a writing is defamatory per se if it charges an individual with having committed a crime…or would tend to injure an individual in his or her profession." Houston v. The N.Y. Post Co., Inc., 1196 U.S. Dist. LEXIS 1970 at *5 (citing Gunsberg v. Roseland Corp.,

34 Misc. 2d 220, 225 N.Y.S. 2d 1020, 1021 (1962). A defamatory statement is libelous per se and patently actionable if the words "tend to disparage a person in the way of his office, profession or trade" or if the words "impute fraud, dishonesty, misconduct or unfitness in conducting one's profession.". Gjonlekaj et al. v. Bota Sot et. al., 308 A.D. 2d 471; 764 N.Y.S. 2d 278 (2d Dep't 2003); Davis v. Ross, 754 F.2d 80, 82 (2d Cir. 1985); Lasky v. American Broadcasting Co., Inc. 606 F. Supp. 934, 937 (S.D.N.Y. 1985); see Gatz v. Otis Ford, 262 A.D. 2d 280, 691 N.Y.S. 2d 113(1999). In addition, a statement constitutes defamation per se if it "tends to expose the plaintiff to public contempt, ridicule, aversion or disgrace, or induce an evil opinion of him in the minds of right-thinking persons." Rinaldi v. Holt, 42 N.Y.2d 369, 379 (1977).

Plaintiffs allegations that the defamatory statements that plaintiffs were "rats," "losers" and the like does not impute unfitness in ones profession nor does it impute criminal misconduct. These types of statements as a matter of law are not actionable as per se defamation. Further, the other alleged statements have no support in the record that they were even said by defendant Hesse. Plaintiffs point to no blog entry nor do they testify as to the actual words that would give rise to a per se defamation claim. It is clear, plaintiffs cannot establish the necessary words to sustain an action for per se defamation. Merely informing prospective employers that defendant Hesse was unable to comment on Plaintiff Nofi's employment at Ocean Beach due to a pending law suit is merely a factual statement that imputes no unfitness in doing his job. (Skelly Decl. Ex. K)[3]. Plaintiffs cannot as a matter of law prevail on a defamation per se cause of action.

Furthermore, even if statements were made regarding plaintiffs' inability to conduct a proper investigation with regard to the Halloween incident, a statement that relates to a single act of

---

[3] Even if these statements were defamatory, in the employment context, a qualified privilege attaches. See Quereshi v. Barnabas Hospital Center et. al., 430 F. Supp. 2d 279, 286-86, 2006 U.S. Dist. LEXIS 28299 at *16); see Zeevi v. Union Bank of Switzerland, 1992 U.S. Dist. LEXIS 8 871, , Ott v. Automatic Connector, Inc., 193 A.D. 2d 657, 698 N.Y.S. 2d 10, 12 (2d Dep't 1993)(New York courts have found that assessments of a current or former employee's work performance are non-actionable opinion).

19

business or professional misfeasance is not actionable, absent special damages.  Houston v. The New York Post, Co., Inc., 1996 U.S. Dist. LEXIS 19705 at *9-10.  The statement relating to one instance of malfeasance, and alleging falsification of records is, therefore, barred from being defamatory per se.

## SUMMARY JUDGMENT SHOULD BE GRANTED IN DEFENDANTS FAVOR, AS TERMINATION IN VIOLATION OF PUBLIC POLICY IS NOT RECOGNIZED UNDER NEW YORK LAW

Plaintiffs claim alleging Termination in Violation of Public Policy fails as a matter of law. New York courts have routinely declined to create a common-law tort of wrongful or abusive discharge, or to recognize a covenant of good faith and fair dealing to imply terms grounded in a conception of public policy into employment contracts.  Horn v. N.Y. Times, 100 N.Y.2d 85, 97 (2003).  The traditional American rule regulating employment relationships is the presumption that an employment for an indefinite or unspecified term is at will and freely terminated by either party at any time without cause or notice.  Id.  New York law is clear, absent an express limitation in the individual contract of employment, an employer's right at any time to terminate an employment at will remains unimpaired.[4]  Id.

The record is clear, and plaintiffs present no evidence suggesting a contract for employment was ever entered into between any of the plaintiffs and defendants.  Plaintiff Carter testified that he never entered into a contract for employment with Ocean Beach (Skelly Decl. Ex. D, Carter T., p. 116).  Similarly, the other plaintiffs demonstrate no evidence suggesting a contract for employment was ever entered into between Ocean Beach and the plaintiffs.  Plaintiffs' status as at will employees allows defendants, as their employer to terminate their employment for "good reason,

---

[4] The Court opined that it is the legislature, not the Court who is to make changes in employment law.  Horn v. N.Y. Times, 100 N.Y.2d 85, 97 (2003)(Major alterations in employment relationships are best left to the legislature, and New York Courts have failed to alter the law as it stands today.) (citing Murphy v. American Home Prods. Corp.,58 N.Y. 2d 293, 461 N.Y.S. 2d 232 (1983).

bad reason or no reason at all." <u>Engquist v. Oregon Dep't of Agric, et al.</u>, 128 S.Ct. 2146, 2155 (2008).   It is the very concept of wrongful discharge that implies some sort of statutory or contractual standard that modifies the traditional common-law rule that a contract of employment is terminable by either party at will.   <u>Id.</u> (citing <u>Waters et. al. v. Churchill, et al.</u>, 511 U.S. 661, 679, 114 S. Ct. 1878(1994).   As per New York Law, plaintiffs were at-will employees, terminable by either party at any time and thus, plaintiffs' cause of action must fail as a matter of law.

### PLAINTIFFS' NEGLIGENT RETENTION OF AN UNFIT EMPLOYEE UNDER NEW YORK LAW FAILS AS A MATTER OF LAW AS PLAINTIFFS CANNOT DEMONSTRATE A COGNIZABLE INJURY AS A RESULT OF THE RETENTION

Plaintiffs allege that Defendants Hesse, Ocean Beach and OBPD were negligent in their retention of police officers, who were uncertified and unqualified.   Additionally, plaintiffs allege defendants had knowledge of the undue risk of harm to which plaintiffs were exposed based on failure to abide by "statutory standards governing minimum qualifications for police officers and actual knowledge of danger to which plaintiffs were exposed by their reliance on fellow officers who were ignorant of OBPD polices and practices, including without limitation, emergency police radios." (Skelly Decl., Ex. A, Compl. ¶176).

Plaintiffs claim must fail as a matter of law, as the record is devoid of evidence demonstrating any cognizable injury flowing from the purported negligent retention.   <u>see</u>, <u>e.g.</u> <u>Tesoriero</u>, 382 F.Supp. 2d at 401; <u>see</u> <u>Wall v. Delaware</u>, 7 N.Y.S. 709, 710-11 (4th Dep't 1889). Furthermore, there is no evidence to suggest that the Bosettis or any other officers were incompetent to discharge the duties assigned by the defendants.  Plaintiffs present no evidence suggesting defendants had knowledge or should have known of acts warranting dismissal, nor is merely retaining officers who in plaintiffs eyes were unqualified, sufficient to charge defendants with negligent retention.   Similarly, plaintiffs have not presented any evidence suggesting plaintiffs

were harmed in the retention of any of these employees.  To the contrary, plaintiffs have testified that they were not injured in any way. (Skelly Decl., Ex. H, Fiorillo T. pp. 355-57).

In order to establish a negligent retention of an unfit employee claim, plaintiffs must show that "defendant/employer knew or should have known of its employee's propensity to engage in acts warranting dismal, yet failed to act accordingly." Tesoriero v Syosset Cent. Sch. Dist., 382 F.Supp. 2d 387, 401 (E.D.N.Y. 2005).  The law presumes that the duty was performed, and that the retention was reasonable and proper in view of the nature and character of the business, and before the plaintiffs can recover, they must prove that the employee was negligent in discharge of his duties and defendant knew of his negligence.  See Wall v. Delaware, 7 N.Y.S. 709, 710-11 (4th Dep't 1889).

Further, plaintiffs allege that Gary Bosetti's retention was negligent after his actions during the "Halloween Incident." (See Defendant's 56.1 Statement for a recitation of the facts of the Halloween incident).   Plaintiffs allegations that Loeffler acknowledged that Gary Bosetti "committed an assault in the second degree," is mischaracterized. (Skelly Decl., Ex. A, Compl. ¶177).  Defendant Loeffler made such a statement before any of the facts of the incident were known and only based on knowledge that was given to Loeffler by Plaintiff Lamm concurrently with the incident.  Lamm informed Loeffler that a man was "hit in the head with a pool cue." (Skelly, Decl. Ex. M, Loeffler T., pp.251-252).  In response to such statement, Loeffler stated "sounds like an assault 2." (Id. at 252).  In no point during that statement was Loeffler aware it was Gary Bosetti who was the alleged attacker and the actual facts giving rise to the "pool cue attack" were not given to Loeffler at that time. Id at 251-252.

Similarly, plaintiffs allege that defendant Hesse was aware of an undue risk of harm in employing officers without knowledge of emergency police codes.  However, there is no evidence suggesting that defendants knew officers were without this knowledge.   Defendant Hesse

22

specifically testified that the policy in Ocean Beach was one where officers state the code and used "plain talk" to deliver the message they wished to convey.  Skelly Decl., Ex. F, ¶114-15, 795).  The record is silent and it cannot be argued that any harm was sustained as a result of the retention of any of these officers.  As such, plaintiffs' claim must fail as a matter of law.

## PLAINTIFFS' CLAIMS UNDER RICO FAIL AS A MATTER OF LAW AND MUST BE DISMISSED ON SUMMARY JUDGMENT

Plaintiffs have failed to make out a claim under the Racketeer Influenced and Corrupt Organizations Act.  The RICO civil liability provision confers standing on "any person injured in his business or property by reason of a violation of section 1962." 18 U.S.C. § 1964(c).  Thus, in order to have standing, a plaintiff must show: (1) a violation of section 1962; (2) injury to business or property; and (3) causation of the injury by the violation. Hecht v. Commerce Clearing House, Inc., 897 F.2d 21, 23 (2d Cir. N.Y. 1990)

In order to make out a claim under Section 1962, a plaintiff must properly allege the following elements: (i) conduct by the defendants; (ii) of an enterprise; (iii) through a pattern; (iv) of racketeering activity; and (v) which results in injury to the plaintiff's business or property as a result of the alleged racketeering activity. See Sedima, S.P.R.L. v. Imrex Co., Inc., 473 U.S. 479, 496, 105 S.Ct. 3275 (1985).

### A. Plaintiffs cannot establish a violation of section 1962 thus requiring dismissal of this claim as a matter of law

A violation of § 1962 requires a "pattern of racketeering activity."  18 U.S.C. §1962. "Racketeering activity requires a predicate act. 18 U.S.C. § 1961.  Predicate acts are enumerated in § 1961.  In order to establish a violation of Section 1962, a plaintiff must prove, inter alia, a "'pattern of racketeering activity.'" Id. (quoting 18 U.S.C. § 1962). "Racketeering activity includes the commission of specified state-law crimes, conduct indictable under various provisions within

23

Title 18 of the United States Code, including mail and wire fraud, and certain other federal offenses." Id.  "[U]nlawful termination, harassment [...] slander, [and] disparagement, are not predicate acts for purposes of the RICO statute." Toms v. Pizzo, 1999 U.S. App. LEXIS 1403 (2d Cir. 1999)  RICO claims based on these acts should be dismissed. Id.

Plaintiffs cannot prove the existence of any predicate acts.  For purposes of this motion and by virtue of the exhaustive list of predicate acts, only those predicate acts alleged in the plaintiffs' complaint are discussed.

Plaintiffs allege that Hesse engaged in obstruction in four regards.  First, that Hesse ordered plaintiffs to falsify police records and terminate plaintiffs' employment when they failed to do so. There is no evidence to support the allegation that the plaintiffs were ordered to falsify records (see supra).  Assuming, *arguendo*, that Hesse ordered plaintiffs to falsify records and that such falsification falls under § 1962, termination for a plaintiffs' failure to engage in such practices does not bring about a cause of action under RICO. Beck v. Prupis, 529 U.S. 494, 120 S.Ct 1608 (2000); Burdick v. American Express Co., 865 F.2d 527 (2d Cir. 1989). Plaintiffs cannot, therefore, prevail on this claim.

Second, plaintiffs allege that Hesse prohibited plaintiffs from interfering with unlawful activities of a known drug dealer.  And third, plaintiffs claim that Hesse ordered the plaintiffs to facilitate other officers' dereliction of duty.  These allegations, if proven, are not rooted in a predicate act.

Lastly, plaintiffs allege that Hesse conspired with Sanchez to prevent plaintiffs from taking action that could have prevented Hesse from committing the acts discussed in the three paragraphs above.  By virtue of the fact that the acts discussed above do not give rise to a colorable RICO claim, the conspiracy claim fails.  Further, there is no evidence that Hesse interacted with Sanchez for the purpose of preventing plaintiffs' actions against Hesse.

24

Further, plaintiffs' allegation that the conduct of Hesse deterred out of state tourists is an erroneous allegation at worst and is speculative at best.  There is no evidence to support the claim that Hesse dissuaded vacationers from visiting Ocean Beach or that dissuaded vacationers were from out of state.

**B.  Plaintiffs have not suffered an injury to business or property, thus requiring dismissal of this claim as a matter of law**

Plaintiffs have not suffered an injury to business or property.  Neither emotional and physical distress, lost income and litigation expenses related to prosecuting and defending lawsuits, wrongful termination, nor libel are injuries to business or property under RICO.  See Allum v. BankAmerica Corp., 1998 U.S. App. LEXIS 6642 (9th Cir. 1998); Lerwick v. Kelsey, 150 Fed. Appx. 62, 65 (2d Cir. 2005) (loss of employment not "injury to business or property").

**C.  Plaintiffs cannot establish causation of the injury by the violation**

To succeed on a Civil RICO claim, a plaintiff must show injury to business or property.  18 U.S.C. §1961.  Such an injury must be proximately caused by the alleged wrong.  Holmes v. Securities Investor Protection Corp., 503 U.S. 258, 268, 112 S. Ct. 1311 (1992)  "To show causation, the Supreme Court has held that a plaintiff must establish 'some direct relation between the injury asserted and the injurious conduct alleged.'  Pappas v. Passias, 1998 U.S. App. LEXIS 30914 (2d Cir. N.Y. Dec. 1, 1998)(quoting Holmes, supra.; Abra Constr. Corp. v. Merchs. Bank, 258 Fed. Appx. 379, 381 (2d Cir. 2007)).

The proximate cause of injury to an employee whose claims arise out of employment termination is the decision to fire (or not the rehire as the case be) the employee.  Burdick v. American Express Co., 865 F.2d 527, 530 (2d Cir. 1989) citing Nodine v. Textron, Inc., 819 F.2d 347, 349 (1st Cir. 1987); Pujol v. Shearson/American Express, Inc., 829 F.2d 1201, 1204-06 (1st Cir. 1987); Morast v. Lance, 807 F.2d 926, 932-33 (11th Cir. 1987).

Here, the purported injury is, most conceivably, the plaintiffs' alleged termination and other damages deriving there from. The plaintiffs' injuries are not the result of Hesse's alleged commission of a predicate act. The activities which RICO aims to protect in this instance, if any, are those which will injure the public by way of not properly performing the duties of a police officer. Further, the plaintiffs' alleged injuries, even if they exist and they exist by virtue of Hesse's unlawfulness, could not be proximately caused by a predicate act.

## PLAINTIFFS' CAUSE OF ACTION FOR CIVIL CONSPIRACY UNDER NEW YORK LAW MUST BE DISMISSED ON SUMMARY JUDGMENT

Plaintiffs' claim must fail as a matter of law because civil conspiracy is not recognized as an independent tort in New York. Dobies v. Brefka, 273 A.D.2d 776; 710 N.Y.S.2d 4 (2000); Bell v. Alden Owners, Inc., 299 A.D.2d 207, 209 (1st Dep't 2002). Chiaramonte v. Boxer, Gerst & Morse et al., 122 A.D.2d 13; 504 N.Y.S.2d 182 (2d Dep't. 1986).

## PLAINTIFFS' CLAIM FOR TORTIOUS INTERFERENCE WITH A PROSPECTIVE BUSINESS RELATIONSHIP UNDER NEW YORK LAW MUST BE DISMISSED

Plaintiffs Nofi, Fiorillo, Lamm allege that as a result of Hesse's interference with pending and/or current business relationships with employers, through his fraudulent, deceitful and or illegal means, plaintiffs' pending employment and/or business relationships were terminated. (Skelly, Decl., Ex. A, para. 191). Specifically, plaintiffs were scheduled to commence new employment with Suffolk County Police, Southampton Police and Collier County Florida Sheriff's Department and, as a result of Hesse's bad references and false information forwarded to these prospective employers, plaintiffs' employment was thereby terminated. (Skelly Decl. Ex. A, ¶¶ 107, 109,111-112, 189). Plaintiffs Carter and Snyder allege that as a result of Hesse's unfounded negative references, plaintiffs were denied promotions with the Town of Islip.

Plaintiffs allege further that as a result of Hesse's alleged statements to prospective employers, Plaintiffs have been unable to obtain comparable employment. (Skelly Decl., Ex. A, ¶113). There is no evidence in the record to support such allegations and, therefore, summary judgment must be granted in defendant's favor.

Under New York law, to state a claim for tortuous inference with prospective business relationship, plaintiff must allege the following four elements: (1) a business relationship between plaintiff and a third party; (2) that defendants, having knowledge of such relationship, intentionally interfered with it; (3) that defendants acted with the sole purpose of harming the plaintiff, or, failing that level of malice, used dishonest, unfair, or improper means; and  (4) that the defendant's interference caused injury to plaintiff's relationship with the third party. Abeles, Inc., v.  Farmers Pride, Inc., 2007 U.S. Dist. LEXIS 50071, See Marek d/b/a Zinc, v. Old Navy (Apparel) Inc., 348 F.Supp. 2d 275, 279 (S.D.N.Y. 2004).  "Further, plaintiff must allege that defendants directly interfered with the business relationship by directing 'some activities towards the third party and convincing the third party not to enter into a business relationship with the plaintiff." Id. (quoting Fonar Corp. v. Magnetic Resonance Plus,Inc., 957 F. Supp. 477, 482 (S.D.N.Y. 1997).   See Mahmud v. Kaufmann, 454 F. Supp. 2d 150, 162 (S.D.N.Y. 2006)(holding plaintiff must specify some particular, existing relationship through which plaintiff would have done business but for the allegedly tortious behavior to make out a claim under Tortious Interference with an existing business relationship); see Snyder v. Sony Music Entm't, 252 A.D.2d 294, 300; Schwartz v. Society of N.Y. Hosp., 199 A.D.2d 129, 131;   WFB Telecomm. v. NYNEX Corp., 188 A.D.2d 257, lv denied 81 NY2d 709); Vigoda v. DCA Prods. Plus Inc., 293 A.D.2d 265, 266-267 (1st Dep't 2002).

Further, when no "binding contract" is interfered with, but only a business relationship, the plaintiff must demonstrate that "the defendant's conduct amounts to a crime or an independent tort. Conduct that is not criminal or tortuous will generally be 'lawful' and thus insufficiently 'culpable'

to create liability for interference with...other non-binding economic relations." <u>Abeles</u>, 2007 U.S. Dist. LEXIS 50071 at *12.

### A. The records presents no evidence that (a) that plaintiffs had a prospective business relationship with any of these employers and (b) plaintiffs present no evidence that a prospective business relationship would have been entered but for the allegedly false and misleading statements made by Acting Deputy Chief of Police, Hesse, therefore, Plaintiffs' claim should be dismissed.

The record is completely devoid of evidence suggesting that plaintiffs were denied jobs because of the alleged statements Hesse made to these prospective employers. In fact, the records shows that most times plaintiffs were not qualified for the positions they sought and that when they were qualified, plaintiffs were part of a large pool of applicants. (Skelly Decl. Ex. N, Nofi T., 156-161; Ex. L, Fiorillo T., p. 264). Similarly, the record is devoid of evidence establishing that any of these plaintiffs had job offers or had secured employment. All plaintiffs testified that they were in the process of interviewing, and being evaluated for whether they met the minimum qualifications to even consider being offered positions with these prospective employers. This claim must fail as a matter of law as there is no evidence to support plaintiffs' assertions that these prospective business relationships even existed.

Specifically, Plaintiff Nofi's prospective employment with Collier County Florida Sheriff's Department was not entered into because of Hesse's "malicious and willful" conduct, but as a result of his failure to meet minimum requirements for the position he was seeking. (Skelly Decl., Ex. O, Letter from Collier County). Collier County indicated that Nofi did not pass the polygraph examination required for employment, in addition, the psychologist also indicated a notable level of risk to the Agency as a result of his responses to questions asked in his psychological interview. <u>Id.</u> Moreover, as a result of his prior part-time employment history, he did not possess the minimum experience level necessary, specifically, "two years of full time experience." (Skelly Decl., Ex. E, Nofi T., pp156-161; Ex. O). Hesse in no way hindered or interfered with Nofi's prospective

28

employment/business relationship with Collier County.  Similarly, Nofi alleges that his employment with Suffolk County was terminated as a result of Hesse's malicious and false information given to Southampton Police Department.  However, the record presents no evidence suggesting that as a result of Hesse's statements to South Hampton Police Department, Nofi was not offered the position.  (Skelly Decl., Ex. E, Nofi T., p. 55-56).

Further, Hesse made no assertions relating to Nofi's abilities as a Police Officer, nor is there any evidence to prove that Hesse had an intent to harm the plaintiffs.  Hesse simply stated he could not comment on this particular applicant as a result of a pending law suit.  (Skelly Decl., Ex. K). Failure to give a reference was not the proximate cause for Nofi's failure to secure employment with the Southampton Police Department, and the record provides for no evidence suggesting such. Plaintiff Nofi's claim for tortuous interference with a prospective business relationship must fail.

Similarly, Plaintiff Fiorillo specifically testified at his examination before trial that no existing business relationship existed with regard to the Town of Southampton and that he merely had an interview for employment set up with Southampton.  (Skelly Decl., Ex. L, Fiorillo T., p 264).  No evidence was presented as to any statements made by Hesse other than Fiorillo testifying that he heard that Hesse gave him a "bad reference" to the town of Southampton. Id at 273. Plaintiff Fiorillo presents no evidence as to the statements Hesse made, that were tortuous or defamatory, causing the Town of Southampton to decline interviewing plaintiff Fiorillo.  Merely a suggestion that Hesse's "bad reference" was the source of his he did not secure employment with the Town of Southampton is insufficient to demonstrate that Hesse's tortuous conduct was the result of Fiorillo's inability to secure employment with the Town of Southampton.  Similarly, Fiorillo specifically testified that he never notified Hesse of his attempts to secure employment with any other Town, Village or County including Quogue, Huntington Bay, Northport Village or Riverhead. Id at 290-94.

Plaintiff Lamm alleges that as a result of Hesse's statements made to Suffolk County Police, his pending employment was terminated.   However, Lamm after enduring a battery of testing required by Suffolk County for employment, Lamm was notified he did not pass the psychological testing component.   (Skelly Decl. Ex. F, Lamm T., pp. 34-35).   Furthermore, he appealed the decision, and after a reevaluation, Suffolk County still deemed plaintiff Lamm "not qualified" to serve as a Suffolk County Police Officer.

Nothing in the record demonstrates that Hesse's alleged actions led to plaintiffs' loss of economic benefit from an existing business relationship.  Further, plaintiffs cannot put into dispute any facts that would infer that any of the statements made by Hesse, were the proximate cause of plaintiffs failure to secure these other prospective positions.  As such, plaintiffs claim fails as a matter of law.

## CONCLUSION

For the reasons set forth above, defendant Acting Deputy Police Chief George B. Hesse respectfully requests that the Court grant summary judgment in his favor, dismissing the complaint in its entirety, together with such other and further relief as this Court may deem just and proper.

Dated: Elmsford, New York
    October 14, 2009

Respectfully submitted,

**James M. Skelly (JMS - 4844)**
**Kevin W. Connolly (KWC - 4450)**
**Karen M. Lager (KL - 2917)**

**MARKS, O'NEILL, O'BRIEN**
**& COURTNEY, P.C.**
Attorneys for Defendant
**ACTING DEPUTY POLICE CHIEF**
**GEORGE B. HESSE, individually**
**and in his official capacity**
530 Saw Mill River Road
Elmsford, New York 10523
(914) 345-3701
File No.: 479.81595

30