UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

-------------------------------------------------------------- X

EDWARD CARTER, FRANK FIORILLO, KEVIN
LAMM, JOSEPH NOFI AND THOMAS SNYDER,

                              Plaintiffs,

          -against-

INCORPORATED VILLAGE OF OCEAN BEACH;
MAYOR JOSEPH C. LOEFFLER, JR., individually and
in his official capacity; former mayor NATALIE K.
ROGERS, individually and in her official capacity,
OCEAN BEACH POLICE DEPARTMENT; ACTING
DEPUTY POLICE CHIEF GEORGE B. HESSE,
individually and in his official capacity; SUFFOLK
COUNTY; SUFFOLK COUNTY POLICE
DEPARTMENT; SUFFOLK COUNTY
DEPARTMENT OF CIVIL SERVICE; and ALISON
SANCHEZ, individually and in her official capacity,

                             Defendants.

-------------------------------------------------------------- X

**DEFENDANT'S**
**RULE 56.1 STATEMENT**

Case No.:  07 CV 1215 (SJF) (ETB)

       Pursuant to Rule 56.1 of the Local Rules of the Court for the Eastern District of New

York, Defendant, Acting Deputy Police Chief George B. Hesse, individually and in his official

capacity ("Hesse"), by his attorneys, **MARKS, O'NEILL, O'BRIEN & COURTNEY, P.C.,**

allege that there are no genuine issues to be tried as to the following material facts[1]:

**A. Procedural Background**

       1.     Plaintiffs, Edward Carter, Frank Fiorillo, Kevin Lamm, Joseph Nofi, and Thomas

Snyder, former part-time police officers with the Ocean Beach Police Department, filed the

Complaint in this action on or about March 21, 2007 against the Incorporated Village of Ocean

---

[1] All deposition transcript pages, exhibits and declarations referenced in this Rule 56.1 Statement are attached to the
Declaration of James M. Skelly ("Skelly Decl."), which is submitted in support of Defendant's Motion for Summary
Judgment.

Beach ("the Village"), Mayor Joseph C. Loeffler, Jr., individually and in his official capacity, ("Loeffler"), former mayor Natalie K. Rogers, individually and in her official capacity ("Rogers"), Ocean Beach Police Department ("OBPD"), Acting Deputy Police Chief George B. Hesse, individually and in his official capacity ("Hesse"), Suffolk County, Suffolk County Police Department ("SCPD"), Suffolk County Department of Civil Service and Alison Sanchez, individually and in her official capacity ("Sanchez"). (Compl.[2] ¶¶6-19.)

2.      Plaintiffs assert claims including Federal and State Constitutional violations of due process of law, equal protection, freedom of speech, Racketeer Influenced and Corrupt Organizations Act, in addition to New York Civil Service Law §75-b, New York Labor Law §740, defamation *per se*, civil conspiracy, Termination in violation of public policy and negligent Retention of an Unfit Employee under New York State Law . (Compl. ¶¶1-2.)

3.      Plaintiff, Edward Carter, ("Carter") is a Police Officer, who was employed by the Incorporated Village of Ocean Beach ("the Village") from May 1991 to September 1993 and from May 2001 to April 2, 2006 as a part-time officer during the summer seasons at the Ocean Beach Police Department . (Carter T.[3], 27:2-7, 30-31.)

4.      Plaintiffs reported directly to Acting Deputy Police Chief Hesse during their tenure at the Ocean Beach Police Department. (Fiorillo T., 205::24-206:3; Snyder T., 341:11-12; Lamm T., 193:25-194:11; Carter T., 346; Nofi T., 219:20-23.)

5.      Plaintiff Carter had no contract of employment with Ocean Beach and was a seasonal/part-time employee. (Carter T., 116:16.)

---

[2] A copy of the Complaint is attached to the Skelly Decl. as Ex. A.
[3] The deposition transcript of Plaintiff Edward Carter, dated September 16, 2008, is attached to the Skelly Decl. as Ex. D, and is referred to herein as "Carter T."

6.      In April of 2006, Carter was told by Acting Deputy Police Chief George Hesse he would not be asked back for the following season.  (Carter T., 21:8).

7.      Plaintiff, Frank Fiorillo, ("Fiorillo") is a Police Officer, who was employed by the Incorporated Village of Ocean Beach from April of 2002 to April 2, 2006, as a part-time police officer, working during the summer seasons for the OBPD.  (Fiorillo T.[4], 8:14-23, 108).

8.      On April 2, 2006, Fiorillo was told by Hesse he would not be asked back for the following season as a part-time Ocean Beach Police Officer. (Fiorillo T.[5], 8:14-23, 108).

9.      Plaintiff, Kevin Lamm, ("Lamm") is a Police Officer, who was employed by the Village from May 1997 to April 2, 2006 as a part-time police officer, working during the summer seasons.  (Lamm T[6]., 218:12-14).

10.      On April 2, 2006, Lamm was informed by Hesse he would not be asked back for the following season as a part-time Ocean Beach Police Officer.  (Hesse T., 632:3-11)

11.      Plaintiff, Joseph Nofi, ("Nofi") is a Police Officer, who was employed by the Village from April 2001 to April 2, 2006.  Plaintiff Nofi was advised by Hesse that he would not be asked back for the following season as a part-time Ocean Beach Police Officer.  (Nofi T.[7] p. 232).

12.      Nofi was informed he was not going to be asked back as a part-time/seasonal police officer by Defendant Hesse on April 2, 2006.  (Nofi. T., 229:21-230:20).

---

[4] The deposition transcript of Plaintiff Frank Fiorillo, dated February 20, 2009, is attached to the Skelly Decl. as Ex. L, and is referred to herein as "Fiorillo T."
[5] The deposition transcript of Plaintiff Frank Fiorillo, dated February 20, 2009, is attached to the Skelly Decl. as Ex. L, and is referred to herein as "Fiorillo T."
[6] The deposition transcript of Plaintiff Kevin Lamm, dated November 19, 2008, is attached to the Skelly Decl. as Ex. F, and is referred to herein as "Lamm T."
[7] The deposition transcript of Plaintiff Joseph Nofi, dated September 9, 2008, is attached to the Skelly Decl. as Ex. E, and is referred to herein as "Nofi T."

13.    Plaintiff, Thomas Snyder, ("Snyder") is a Police Officer, who was employed by the Village, as a seasonal part-time police officer from April of 1991 to April of 1994, and resumed employment with the Village as a part-time/seasonal officer in April of 2001 to April 2, 2006. (Snyder T.,[8] p. 472).

14.    Plaintiff Snyder was informed by Hesse, that he would not be asked back for another season of employment at Ocean Beach Police Department on or about April 2, 2006. (Hesse T., 21-24).

15.    Plaintiffs reported directly to Acting Deputy Police Chief Hesse during their tenure at the Ocean Beach Police Department.  (Fiorillo T., 205:24-206:3; Snyder T., 341:11-12; Lamm T., 193:25-194:11; Carter T., 346; Nofi T., 219:20-23).

**B. Defendants**

16.    Defendant Incorporated Village of Ocean Beach ("the Village") is a public employer with its principal place of business at Bay and Cottage Walks, Ocean Beach, New York. (Defendant's Answer, ¶6[9]).

17.    Defendant Ocean Beach Police Department is a public employer with its principal place of business at Bay and Bayberry Walks, Ocean Beach, New York.  (Defendant's Answer, ¶6).

---

[8] The deposition transcript of Plaintiff Thomas Snyder, dated September 24, 2008, is attached to the Skelly Decl. as Ex. F, and is referred to herein as "Snyder T."
[9] A copy of defendants, Incorporated Village of Ocean Beach, Mayor Joseph c. Loeffler, Jr., individually and in his official capacity, former mayor Natalie K. Rogers, individually and in her official capacity, Ocean Beach Police Department and Acting Deputy Chief George B. Hesse, individually and in his official capacity filed on May 29, 2009 is attached to the Skelly Decl. as Ex. C and is referred herein as "Defendants Answer").

18.     Defendant George B. Hesse was and is employed by the Village of Ocean Beach and the OBPD and was appointed Acting Deputy Chief of Police in or about January 2006. (Hesse T.[10], 754:20-755:3).

19.     Defendant Hesse, acting within his authority as Deputy Police Chief at Ocean Beach Police Department, decided plaintiffs were not going to return as part-time/seasonal employees of Ocean Beach for the Summer 2006 season. (Hesse T., 755:4-25).

## C. Background to the Claims

20.     Plaintiffs were employees of the Village of Ocean Beach, and worked within the Ocean Beach Police Department as part-time/seasonal employees. (Fiorillo T., 11:6-10; Carter T., 207:13-16).

21.     Acting Deputy Police Chief Hesse and Chief Ed Paradiso were the only full-time Police Officers at Ocean Beach during April of 2001 through April of 2006. (Carter T., 207:13-16).

22.     Part-time seasonal employees worked between the time frame of two weeks before Memorial Day through two weeks after Labor Day. (Fiorillo T., 11:1-5).

23.     Defendant Hesse was appointed as Acting Deputy Police Chief in January of 2006. (Hesse T., 752:21-24).

24.     As per Hesse's duties at Ocean Beach Police Department, he had the authority to hire and fire other police officers within the OBPD. (Hesse T., 615:14-17; Nofi T., 291:15; Carter T., 307:10; Fiorillo T., 36:7).

---

[10] The deposition transcript of Defendant George B. Hesse, dated June 3, 2009, June 16, 2009, August 6, 2009 and August 17, 2009, is attached to the Skelly Decl. as Ex. N, and is referred to herein as "Hesse T."

### D. First Amendment Retaliation

25.     Plaintiffs' duties at Ocean Beach included patrolling the Village, both on foot and in patrol vehicles, issuing summonses and ensuring the general safety of the residents and visitors of Ocean Beach. (Carter T., 350:6; Hesse T., 741:19-742:17).

26.     Plaintiffs present no evidence suggesting that their job duties included speaking on behalf of the Village.

27.     All Plaintiffs testified that their direct supervisor was Defendant Acting Deputy Police Chief George B. Hesse. (Lamm T., 227:16-229:14; 257:12-19; Snyder T., 252:3-8, 258:8-262:8, Nofi T., p. 204; Carter T., 36:9-42:19).

28.     Plaintiffs shifts, tours, posts and daily duties required of them were determined by their direct supervisor, defendant Hesse. (Hesse 741:16-18).

29.     In the course of employment with Ocean Beach, plaintiffs only complained to Acting Deputy Police Chief Hesse about their grievances with the internal operations of the OBPD. (Snyder T., 252:3-8, 258:8-262:8, Lamm T., 227:16-229:14; Carter T.,  36:9-42:19; Snyder T., 252:3-8, 258:8-262:8).

30.     Throughout the course of employment with Ocean Beach, plaintiffs observed conduct which they felt needed to be brought to their supervisors' attention. (Snyder T., 252:3-8, 258:8-262:8, Lamm T., 227:16-229:14; Carter T.,  36:9-42:19).

31.     After notifying Hesse, their direct supervisor over the course of their employment, plaintiffs took no other action in notifying any other person, news or media outlet regarding any instances of misconduct they may have observed during their time at the OBPD. (Lamm T., 227:16-229:14; Snyder T., 252:3-8, 258:8-262:8; Nofi T., 208:7-19).

**E.  Plaintiffs' Complaints of Misconduct and Endemic Corruption**

32.     Plaintiff Nofi never reported instances of misconduct to the Mayor, Trustee Loeffler or the Board regarding the endemic corruption and abuse of power.  (Nofi T., 208:8; 211:8).

33.     Plaintiff Carter complained to Hesse about having to clean up the mess left from other officers.  (Carter T., 38:14).

34.     Plaintiff Carter never complained to Chief Paradiso, Mayor Rogers or any trustees regarding any incidents going on within the Ocean Beach Police Department.  (Carter T., 41:16, 42:11, 47:2; 69:1; 329:11).

35.     Plaintiff Carter was never informed by any prospective employer at the Town of Islip that he did not get a promotion because of the Blog.  (Carter T., 212:7).

36.     After filing of the complaint in this action, plaintiff Carter attended a video press conference which discussed the allegations against the Village and Defendant Hesse and depicted images of plaintiff Carter in print and video.  (Carter T., 196:12)

37.     Plaintiff Lamm does not know to whom he disclosed the improper governmental action to within the Village of Ocean Beach.  (Lamm T., 222:4-7).

**F.  Plaintiffs' Termination and Subsequent Employment References**

38.     Defendant Hesse, after plaintiffs' termination from OBPD, was contacted by some of plaintiffs' prospective employers regarding references.

39.     Defendant Hesse spoke with an investigator from Collier County Florida regarding Plaintiff Nofi's prospective employment with Collier County Sheriff's Department.  (Nofi. T., 262: 3-16).

40.     During the course of this conversation, the investigator filled out a sheet documenting Hesse's responses.  (Skelly Decl., Ex. K).

41.     Hesse did not comment on Nofi's abilities as a police officer and would only inform the investigator that plaintiff Nofi had worked at Ocean Beach Police Department.  (Nofi T., 32:13-16).

42.     Hesse informed the investigator that he could not comment on plaintiff Nofi's abilities as a police officer as a lawsuit was pending involving Hesse and the applicant.  (Skelly Decl., Ex. K; Nofi T., 183:21)

43.     The statement that Nofi was suing the Village of Ocean Beach was a true statement of fact.  (Nofi T., p. 33.2)

44.     In fact, none of the documents Nofi saw from prospective employers indicated any statements Hesse made about Nofi's abilities as a police officer.  (Nofi T., 266:17-267:2).

45.     Nofi did not know and could not identify what defamatory statements Hesse said to the investigator at Collier County.  (Nofi T., 55:24).

46.     Nofi did not know and could not identify what defamatory statements were made to prospective employers but identified those statements as Hesse's retaliatory efforts.  (Nofi T., 18:18).

47.     Nofi did not ultimately get the position at Collier County Sheriff's Department.  (Nofi T., 165:10).

48.     Nofi received letters from Collier County indicating that he did not pass the polygraph exam and his psychological test answers indicated he may be a risk to the agency.  (Skelly Decl., Ex. O[11]).

---

[11] A copy of the letters sent to plaintiff Nofi from Collier County Florida are annexed to the Skelly Decl. as Exhibit O.

49.     Nofi was in fact notified by letter that he did not possess the minimum experience required for employment with Collier County, which was two years of full-time employment.  (Nofi T., 156:14).

50.     Nofi in fact did not have two years of full-time employment experience, as all his work experience was part-time and seasonal.  (Nofi T., 157:13).

51.     Hesse told the Town of Islip that Carter was not involved in any misconduct during his tenure at the OBPD.  (Carter T., 163:21).

52.     Carter has never been informed that as a result of an e-mail sent to the Town of Islip from Hesse regarding Carter's employment with the Village, Carter was not promoted. (Carter T., 177:22; 195:18).

53.     Carter was informed by his current supervisor in the Town of Islip that they were not promoting anyone to Park Ranger Three.  (Carter T., 186:11-13).

54.     The only negative reference Carter alleges is the one reference given to the Town of Islip as per Hesse's e-mail that Carter "slept at work."  (Carter T., 228:23-229:8).

55.     Carter does not know what his Civil Service personnel file includes, as he has never seen it, yet believes it includes defamatory statements.  (Carter T., 257:12-258:12).

56.     Plaintiff Lamm, as part of his attempt to secure employment, applied to the Village of Southampton, though was unaware if Southampton ever communicated with Hesse regarding a reference.  (Lamm T., 78:7-16).

57.     Plaintiff Lamm never completed his application package to Southampton and did not communicate further with the Southampton Village Police Department after canceling his interview in July of 2006 as a result of his failing the psychological test, thus rendering him ineligible for employment as a police officer in Suffolk County.  (Lamm T., 84:25, 86:10-24).

58.    Plaintiff Lamm failed the psychological test for Suffolk County Police Department in June of 2006 thus rendering him ineligible for employment with Suffolk County Police Department. (Lamm T., 35:19-23).

59.    Plaintiff Lamm appealed the ruling which rendered him unqualified to serve as a Suffolk County Police Officer which gave him a second opportunity to take the psychological test. (Lamm T., 39:23-20).

60.    Plaintiff Lamm has no knowledge whether Hesse was contacted by Suffolk County Civil Service in relation to any of his applications for employment. (Lamm T., 71, 6-18).

61.    Plaintiff Lamm never advised Hesse that he had applied for a position with Southampton Village. (Lamm T., 93:3)

62.    Plaintiff Fiorillo had no knowledge whether Hesse gave any recommendations for positions he applied to in the Towns of Riverhead, Northport Village, Huntington Bay and Quogue. (Fiorillo T., 291:15-23).

**G. The Schwartz Report Blog**

63.    In April of 2006, a series of entries was created on a website entitled "The Schwartz Report."[12] (Skelly Decl., Ex. J).

64.    This website was a forum which allowed users to enter user names and create entries on this site as a weblog or "blog." (Skelly Decl., Ex. J).

65.    The topic of this "Blog" was "Ocean Beach Police Corruption" and users discussed events that occurred at the Ocean Beach Police Department. (Skelly Decl., Ex. J).

66.    The Blog was not created by Defendant Hesse. (Skelly Decl., Ex. I[13]).

---

[12] A copy of The Schwartz Report is annexed to the Skelly Decl. as Exhibit J.

67.     Defendant Hesse, however, did make certain entries throughout this Blog relating to conduct that occurred within the Ocean Beach Police Department. (Hesse T., 680:676:12-15; Skelly Decl., Ex. I).

68.     Specifically, Hesse did create entries calling plaintiffs "rats." (Skelly Decl., Ex. I).

69.     Plaintiff Snyder posted on the blog in April of 2006. (Carter T., 85:18; Fiorillo T., 431:10).

**H. The Halloween Incident**

70.     On the evening of October 20, 2004 through October 31, 2004, an incident at a local bar in Ocean Beach called Houser's required police to respond. (Hesse T., 400:19-25; 401:3-8).

71.     Two off-duty officers were in the bar that evening; Gary Bosetti and Richard Bosetti. (Fiorillo T., 102:4-8).

72.     A fight occurred at the bar. (Hesse T., 400:19-25).

73.     Plaintiffs Fiorillo, Snyder and Lamm responded to the scene. (Hesse T., 447:10-24).

74.     Lamm, as per Hesse's instruction, wrote an incident report concerning the "Halloween Incident." (Lamm T., 336:24-337:3).

75.     After Hesse investigated what happened that evening, he became aware from eye-witness statements that the Bosetti brothers had saved his wife from being choked. (Hesse T., 419:2-4; 427:8-428:8).

---

[13] A copy of defendant's Response to Plaintiffs' Second Set of Interrogatories is attached to the Skelly Decl. as Exhibit I.

76.     Subsequently, Hesse instructed Officer Cherry to conduct a full investigation as to all the events and consequences of the night at Houser's.  (Hesse T., 500:3-6).

77.     Plaintiffs Lamm, Snyder and Fiorillo believed that a cover-up of the incidents giving rise to the fight was occurring as a result of their lack of involvement in the subsequent violation.  (Lamm 229:15-231:4).

Dated: Elmsford, New York
       October 14, 2009

Respectfully submitted,

James M. Skelly (JMS - 4844)
Kevin W. Connolly (KWC - 4450)
Karen M. Lager (KL - 2917)

**MARKS, O'NEILL, O'BRIEN**
**& COURTNEY, P.C.**
Attorneys for Defendant
**ACTING DEPUTY POLICE CHIEF**
**GEORGE B. HESSE, individually**
**and in his official capacity**
530 Saw Mill River Road
Elmsford, New York 10523
(914) 345-3701
File No.: 479.81595

{NY058581.1}

<u>**CERTIFICATE OF SERVICE**</u>

I HEREBY CERTIFY that, on October 14, 2009, a true and correct copy of the foregoing **DEFENDANT'S RULE 56.1 STATEMENT**, was served by First-Class Mail, Postage Prepaid, upon the following:

Andrew Goodstadt, Esq.
**THOMPSON, WIGDOR & GILLY, LLP**
Attorneys for Plaintiffs
**EDWARD CARTER, FRANK FIORILLO,
KEVIN LAMM, JOSEPH NOFI, and THOMAS SNYDER**
85 Fifth Avenue
New York, New York 10003
(212) 239-9292

Kenneth A. Novikoff, Esq.
**RIVKIN, RADLER LLP**
Attorneys for Defendants
**INCORPORATED VILLAGE OF OCEAN BEACH,
MAYOR JOSEPH C. LOEFFLER, JR., individually
and in his official capacity, former mayor
NATALIE K. ROGERS, individually and in her official
capacity and OCEAN BEACH POLICE DEPARTMENT**
926 Rexcorp Plaza
Uniondale, New York  11556-0926
(516) 357-3333

Arlene Zwilling, Esq.
**COUNTY OF SUFFOLK**
**County Attorney's Office**
Attorneys for Defendants
**SUFFOLK COUNTY POLICE DEPARTMENT,
SUFFOLK COUNTY DEPARTMENT OF CIVIL
SERVICE and ALISON SANCHEZ, individually and in
her official capacity**
H. Lee Dennison Building
100 Veterans Memorial Highway
P.O. Box 6100
Hauppauge, New York  11788
(631) 853-4049

_James M. Skelly (JMS - 4844)_

**MARKS, O'NEILL, O'BRIEN
& COURTNEY, P.C.**
Attorneys for Defendant
**ACTING DEPUTY POLICE CHIEF
GEORGE B. HESSE, individually and in his
official capacity**
530 Saw Mill River Road
Elmsford, New York 10523
(914) 345-3701

{NY067136.1}

Index No.     CV 07 1215             RJI No.     Hon.

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---

EDWARD CARTER, FRANK FIORILLO, KEVIN LAMM, JOSEPH NOFI AND THOMAS SNYDER,

                        Plaintiffs,

     -against-

INCORPORATED VILLAGE OF OCEAN BEACH; MAYOR JOSEPH C. LOEFFLER, JR., individually and in his official capacity; former mayor NATALIE K. ROGERS, individually and in her official capacity, OCEAN BEACH POLICE DEPARTMENT; ACTING DEPUTY POLICE CHIEF GEORGE B. HESSE, individually and in his official capacity; SUFFOLK COUNTY; SUFFOLK COUNTY POLICE DEPARTMENT; SUFFOLK COUNTY DEPARTMENT OF CIVIL SERVICE; and ALISON SANCHEZ, individually and in her official capacity,,

                        Defendants.

---

### DEFENDANT'S RULE 56.1 STATEMENT

---

### MARKS, O'NEILL, O'BRIEN & COURTNEY, P.C.
Attorneys for Defendant
### ACTING DEPUTY POLICE CHIEF GEORGE B. HESSE,
individually and in his official capacity
Office and Post Office Address, Telephone
530 Saw Mill River Road
Elmsford, New York 10523
(914) 345-3701

---

**To**                                         **Signature (Rule 130-1.1-a)**

                                         **Print name beneath**

**Attorney(s) for**

---

**Service of a copy of the within**                 **is hereby admitted.**

**Dated,**

                                        **Attorneys for:**

---

**Please take notice**
☐ **NOTICE OF ENTRY**
that the within is a (certified) true copy of a
duly entered in the office of the clerk of the within named court on
☐ **NOTICE OF SETTLEMENT**
that an order                  of which the within is a true copy will be presented for
settlement to the HON.                            one of the judges
of the within named court, at
on                        at           M

Dated,

                               Yours, etc.

### MARKS, O'NEILL, O'BRIEN & COURTNEY, P.C.
Office and Post Office Address
530 Saw Mill River Road
Elmsford, New York 10523
(914) 345-3701