| | |
|---|---|
| UNITED STATES DISTRICT COURT<br>EASTERN DISTRICT OF NEW YORK | AZ 5918 |
| EDWARD CARTER, FRANK FIORILLO, KEVIN LAMM, JOSEPH NOFI, and THOMAS SNYDER, | **ANSWER** |
| Plaintiffs, | |
| -against- | CV 07-1215 (SJF)(ETB) |
| INCORPORATED VILLAGE OF OCEAN BEACH; MAYOR JOSEPH C. LOEFFLER, JR., individually and in his official capacity; former mayor NATALIE K. ROGERS, individually and in her official capacity, OCEAN BEACH POLICE DEPARTMENT; ACTING DEPUTY POLICE CHIEF GEORGE B. HESSE, individually and in his official capacity; SUFFOLK COUNTY; SUFFOLK COUNTY POLICE DEPARTMENT; SUFFOLK COUNTY DEPARTMENT OF CIVIL SERVICE; and ALISON SANCHEZ, individually and in her official capacity, | |
| Defendants. | |

Defendants, Suffolk County, Suffolk County Police Department, Suffolk County Department of Civil Service, and Alison Sanchez, by their attorney, CHRISTINE MALAFI, Suffolk County Attorney, by Arlene S. Zwilling, Assistant County Attorney, answering plaintiffs' complaint herein, upon information and belief, aver that:

1. The allegations contained in the paragraphs numbered "1," "2," "3," "4," and "5" of the Preliminary Statement of the complaint characterize the legal action being brought and purport to invoke the jurisdiction of the Court

1

pursuant to the enumerated statutes and, as such, defendants make no answer save to demand strict proof thereof and to deny any conduct giving rise to any cause of action thereunder.

2. Deny knowledge or information sufficient to form a belief as to the allegations contained in the paragraphs numbered "6," "7, "8," "9," "10," "13," "14," "23," "24," "25," "26," "27," "28," "29," "30," "31," "32," "33," "34," "35," "36," "37," "38," "39," "40," "41," "42," "43," "44," "45," "46," "47," "48," "49," "50," "51," "52," "53," "54," "55," "56," "57," "58," "59," "60," "61," "62," "63," "64," "65," "66," "67," "68," "69," "70," "71," "72," "73," "74," "75," "76," "77," "78," "79," "80," "81," "82," "83,"' "84," "85," "86," "87," "88," "89," "90," "91," "92," "93," "94," "95," "96," "97," "98," "106," "107," "108," "109," "110," "111," "112," "113," "114," "115," "116," "117," and "118" of the complaint.

3. With respect to the paragraph numbered "19" of the complaint, admit only that defendant Sanchez is employed by defendant County of Suffolk; and otherwise deny, upon information and belief, the allegations contained in said paragraph.

4. Deny knowledge or information sufficient to form a belief as to the allegations contained in the paragraphs numbered "20," "21," and "22" of the complaint, except admit receipt of a purported notice of claim, and refer all questions of law to the Court.

5. Deny, upon information and belief, the allegations contained in the paragraphs numbered "99," "100," "101," "102," "103," "104," and "105" of the complaint.

### *AS TO PLAINTIFFS' FIRST CAUSE OF ACTION*

6. Answering the paragraph numbered "116" of the complaint, repeat, reiterate and re-allege each and every response to the recited paragraphs with the same force and effect as if the same were set forth at length herein.

7. Deny, upon information and belief, the allegations contained in the paragraphs numbered "117" and "118" of the complaint.

### *AS TO PLAINTIFFS' SECOND CAUSE OF ACTION*

8. Answering the paragraph numbered "120" of the complaint, repeat, reiterate and re-allege each and every response to the recited paragraphs, with the same force and effect as if the same were set forth at length herein.

9. Deny, upon information and belief, the allegations contained in the paragraphs numbered "121," "122" and "123" of the complaint.

### *AS TO PLAINTIFFS' THIRD CAUSE OF ACTION*

10. Answering the paragraph numbered "124" of the complaint, repeat, reiterate and re-allege each and every response to the recited paragraphs, with the same force and effect as if the same were set forth at length herein.

11. Deny, upon information and belief, the allegations contained in the paragraphs numbered "125," "126," "127" and "128" of the complaint.

### *AS TO PLAINTIFFS' FOURTH CAUSE OF ACTION*

12. Answering the paragraph numbered "129" of the complaint, repeat, reiterate and re-allege each and every response to the recited paragraphs, with the same force and effect as if the same were set forth at length herein.

13. Deny knowledge or information sufficient to form a belief as to the allegations contained in the paragraphs numbered "130," "131," "132" and "133" of the complaint.

### *AS TO PLAINTIFFS' FIFTH CAUSE OF ACTION*

14. Answering the paragraph numbered "134" of the complaint, repeat, reiterate and re-allege each and every response to the recited paragraphs, with the same force and effect as if the same were set forth at length herein.

15. Deny knowledge or information sufficient to form a belief as to the allegations contained in the paragraphs numbered "135," "136," "137," "138," "139" and "140" of the complaint.

### *AS TO PLAINTIFFS' SIXTH CAUSE OF ACTION*

16. Answering the paragraph numbered "141" of the complaint, repeat, reiterate and re-allege each and every response to the recited paragraphs, with the same force and effect as if the same were set forth at length herein.

17. Deny knowledge or information sufficient to form a belief as to the allegations contained in the paragraphs numbered "142," "143," "144," "145" and "146" of the complaint.

### *AS TO PLAINTIFFS' SEVENTH CAUSE OF ACTION*

18. Answering the paragraph numbered "147" of the complaint, repeat, reiterate and re-allege each and every response to the recited paragraphs, with the same force and effect as if the same were set forth at length herein.

19. Deny, upon information and belief, the allegations contained in paragraphs numbered "148" and "149" of the complaint.

### *AS TO PLAINTIFFS' EIGHTH CAUSE OF ACTION*

20. Answering the paragraph numbered "151" of the complaint, repeat, reiterate and re-allege each and every response to the recited paragraphs, with the same force and effect as if the same were set forth at length herein.

21. Deny knowledge or information sufficient to form a belief as to the allegations contained in the paragraphs numbered "152," "153," "154" and "155" of the complaint.

### *AS TO PLAINTIFFS' NINTH CAUSE OF ACTION*

22. Answering the paragraph numbered "157" of the complaint, repeat, reiterate and re-allege each and every response to the recited paragraphs, with the same force and effect as if the same were set forth at length herein.

23. Deny knowledge or information sufficient to form a belief as to the allegations contained in the paragraphs numbered "158," "159," "160," "161" and "162" of the complaint.

### *AS TO PLAINTIFFS' TENTH CAUSE OF ACTION*

24. Answering the paragraph numbered "163" of the complaint, repeat, reiterate and re-allege each and every response to the recited paragraphs, with the same force and effect as if the same were set forth at length herein.

25. Deny knowledge or information sufficient to form a belief as to the allegations contained in the paragraphs numbered "164," "165," "166," "167," "168" and "169" of the complaint.

### AS TO PLAINTIFFS' ELEVENTH CAUSE OF ACTION

26. Answering the paragraph numbered "170" of the complaint, repeat, reiterate and re-allege each and every response to the recited paragraphs, with the same force and effect as if the same were set forth at length herein.

27. Deny knowledge or information sufficient to form a belief as to the allegations contained in the paragraphs numbered "171," "172," "173" and "174" of the complaint.

### AS TO PLAINTIFFS' TWELFTH CAUSE OF ACTION

28. Answering the paragraph numbered "175" of the complaint, repeat, reiterate and re-allege each and every response to the recited paragraphs, with the same force and effect as if the same were set forth at length herein.

29. Deny knowledge or information sufficient to form a belief as to the allegations contained in the paragraphs numbered "176," "177" and "178" of the complaint.

### AS TO PLAINTIFFS' THIRTEENTH CAUSE OF ACTION

30. Answering the paragraph numbered "179" of the complaint, repeat, reiterate and re-allege each and every response to the recited paragraphs, with the same force and effect as if the same were set forth at length herein.

31. Deny knowledge or information sufficient to form a belief as to the allegations contained in the paragraphs numbered "180," "181," "182," "183" and "184" of the complaint.

*AS TO PLAINTIFFS' FOURTEENTH CAUSE OF ACTION*

32. Answering the paragraph numbered "185" of the complaint, repeat, reiterate and re-allege each and every response to the recited paragraphs, with the same force and effect as if the same were set forth at length herein.

33. Deny, upon information and belief, the allegations contained in paragraphs numbered "186" and "187" of the complaint.

*AS TO PLAINTIFFS' FIFTEENTH CAUSE OF ACTION*

34. Answering the paragraph numbered "188" of the complaint, repeat, reiterate and re-allege each and every response to the recited paragraphs, with the same force and effect as if the same were set forth at length herein.

35. Deny, upon information and belief, the allegations contained in paragraphs "189," "190," "191" and "192" of the complaint.

*AS AND FOR A FIRST AFFIRMATIVE DEFENSE*

36. That the complaint fails to state a claim upon which relief can be granted.

*AS AND FOR A SECOND AFFIRMATIVE DEFENSE*

37. That the damages sustained by plaintiffs, if any, were caused by the plaintiffs' own culpable and/or negligent conduct.

*AS AND FOR A THIRD AFFIRMATIVE DEFENSE*

38. That the complaint fails to set forth facts sufficient to constitute a deprivation of any constitutional right or other basis for a civil rights claim.

### AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

39. That no policy, statement, ordinance, regulation or decision officially adopted and/or promulgated by defendants or otherwise ratified by defendants authorized a deprivation of plaintiffs' constitutional rights.

### AS AND FOR A FIFTH AFFIRMATIVE DEFENSE

40. That municipal defendants are not liable for punitive damage awards.

### AS AND FOR A SIXTH AFFIRMATIVE DEFENSE

41. That plaintiffs have failed to comply with the statutory conditions precedent to commencement of an action against municipal defendants as set forth in the New York General Municipal Law.

### AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE

42. That plaintiffs' claims, if any, are in whole or in part, barred by the exclusive remedy provisions of the New York Workers' Compensation Law.

### AS AND FOR AN EIGHTH AFFIRMATIVE DEFENSE

43. That plaintiffs' claims, if any, are barred in whole or in part by the Statute of Limitations.

### AS AND FOR A NINTH AFFIRMATIVE DEFENSE

44. That defendants' actions, if any, were justified by the facts and circumstances presented.

### AS AND FOR A TENTH AFFIRMATIVE DEFENSE

45. That the substance of any communications, if any, made by the defendants and/or their agents are and were true.

*AS AND FOR AN ELEVENTH AFFIRMATIVE DEFENSE*

46. That the defendants, at all times complained of, acted reasonably and in good faith in the discharge of their official duties and responsibilities.

47. That defendants acted in what they did solely pursuant to their duties and responsibilities as law enforcement and/or prosecuting officials.

48. That defendants at all times acted in good faith in that they reasonably believed that they were exercising and acting within their statutory and constitutional powers.

49. That in performing such duties and responsibilities, defendants are and were protected by absolute and/or qualified Federal and/or State immunity.

*AS AND FOR A TWELFTH AFFIRMATIVE DEFENSE*

50. That the substance of any communications, if any, made by defendants and/or their agents are and were absolutely privileged.

*AS AND FOR A THIRTEENTH AFFIRMATIVE DEFENSE*

51. To the extent that the complaint purports to set forth any supplemental state law claims, they are barred by the plaintiffs' failure to comply with the statutory conditions precedent to commencement of an action against municipal defendants as set forth in the New York General Municipal Law.

*AS AND FOR A FOURTEENTH AFFIRMATIVE DEFENSE*

52. To the extent that the complaint purports to set forth any supplemental state law claims, they are barred by the Statute of Limitations.

9

## AS AND FOR A FIFTEENTH AFFIRMATIVE DEFENSE

53. That the Suffolk County Police Department and the Suffolk County Department of Civil Service are not entities susceptible to suit.

WHEREFORE, defendants, SUFFOLK COUNTY, SUFFOLK COUNTY POLICE DEPARTMENT, SUFFOLK COUNTY DEPARTMENT OF CIVIL SERVICE, and ALISON SANCHEZ, demand judgment against the plaintiffs dismissing the complaint, together with the costs, disbursements and reasonable attorneys' fees of this action, and for such other and further relief as this Court deems just and proper.

Dated:   Hauppauge, New York
         May 9, 2007

Yours, etc.,

CHRISTINE MALAFI
Suffolk County Attorney
Attorney for Defendants, SUFFOLK COUNTY, SUFFOLK COUNTY POLICE DEPARTMENT, SUFFOLK COUNTY DEPARTMENT OF CIVIL SERVICE, and ALISON SANCHEZ
H. Lee Dennison Building
100 Veterans Memorial Highway
P.O. Box 6100
Hauppauge, New York 11788-0099
(631) 853-4049

By: *S/ Arlene S. Zwilling*
    _____
    ARLENE S. ZWILLING (AZ 5918)
    Assistant County Attorney

TO:   Douglas H. Wigdor, Esq.
      Scott Browning Gilly, Esq.
      Kenneth P. Thompson, Esq.
      Andrew Goodstadt, Esq.

THOMPSON WIGDOR & GILLY, LLP
Attorneys for Plaintiffs
350 Fifth Avenue, Suite 5720
New York, New York 10118

BEE READY FISHBEIN HATTER & DONOVAN, LLP
170 Old Country Road
Mineola, New York 11501

*AFFIDAVIT OF SERVICE BY MAIL*

STATE OF NEW YORK )
                                    ss.:
COUNTY OF SUFFOLK)

**CATHLEEN D. MOREIRA,** being duly sworn, deposes and says, that deponent is over 18 years of age and is associated with the Suffolk County Attorney.

That on the 9th day of *May, 2007* deponent served the within *ANSWER* in the matter of *Edward Carter, et al. v. Incorporated Village of Ocean Beach, et al.*, on the person(s) hereinafter named, by depositing a true copy thereof, enclosed in a postage paid, properly addressed wrapper in an official depository under the exclusive care of the United States Postal Service within the State of New York.

To:
Douglas H. Widgor, Esq.
Scott Browning Gilly, Esq.
Kenneth P. Thompson, Esq.
Andrew Goodstadt, Esq.
THOMPSON WIGDOR & GILLY, LLP
Attorneys for Plaintiffs
350 Fifth Avenue, Suite 5720
New York, New York  10118

BEE READY FISHBEIN HATTER
& DONOVAN, LLP
170 Old Country Road
Mineola, New York  11501

*s/Cathleen D. Moreira*
_____
Cathleen D. Moreira

Sworn to before me this
 9th day of *May, 2007*

*s/Joanne Malafi*
_____
Notary Public, State of New York
*Joanne Malafi*
*Notary Public, State of New York*
*No. 01MA6008368*
*Qualified in Suffolk County*
*Term Expires June 8, 2010*