**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

-----------------------------------------------------------------------X

EDWARD CARTER, FRANK FIORILLO,  KEVIN
LAMM, JOSEPH NOFI, and THOMAS SNYDER,

                      Plaintiffs,

             v.

INCORPORATED VILLAGE OF OCEAN BEACH;
MAYOR JOSEPH C. LOEFFLER, JR., individually
and in his official capacity; former mayor NATALIE K.
ROGERS, individually and in her official capacity,
OCEAN BEACH POLICE DEPARTMENT; ACTING
DEPUTY POLICE CHIEF GEORGE B. HESSE,
individually and in his official capacity; SUFFOLK
COUNTY; SUFFOLK COUNTY POLICE
DEPARTMENT; SUFFOLK COUNTY DEPARTMENT
OF CIVIL SERVICE; and ALISON SANCHEZ,
individually and in her official capacity,

                      Defendants.

Case No. 07 CV 1215 (SJF)(ETB)

-----------------------------------------------------------------------X

### PLAINTIFFS' FIRST SET OF INTERROGATORIES TO DEFENDANTS INCORPORATED VILLAGE OF OCEAN BEACH, MAYOR JOSEPH C. LOEFFLER, JR., FORMER MAYOR NATALIE K. ROGERS, AND OCEAN BEACH POLICE DEPARTMENT

       Pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure and the Local Rules

of the United States District Court for the Eastern District of New York ("Local Civil Rules"),

Plaintiffs Edward Carter, Frank Fiorillo, Kevin Lamm, Joseph Nofi and Thomas Snyder

("Plaintiffs") hereby requests that Defendants Incorporated Village of Ocean Beach ("Ocean

Beach"), Mayor Joseph C. Loeffler, Jr. ("Defendant Loeffler"), Former Mayor Natalie K. Rogers

("Defendant Rogers"), and the Ocean Beach Police Department ("OBPD") (collectively,

"Defendants"), answer the following First Set of Interrogatories ("Interrogatories") separately

and fully in writing, under oath, and serve its answers signed and notarized within thirty (30)

1

days upon Thompson Wigdor & Gilly LLP, 350 Fifth Avenue, Suite 5720, New York, New York 10118, in accordance with Rules 26 and 33 of the Federal Rules of Civil Procedure and Local Civil Rule 33.3. These Interrogatories should be read, interpreted and responded to in accordance with the instructions and definitions set forth below as well as the Federal Rules of Civil Procedure and the Local Civil Rules. Plaintiffs reserve the right to serve supplemental interrogatories at a later date.

## INSTRUCTIONS

1.      The following Interrogatories shall be continuing in nature to the full extent permitted by law. Accordingly, if subsequent to serving an answer to any Interrogatory, or any part thereof, Defendants or any other person acting for or on Defendants' behalf obtains or becomes aware of additional information pertaining to such Interrogatory, Defendants are required to provide such information, by way of supplemental answers, which will augment or otherwise modify the previous answer. Such supplemental responses are to be made and served upon Plaintiff within ten (10) days after Defendants receive or become aware of such information.

2.      In furnishing answers to these Interrogatories, Defendants should provide all information which is available, including information in the possession, custody or control of Defendants or his, her, their or its attorneys or investigators, or anyone else acting on Defendants' behalf, and not merely such information held by Defendants on the basis of personal knowledge. Each answer is to be made separately and fully. An incomplete or evasive answer will be considered a failure to answer. If after exercising due diligence to secure the information, Defendants cannot answer in full any one of the following Interrogatories, Defendants should expressly indicate so, answer to the extent possible, specifying Defendants' inability to answer

2

the remainder of the Interrogatory and stating whatever information or knowledge Defendants have concerning the unanswered portion(s) including the name of any person(s) who may have additional knowledge or information to complete the response.

3.      Each Interrogatory may be answered in whole or in part by attaching documents that contain sufficient information to answer the question completely.  The relevant portion of the document, however, must be so marked or indicated.

4.      Should Defendants object to an Interrogatory in whole or in part, state the particular Interrogatory to which Defendants object and the precise grounds for the objection in sufficient detail to allow Plaintiff to evaluate and respond to the objection and, if necessary, the Court to rule on the objection.

5.      These Interrogatories should be read, interpreted and responded to in accordance with the definitions set forth and the detail required by the Federal Rules of Civil Procedure and Local Civil Rules.

6.      In the event that a claim of privilege or other evidentiary exclusion is asserted in objection to an Interrogatory, please furnish the information required by Local Civil Rule 26.2.

## DEFINITIONS

1.      The term "**communication**" means the transmittal of information (in the form of facts, ideas, inquiries or otherwise).

2.      The term "**document or electronically stored information**" is defined to be synonymous in meaning and equal in scope to the usage of this term in Federal Rule of Civil Procedure 34(a), including, without limitation, electronic or computerized data compilations.  A draft or non-identical copy is a separate document within the meaning of this term.

3.      When referring to a person, "**to identify**" means to give, to the extent known, the person's full name, present or last known address, and when referring to a natural person, additionally, the present or last known place of employment.  Once a person has been identified in accordance with this subparagraph, only the name of that person need be listed in response to subsequent discovery requesting the identification of that person.

4.      When referring to documents, "**to identify**" means to give, to the extent known, the (a) type of document; (b) general subject matter; (c) date of the document; and (d) author(s), addressee(s), and recipient(s).

5.      For the purposes of these Interrogatories, the word "**Defendants**" refers to Defendants Incorporated Village of Ocean Beach, Mayor Joseph C. Loeffler, Jr., Former Mayor Natalie K. Rogers, and the Ocean Beach Police Department, and, where applicable, his, her, their or its agents, representatives, officers, directors, employees, partners, corporate parent, predecessors, successors, subsidiaries, affiliates and present or former attorneys, collectively.

6.      For the purposes of these Interrogatories, the phrase "**Ocean Beach**" refers to Defendant Incorporated Village of Ocean Beach, its agents, representatives, officers, directors, employees, partners, corporate parent, predecessors, successors, subsidiaries, affiliates and present or former attorneys.

7.      For the purposes of these Interrogatories, the word "**OBPD**" refers to Defendant Ocean Beach Police Department, its agents, representatives, officers, directors, employees, partners, corporate parent, predecessors, successors, subsidiaries, affiliates and present or former attorneys.

8.      For the purposes of these Interrogatories, the word "**Plaintiffs**" refers to Plaintiffs Edward Carter, Frank Fiorillo, Kevin Lamm, Joseph Nofi and Thomas Snyder, collectively

4

and/or individually.

9.     The word **"person"** includes natural persons, partnerships, corporations, international and local unions, associations, joint ventures, estates, trusts, receivers, other forms of legal or business entities, federal, state and local governments and all departments and agencies thereof, and any other group or combination acting as an entity.

10.     The term **"concerning"** means containing, consisting of, relating to, referring to, describing, evidencing or constituting, in whole or in part.

11.     The word **"date"** means the exact day, month and year, if ascertainable, or if not, the best approximation thereof.

12.     The term **"compensation"** refers to the payment or transfer of ownership or control, whether complete, partial, conditional or unconditional, or howsoever restricted, of anything of value, including, but not limited to, base salary, bonus or incentive compensation, cash, common or restricted stock or shares, units or restricted units, restricted stock units, other equity or fixed income products or their derivatives, options, warrants or other financial products, and services, rights, entitlements or benefits of any kind.

13.     The term **"e-mail"** shall include e-mails and instant messages as well as associated meta-data.

14.     The singular includes the plural and vice versa.

15.     The connectives "**and**" and "**or**" shall be construed either disjunctively or conjunctively as necessary to make the request inclusive rather than exclusive.

16.     "**Any**" means "all," "each and every" as well as "any one."

17.     "**He**" shall mean **"she"** and vice versa.

18.     **"His"** shall mean **"hers"** and vice versa.

19.     The term "**Complaint**" refers to the Complaint filed in the United States District Court for the Eastern District of New York in this action.

20.     The term "**Answer**" refers to the Answer(s) to the Complaint filed in the United States District Court for the Eastern District of New York by any of the Defendants.

21.     The terms "**all**" and "**each**" shall be construed as all and each.


## INTERROGATORIES

**INTERROGATORY NO. 1:**

Identify each and every person who has knowledge in any way relating to any allegation in the Complaint in this action.

**INTERROGATORY NO. 2:**

Identify each and every person who has knowledge in any way relating to any allegation and/or defense in the Answer to the Complaint in this action.

**INTERROGATORY NO. 3:**

Identify each and every person who was involved in any way with the decision to hire each Plaintiff for the position of Police Officer at OBPD, including the role of each person identified in your response to this Interrogatory.

**INTERROGATORY NO. 4:**

Identify each and every person involved with the decision to terminate each Plaintiff's employment at Ocean Beach and/or OBPD.

**INTERROGATORY NO. 5:**

Identify each and every person who has knowledge in any way relating to the decision to

terminate each Plaintiff's employment as a Police Officer at OBPD.

**INTERROGATORY NO. 6:**

Identify each and every person who has knowledge in any way relating to any complaints concerning Plaintiffs during their employment at Ocean Beach and/or OBPD.

**INTERROGATORY NO. 7:**

Identify all persons who had any responsibility in determining Plaintiffs' terms and conditions of employment, including, but not limited to, rate of pay, duties, raises, bonuses, evaluations and/or other benefits of employment and identify the specific nature of each person's responsibilities with respect to Plaintiffs.

**INTERROGATORY NO. 8:**

Identify each of Plaintiffs' direct supervisors during their employment at Ocean Beach and/or OBPD.

**INTERROGATORY NO. 9:**

Identify each and every person responsible for hiring employees, including, but not limited to, Police Officers, Police Dispatchers, and Dock Masters, at Ocean Beach and/or OBPD from 2000 to the present, including the role of each person identified in your response to this Interrogatory.

**INTERROGATORY NO. 10:**

Identify each and every person who was employed by Ocean Beach and/or OBPD from 2000 through the present as Police Officers and/or Dock Masters, including, but not limited to, their job title and dates of employment.

**INTERROGATORY NO. 11:**

Identify the standards of conduct for OBPD Officers in place, in force, in operation, in

use and/or in effect between 2000 and the present including, but not limited to, any and all policies and/or procedures concerning investigations into claims of misconduct by OBPD Officers.

### INTERROGATORY NO. 12:

Identify and describe any and all policies concerning the consumption of alcoholic beverages by on-duty or off-duty OBPD officers in Ocean Beach from 2000 to the present.

### INTERROGATORY NO. 13:

Identify each and every claim, complaint and/or allegation, whether formal or informal, of misconduct, dereliction of duty, violations of law, abuse of authority, selective enforcement of the laws, harassment of any kind, retaliation, unfair treatment and/or improper conduct against Ocean Beach and/or OBPD, and any current and/or former employee of Ocean Beach and/or OBPD from 2000 to the present.

### INTERROGATORY NO. 14:

Identify and describe any and all policies concerning the storage and/or retention of evidence and/or seized property by OBPD and/or Ocean Beach from 2000 to the present.

### INTERROGATORY NO. 15:

Identify the number of summonses issued by each Plaintiff from 2000 to the present.

### INTERROGATORY NO. 16:

Identify each and every person responsible for investigating the events of October 30-31, 2004 as set forth in the Complaint, including the role of each individual identified in your response to this Interrogatory.

### INTERROGATORY NO. 17:

Identify all computers used by Ocean Beach and/or OBPD from 2000 to the present,

including the Internet Protocol (IP) Address and Internet Service Provider (ISP) associated with each computer identified in your response to this Interrogatory.

**INTERROGATORY NO. 18:**

As to data backups performed on all computer systems currently or previously in use, identify and describe the following: 1) All procedures and devices used to back up the software and the data, including, but not limited to, name(s) of backup software used, the frequency of the backup process, and type of tape backup drives, including name and version number, type of media (i.e. DLT, 4mm, 8mm, AIT). State the capacity (bytes) and total amount of information (gigabytes) stored on each tape; 2) the tape or backup rotation, explain how backup data is maintained, and state whether the backups are full or incremental (attach a copy of all rotation schedules); 3) whether backup storage media is kept off-site or on-site. Include the location of such backup and a description of the process for archiving and retrieving on-site media; 4) the name(s) and contact information for the individual(s) who conduct(s) the backup and the individual who supervises this process; 5) a detailed list of all backup sets, regardless of the magnetic media on which they reside, showing current location, custodian, date of backup, a description of backup content and a full inventory of all archives; 6) all extra-routine backups applicable for any servers identified in response to these Interrogatories, such as quarterly archival backup, yearly backup, etc., and identify the current location of any such backups; and 7) any users who had backup systems in their PCs and describe the nature of the backup. Identify and describe all backup tapes in your possession including: (a) types and number of tapes in your possession (such as DLT, AIT, Mammoth, 4mm, 8mm); (b) capacity (bytes) and total amount of information (gigabytes) stored on each tape; and (c) all tapes that have been re-

initialized or overwritten since commencement of this litigation and state the date of said occurrence.

## INTERROGATORY NO. 19:

Describe the qualifications, tests, criteria, training, experience, and certifications, including but not limited to civil service certification, necessary to become and/or remain employed as a Police Officer at OBPD.  Identify all documents relating to your response to this Interrogatory.

## INTERROGATORY NO. 20:

Identify all person(s) with responsibility for hiring, promotions, discipline, warnings, suspensions, probations, performance improvement periods, assignment of work, terminations, and transfers for OBPD Officers for the period from 2000 to the present, including the job title and the substance of each person's responsibilities.

## INTERROGATORY NO. 21:

If Defendants have taken or received any statement, either orally or in writing, from any person who had any information or knowledge concerning the allegations contained in the Complaint to any defense by Defendants, describe each such statement in full and complete detail and identify any documents concerning each statement.

## INTERROGATORY NO. 22:

Describe Defendant Loeffler's role and/or responsibilities concerning the OBPD from 2000 to the present.

## INTERROGATORY NO. 23:

Identify each person responsible for approving the appointment and/or hiring of each of the following employees of Ocean Beach and/or OBPD: (i) Chris Moran, (ii) Marissa Wycoff,

(iii) Patrick Cherry, (iv) Hanni Kutteh, (v) Byron Chenault; (vi) Robert Knox, (vii) Kevin Butler, (viii) Brian Fineman, (ix) Jack Smith, (x) Arnold Hardman, (xi) Alan Loeffler, (xii) Gary Bosetti, (xiii) Richard Bosetti, (xiv) Thomas Shore, (xv) John Bullis, (xvi) Bill Walsh, (xvii) Tyre Bacon, (xviii) Richard Routt, (xix) Kevin Nowaski, (xx) Alison Loeffler, (xxi) Kenny LaPenna, (xxii) Paul Trosko, (xxiii) Patrick Cherry, Jr, (xxiv) John Dyer, (xxv) Brian L. Piccolo, and (xxvi) Robert Ragoese.

## INTERROGATORY NO. 24:

Identify each and every person whom you have retained or intend to retain as an expert witness for trial in this action.

## INTERROGATORY NO. 25:

Identify each and every person whom you intend to call as a fact witness at the trial of this action.

Dated:  July 11, 2007
      New York, NY

           Respectfully submitted,
           THOMPSON WIGDOR & GILLY LLP

By: _A. Goodstadt_

           Douglas H. Wigdor (DW-9737)
           Scott Browning Gilly (SG-6861)
           Kenneth P. Thompson (KT-6026)
           Andrew Goodstadt (AG-2760)
           350 Fifth Avenue, Suite 5720
           New York, New York 10118
           Telephone: (212) 239-9292
           Facsimile: (212) 239-9001

           *Counsel for Plaintiffs*

## CERTIFICATE OF SERVICE

A copy of the foregoing Plaintiffs' First Set of Interrogatories to Defendants Incorporated

Village Of Ocean Beach, Joseph C. Loeffler, Jr., Natalie K. Rogers, and Ocean Beach Police

Department was served this 11th day of July, 2007, by overnight delivery, on counsel for

Defendants as follows:

> Anthony Marino, Esq.
> Law Offices of Vincent D. McNamara
> Tower Square – 1045 Oyster Bay Road, Ste. 1
> East Norwich, New York 11732
> Counsel for Defendants Incorporated Village of Ocean Beach,
> Joseph C. Loeffler Jr., Natalie K. Rogers, Ocean Beach Police
> Department and George B. Hesse.
>
> Arlene S. Zwilling, Esq.
> Suffolk County Attorney
> H. Lee Dennison Building
> 100 Veterans Memorial Highway
> P.O. Box 6100
> Hauppauge, New York 11788-0099
> Attorney for Defendants Suffolk County, Suffolk County Police
> Department, Suffolk County Department of Civil Service, and
> Alison Sanchez.

12