UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
EDWARD CARTER, FRANK FIORILLO, KEVIN :
LAMM, JOSEPH NOFI, and THOMAS SNYDER, :
:
:
Plaintiffs, :
:
v. : Case No. 07 CV 1215 (SJF)(ETB)
:
INCORPORATED VILLAGE OF OCEAN BEACH; :
MAYOR JOSEPH C. LOEFFLER, JR., individually :
and in his official capacity; former mayor NATALIE K. :
ROGERS, individually and in her official capacity, :
OCEAN BEACH POLICE DEPARTMENT; ACTING :
DEPUTY POLICE CHIEF GEORGE B. HESSE, :
individually and in his official capacity; SUFFOLK :
COUNTY; SUFFOLK COUNTY POLICE :
DEPARTMENT; SUFFOLK COUNTY DEPARTMENT :
OF CIVIL SERVICE; and ALISON SANCHEZ, :
individually and in her official capacity, :
:
Defendants. :
-------------------------------------------------------------------X

## PLAINTIFFS' FIRST SET OF INTERROGATORIES TO DEFENDANT GEORGE B. HESSE

Pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure and the Local Rules of the United States District Court for the Eastern District of New York ("Local Civil Rules"), Plaintiffs Edward Carter, Frank Fiorillo, Kevin Lamm, Joseph Nofi and Thomas Snyder ("Plaintiffs") hereby request that Defendant George B. Hesse, answer the following First Set of Interrogatories ("Interrogatories") separately and fully in writing, under oath, and serve its answers signed and notarized within thirty (30) days upon Thompson Wigdor & Gilly LLP, 350 Fifth Avenue, Suite 5720, New York, New York 10118, in accordance with Rules 26 and 33 of the Federal Rules of Civil Procedure and Local Civil Rule 33.3. These Interrogatories should be read, interpreted and responded to in accordance with the instructions and definitions set forth

below as well as the Federal Rules of Civil Procedure and the Local Civil Rules. Plaintiffs reserve the right to serve supplemental interrogatories at a later date.

## INSTRUCTIONS

1. The following Interrogatories shall be continuing in nature to the full extent permitted by law. Accordingly, if subsequent to serving an answer to any Interrogatory, or any part thereof, Defendant or any other person acting for or on Defendant's behalf obtains or becomes aware of additional information pertaining to such Interrogatory, Defendant is required to provide such information, by way of supplemental answers, which will augment or otherwise modify the previous answer. Such supplemental responses are to be made and served upon Plaintiff within ten (10) days after Defendant receives or becomes aware of such information.

2. In furnishing answers to these Interrogatories, Defendant should provide all information which is available, including information in the possession, custody or control of Defendant or its attorneys or investigators, or anyone else acting on Defendant's behalf, and not merely such information held by Defendant on the basis of personal knowledge. Each answer is to be made separately and fully. An incomplete or evasive answer will be considered a failure to answer. If after exercising due diligence to secure the information, Defendant cannot answer in full any one of the following Interrogatories, Defendant should expressly indicate so, answer to the extent possible, specifying Defendant's inability to answer the remainder of the Interrogatory and stating whatever information or knowledge Defendant has concerning the unanswered portion(s), including the name of any person(s) who may have additional knowledge or information to complete the response.

3. Each Interrogatory may be answered in whole or in part by attaching documents

2

that contain sufficient information to answer the question completely. The relevant portion of the document, however, must be so marked or indicated.

4. Should Defendant object to an Interrogatory in whole or in part, state the particular Interrogatory to which Defendant objects and the precise grounds for the objection in sufficient detail to allow Plaintiff to evaluate and respond to the objection and, if necessary, the Court to rule on the objection.

5. These Interrogatories should be read, interpreted and responded to in accordance with the definitions set forth and the detail required by the Federal Rules of Civil Procedure and Local Civil Rules.

6. In the event that a claim of privilege or other evidentiary exclusion is asserted in objection to an Interrogatory, please furnish the information required by Local Civil Rule 26.2.

## DEFINITIONS

1. The term "**communication**" means the transmittal of information (in the form of facts, ideas, inquiries or otherwise).

2. The term "**document or electronically stored information**" is defined to be synonymous in meaning and equal in scope to the usage of this term in Federal Rule of Civil Procedure 34(a), including, without limitation, electronic or computerized data compilations. A draft or non-identical copy is a separate document within the meaning of this term.

3. When referring to a person, "**to identify**" means to give, to the extent known, the person's full name, present or last known address, and when referring to a natural person, additionally, the present or last known place of employment. Once a person has been identified in accordance with this subparagraph, only the name of that person need be listed in response to

3

subsequent discovery requesting the identification of that person.

4. When referring to documents, "**to identify**" means to give, to the extent known, the (a) type of document; (b) general subject matter; (c) date of the document; and (d) author(s), addressee(s), and recipient(s).

5. For the purposes of these Requests, the word "**Defendant**" refers to Defendant George B. Hesse, and, where applicable, his agents, representatives, officers, directors, employees, partners, corporate parent, predecessors, successors, subsidiaries, affiliates and present or former attorneys, collectively.

6. For the purposes of these Requests, the word "**Sanchez**" refers to Defendant Alison Sanchez, her agents, representatives and present or former attorneys.

7. For the purposes of these Requests, the phrase "**Ocean Beach**" refers to Defendant Incorporated Village of Ocean Beach, its agents, representatives, officers, directors, employees, partners, corporate parent, predecessors, successors, subsidiaries, affiliates and present or former attorneys.

8. For the purposes of these Requests, the word "**OBPD**" refers to Defendant Ocean Beach Police Department, its agents, representatives, officers, directors, employees, partners, corporate parent, predecessors, successors, subsidiaries, affiliates and present or former attorneys.

9. For the purposes of these Requests, the word "**Plaintiffs**" refers to Plaintiffs Edward Carter, Frank Fiorillo, Kevin Lamm, Joseph Nofi and Thomas Snyder, collectively and/or individually.

10. The word "**person**" includes natural persons, partnerships, corporations, international and local unions, associations, joint ventures, estates, trusts, receivers, other forms of legal or business entities, federal, state and local governments and all departments and

agencies thereof, and any other group or combination acting as an entity.

11. The term **"concerning"** means containing, consisting of, relating to, referring to, describing, evidencing or constituting, in whole or in part.

12. The word **"date"** means the exact day, month and year, if ascertainable, or if not, the best approximation thereof.

13. The term **"compensation"** refers to the payment or transfer of ownership or control, whether complete, partial, conditional or unconditional, or howsoever restricted, of anything of value, including, but not limited to, base salary, bonus or incentive compensation, cash, common or restricted stock or shares, units or restricted units, restricted stock units, other equity or fixed income products or their derivatives, options, warrants or other financial products, and services, rights, entitlements or benefits of any kind.

14. The term **"e-mail"** shall include e-mails and instant messages as well as associated meta-data.

15. The singular includes the plural and vice versa.

16. The connectives **"and"** and **"or"** shall be construed either disjunctively or conjunctively as necessary to make the request inclusive rather than exclusive.

17. **"Any"** means "all," "each and every" as well as "any one."

18. **"He"** shall mean **"she"** and vice versa.

19. **"His"** shall mean **"hers"** and vice versa.

20. The term **"Complaint"** refers to the Complaint filed in the United States District Court for the Eastern District of New York in this action.

21. The term **"Answer"** refers to the Answer(s) to the Complaint filed in the United States District Court for the Eastern District of New York by any of the Defendants.

22. The terms "**all**" and "**each**" shall be construed as all and each.

## INTERROGATORIES

### INTERROGATORY NO. 1:

Identify each and every person who has knowledge in any way relating to any allegation in the Complaint in this action.

### INTERROGATORY NO. 2:

Identify each and every person who has knowledge in any way relating to any allegation and/or defense in Defendants' Answer to the Complaint in this action.

### INTERROGATORY NO. 3:

Identify all person(s) with information or knowledge concerning each affirmative defense stated in Defendants' Answer to the Complaint. This interrogatory includes, but is not limited to, any and all defenses that may be raised and/or asserted to defend against liability and/or damages in this matter.

### INTERROGATORY NO. 4:

Identify each and every person who has knowledge in any way relating to the decision to terminate each Plaintiff's employment as a Police Officer at OBPD.

### INTERROGATORY NO. 5:

Identify what you told each Plaintiff as to the reason for the termination of his employment at Ocean Beach and/or OBPD.

### INTERROGATORY NO. 6:

Identify each person with whom you have discussed the reasons for terminating the employment of any of the Plaintiffs.

**INTERROGATORY NO. 7:**

Identify and describe in detail the reason(s) why each Plaintiff was terminated from his employment at the OBPD.

**INTERROGATORY NO. 8:**

Describe in detail the process leading to the decision to terminate each Plaintiff's employment at the OBPD, including the person(s) involved in said decision and/or decision-making process and any relevant dates. Identify all documents relating to your response to this Interrogatory.

**INTERROGATORY NO. 9:**

Identify the reasons for the decision to terminate and/or hire Gary Bosetti for a position with the OBPD in or around October 2004 through December 2004.

**INTERROGATORY NO. 10:**

Identify your current position at Ocean Beach and/or OBPD, including, but not limited to, title, responsibilities, duties and reporting relationships.

**INTERROGATORY NO. 11:**

Identify your role, if any, relating to the decision to hire each Plaintiff for the position of Police Officer at OBPD.

**INTERROGATORY NO. 12:**

Identify each and every complaint made against you during your employment at Ocean Beach and/or OBPD, including the date and substance of each and every complaint identified in your response to this Interrogatory.

**INTERROGATORY NO. 13:**

Identify all other lawsuits that have been brought against you in connection with your

7

employment at Ocean Beach and/or OBPD.

**INTERROGATORY NO. 14:**

Identify your direct supervisor(s) during your employment at Ocean Beach and/or OBPD.

**INTERROGATORY NO. 15:**

Identify the date(s) you took civil service examination(s) for the position of Police Sergeant and/or Chief of Police, and state whether you passed or failed each of the examinations identified in your response to this Interrogatory.

**INTERROGATORY NO. 16:**

Identify the standards of conduct for OBPD Officers in place, in force, in operation, in use and/or in effect between 2000 and the present, including, but not limited to, any and all policies and/or procedures concerning investigations into claims of misconduct by OBPD Officers. Identify all documents relating to your response to this Interrogatory.

**INTERROGATORY NO. 17:**

Describe in detail the protocols, regulations, laws, rules, policies, standards and procedures in force, in operation, in use and/or in effect between 2000 and the present concerning storage, use, transport, access to and supervision of evidence and/or property seized by the OBPD and/or held in the possession, custody or control of OBPD, its agents, representatives, employees and other workers.

**INTERROGATORY NO. 18:**

Identify each and every claim, complaint and/or allegation, whether formal or informal, of misconduct, dereliction of duty, violations of law, abuse of authority, selective enforcement of the laws, harassment of any kind, retaliation, unfair treatment and/or improper conduct against Ocean Beach and/or OBPD, and any current and/or former employee of Ocean Beach and/or

8

OBPD from 2000 to the present, including the substance and date of any such claim or allegation and the person(s) who made the complaint.

**INTERROGATORY NO. 19:**

Identify each and every occasion on which you requested, instructed and/or directed an on-duty OPBD officer to provide you with transportation in connection with your personal and/or non-official business.

**INTERROGATORY NO. 20:**

Identify all conversations between yourself and Defendant Sanchez regarding Plaintiffs, including the substance and dates of any such conversations identified in your response to this Interrogatory.

**INTERROGATORY NO. 21:**

Identify any and all of each Plaintiff's potential employer(s) with whom you communicated with regard to any of the Plaintiffs.

**INTERROGATORY NO. 22:**

Identify your role in investigating the events of October 30-31, 2004 regarding an altercation between an OBPD officer and member of the public.

**INTERROGATORY NO. 23:**

Identify the role of all persons involved in investigating the events of October 30-31, 2004 regarding an altercation between an OBPD officer and member of the public.

**INTERROGATORY NO. 24:**

Identify your role, if any, in hiring of each of the following employees of Ocean Beach and/or OBPD: (i) Chris Moran, (ii) Marissa Wycoff, (iii) Patrick Cherry, (iv) Hanni Kutteh, (v) Byron Chenault; (vi) Robert Knox, (vii) Kevin Butler, (viii) Brian Fineman, (ix) Jack Smith, (x)

Arnold Hardman, (xi) Alan Loeffler, (xii) Gary Bosetti, (xiii) Richard Bosetti, (xiv) Thomas Shore, (xv) John Bullis, (xvi) Bill Walsh, (xvii) Tyre Bacon, (xviii) Richard Routt, (xix) Kevin Nowaski, (xx) Alison Loeffler, (xxi) Kenny LaPenna, (xxii) Paul Trosko, (xxiii) Patrick Cherry, Jr, (xxiv) John Dyer, (xxv) Brian L. Piccolo, and (xxvi) Robert Ragoese.

**INTERROGATORY NO. 25:**

Identify each and every person whom you intend to call as a fact witness at the trial of this action.

Dated: July 11, 2007
       New York, NY

>                          Respectfully submitted,
>                          THOMPSON WIGDOR & GILLY LLP
>
>                     By: /s/ A. Goodstadt
>                          Douglas H. Wigdor (DW-9737)
>                          Scott Browning Gilly (SG-6861)
>                          Kenneth P. Thompson (KT-6026)
>                          Andrew Goodstadt (AG-2760)
>                          350 Fifth Avenue, Suite 5720
>                          New York, New York 10118
>                          Telephone: (212) 239-9292
>                          Facsimile: (212) 239-9001
>
>                          *Counsel for Plaintiffs*

10

## CERTIFICATE OF SERVICE

A copy of the foregoing Plaintiffs' First Set of Interrogatories to Defendant George B. Hesse was served this 11th day of July, 2007, by overnight delivery, on counsel for Defendants as follows:

>Anthony Marino, Esq.
>Law Offices of Vincent D. McNamara
>Tower Square – 1045 Oyster Bay Road, Ste. 1
>East Norwich, New York 11732
>Counsel for Defendants Incorporated Village of Ocean Beach, Joseph C. Loeffler Jr., Natalie K. Rogers, Ocean Beach Police Department and George B. Hesse.
>
>Arlene S. Zwilling, Esq.
>Suffolk County Attorney
>H. Lee Dennison Building
>100 Veterans Memorial Highway
>P.O. Box 6100
>Hauppauge, New York 11788-0099
>Attorney for Defendants Suffolk County, Suffolk County Police Department, Suffolk County Department of Civil Service, and Alison Sanchez.

_____