UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------ X
EDWARD CARTER, FRANK FIORILLO, KEVIN LAMM, JOSEPH NOFI AND THOMAS SNYDER,

                  Plaintiffs,

      -against-

INCORPORATED VILLAGE OF OCEAN BEACH; MAYOR JOSEPH C. LOEFFLER, JR., individually and in his official capacity; former mayor NATALIE K. ROGERS, individually and in her official capacity, OCEAN BEACH POLICE DEPARTMENT; ACTING DEPUTY POLICE CHIEF GEORGE B. HESSE, individually and in his official capacity; SUFFOLK COUNTY; SUFFOLK COUNTY POLICE DEPARTMENT; SUFFOLK COUNTY DEPARTMENT OF CIVIL SERVICE; and ALISON SANCHEZ, individually and in her official capacity,

                  Defendants.
------------------------------------------------------------------ X

**DEFENDANT ACTING DEPUTY POLICE CHIEF GEORGE B. HESSE'S RESPONSES AND OBJECTIONS TO PLAINTIFFS' FIRST SET OF INTERROGATORIES**

Case No.: 07 CV 1215 (SJF) (ETB)

## DEFENDANT ACTING DEPUTY POLICE CHIEF GEORGE B. HESSE'S RESPONSES AND OBJECTIONS TO PLAINTIFFS' FIRST SET OF INTERROGATORIES

     Defendant Acting Deputy Police Chief George B. Hesse ("Defendant Hesse"), pursuant to Federal Rules of Civil Procedure ("Fed. R. Civ. P.") 26 and 33 and the Local Civil Rules of the United States District Court for the Eastern District of New York ("Local Civil Rules"), responds and objects to Plaintiffs' First Set of Interrogatories, in accordance with the numbered requests as set forth below.  These responses and objections reflect Plaintiff's current knowledge and the results of his investigation to date.  Defendant Hesse reserves the right to amend or supplement these responses and objections in the future in accordance with Fed. R. Civ. 26(e) as may be necessary or appropriate.

{NY039141.1}

## OBJECTIONS TO "SCOPE" OF INTERROGATORIES

Defendant Hesse objects to Plaintiffs' description of the "Scope" of the interrogatories to the extent that it seeks to impose obligations that go beyond the provisions and requirements of the Federal Rules of Civil Procedure and the Local Civil Rules.  Defendant Hesse's responses shall not be construed as an admission that any particular fact, issue or piece of information contained in any response (or otherwise) is relevant, material or admissible.

## GENERAL OBJECTIONS

Defendant Hesse objects to Plaintiffs' interrogatories on the following general grounds. All applicable general objections are also included among Defendant Hesse's specific objections to each of Plaintiffs' interrogatories as if fully set forth therein.

1. The Interrogatory seeks information that is irrelevant, immaterial, and not reasonably calculated to lead to the discovery of admissible evidence.

2. The Interrogatory is overly broad, unduly burdensome, and oppressive.

3. The Interrogatory is vague, ambiguous and/or lacking sufficient particularity to the extent that Defendant Hesse cannot understand what information and/or materials Plaintiffs' are seeking and is unable to formulate a responsive answer.

4. The Interrogatory is not reasonably limited in time or seeks the disclosure of information outside the time period relevant to the present litigation.

5. The Interrogatory seeks the disclosure of confidential personal, medical and/or business information concerning Defendant Hesse, the disclosure of which would violate the privacy of Defendant Hesse unless an appropriate order of the Court protecting the confidentiality of such information or documents is in place.

6. The Interrogatory seeks the disclosure of information or materials that concern individuals who are not parties to this action. Disclosure of this information or materials violates the privacy interests of, or prejudices, those individuals unless an appropriate order of the Court protecting the confidentiality of said information is in place.

7. The Interrogatory seeks the disclosure of information that is protected from disclosure under the attorney-client privilege, the work-product doctrine, and/or any other applicable privilege or protection. Inadvertent identification or production of any such information shall not constitute a wavier of any privilege with respect to the subject matter thereof and shall not waive the right of Defendant Hesse to object to the use of any such information during any subsequent proceeding.

8. The Interrogatory seeks the disclosure of information already known or available to Plaintiffs' is more readily obtained by Plaintiffs' without subjecting Defendant Hesse unreasonable burden and expense.

9. The Interrogatory is duplicative and cumulative of other Interrogatories.

10. The Interrogatory exceeds the permissible scope of interrogatory requests as set forth in the Federal Rules of Civil Procedure and/or Local Civil Rules.

Pursuant to Rules 26, 33 and 34 of the Federal Rules of Civil Procedure ("Federal Rules") and the Local Rules of this Court, defendants, **ACTING DEPUTY POLICE CHIEF GEORGE B. HESSE, individually and in his official capacity,** hereby responds to the First Set of Interrogatories by plaintiffs as follows:

1. The persons with knowledge of the allegations in the Complaint are the plaintiffs, the named defendants and Edward Paradisio. This defendant reserved his rights to supplement this response if he becomes aware of additional persons with knowledge of the

{NY039141.1}

3

allegations in the complaint. Upon information and belief such information may be in the possession, custody and control of defendant Ocean Beach and defendant County.

2. The persons with knowledge of the allegations and defenses in this case are the plaintiffs, the named defendants and Edward Paradisio. This defendant reserves his rights to supplement this response if he becomes aware of additional persons with knowledge of the allegations and defenses in this case. Upon information and belief such information may be in the possession, custody and control of defendant Ocean Beach and defendant County.

3. The persons with knowledge or information of the affirmative defenses stated in defendants' answer to the Complaint are the plaintiffs, the named defendants and Edward Paradisio. This defendant reserves his rights to supplement this response if he becomes aware of additional persons with knowledge of information of the affirmative defenses stated in defendant's answer to the Complaint in this case. Upon information and belief such information may be in the possession, custody and control of defendant Ocean Beach and defendant County.

4. The persons with knowledge relating to the decision not to rehire each plaintiff as a police officer at OBPD are the plaintiffs and defendants, Mayor Joseph C. Loeffler, Jr., former Mayor Natalie K. Rogers, Acting Deputy Police Chief George B. Hesse, and Alison Sanchez.

5.(a) Plaintiff Edward Carter was informed that the reason for his not being rehired at Ocean Beach and/or OBPD was due to his violation of Ocean Beach and/or OBPD's directives, rules, regulations and guidelines and inadequate job performance.

(b) Plaintiff Frank Fiorillo was informed that the reason for his not being rehired at Ocean Beach and/or OBPD was due to his violation of Ocean Beach and/or

OBPD's directives, rules, regulations and guidelines, insubordination and inadequate job performance.

(c)     Plaintiff Kevin Lamm was informed that the reason for his not being rehired at Ocean Beach and/or OBPD was due to his violation of Ocean Beach and/or OBPD's directives, rules, regulations and guidelines, insubordination and inadequate job performance.

(d)     Plaintiff Joseph Nofi was informed that the reason for his not being rehired at Ocean Beach and/or OBPD was due to his violation of Ocean Beach and/or OBPD's directives, rules, regulations and guidelines and inadequate job performance.

(e)     Plaintiff Thomas Snyder was informed that the reason for his not being rehired at Ocean Beach and/or OBPD was due to his violation of Ocean Beach and/or OBPD's directives, rules, regulations and guidelines and inadequate job performance.

6.     The persons with whom this defendant discussed the reasons for not rehiring the plaintiffs are defendants Mayor Joseph C. Loeffler, Jr., former Mayor Natalie K. Rogers and Alison Sanchez.

7.(a)   Plaintiff Edward Carter was not rehired at Ocean Beach and/or OBPD due to his violation of Ocean Beach and/or OBPD's directives, rules, regulations and guidelines and inadequate job performance.

(b).    Plaintiff Frank Fiorillo was not rehired at Ocean Beach and/or OBPD due to his violation of Ocean Beach and/or OBPD's directives, rules, regulations and guidelines, insubordination and inadequate job performance.

(c) Plaintiff Kevin Lamm was not rehired at Ocean Beach and/or OBPD due to his violation of Ocean Beach and/or OBPD's directives, rules, regulations and guidelines, insubordination and inadequate job performance.

(d) Plaintiff Joseph Nofi was not rehired at Ocean Beach and/or OBPD due to his violation of Ocean Beach and/or OBPD's directives, rules, regulations and guidelines and inadequate job performance.

(e) Plaintiff Thomas Snyder was not rehired at Ocean Beach and/or OBPD due to his violation of Ocean Beach and/or OBPD's directives, rules, regulations and guidelines and inadequate job performance.

8. The decision not to rehire each of the plaintiffs at the OBPD was made by Acting Deputy Police Chief George B. Hesse, with the acquiescence of the Mayor Natalie K. Rogers.

9. This defendant did not have a role relating to the decision to terminate and/or hire Gary Bosetti for a position with the OBPD in or around October, 2004 through December, 2004.

10. This defendant's current position with OBPD is as Acting Deputy Police Chief and as such reports to Village of Ocean Beach Police Commissioner, Joseph C. Loeffler. As such, this defendant exercises line and staff command of all personnel and operations of the OBPD.

11. This defendant had no role relating to the decision to initially hire each plaintiff for the position of Police Officer at OBPD.

12. This defendant is unaware of any complaint made against him during his employment at Ocean Beach and/or OBPD.

13. <u>Ryan v. Hesse, et al</u>, 1996 CV 05385; NYEDCE

<u>Prisco v. Village of Ocean Beach</u>, et al, 2007 CV 03213; NYEDCE

<u>Gilberd, et al v. Village of Ocean Beach, et al</u>, 2006 CV 05690; NYEDCE

14. Sergeant Robert Galoppi; Police Chief Edward Paradisio and Police Commissioner Joseph C. Loeffler.

15. This defendant took the Civil Service examination for the position of Police Sergeant on two occasions, and has not yet passed said examination. Upon information and belief, the first occasion occurred in the late 1990's and the second occurred in June of 2007.

16. The duties and responsibilities for OBPD employees from 2000 through plaintiffs' employment were set forth in the Village of Ocean Beach Handbook. This defendant objects to that portion of this interrogatory that seeks information regarding policies and procedures in effect post plaintiffs' employment.

17. The guidelines concerning storage, use, transport, access to and supervision of evidence and/or property seized by the OBPD in effect from 2000 through plaintiffs' employment are contained in the Record Retention and Disposition Schedule MU-1. This defendant objects to that portion of this interrogatory that seeks information regarding policies and procedures in effect post plaintiffs' employment.

18. This defendant is not in possession, custody or control of the requested information.

19. This defendant knows of no occasion on which he requested, instructed and/or directed an on-duty OBPD officer to provide him with transportation in connection with personal and/or non-official business.

{NY039141.1}

7

20. This defendant and defendant Sanchez had a conversation several weeks prior to plaintiffs' not being rehired regarding procedures to be followed in regard to not rehiring employees. This defendant and defendant Sanchez had a conversation at some time shortly following the non rehiring of plaintiffs wherein defendant Sanchez was informed of this action.

21. Town of Southampton (Frank Fiorillo);

Town of Riverhead (Frank Fiorillo);

Collier County Sheriff's Department (Joseph Nofi);

Suffolk County Health Department (Joseph Nofi), and

Town of Islip (Edward Carter).

22. At the request of Police Chief Edward Paradisio, this defendant participated in an investigation of an incident, which occurred at Houser's Bar on October 30-31, 2004.

23. Edward Paradisio, George B. Hesse, Frank Fiorillo, Kevin Lamm, Thomas Snyder and Patrick John Cherry, Sr. participated in the investigation of an incident at Houser's Bar on October 30-31, 2004.

24. This defendant did not have any role in the hiring decision of any of the employees of Ocean Beach and/or OBPD listed in plaintiffs' Interrogatory No. 24.

25. This defendant has not yet made a final determination of fact witnesses that will be called in this case. However, at present, this defendant intends to call as a fact witness the following individuals: Edward Carter, Frank Fiorillo, Kevin Lamm, Joseph Nofi, Thomas Snyder, Mayor Joseph C. Loeffler, Jr., Natalie K. Rogers, George B. Hesse, Alison Sanchez, Edward Paradisio, Patrick John Cherry, Sr., John Dyer, Tyre Bacon, Malorie Sullivan, Paul Corolo, Jeanne Jaefer, Sean O'Rourke, Ian Levine, Doug Wycoff, Richard Bosetti, Gary

Bosetti, Elyse Myller, Matthew McGee, Walter Moller, Kenneth LaPenna, Lisa Campbell and Frank Tutone.  This defendant is currently not in procession of the addresses of these individuals but upon information and belief these addresses are in the procession, custody and control of defendant Ocean Beach and defendant County.  This defendant reserved its right to supplement this response.

Dated: Elmsford, New York
         June 20, 2008

                                             **James M. Skelly (JMS/4844)**
                                             **Kevin William Connolly (KWC/4450)**

                                             **MARKS, O'NEILL, O'BRIEN**
                                             **& COURTNEY, P.C.**
                                             Attorneys for Defendant
                                             **ACTING DEPUTY POLICE CHIEF**
                                             **GEORGE B. HESSE, individually and in his official capacity**
                                             530 Saw Mill River Road
                                             Elmsford, New York 10523
                                             (914) 345-3701
                                             File No.: 479.81595

TO:

**THOMPSON, WIGDOR & GILLY, LLP**
Attorneys for Plaintiffs
**EDWARD CARTER, FRANK FIORILLO,**
**KEVIN LAMM, JOSEPH NOFI AND THOMAS SNYDER**
350 Fifth Avenue, Suite 5720
New York, New York  10118
(212) 239-9292
(212) 239-9001 (Fax)
Andrew Goodstadt, Esq.

{NY039141.1}

**RIVKIN, RADLER LLP**
Attorneys for Defendants
**INCORPORATED VILLAGE OF OCEAN BEACH,
MAYOR JOSEPH C. LOEFFLER, JR., individually
and in his official capacity, former mayor
NATALIE K. ROGERS, individually and in her official
capacity and OCEAN BEACH POLICE DEPARTMENT**
926 Rexcorp Plaza
Uniondale, New York  11556-0926
(516) 357-3333

Kenneth A. Novikoff, Esq.
**COUNTY OF SUFFOLK
County Attorney's Office**
Attorneys for Defendants
**SUFFOLK COUNTY POLICE DEPARTMENT,
SUFFOLK COUNTY DEPARTMENT OF CIVIL
SERVICE and ALISON SANCHEZ, individually and in
her official capacity**
H. Lee Dennison Building
100 Veterans Memorial Highway
P.O. Box 6100
Hauppauge, New York  11788
Attn:  Arlene Zwilling, Esq.

# AFFIDAVIT OF SERVICE BY MAIL

STATE OF NEW YORK )
: ss.:
COUNTY OF WESTCHESTER )

GINGER HUNTER, being duly sworn, deposes and says: deponent is not a party to this action, is over 18 years of age and resides in Elmsford, New York.

On the ____ day of June, 2008, deponent served the within **DEFENDANT ACTING DEPUTY POLICE CHIEF GEORGE B. HESSE's RESPONSES AND OBJECTIONS TO PLAINTIFFS' FIRST SET OF INTERROGATORIES,** upon the parties herein stated below, by depositing and mailing same in a sealed envelope, with postage prepaid thereon, in an official depository of the U.S. Postal Service within the State of New York, at the following addresses:

TO:

**THOMPSON, WIGDOR & GILLY, LLP**
Attorneys for Plaintiffs
**EDWARD CARTER, FRANK FIORILLO,**
**KEVIN LAMM, JOSEPH NOFI AND THOMAS SNYDER**
350 Fifth Avenue, Suite 5720
New York, New York  10118
(212) 239-9292
Andrew Goodstadt, Esq.

**RIVKIN, RADLER LLP**
Attorneys for Defendants
**INCORPORATED VILLAGE OF OCEAN BEACH,**
**MAYOR JOSEPH C. LOEFFLER, JR., individually**
**and in his official capacity, former mayor**
**NATALIE K. ROGERS, individually and in her official**
**capacity, OCEAN BEACH POLICE DEPARTMENT**
926 Rexcorp Plaza
Uniondale, New York  11556-0926
(516) 357-3333
Kenneth A. Novikoff, Esq.

{NY039141.1}

**COUNTY OF SUFFOLK**
**County Attorney's Office**
Attorneys for Defendants
**SUFFOLK COUNTY POLICE DEPARTMENT,**
**SUFFOLK COUNTY DEPARTMENT OF CIVIL**
**SERVICE and ALISON SANCHEZ, individually and in**
**her official capacity**
H. Lee Dennison Building
100 Veterans Memorial Highway
P.O. Box 6100
Hauppauge, New York  11788
Attn:  Arlene Zwilling, Esq.

By_____
       GINGER HUNTER

Sworn to before me on the
_____ day of June, 2008.


_____
NOTARY PUBLIC

{NY039141.1}