

August 3, 2009

*Via Email Only*

Ariel Graff, Esq.
Thompson Wigdor & Gilly LLP
85 Fifth Avenue
New York, New York 10003

Re: <u>Carter et al. v. Incorporated Village of Ocean Beach et al.</u>

Dear Ms. Graff:

In response to your subpoena concerning the above-captioned matter, Cablevision conducted a search for documents and information readily available on its systems that would be responsive to your request. Our response is made in accordance with state and federal law, including the Cable Communications Policy Act of 1984 and the Electronic Communications Privacy Act. Enclosed please find copies of the records you have requested.

Please contact me at 516-803-3917 if you have any questions regarding the above matter.

Sincerely,

Ma
Paralegal

910369

CABLEVISION SYSTEMS CORPORATION
1111 Stewart Avenue, Bethpage NY 11714-3581
516 803-2300

CONFIDENTIAL                                                    Cablevision 009

**T|W|G**

**Thompson Wigdor & Gilly LLP** ATTORNEYS AND COUNSELORS AT LAW

85 Fifth Avenue
New York, NY 10003
Tel 212.257.6800
Fax 212.257.6845
www.twglaw.com

**Ariel Y. Graff**
agraff@twglaw.com

July 20, 2009

**BY OVERNIGHT DELIVERY**

Mr. John Ma
Cablevision Systems Corporation
1111 Stewart Avenue
Bethpage, NY 11714-3581

>   Re:  *Carter, et al. v. Incorporated Village of Ocean Beach, et al.*, 07-cv-1215 (SJF)(ETB)
>        **Subpoena *Duces Tecum* to Optimum OnLine dated July 10, 2009**

Dear Mr. Ma:

I write in furtherance of your letter dated July 16, 2009, as well as our conversation this afternoon, regarding the subpoena *duces tecum* (the "Subpoena") that we issued on behalf of Plaintiffs in the above-referenced matter (copies of the Subpoena and your letter are enclosed for convenience).

As you know, the Subpoena, as originally drafted, requested production of "documents and/or electronically stored information sufficient to identify the name(s), address(es), telephone number(s) and/or email addresses of the subscriber and/or account holder associated with each of the following IP addresses on or around the specified date," in connection with five IP addresses and 10 dates/times.

Pursuant to our discussion, please note that Plaintiffs hereby limit the scope of information requested in the Subpoena to the subscriber name(s) and address(es) associated with each of the specified IP addresses at the specified dates and times. The requests for email addresses and telephone numbers associated with those IP addresses are hereby *withdrawn*. In addition, as discussed, enclosed please find a check payable to CSC Holdings, Inc. in the amount of $250 (which represents the required $50 processing fee for each of the five IP addresses identified in the subpoena).

Please feel free to contact me if you have any further questions or concerns, or if anything further is required for Cablevision to provide us with the information requested in the Subpoena, as modified by this letter.

**Thompson Wigdor & Gilly LLP** ATTORNEYS AND COUNSELORS AT LAW

Mr. John Ma
July 20, 2009
Page 2

Thank you very much for your ongoing assistance in this matter.

Sincerely,

*Ari Graff*
Ari Graff

Enclosures

CONFIDENTIAL

Cablevision 0011



July 16, 2009

*Via First Class Mail*

Ariel Graff, Esq.
Thompson Wigdor & Gilly LLP
85 Fifth Avenue
New York, New York 10003

Re: <u>Carter et al. v. Incorporated Village of Ocean Beach et al.</u>

Dear Ms. Graff:

This letter responds to the enclosed Subpoena Duces Tecum ("Subpoena") requesting subscriber records from Optimum OnLine, a cable modem service provided by CSC Holdings, Inc. ("Cablevision") via a cable television system. You have requested detailed subscriber, user and account information concerning the above-referenced matter.

Cable operators may not disclose subscriber personally identifiable information except pursuant to a court order authorizing such disclosure. Cable Communications Policy Act of 1984, § 551(c)(2)(B). Therefore, we are prohibited by law from producing the records you requested in the subpoena. Please note that an acceptable court order must include the following information:

- The IP address information that you seek (i.e. IP address 123.123.123.123, *date* and *time*); and
- Direct CSC Holdings Inc. to disclose the subscriber's personally identifiable information pursuant to 47 U.S.C. § 551(c)(2)(B).

Additionally, the Cable Act requires Cablevision to provide advance notice of a court order to its subscribers. Accordingly, should you decide to seek a court order, the return date for compliance under the order should allow Cablevision at least five (5) additional business days to serve notice upon the subscriber and to comply with the order.

CABLEVISION SYSTEMS CORPORATION
1111 Stewart Avenue, Bethpage NY 11714-3581
516 803-2300

CONFIDENTIAL

Ariel Graff, Esq.
Thompson Wigdor & Gilly LLP
Page 2 of 2
July 16, 2009

    Please be advised that Cablevision reserves the right to obtain reimbursement of our reasonable costs associated with the production of such records. Further, receipt of your court order does not guarantee retrieval of the information you have requested.

    Please contact me at 516-803-3917 if you have any questions regarding the above matter.



Sincerely,

Jo
Paralegal

Enclosure

910237

CONFIDENTIAL

Cablevision 0013

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X
EDWARD CARTER, FRANK FIORILLO, KEVIN
LAMM, JOSEPH NOFI, and THOMAS SNYDER,

                      Plaintiffs,

       v.                                     Case No. 07-Civ-1215 (SJF)(ETB)

INCORPORATED VILLAGE OF OCEAN BEACH;
MAYOR JOSEPH C. LOEFFLER, JR., individually
and in his official capacity; former mayor NATALIE K.
ROGERS, individually and in her official capacity,
OCEAN BEACH POLICE DEPARTMENT; ACTING
DEPUTY POLICE CHIEF GEORGE B. HESSE,
individually and in his official capacity; SUFFOLK
COUNTY; SUFFOLK COUNTY POLICE
DEPARTMENT; SUFFOLK COUNTY DEPARTMENT
OF CIVIL SERVICE; and ALISON SANCHEZ,
individually and in her official capacity,

                      Defendants.
------------------------------------------------------------X

## NOTICE OF SUBPOENA *DUCES TECUM*

**TO:**    Kenneth A. Novikoff, Esq.
         Rivkin Radler LLP
         926 Reckson Plaza
         Uniondale, New York 11556

         *Counsel for INCORPORATED VILLAGE OF OCEAN BEACH; MAYOR JOSEPH C. LOEFFLER, JR., individually and in his official capacity; former mayor NATALIE K. ROGERS, individually and in her official capacity; and OCEAN BEACH POLICE DEPARTMENT*

         Kevin Connolly, Esq.
         Marks, O'Neill, O'Brien & Courtney, P.C.
         530 Saw Mill River Road
         Elmsford, New York 10523

         *Counsel for Defendant ACTING DEPUTY POLICE CHIEF GEORGE B. HESSE, individually and in his official capacity*

CONFIDENTIAL
Cablevision 0014

Arlene Zwilling, Esq.
Suffolk County Attorney's Office
H. Lee Denison Building
100 Veterans Memorial Highway
P.O Box 6100
Hauppauge, New York 11788

*Counsel for Defendants SUFFOLK COUNTY; SUFFOLK COUNTY POLICE DEPARTMENT; SUFFOLK COUNTY DEPARTMENT OF CIVIL SERVICE; and ALISON SANCHEZ, individually and in her official capacity*

PLEASE TAKE NOTICE that pursuant to the annexed subpoena, which is to be served on Cablevision Systems Corporation, Cablevision Systems Corporation is commanded to produce the documents listed on the subpoena at the offices of Thompson Wigdor & Gilly LLP, 4875 Sunrise Highway, Suite 300, Bohemia, NY 11716, on or before July 24, 2009. A copy of the subpoena is attached hereto and served herewith.

Dated: July 9, 2009
       New York, New York

        Respectfully submitted,

        THOMPSON WIGDOR & GILLY LLP

        By: _____
        Ariel Y. Graff
        85 Fifth Avenue
        New York, NY 10003
        Telephone: (212) 257-6800
        Facsimile: (212) 257-6845

        COUNSEL FOR PLAINTIFFS

CONFIDENTIAL      Cablevision 0015

AO88 (Rev. 12/06) Subpoena in a Civil Case

## Issued by the
## UNITED STATES DISTRICT COURT

| Eastern | DISTRICT OF | Virginia |
|---|---|---|

| Edward Carter, et al. | **SUBPOENA IN A CIVIL CASE** |
|---|---|
| V. | |
| Incorporated Village of Ocean Beach, et al. | Case Number:[1]  07 CV 1215 (SJF)(ETB) E.D.N.Y. |

TO: Cablevision Systems Corporation
c/o Corporation Service Company
80 State Street
Albany, New York 12207

☐ YOU ARE COMMANDED to appear in the United States District court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
|  | DATE AND TIME |

☐ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|

☒ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):

See Attached Schedule A

| PLACE  Thompson Wigdor & Gilly LLP 4875 Sunrise Highway, Suite 300, Bohemia, NY 11716 | DATE AND TIME July 24, 2009 |
|---|---|

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER'S SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) *[signature]* (Attorney for Plaintiffs) | DATE July 10, 2009 |
|---|---|

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER
Ariel Y. Graff, Esq. (212) 257-6800, Thompson Wigdor & Gilly LLP - 85 Fifth Avenue, New York, NY 10003 (NYC) / 4875 Sunrise Highway, Suite 300, Bohemia, NY 11716 (Long Island). agraff@twglaw.com; agoodstadt@twglaw.com

(See Rule 45, Federal Rules of Civil Procedure, Subdivisions (c), (d), and (e), on next page)

[1] If action is pending in district other than district of issuance, state district under case number.

CONFIDENTIAL

Cablevision 0016

AO88 (Rev. 12/06) Subpoena in a Civil Case

| PROOF OF SERVICE | | |
|---|---|---|
| | DATE | PLACE |
| SERVED | | |
| SERVED ON (PRINT NAME) | | MANNER OF SERVICE |
| SERVED BY (PRINT NAME) | | TITLE |

### DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____
DATE

_____
SIGNATURE OF SERVER

_____
ADDRESS OF SERVER

Rule 45, Federal Rules of Civil Procedure, Subdivisions (c), (d), and (e), as amended on December 1, 2006:

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction, which may include, but is not limited to, lost earnings and a reasonable attorney's fee.

(2) (A) A person commanded to produce and permit inspection, copying, testing, or sampling of designated electronically stored information, books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection, copying, testing, or sampling may, within 14 days after service of the subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to producing any or all of the designated materials or inspection of the premises — or to producing electronically stored information in the form or forms requested. If objection is made, the party serving the subpoena shall not be entitled to inspect, copy, test, or sample the materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production, inspection, copying, testing, or sampling. Such an order to compel shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection, copying, testing, or sampling commanded.

(3)(A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance;

(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held;

(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies; or

(iv) subjects a person to undue burden.

(B) If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or

(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or

(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.

(1) (A) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(B) If a subpoena does not specify the form or forms for producing electronically stored information, a person responding to a subpoena must produce the information in a form or forms in which the person ordinarily maintains it or in a form or forms that are reasonably usable.

(C) A person responding to a subpoena need not produce the same electronically stored information in more than one form.

(D) A person responding to a subpoena need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or to quash, the person from whom discovery is sought must show that the information sought is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

(2) (A) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial-preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

(B) If information is produced in response to a subpoena that is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has and may not use or disclose the information until the claim is resolved. A receiving party may promptly present the information to the court under seal for a determination of the claim. If the receiving party disclosed the information before being notified, it must take reasonable steps to retrieve it. The person who produced the information must preserve the information until the claim is resolved.

(e) CONTEMPT. Failure of any person without adequate excuse to obey a subpoena served upon that person may be deemed a contempt of the court from which the subpoena issued. An adequate cause for failure to obey exists when a subpoena purports to require a nonparty to attend or produce at a place not within the limits provided by clause (ii) of subparagraph (c)(3)(A).

CONFIDENTIAL

Cablevision 0017

## SCHEDULE A

### DEFINITIONS AND INSTRUCTIONS

1. If Cablevision Systems Corporation ("Cablevision") is unaware of the existence of any documents and/or electronically stored information responsive to a request, Cablevision should expressly so indicate, answer to the extent possible and identify any person(s) who may have additional knowledge or information to complete the response.

2. If any document or electronically stored information is withheld on grounds of privilege, or that the document or electronically stored information contains materials that constitute attorney work product, Cablevision should provide a statement signed and verified by its attorneys which sets forth as to each such document or electronically stored information a sufficient description to enable the Court to rule on the validity of the claim of privilege, including at least the following information: (a) the name and address of the person(s) who possess or control the document or electronically stored information and each copy of the document; (b) the name of the author of the document or the electronically stored information; (c) the name of the sender of the document or electronically stored information if different from the author and the name of the person(s) to whom copies were sent or otherwise made available, including but not limited to, the name of each to:, from:, cc: and bcc: if applicable for the entire e-mail chain of any responsive e-mails; (d) the name of any person(s) known to have seen or have possession of a copy of the document if not identified above; (e) the business affiliation and job title of every person named in (a), (b), (c) and (d) above; (f) the date of

CONFIDENTIAL

Cablevision 0018

the document; (g) a brief description of the nature (e.g., letter, memorandum) and subject matter of the document; and (h) the basis of the privilege claim.

### DOCUMENTS TO PRODUCE

1. Produce documents and/or electronically stored information sufficient to identify the name(s), address(es), telephone number(s) and/or email addresses of the subscriber and/or account holder associated with each of the following IP addresses on or around the specified date:

   A. 204.126.240.6 (April 6, 2006 - 1:38 P.M.)

   B. 24.186.75.53 ( April 24, 2006 – 9:23 P.M.)

   C. 69.123.117.185 (April 7, 2007 – 2:48 P.M.)

   D. 69.123.117.185 (April 8, 2007 – 2:31 A.M.)

   E. 69.123.117.185 (September 8, 2007 – 12:54 A.M.)

   F. 69.113.27.175 (April 22, 2009 – 8:44 A.M.)

   G. 69.127.243.240 (May 6, 2009 - 8:10 P.M.)

   H. 69.127.243.240 (May 7, 2009 – 5:52 A.M.)

   I. 69.127.243.240 (May 7, 2009 – 12:21 P.M.)

CONFIDENTIAL

Cablevision 0019

Information for Optimum Online IP Address:     204.126.240.6 on 4/6/06

**Unable to identify a subscriber - IP address not assigned to Cablevision/Optimum Online**

Information for Optimum Online IP Address:     24.186.75.53 on 4/24/06

**Unable to identify a subscriber**

Information for Optimum Online IP Address:     69.123.117.185 on 4/7/2007, 4/8/2007 & 9/8/2007

**Unable to identify a subscriber**

Information for Optimum Online IP Address:     69.113.27.175 on 4/22/2009

Subscriber:     DAN HESSE
Address:        191 THE HELM
                East Islip, NY 11730

Information for Optimum Online IP Address:     69.127.243.240 on 5/6/2009 & 5/7/2009

Subscriber:     CAROLINE JONES
Address:        54 47TH ST
                Islip, NY 11751

910369

CONFIDENTIAL                                                                                    Cablevision 0020