SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF SUFFOLK
------------------------------------------------------------x
In the Matter of the Application of
EDWARD T. PARADISO,
                      Petitioner,

For an Order Pursuant to Article 78
of the Civil Practice Law and Rules,

    - against -

JOSEPH LOEFFLER, in his capacity as
MAYOR; THE VILLAGE OF OCEAN BEACH
and THE VILLAGE OF OCEAN BEACH POLICE
DEPARTMENT,

                      Respondents.
------------------------------------------------------------x

REPLY AFFIDAVIT

Index No.: 26541/07

STATE OF NEW YORK  )
                              ss.:
COUNTY OF NASSAU  )

      I, EDWARD T. PARADISO, being duly sworn, deposes and says:

      1.    I am the Chief of Police of the Village of Ocean Beach since April 1, 1992, having been publicly sworn in by the Village Mayor, Michael Youchah, on that date. My appointment entered into the Village register.

      2.    After dutifully serving the Village of Ocean Beach for almost 16 years, I find the Department's position to be, at the very least, disingenuous.

      3.    Notwithstanding the Department's denial that I was its Chief for the last 15 years, I have been the "head" of the Department for that entire time period.

      4.    In my tenure as Chief and head of the Department, I was entrusted with all the responsibilities attendant to the role of Police Chief. The Department entrusted me the position of Police Chief, has held me accountable to this position and all the designations thereof.


Paradiso
Exhibit
17
JAK 7-29-09

5. I worked under the direction of the Village Board; was given a Police Chief badge, identification card and uniform. (See copies of badge, identification card and photo of uniform annexed hereto as "**Exhibit A**") and was addressed as Chief in correspondence and listed on the Department stationery as Chief. (See correspondence attached as **Exhibit "B"**).

6. As Chief, I was responsible for the planning and directing of law enforcement activities, and all police functions within the Village. Not by limitation, I was in charge of training police personnel and maintaining the standards throughout the Department, including directing the operations, training procedures and policies of the Police Department I issued working orders for the Department and maintained discipline and morale. I also directed the preparation of written reports and I directed the investigation of criminal offenses.

7. I dealt directly with the State Commission of Correction as well as the Suffolk County Police Department on issues of evaluation and procedure, acting as the main point person from the Department. (See letter from Suffolk County Police Department and letter from Commission of Correction addressing me as Chief annexed hereto as **Exhibit "C"**)

8. In short, I was the "head" of the police Department of the Village of Ocean Beach and was entrusted with all of the tasks and responsibilities listed in the Suffolk County Civil Service job description of "Police Chief". (See copy of Suffolk County Civil Service description of Police Chief attached hereto as **Exhibit "D"**).

9. Despite being held accountable to this position, the Village is now choosing to hide behind semantics, picking and choosing its own interpretation of the General Municipal Law.

10. In every year I worked for the Village, the Village has negotiated a salary increase with the person holding the non-chief position, the highest ranking subordinate. When the police force was given annual salary increases, I was given the same amount. The Village cannot now argue that these salary increases were discretionary bonuses.

11. I find it disturbing that now that I am injured, such increases have ceased as if my years of service were non-existent.

12. The facts are simple. I am the Chief of the Department. I have been for fifteen years and have not been removed from the position. My replacement, while I have been out on injured leave, has been titled "Acting Chief".

13. All I am asking for is to be given the same dollar salary increase and longevity that I am entitled to under the law and pursuant to my years of service with the Village as its Police Chief.

14. For these reasons, I respectfully submit that the underlying Petition be granted in all respects and Judgment be entered in the amount of representing such salary increase and longevity and any other relief that this Court deems just and necessary.

_____
EDWARD T. PARADISO

Sworn to before me this
21st th day of December, 2007

_____
NOTARY PUBLIC

THEO M. KARAGIANNIS
Notary Public, State of New York
No. 305049382
Qualified in Nassau County
Commission Expires September 18, 20 09

3