# CIVIL SERVICE RULES



Steve Levy
County Executive

## SUFFOLK COUNTY
## DEPARTMENT OF CIVIL SERVICE

APRIL  2004

## TABLE OF CONTENTS

| RULE NUMBER | TITLE | PAGE |
|---|---|---|
| 1 | Purpose and Effect | 1 |
| 2 | Definitions | 2 |
| 3 | Organization of the Civil Service Dept | 5 |
| 4 | Unclassified Service | 6 |
| 5 | Classified Service | 7 |
| 6 | Position Classification | 8 |
| 7 | Recruitment of Personnel | 9 |
| 8 | Disqualification | 10 |
| 9 | Examinations | 11 |
| 10 | Promotions | 13 |
| 11 | Eligible Lists | 14 |
| 12 | Certification of Eligible Lists | 15 |
| 13 | Provisional Appointments | 18 |
| 14 | Probationary Term | 19 |
| 15 | Trainee Appointments | 22 |
| 16 | Contingent Permanent Status | 23 |
| 17 | Transfers | 25 |
| 18 | Reinstatement | 27 |
| 19 | Leave of Absence | 29 |
| 20 | Resignation | 30 |
| 21 | Competitive Class Abolition of Positions, Layoff, Displacement | 31 |
| 22 | Preferred List | 35 |
| 23 | Certification of Payrolls | 36 |
| 24 | Prohibition Against Questions Eliciting Information Concerning Political Affiliation | 37 |

April, 2004

## RULE 1

## Purpose and Effect

The purpose of these Rules is to provide an orderly and uniform system for the administration of civil service in the County of Suffolk on the basis of merit and fitness as provided in Article V, Section 6 of the New York State Constitution, the Suffolk County Charter and the Civil Service Law of the State of New York.  These Rules have the force and effect of law, and apply to all positions in the classified service of the County of Suffolk as well as the towns, villages, school districts and special districts therein.

These Rules are effective upon receipt by the County Personnel Officer of the approval of the State Civil Service Commission and supersede any prior Rules. These Rules may be amended by the County Personnel Officer subject to public hearing and the approval of the State Civil Service Commission.

April, 2004

<u>RULE 2</u>

<u>Definitions</u>

1.    <u>Appointing Authority</u> - the officer, commission or body having the power of appointment to and termination from subordinate positions in a municipality or department.

2.    <u>Business Day</u> - a weekday excluding Saturdays, Sundays and paid holidays.

3.    <u>Certification of Eligibles</u> - a list of names in rank order drawn from an eligible list, which is forwarded to an appointing authority for a defined period, from which permanent appointments to competitive class positions are made.

4.    <u>Class</u> - one or more positions with sufficiently similar duties and responsibilities to be designated by a single title.

5.    <u>Comparability</u> - a determination made by the County Personnel Officer that the duties, minimum qualifications and knowledge, skills and abilities tested for in a competitive class title are sufficiently similar to another competitive class title so that:

      A.   permanent status in one of the titles may be transferred to the other title; or,

      B.   an eligible list established for a particular title may be certified to fill vacancies in the other title.

6.    <u>County Personnel Officer</u> - the Personnel Officer of the Civil Service Department of the County of Suffolk.

7.    <u>Direct Line of Promotion</u> - Titles with a common generic root in a series, such as Senior, Principal, Head, Chief or I, II, III, IV in the classification plan.

8.    <u>Eligible List</u> - an official public record which contains the names of all persons who have passed an examination listed in rank order of their final ratings.

      A.   Mandatory Eligible List - An eligible list that contains a sufficient number of candidates to mandate its use for filling all vacancies in the title.  To be mandatory, the number of candidates on the eligible list must be at least two more than the number of vacancies to be filled.

      B.   Non-Mandatory Eligible List - An eligible list that does not contain a sufficient number of candidates - as defined above - to mandate its use for filling all vacancies in the title.

9.    <u>Field of Promotion</u> - three or more employees in a municipality who meet the promotional qualifications, as defined by the Civil Service Department, for a competitive class position and who indicate a willingness to accept the position.

April, 2004

10.   <u>Job Specification</u> - a written statement prepared by the Civil Service Department which defines the duties and requirements of positions in the class.

11.   <u>Jurisdictional Classification</u> - the assignment of positions in the classified service to the competitive, non-competitive, exempt or labor classes.

12.   <u>Municipality</u> - any subdivision of the government such as a county, town, library, village, school district or special district.

13.   <u>Nomination</u> - an application for employment which is submitted by an appointing authority to the Civil Service Department for approval prior to making a provisional or temporary appointment or any appointment in the non-competitive class.

14.   <u>Part-time Employment</u> – any employment or a combination of one or more employments, other than seasonal Police Officer*, in a municipality in which an individual works fifty percent or less of the time prescribed as a standard work week; or where the employee earns not more than twenty-five percent of the official annual salary rate assigned to the title.   In the situation where the twenty-five percent rule is less than $5,000, the $5,000 maximum figure will apply.

     *Employment as a seasonal Police Officer means a period of temporary employment authorized during the period commencing two weeks preceding Memorial Day and terminating two weeks after Labor Day to meet extraordinary or peak demands for service occurring as a result of seasonal population increase.  Wages earned while employed in the capacity of seasonal Police Officer shall not be included in computing the maximum allowable earnings as a part-time employee.

15.   <u>Pending Jurisdictional Classification</u> - A roster record designation for a title that the Personnel Officer will request the State Civil Service Commission to approve for placement in either the Unclassified Service or in the Exempt, Non-Competitive or Labor Class of these Rules Appendices.

16.   <u>Permanent Competitive Status</u> - employment rights vested with an employee appointed from an eligible list upon completion of the required probationary period.

17.   <u>Reassignment</u> - the change, at the discretion of the appointing authority and without further examination, of an employee from one position to another position of equal or greater work hours and salary in the same title under the jurisdiction of the same appointing authority.  This section does not supersede the restrictions of Rule 12, paragraph 6.B.

-3-

18.   <u>Reinstatement</u> – the appointment without further competitive examination to a competitive title the employee holds or held on a post-probationary permanent or contingent permanent basis or to a comparable title or to a lower title in the direct line of promotion.

19.   <u>Reclassification</u> – the reallocation of a position from one title to another because of a permanent and material change in the duties of that position.

20.   <u>Transfer</u> – the change, without further examination, of a post-probationary permanent or contingent permanent competitive class employee from a position under the jurisdiction of one appointing authority to a position in the same, former, or comparable title, or lower title in the direct line of promotion under the jurisdiction of another appointing authority.

-4-

April, 2004

## RULE 3

### Organization of the Civil Service Department

The County Personnel Officer supervises, directs and controls the activities of the Civil Service Department and is vested with all the powers and duties of a municipal civil service commission. The County Personnel Officer is the appointing authority of the Civil Service Department. The County Personnel Officer is appointed by the County Executive with the approval of the County Legislature for a term of six years.

April, 2004

RULE 4

Unclassified Service

Titles in the unclassified service, as defined in Section 35 of The State Civil Service Law, are listed in Appendix D and are a part of these Rules.

April, 2004

## RULE 5

### Classified Service

1. <u>Competitive Class</u>

   All newly created titles shall be deemed to be competitive; except when in the opinion of the County Personnel Officer the title warrants exclusion from the competitive class. Titles assigned to a jurisdictional class other than competitive are subject to approval by the State Civil Service Commission.  Failure to exclude a newly created title from the competitive class does not preclude that title from being considered for exclusion at a later date.

2. <u>Non-Competitive Class</u>

   A. Positions in the non-competitive class, as defined in Section 42 of the State Civil Service Law, are listed in Appendix B and are a part of these Rules.

   B. A position in the non-competitive class may only be filled by the appointment of a person who meets any minimum qualifications established for such position. A nomination for such an appointment shall state the qualifications of the nominee and shall be filed, prior to any appointment, by the appointing authority. Such appointment shall become effective only after approval by the County Personnel Officer.

3. <u>Labor Class</u>

   Positions in the labor class, as defined in Section 43 of the State Civil Service Law, are listed in Appendix C and are a part of these Rules.

4. <u>Exempt Class</u>

   Positions in the exempt class, as defined in Section 41 of the State Civil Service Law, are listed in Appendix A and are a part of these Rules.

April, 2004

<u>RULE 6</u>

<u>Position Classification</u>

1. <u>Classification Plan</u>

The Civil Service Department, subject to the approval of the County Personnel Officer, shall prepare and maintain a list of titles and specifications for all positions in the classified service and allocate all positions to an appropriate title.

2. <u>Classification of New Positions</u>

Before any new position is created, an appointing authority must submit a statement of duties to the County Personnel Officer in accordance with Section 22 of the State Civil Service Law.

The Civil Service Department assigns a title to the position. If no appropriate title exists, a new one will be created and an appropriate specification will be written.

3. <u>Reclassification</u>

A. The Civil Service Department may review the duties of an existing position at any time. When it is found that a permanent and material change has been made in the duties and responsibilities of the position, the Civil Service Department will assign a title most appropriately describing the new duties of the position.

B. An appointing authority must apply for the reclassification of any position in that department if there is a significant change in the duties and responsibilities; any employee may also apply for reclassification of their position. When it is found that a permanent and material change has been made in the duties and responsibilities of the position, the Civil Service Department assigns a title which most appropriately describes the new duties of the position.

C. The Civil Service Department will give notice of any change in classification to the appointing authority and the incumbent of the position. Any appointing authority or the incumbent desiring to appeal a reclassification decision shall be afforded an opportunity to do so. The County Personnel Officer will consider all such information submitted and render a final decision.

April, 2004

-8-

RULE 7

Recruitment of Personnel

1. **Residency Requirements**

   The Civil Service Department may require that a candidate for examination for any competitive class position in a municipality be a resident or an employee of the municipality. Residency requirements may be expanded by the County Personnel Officer, as provided under Section 23.4-a of the State Civil Service Law.

2. **Announcement of Examinations**

   The public announcement of an examination must be conspicuously posted for a minimum of 15 days and must specify the title, application fee, salary, duties, minimum qualifications, last filing date, subjects of the examination, type of tests (i.e., written, oral, performance, etc.).

3. **Applications**

   A. Applications for all examinations must be received by the Suffolk County Civil Service Department. Applications postmarked after midnight of the last filing date may not be considered eligible for the announced examination. In the absence of a postmark, the date the application is received determines if the application is timely. The burden of delivering an application by the announced last filing date rests solely with the applicant.

   B. Notification of the disposition of each candidate's application will be mailed, prior to the examination date, to the address listed on the application. Appeal of any disapproval must be received by the County Personnel Officer in writing prior to the date of the examination.

   C. All applications for provisional, non-competitive and temporary appointments must be delivered to the Civil Service Department by the appointing authority.

4. **Release of Application Information**

   A candidate's application for appointment or examination may be forwarded to the appointing authority to whom the applicant's name is certified.

April, 2004

RULE 8

Disqualification

1. Application

The application of this Rule shall be limited to the disqualification of applicants or eligibles pursuant to Section 50.4 of the Civil Service Law.

2. Grounds

A record of disrespect for the requirements and processes of law, including use of illicit drugs, repeated traffic offenses or disregard of summonses for traffic offenses, or the violation of any of the procedures established by the Civil Service Department regarding the conduct or review of examinations may be grounds for disqualification for examination, or after examination, for certification and appointment as provided by Section 50.4, Civil Service Law.

3. Verification of Qualifications

The burden of establishing qualifications to the satisfaction of the County Personnel Officer is on the applicant.  Any applicant who refuses to permit the Civil Service Department to investigate matters necessary for the verification of qualifications or who otherwise hampers, impedes or fails to cooperate with the Civil Service Department in such investigation may be disqualified for examination or, after examination, for certification and appointment.  Any individual who falsifies qualifications on an application will be subject to removal at any time pursuant to the fraud provisions of Section 50.4, Civil Service Law.

4. Appeal

No person can be disqualified pursuant to this section unless given a written statement of the reason(s) and afforded an opportunity to make an explanation and to submit facts in opposition to that disqualification.

-10-

RULE 9

Examinations

1. **Examinations Prepared and/or Rated by the Suffolk County Department of Civil Service**

A. Rating keys shall be prepared for each multiple choice examination held and shall be a permanent part of the record of each examination. Final scores in an examination shall be made on the scale of 0-100, with 70 the passing score. Final scores need not be arithmetic percentages, but may be based on scoring formulas or tables, including tables to allow for zone or band scoring. Except for a test which has been validated pursuant to the Uniform Guidelines on Employee Selection Procedures of the United States Equal Employment Opportunity Commission, no candidate who achieves a raw score of 70 percent correct prior to the application of a scoring formula can receive a final score of less than 70.

B. Tested candidates in an examination shall be notified of their final ratings only. Partial scores, and scores attained on subtests or components of an examination, shall not be released. Except for continuous recruitment examinations, candidates passing a test used to rank order the competitors shall also be notified of their positions on the resulting list of eligibles.

C. There shall be no review available to candidates who pass a non-competitive promotional test administered pursuant to Section 52.7 of the Civil Service Law.

D. Pre-rating Review

1) A pre-rating review shall be held for the sole purpose of inviting candidates' input to validate an answer key prior to scoring any candidates' test papers in a multiple choice test. However, no pre-rating review shall be held for continuous recruitment examinations or for any multiple choice examination for which the answer key has been validated by a panel of subject matter experts or for any test that has been validated pursuant to the Uniform Guidelines on Employee Selection Procedures of the United States Equal Employment Opportunity Commission.

2) When a pre-rating review is offered, it shall be held at a time and place specified by the Suffolk County Personnel Officer. Candidates competing in multiple choice tests shall be granted the opportunity to inspect a copy of the test booklet used in the examination and the proposed answer key. The candidates' answer papers shall not be made available during a pre-rating review. The examination booklet and answer key shall be shown only to the candidate. All appeals must be submitted in writing at the time of such review, unless otherwise directed by the Personnel Officer. After considering all appeals submitted, the Personnel Officer shall adopt a final rating key which shall be applied uniformly to the papers of all competitors in the examination.

-11-

April, 2004

E.    Post-rating Scoring Review

   1)   A post-rating scoring review shall be held for the sole purpose of ensuring the accuracy of the scoring of a test. Test papers from continuous recruitment examinations, qualifying performance, physical fitness, medical, psychological, polygraph or other tests which, in the judgment of the Suffolk County Personnel Officer, a post-rating review would be impractical or might compromise the security of future administrations of a test, shall not be made available for candidate review, however, the Personnel Officer shall, for these tests, provide for an alternative to candidate review to ensure the accuracy of the scoring.

   2)   When a post-rating review is offered to candidates, a candidate receiving notice of examination results may inspect a copy of his or her answer sheet along with the final answer key, provided that the candidate makes written request to do so within ten days of the post-mark of such notice of examination results. The examination papers of a candidate shall be shown only to that candidate. All appeals must be submitted in writing at the time of the post-rating review.

F.   No candidate is deemed to qualify on a non-competitive promotional examination unless the candidate achieves a raw score of at least seventy percent.

G.   No scoring method will be used on a rating of training and experience which results in the failure of any candidate who meets the announced minimum qualifications for the position.

H.   The County Personnel Officer may at any time during the life of an eligible list correct any clerical or computational errors in the ratings of candidates who competed in the examination.

2.   Examinations Prepared and Rated by the New York State Civil Service Department

   A.   For examinations prepared and rated by the State Civil Service Department, the rules and regulations of the State Civil Service Commission will govern the rating of examinations, the review of examination papers by candidates and the filing of appeals.

   B.   The State Civil Service Commission has sole and exclusive authority to correct any errors in rating upon appeal. Any changes will be made without prejudice to the status of any person previously appointed from the eligible list.

3.   Seniority Credits

For promotion examinations, seniority credits will be added to passing scores at the rate of .10 points per each six months of continuous permanent competitive service to a maximum of twenty years.

April, 2004

## RULE 10

### Promotions

1.  No person is eligible to participate in a promotion examination until having served at least six months on a permanent or contingent permanent basis in a position or combination of positions deemed eligible for examination by the Civil Service Department.

2.  In computing a candidate's eligibility for promotion, only service in the municipality in which the candidate is currently serving will be credited, with the exception of permanent status carried over as a result of transfer.

3.  Any person nominated for non-competitive examination for promotion who fails to pass that examination will no longer be eligible for non-competitive promotion.

April, 2004

<u>RULE 11</u>

<u>Eligible Lists</u>

1.   <u>Standings</u>

All candidates attaining passing scores in an examination may be eligible for appointment to a position in the title for which they were examined and their names will be entered on the eligible list in the order of their final score including veteran's and/or seniority credits.  If two or more eligibles receive the same final score in an examination, they will occupy the same list position.

2.   <u>Duration</u>

Eligible lists are established on dates determined by the County Personnel Officer.  The duration of an eligible list is fixed at not less than one year and may be extended for a maximum of four years at the discretion of the County Personnel Officer.

3.   <u>Public Inspection</u>

Eligible lists will be open to public inspection at the office of the Department of Civil Service.  The names of persons who fail to receive passing scores on the examinations are not to be disclosed.

4.   <u>Promotional</u>

Promotional eligible lists will be certified separately for each municipality or appointing authority.

5.   <u>Correction and Revocation</u>

The County Personnel Officer has the power to correct any error, to amend any eligible list where an error has been made, and to revoke any eligible list where the provisions of these Rules were not properly or sufficiently carried out.  An eligible list shall not be revoked prior to all persons whose names appear on the list receiving notice.  The reasons for revocation shall be reported to the State Civil Service Commission.

April, 2004

<u>RULE 12</u>

<u>Certification of Eligible Lists</u>

1.  <u>Appropriate Eligible List Determination/Certification</u>

    A.  The County Personnel Officer shall determine the eligible list most nearly appropriate for the position to be filled, and shall certify to the appointing authority a sufficient number of eligibles from which selection for appointment may be made.  When the name of any eligible is included in a certification for appointment, the names of all other eligibles on the list having the same final rating as that eligible shall be included in the certification.

    B.  Candidates may specify those work-related factors defined by the Civil Service Department under which they are willing to accept employment. Candidates will be permitted to revise those conditions, provided written notice is received by the Civil Service Department prior to the preparation of a certification.

2.  <u>Rule of Three</u>

    An appointing authority is required to request a certification of eligibles before filling any vacant position in the competitive class. The Civil Service Department determines the eligible list most appropriate for the position to be filled and certifies a sufficient number of eligibles to the appointing authority from which selection may be made from the three highest willing acceptors.   All eligibles receiving the same score will be included on the certification.

3.  <u>Canvass/Precanvass</u>

    A.  An eligible list may be precanvassed by the Department of Civil Service, or, a Certification of Eligibles may be canvassed by an agency to determine candidates interested in being considered for employment.

    B.  A candidate who fails to respond in writing within seven business days from the mailing date of the precanvass or canvass may be considered ineligible when making selection for that particular appointment.

    C.  The appointing authority may interview candidates whose names appear on the certification of eligibles.  Candidates selected for interview must be notified in writing by mail postmarked at least seven business days prior to the scheduled time and place of such interview. Interviews shall only be conducted during regular business hours and at a regular worksite of the appointing authority unless mutually agreed upon between candidate and employer.  If the employer wishes to interview at another location and outside of the normal workplace, all candidates must be interviewed in this manner.

April, 2004

4.   <u>Duration</u>

A certification of eligibles is valid for a period of sixty days. No appointments shall be made after the sixty-day period has expired except as follows:

A. A thirty-day extension of the certification may be granted by the County Personnel Officer. Provisional appointments may only be extended as provided under Section 65 of New York State Civil Service Law.

B. In instances where candidates are pending required qualifying tests, the certification may be extended until such tests are completed and the appointing authority has had a reasonable opportunity to make appointments.

5.   <u>Removal</u>

A. Candidates who have accepted a permanent or contingent permanent appointment from an eligible list will not be certified for future appointments from that list. An employee who is removed or who resigns will not be restored to the eligible list from which the appointment was made unless the County Personnel Officer determines that special circumstances warrant such restoration. If a contingent permanent employee is displaced, the employee's name will be restored to the eligible list from which the appointment was made, if still in existence.

B. An individual will be eliminated from further certification from an eligible list for failure to report for work after accepting an appointment.

C. Candidates will be removed from a promotional eligible list upon termination of employment in the title from which eligibility for promotion was based. During the life of an eligible list an individual may be activated to that list upon reinstatement in the same municipality to the title from which the eligibility for promotion was based.

6.   <u>Salary</u>

A. The appointing authority must advise the Civil Service Department of the annual starting salary for any vacant position prior to certification. A salary range is not in compliance with this requirement. A candidate may be appointed above the stated salary only if the individual is currently employed by the municipality and is placed in the appropriate grade and/or step to account for prior service.

B. Whenever a candidate declines an appointment due to salary, and an individual who now becomes reachable on the certification is appointed, the salary shall not be raised for a period of six months except by a general pay increase.

-16-

April, 2004

7.   <u>Residency Preference</u>

In filling vacancies from an open-competitive eligible list, an appointing authority may require that eligibles who are residents of the municipality in which the vacancy exists be certified first for appointment.   Upon exhaustion of the list of resident eligibles, certifications shall be made from the entire eligible list.   Where preference in certification is given to residents of a municipality, an eligible must be a resident of that municipality at the time of appointment and must have been a resident of that municipality for at least ninety consecutive days immediately preceding the date of certification.

8.   <u>Exclusions</u>

A. When an open-competitive examination announcement results in three or fewer approved applicants and one of them is to be appointed to a position in the announced title, the County Personnel Officer may certify that person for permanent appointment without further examination if that person has already passed an appropriate examination for the title within four years.

B. Certification of an eligible list shall not be required for filling certain vacancies.   An eligible list will not be certified for filling a permanent competitive class vacancy created by reclassification of a permanently filled competitive class position where appointment from such list would require the layoff or the reassignment of a permanent employee to a different agency or geographic location; but, this provision shall cease to apply if the incumbent whose position was reclassified has, following such reclassification, twice failed to qualify for permanent appointment to the reclassified position.

-17-

## RULE 13

### Provisional Appointments

1. Under no circumstances will an individual who has failed two consecutive examinations for the title be given a third provisional appointment in the same title.

2. A provisional employee who has refused or failed to take an examination for permanent appointment may not be given another provisional appointment in the same title, except at the discretion of the County Personnel Officer, who shall maintain a written record of that approval.

3. No open-competitive provisional appointments shall be approved in those instances where a field of promotion exists.

4. A provisional who has failed an examination for permanent appointment or is not reachable on the eligible list must be removed from the position within two months of the establishment of the eligible list, except as provided in section 65 of Civil Service Law. A provisional employee who has refused or failed to take an examination must be removed from the position within seven business days of the establishment of the eligible list.

5. If a non-mandatory list is established (one that does not contain a sufficient number of candidates to mandate its use for filling all vacancies), provisionals who appear on the list attain permanent status, subject to successful completion of any applicable probationary period, as follows:

   A. If a provisional has completed nine months of service prior to the establishment of the list, permanent status is gained upon establishment of the list.

   B. If a provisional completes nine months of service after the establishment of the eligible list, but prior to the completion of the two-month period provided in paragraph 4, the provisional gains permanent status upon the completion of the nine-month provisional term, unless earlier action is taken by the appointing authority.

   C. If a provisional is retained more than two months after the date of establishment of the eligible list, permanent status is gained effective the date the list was established.

6. If a mandatory eligible list for the title is established, the provisional appointee cannot gain permanent competitive class status without positive overt action being taken by the appointing authority. If the provisional is reachable on a mandatory eligible list, the appointing authority has two months to either appoint the provisional, appoint another candidate from the eligible list, or terminate the provisional and leave the position vacant. If the provisional fails the examination, or is not reachable (among the top three or tied with the third highest standing candidate willing to accept appointment), the appointing authority has two months to either make an appointment from the eligible list, or terminate the provisional appointment and leave the position vacant.

-18-

RULE 14

Probationary Term

1. Open Competitive

   A. Unless otherwise noted in these Rules, every permanent or contingent permanent appointment from an open-competitive eligible list is for a probationary term of twenty-six weeks.

   B. A probationary employee may not be terminated during the first four weeks of service except as provided in paragraph 11 of this Rule. An employee may be terminated at any time between the fourth week and last day of the probationary term. Notice of termination must be in writing, to the employee, prior to the termination.

2. Traineeships

   The probationary term for all trainee titles is the training period defined in the Civil Service job specifications or as determined by the County Personnel Officer.

3. Promotion For Other Than Law Enforcement Positions

   A. For other than law enforcement positions defined in paragraph 4 below, every permanent or contingent permanent appointment from a promotion eligible list is for a probationary term of twelve weeks.

   B. An employee may be terminated at any time between the fourth week and last day of the probationary term. Notice of removal must be in writing, to the employee, prior to the termination.

   C. The position vacated by a promoted employee may not be filled on other than a temporary, provisional or contingent permanent basis during the promoted employee's probationary term.

4. Law Enforcement Positions

   A. Every permanent appointment to the position of Deputy Sheriff I, Park Police Officer I, Park Ranger I or Correction Officer I from an open-competitive eligible list is for a probationary term of twelve months.

   B. Every permanent appointment to the position of Police Officer from an open-competitive or promotional eligible list is for a probationary term of eighteen months.

   C. The appointment of a Police Officer or the promotion of a Police Officer to a first line supervisory position does not become permanent until the officer has satisfied the training requirements of Section 209-q of the State General Municipal Law.

   D. Every permanent appointment from a promotion list to the position of Police Sergeant, Lieutenant, Captain or Chief is for a probationary term of six months.

-19-

E.  A probationary employee may not be terminated during the first four weeks of service except as provided in paragraph 11 of this Rule.  An employee may be terminated at any time between the fourth week and last day of the probationary term.  Notice of termination must be in writing, to the employee, prior to the termination.

5.  Transfer

Every transfer to a competitive class position is for a probationary term of eight weeks. The position vacated by the employee may not be filled on other than a temporary, provisional or contingent permanent basis during the probationary term.  An employee may be terminated at any time during the probationary period.  Notice of the termination must be in writing to the employee prior to the termination.

6.  Reinstatement

A.  Employees reinstated by the same appointing authority within one year after resignation or other period of less than one year not employed by that appointing authority retain permanent status without further probation.  After one year, a twelve week probation period will be required.  An employee may be terminated at any time during the probation period.

B.  Employees with continuous service under an appointing authority who are reinstated to a title previously held under that appointing authority in accordance with Rule 18 paragraph 2 will not serve a probation period.

C.  All reinstatements to positions under a different appointing authority will require a twelve-week probation period.  An employee may be terminated at any time during this probation period.

D.  No probationary period shall be required for a reinstatement from a leave of absence.

7.  Veterans and Exempt Volunteer Firemen

Other than those positions specifically excluded pursuant to Section 75 of the State Civil Service Law, every appointment of a Veteran (as defined in Section 85 of the State Civil Service Law) or an exempt volunteer fireman (as defined in Section 200 of the State General Municipal Law) to a position in the non-competitive, labor or exempt class is for a probationary term of twenty-six weeks.

8.  Absence During Probationary Term

At the discretion of the appointing authority, any period of absence during probation may be added to the probationary period as long as the employee is so notified prior to the end of the probationary term.

-20-

9.  <u>Service in Higher Level Position</u>

When an employee on probation is appointed to a related higher level position, under the same appointing authority, the period of service in the higher level position may satisfy the probationary term in the lower position. The appointing authority must submit a written request and it is subject to the approval of the County Personnel Officer.

10. <u>Restoration to Eligible List</u>

An employee who is removed or who resigns during probation will not be restored to the eligible list from which the appointment was made if the list is still in effect unless the County Personnel Officer determines that special circumstances warrant such restoration.

11. <u>Removal During Probationary Term</u>

Nothing contained in this Rule shall be construed to limit or otherwise affect the authority of an appointing authority to remove a probationer for incompetence or misconduct at any time during the probationary period pursuant to a contractual disciplinary procedure or Section 75 of the Civil Service Law.

April, 2004

## Rule 15

### Trainee Appointments

The County Personnel Officer may require that permanent appointment or promotion to designated positions shall be conditioned upon the satisfactory completion of a term of service as a trainee.  The period of such term of training service shall be prescribed by the County Personnel Officer.  Upon the satisfactory completion of such training term, an appointee shall be entitled to full permanent status in the position for which appointment was made.  The employment of such person may be terminated at any time between the minimum four weeks and the end of the traineeship.

April, 2004

## RULE 16

### Contingent Permanent Status

1. **Conditions Requiring Contingent Appointment**

   A contingent appointment is required to fill a vacancy which occurs in a competitive class position as a result of:

   A. a probationary or other non-permanent appointment of the permanent incumbent of that position to another competitive class position in the same jurisdiction; or,

   B. a leave of absence granted to the permanent incumbent of that position; or,

   C. a transfer of the permanent incumbent to another appointing authority.

2. **Contingent Permanent Appointees**

   A. A person appointed to a contingent position acquires contingent permanent status if that person was selected from among the three highest willing acceptors.

   B. Upon completion of the probationary term, the contingent permanent appointee may be displaced from the position only upon:

      1) the return of the permanent incumbent; or,

      2) charges of incompetency or misconduct sustained as a result of a Section 75 hearing; or,

      3) reduction in force pursuant to Section 80 of the State Civil Service Law.

   C. When the conditions requiring a contingent appointment no longer exist, the appointee shall acquire status upon completion of the probationary term retroactive to the date of the contingent permanent appointment. If there are two or more employees eligible for permanent appointment, the status shall be given to the one first appointed on contingent basis.

   D. When a vacancy occurs in a title where there is more than one contingent permanent appointee, the contingency shall be moved to that vacancy and removed from the employee longest serving as a contingent.

   E. For promotion eligibility, contingent permanent service is credited as permanent service.

   F. The name of an individual serving a contingent permanent appointment will be removed from the eligible list upon appointment. If the individual is displaced by the return of the permanent incumbent, the employee will be restored to the list from which the employee was appointed if it is still in existence.

April, 2004

3.   Reinstatement of the Permanent Incumbent

   A.   Voluntary - A permanent employee serving in another competitive position with provisional or probationary status has a right to be reinstated to the former permanent position within thirty calendar days following the individual's written request for reinstatement, or prior to attainment of permanent status, whichever comes first.

   B.   Involuntary - If a permanent employee serving in another competitive position with provisional or probationary status is to be removed from the position, the appointee must be reinstated to the permanent position within a period of thirty days or prior to attainment of permanent status, whichever comes first.

April, 2004

## RULE 17

### Transfers

### Conditions and Limitations for Transfers Between Competitive Class Positions

1. **Definition**

   A transfer refers to the change, without further examination, of a post-probationary permanent or contingent permanent competitive class employee from a position under the jurisdiction of one appointing authority to a position in the same, former, or comparable title, or lower title in the direct line of promotion under the jurisdiction of another appointing authority.

2. **Requests for Transfer**

   Upon the written request of an <u>individual</u> and the <u>prospective appointing authority</u> and the <u>current appointing authority</u>, and subject to the approval of the County Personnel Officer, any individual serving in a competitive class position as a post-probationary appointee may be permanently appointed to another competitive class position without further competitive examination in accordance with the provisions of these Rules.

3. **Conditions for Transfer**

   A.  There is no preferred list appropriate for filling the position to which appointment is sought containing the name of an eligible willing to accept appointment; and,

   B.  There is no departmental promotion list for the position to which appointment is sought containing names of three or more eligibles willing to accept appointment; and,

   C.  1) When the examination for the position held was prepared by the Suffolk County Department of Civil Service, the County Personnel Officer determines that the examinations' scopes and qualifications for the positions held and to which appointment is sought are comparable; or,

   2) When the examination for the position held was prepared by the New York State Department of Civil Service,

   a.  the County Personnel Officer determines that the examinations' scopes and qualifications for the positions held and to which appointment is sought are identical; or,

   b.  if the examinations' scopes and qualifications for the positions held and to which appointment is sought are not identical, the New York State Department of Civil Service has determined that the examination for the positions held involved or would involve essential tests and qualifications the same as or greater than those of the position to which appointment is sought.

April, 2004

4.  Status of Transferee

An employee who transfers into a different municipality maintains continuous service from the employee's original appointment in the municipality from which the employee transferred. Retention standing and eligibility for examination are derived from the date of original appointment in the municipality from which the employee transferred. Upon completion of the 8 week probationary period and upon written request, a transferee who appears on an existing promotional list will acquire promotional eligibility in the new municipality or under the new appointing authority.

5.  Probationary Term

Every transfer to a competitive class position is for a probationary term of eight weeks. The position vacated by the employee may not be filled on other than a temporary, provisional or contingent permanent basis during the probationary term. An employee may be terminated at any time during the probationary period. Notice of the termination must be in writing to the employee prior to the termination. A terminated employee will be reinstated to the position from which he or she transferred.

April, 2004

RULE 18

Reinstatement

Reinstatement is at the discretion of the appointing authority of the agency in which reinstatement is sought. An employee may be reinstated in any municipality under the authority of the County Personnel Officer without examination to a competitive title the employee holds or held on a post-probationary permanent or contingent permanent basis or to a comparable title or to a lower title in the direct line of promotion. Reinstatement is permitted if there is no preferred list appropriate for filling the position to which appointment is sought containing the name of an eligible willing to accept appointment.

1. Reinstatement after Resignation

   A.  Reinstatement within one year is at the discretion of an appointing authority.

   B.  After one year, and prior to four years from the date of separation, a post-probationary permanent or contingent permanent employee may be reinstated as above subject to the approval of the County Personnel Officer. If the position to which reinstatement is sought requires successful completion of medical and/or physical agility tests for original appointment, the individual being reinstated must satisfy these criteria prior to reinstatement.

   C.  In an exceptional case, where the interests of government would be served, the County Personnel Officer may permit a reinstatement beyond four years of the date of resignation subject to the following conditions:

       i.  The appointing authority must provide documentation or explanation that demonstrates to the satisfaction of the County Personnel Officer that the individual requested to be reinstated possesses current knowledge and skill in the occupational field to which reinstatement is sought.

       ii. If the position to which reinstatement is sought requires successful completion of medical and/or physical agility tests for original appointment, the individual being reinstated must satisfy these criteria prior to reinstatement.

   D.  Any period of time on active military duty or in another position in the same municipality shall not be counted in computing the four year period of eligibility.

   E.  Probation Periods

       i.  Employees reinstated in the same appointing authority within one year after separation retain permanent status without further probation. After one year, a twelve week probation period will be required. An employee may be terminated any time during the probation period.

       ii. All reinstatements to positions under a different appointing authority will require a twelve week probation period. An employee may be terminated at any time during the probation period.

-27-

April, 2004

2. <u>Reinstatement Based on Continuous Service in a Municipality</u>

A current employee with continuous service in a municipality may be reinstated, within that municipality, to a competitive title held on a post-probationary basis in that municipality, regardless of time elapsed since service in the title, or to a comparable title, or lower level title in the direct line of promotion.

A. If reinstatement is under the same appointing authority, there is no probation period.

B. If reinstatement is under a different appointing authority, a twelve week probation period is required. Employee may be terminated at any time during the probation period.

C. A reinstatement from a leave of absence does not require a probation period.

3. <u>Status of Reinstated Employee</u>

A. In the same municipality - reinstatement in the same municipality within one year does not constitute a break in service. A reinstatement beyond one year is a break in continuous service.

B. In a different municipality - An employee who is reinstated in a different municipality does not maintain continuous service in the municipality in which the reinstatement takes place. Retention standing and eligibility for examination are derived from the date of reinstatement in the municipality in which the employee was reinstated. A candidate appearing on a promotional list based on employment in one municipality will not be activated on the promotional list in the new municipality or under the new appointing authority.

4. In addition to preferred list rights, an employee who is laid off from the civil service of a municipality shall be eligible for reinstatement in the same manner as described in 1 or 2 above. Time on a preferred list will be considered continuous service in the municipality from which lay-off occurred.

5. <u>Voluntary Demotion</u>

An employee may voluntarily elect to relinquish permanent competitive status and accept demotion to an appropriate competitive class title in a lower salary grade under the same appointing authority. Notification must be forwarded to the County Personnel Officer and must include the employee's acceptance of the voluntary demotion. Demotion may be to any title in the direct line of promotion or to any comparable title, regardless of whether or not the title was previously held.

-28-

RULE 19

Leave of Absence

1.  A leave of absence may be granted for a period of up to one year.  With the exception of the County service, extension of a leave for no more than one additional year may be approved by the County Personnel Officer.

2.  Where extended leaves are requested beyond the limits stated above, the employee must return to active service for a period of at least three months before additional leave may be granted.

3.  Leaves required by law must be granted.  Military leaves shall be approved pursuant to Sections 242, 243 and 246 of the New York State Military Law.

4.  A leave of absence may not be unilaterally shortened by either the employer or employee; however, by mutual agreement, an employee may return earlier than the original date of completion of the leave.

5.  When an employee fails to return to work for ten consecutive working days following the expiration of a leave of absence that absence is considered abandonment of the job and is sufficient cause for dismissal pursuant to Section 75, Civil Service Law. The effective date of this separation is retroactive to the first day of the leave.

6.  Whenever an employee is to be terminated under Section 73 of the Civil Service Law following leave of absence occasioned by ordinary disability, or under Section 71 following exhaustion or termination of Workers' Compensation leave, he/she must be afforded an opportunity for a post-termination hearing to contest the decision.  Notice of post-termination hearing rights must be in writing.

7.  All leaves, extensions of leave and terminations subsequent to leave must be submitted to the Civil Service Department.

-29-

April, 2004

RULE 20

Resignation

1.  Every resignation shall be in writing.  If an effective date is specified, a resignation takes effect on the specified date. If no effective date is specified, a resignation is effective upon delivery to the appointing authority.  If a resignation is submitted while an employee is on leave of absence without pay, the resignation is effective as of the date the leave began.

2.  When charges of incompetency or misconduct have been or are about to be filed against an employee, the appointing authority may elect to disregard a resignation filed by an employee and to proceed with the charges.  In the event that the employee is found guilty of the charges and dismissed from the service, the termination shall be recorded as a dismissal rather than as a resignation.

3.  A letter of resignation which has been delivered to an appointing authority may not be withdrawn, cancelled or amended without the appointing authority's consent.

4.  When an employee is absent without approval and without explanation for a period exceeding ten consecutive working days, this absence is deemed sufficient cause for dismissal pursuant to Section 75, Civil Service Law, and effective as of the last day worked.

April, 2004

RULE 21

Competitive Class Abolition of Positions, Layoff, Displacement

1.  **Definitions**

    A.  **Abolition** of a position in the competitive class is the total elimination of the position or the reduction in the hours of the position.

    B.  **Direct Line of Promotion** is a series of titles in the classification plan with a common generic root, such as Senior, Principal, Head, Chief or I, II, III, IV.

    C.  **Layoff Unit** is each official department, as prescribed by Section 35e of the State Civil Service Law, of the County or any municipality. Where a municipality has a single appointing authority, it is a single layoff unit.

    D.  **Next Lower Occupied Title** is the closest lower title in the direct line of promotion in the layoff unit in which one or more persons serve.

2.  **Retention Standing**

    A.  Retention standing is derived from an incumbent's continuous service. Continuous service starts on the date of the original appointment on a permanent or contingent permanent basis in the classified service in the jurisdiction in which abolition of position occurs. For purposes of determining original appointment, completion of probation is not required. Prior service in another municipality is not included in the employee's retention standing unless the individual was transferred.

        1)  A leave of absence is not an interruption of continuous service.

        2)  A period of time during which an employee is on a preferred list does not constitute an interruption of continuous service.

        3)  A resignation followed by a reinstatement more than one year after resignation constitutes a break in service and the original appointment date is the date of reinstatement.

        4)  Non-permanent (Temporary or provisional) service preceding the original appointment is not included in the computation of retention standing. However, non-permanent service immediately preceded and followed by permanent classified service does not interrupt continuous service and is included in the computation of retention standing.

        5)  An employee who transfers into a different municipality maintains continuous service from the employee's original appointment in the municipality from which the employee transferred. Retention standing and eligibility for examination are derived from the date of original appointment in the municipality from which the employee transferred.

April, 2004

B.  In the case of disabled veterans, the date of original appointment shall be sixty months earlier than the actual date; while the date of original appointment of non-disabled veterans shall be thirty months earlier than the actual date. For the purpose of this Rule, the definition of "veteran" or "disabled veteran" is that contained in Section 85 of the State Civil Service Law. Spouses of veterans with a 100% service-connected disability may be entitled to additional retention standing pursuant to Section 85 of the State Civil Service Law.

C.  When two or more employees were originally appointed on a permanent basis on the same date from the same eligible list, their retention rights are determined by their grade on that eligible list; the person having the higher grade has the greater retention right. If their scores were the same, preference for retention is at the discretion of the appointing authority.

D.  Blind employees are granted absolute preference in retention. Persons are considered blind if they are certified by the Commission for Visually Handicapped of the New York State Social Services Department.

3.  Layoff

A.  When an occupied position in the competitive class is abolished, layoff is to be made from among those employees holding the affected title in the same layoff unit as the abolished position.

B.  The order of layoff is as follows:

| Appointment Type | Layoff Order |
|---|---|
| Temporary and Provisional | first to be laid off |
| Contingent Permanent Probationary | second to be laid off |
| Contingent Permanent | third to be laid off |
| Permanent Probationary | fourth to be laid off |
| Permanent | last to be laid off |

C.  When comparing retention rights of employees, the comparison is to be made only from among those with the same employment status (i.e., permanent with permanent, probationary with probationary, etc.). The addition of blind or veterans' preference does not allow an employee to be compared with another employee in a different employment status.

D.  Temporary and provisional employees have no retention standing. Therefore, the order of their layoff is at the discretion of the appointing authority.

4.  Vertical Bumping

A.  When the abolition of a position causes the layoff of a permanent competitive class employee, such employee may then bump (displace) an employee having less retention standing in a lower level occupied title in the direct line of promotion in the same layoff unit. An employee shall not be required to have held service in the title to which bump is sought. For purposes of this section, a position is considered occupied if it is filled by a temporary, provisional, contingent permanent, probationary or permanent employee, or it is an

-32-

encumbered vacant position being held for another permanent employee in accordance with Rule 16.

B.  Opportunity to bump begins with the next lower occupied title in the direct line of promotion.  In the event that the employee cannot bump an employee in the next lower level occupied title in the direct line of promotion due to insufficient retention standing, the opportunity for bumping proceeds down to successively lower level occupied titles within the direct line of promotion until an employee with less retention standing is identified.  In the event that there is more than one employee with less retention standing in the lower occupied title, the one with the least retention standing shall be displaced.  In no case may any employee bump another employee with greater retention standing, and it shall always be the employee with the least retention standing in a title who is bumped.

C.  When the layoff involves more than one position in a title, the laid off employee with the greatest retention standing is the first to bump and displaces the employee with the least retention standing within the direct line of promotion in accordance with the provisions of paragraphs 4A. and B. of this Rule.

D.  An employee who refuses to bump waives all further rights to bump or retreat.

E.  The layoff of a temporary, provisional, contingent permanent or probationary employee by virtue of position abolition or displacement does not constitute a basis to bump pursuant to Section 80 of the State Civil Service Law or these Rules.

5.  <u>Retreat</u>

A.  A displaced permanent competitive class incumbent who cannot bump a lower level incumbent in the direct line of promotion in accordance with the provisions of these Rules may be eligible to retreat.

B.  An employee may retreat to the title last held, on a permanent post-probationary permanent or contingent permanent basis, prior to service in the title from which laid off or displaced, provided all of the following conditions are met:

1)  the position to which retreat is sought is occupied; and,

2)  the retreating employee has greater retention standing than the employee to be displaced; and,

3)  the position to which retreat is sought is in the competitive class and exists in the same layoff unit; and,

4)  the salary grade of the position sought is lower than the current salary grade; and,

5)  service in the title to which retreat is sought was in the same municipality; and,

6)  service of the displacing incumbent while in the former title was satisfactory.

-33-

C.  An employee may retreat to the title last held on a post-probationary permanent or contingent permanent basis in the jurisdiction even if there was intervening service in a different municipality provided:

    1)  such intervening service was for a period of less than one year; or,

    2)  the entire period of intervening service occurred during an authorized leave of absence.

D.  Where the Department of Civil Service has effected a title change to better describe the duties of a position, but the duties have not substantially changed since the displaced employee last served in that title, for retreat purposes the new title will be deemed to be comparable to the former title.

E.  An employee who refuses to displace a less senior incumbent must be laid off.

F.  The layoff of a temporary, provisional, contingent permanent or probationary employee by virtue of position abolition or displacement does not constitute a basis for that laid off employee to retreat under Section 80 of the State Civil Service Law or these Rules.

6.  <u>Appointments Pursuant to Section 55A</u>

Employees appointed in accordance with Section 55A of the State Civil Service Law are deemed to be non-competitive and, therefore, are not subject to the provisions of this Rule.

-34-

April, 2004

## RULE 22

### Preferred List

1. <u>Establishment of Preferred List</u>

   A. Eligibility for inclusion on a preferred list is limited to employees serving on a permanent, probationary or contingent permanent basis in a competitive class position and who were laid off or displaced as a result of abolition.

   B. Preferred lists will be established only for the municipality in which the layoff occurs and must be certified before any other eligible list.

   C. The names of the employees who are laid off appear on the preferred list in rank order from most senior to least senior according to their retention standing.

2. <u>Certification of Preferred List</u>

   Preferred lists are certified for vacancies in the same title and any other title deemed appropriate by the Civil Service Department. Preferred lists are certified in the following order:

   A. Permanent
   B. Permanent probationary
   C. Contingent permanent
   D. Contingent permanent probationary

3. <u>Additions, Removals, Restorations</u>

   A. During the existence of a preferred list, the names of employees who are laid off or displaced as a result of position abolition subsequent to the establishment of a preferred list shall be added to that list in rank order as determined by the employee's retention standing.

   B. Except as provided under these Rules, an employee's failure to accept reinstatement from a preferred list to the former title after seven business days' notice results in the employee's removal from the preferred list. Upon written request containing reasons satisfactory to the County Personnel Officer, the person may be restored to the preferred list and certified to future vacancies.

   C. Acceptance or rejection of any title other than the title from which the employee was laid off or displaced does not remove that individual's name from the preferred list.

   D. The restoration of a person to a preferred list shall not invalidate any appointment made during the period that person's name was not on that list.

   E. If an individual on a preferred list declines appointment at a lower salary that person's name will remain on that eligible list.

April, 2004

RULE 23

Certification of Payrolls

1. Pursuant to Section 100 of the State Civil Service Law, the Civil Service Department requires each jurisdiction to file a payroll report listing all employees.   Payroll reports must be filed annually or at any other time interval deemed appropriate by the Civil Service Department. Payroll reports shall contain each employee's name, title, salary, and other information as the Civil Service Department may deem appropriate.

2. The Civil Service Department will review each payroll report for compliance with State Civil Service Law and these Rules and shall deny certification for all violations.   Certification may be withheld from an entire payroll or from any item or items therein.

3. Each appointing authority must report all personnel changes as they occur.

4. When a personnel transaction is submitted for approval for which further information is required, the Civil Service Department may specify a time frame during which the transaction may be temporarily certified pending the submission of required information.

5. The County Personnel Officer may report any evidence of willful evasion of this Rule to the appropriate law officer for action.

-36-

April, 2004

## RULE 24

### Prohibition Against Questions Eliciting
### Information Concerning Political Affiliation


No question in any examination or application or other proceeding by the Civil Service Department shall be so framed as to elicit information concerning the political opinions or affiliations of any applicant. No discrimination shall be exercised, threatened or promised against or in favor of any applicant because of the applicant's political opinions or affiliations.

-37-

April, 2004