any river regulating district erected pursuant to the provisions of article VII of the Conservation Law, is subject to and must pay the tax imposed by article XII-A of the Tax Law, unless, of course, the purposes for which the motor fuel is to be used are within the exceptions set forth in subdivision 3 of section 282 of the Tax Law.

Dated: July 8, 1930.

Very truly yours,
HAMILTON WARD,
*Attorney-General.*

To HON. MORRIS S. TREMAINE, *State Comptroller.*

---

CIVIL SERVICE—INCREASES IN SALARIES—CONTINUOUS TIME SERVICE PAY—COMMUTATION IN LIEU OF MAINTENANCE—LAWS OF 1930, CHAPTER 685.

"Continuous service" means such service as is not broken or interrupted by a period of more than one year, two years or four years, dependent upon the circumstances or reason for such interruption. Time of active service in federal or State military or naval forces or in war time production, employment or relief or education work is not considered an interruption of continuous service. Continuous time service credit is not allowed for period of absences under conditions above set forth. Under chapter 685, Laws of 1930, officers as well as employees are affected. Under chapter 685, Laws of 1930, time service credit may be given to teachers qualified under the Education Law.

The Division of Standards and Purchase of the Executive Department submits a copy of Assembly Bill Print No. 2502 (which became chapter 686, Laws of 1930, effective July 1, 1930) and certain questions for my opinion.

The act relates to periodic increases in salaries of officers and employees in State institutions in the Executive Department, Division of Standards and Purchase, and makes an appropriation for such increases.

After referring to an existing schedule of minimum and maximum salaries and wages applying to institutions reporting to the Superintendent of Standards and Purchase, the following questions are presented:

"(a) What would be considered as continuous service?

(b) Provision is made in the schedule to cover increases in the salaries of certain officers. Would these officers be entitled to additional compensation under this bill?

(c) The bill omits the present regulation quoted above as follows: 'For this purpose the time served in the lower paid positions shall count for no more than one increment over the minimum.' Will this provision still be effective?

(d) If leave of absence without pay is granted, would this affect the continuous service of the employee?

(e) Teachers qualified under laws of the Department of Education and with teaching experience in public or private schools who may enter the service of the State institutions

have always been considered as having time service to warrant maximum rate of the institutions. Under the present bill, may we continue to consider this service as acceptable?"

The evident general purpose of chapter 685, Laws of 1930, was to establish a new or revised scheme or schedule of increase in salaries and wages for officers and employees of institutions reporting to your Division and for graduated and periodic increases for "continuous time service" and also a new basis for commutation in lieu of maintenance.

We will first consider the inquiry "(a)" as to what constitutes "continuous service" under the act in question.

There is no specific definition of this term, as applied to civil service, to be found in any statute or in the Civil Service Law, Rules or Regulations.

"Words and Phrases Judicially Defined" states the word "continuous" to mean "without interval or interruption."

Section 31 of the Civil Service Law which covers separation from the service is as follows:

> "Any person who while holding a position in the competitive class under the civil service law or rules, has been separated from the service through the abolition of a department, office or institution, or any section, bureau or division thereof, or whose position is abolished or made unnecessary, through no delinquency or misconduct on his part shall be deemed to be suspended without pay, which suspension shall be made in the inverse order of original appointment in the service, and shall be entitled to have his name entered upon a preferred list. The head of the department, office or institution in which such person was employed shall furnish the State Civil Service Commission, or if the position is in the service of a city the municipal civil service commission of said city, a statement showing his name, title of position, date of appointment, and the date of and reason for his separation from the service. It shall be the duty of the State Civil Service Commission or, if the person suspended shall have been in the service of a city, of the municipal civil service commission of said city forthwith to place the name of said person upon a preferred list for the office, or position, in which he has been employed, or for any corresponding or similar office or position in the same group and grade as the position he formerly held, and to certify from such list the names of persons for reinstatement, in the order of their original appointment, before making certification from any other list, for such position or similar position. The eligibility for reinstatement of a person whose name appears upon any such list shall not continue for a period longer *than two years* from the date of separation from the position so abolished, *except* that eligibility for reinstatement of such a person who shall have been separated from the service *by reason of the provisions of the*

10/28/2009 16:35 FAX   518 486 3176

Case 2:07-cv-01215-SJF-ETB   Document 145-99   Filed 01/15/10   Page 3 of 5 PageID #: 4037

☑004/006

[left column — partially cut off]

having time service to warrant
tions. Under the present bill,
is service as acceptable?"

hapter 685, Laws of 1930, was
me or schedule of increase in
mployees of institutions report-
ated and periodic increases for
a new basis for commutation

"(a)" as to what constitutes
in question.
this term, as applied to civil
or in the Civil Service Law,

efined" states the word "con-
l or interruption."
Law which covers separation

ing a position in the competi-
e law or rules, has been sepa-
the abolition of a department,
n, bureau or division thereof,
r made unnecessary, through
his part shall be deemed to
suspension shall be made in
ointment in the service, and
ne entered upon a preferred
ent, office or institution in
shall furnish the State Civil
osition is in the service of a
commission of said city, a
of position, date of appoint-
for his separation from the
the State Civil Service Com-
ded shall have been in the
l civil service commission of
name of said person upon a
sition, in which he has been
ng or similar office or posi-
as the position he formerly
st the names of persons for
heir original appointment,
ny other list, for such posi-
ligibility for reinstatement
pon any such list shall not
*two years* from the date of
bolished, *except* that eligi-
person who shall have been
on *of the provisions of the*

*state departments law* shall continue for a period of *four years* from the date of separation from the position abolished or made unnecessary by such law; and failure to accept, after reasonable notice, an office or position to which he has been certified shall be held to be a relinquishment of his right to reinstatement as herein provided."

Civil service rule 16, subdivision 1, relating to reinstatement in service is in part as follows:

"Any person who has held a position by appointment under the civil service rules, as the result of examination, or a person who did not enter the service as the result of examination but who has served continuously in the competitive class for at least three years, and who has been separated from the service through no delinquency or misconduct on his part, by removal, resignation, suspension, by leave of absence, without pay, *may be reinstated* without re-examination in a vacant position in the same office, department or institution, and in the same group, subdivision and grade, *within one year* from the date of such separation; or *may be appointed within one year* from the date of separation from the service, to a position to which he was eligible for transfer; provided that for original entrance to the position proposed to be filled by reinstatement, or appointment, there is not required by these rules, in the opinion of the commission, an examination involving essential tests or qualifications different from or higher than those involved in the examination of the original entrance to the position formerly held by the person proposed to be reinstated or appointed. *Absence on leave for more than one year shall be deemed the equivalent of a resignation from the service upon the date of commencement of such absence.* * * * In computing period of time under this subdivision, time of active service in the military or naval forces of the United States or of the State of New York, and time of employment in the production, construction or manufacture of equipment or supplies or in war relief or education work for such forces, shall not be considered."

Subdivision 2 of rule 16 is as follows:

"Any person who while holding a position in the competitive class under the civil law or rules, has been separated from the service through the abolition of a department, office or institution or any section, bureau or division thereof, or whose position is abolished or made unnecessary, shall be deemed to be *suspended without pay*. Such suspension shall be made in inverse order of original appointment in the service. The head of the department, office or institution in which such person was employed shall furnish the Civil Service Commission with a statement showing his name, title of posi-

tion, date of appointment, and date of and reason for his separation from the service. The Commission shall thereupon enter the name of such person upon a preferred list for the office, or position, in which he has been employed, or for any corresponding or similar office or position in the same group and grade as the position he formerly held, and shall certify from such list the names of persons for reinstatement, in the order of their original appointment, before making certification from any other list, for such position or similar position. The eligibility for reinstatement of a person whose name appears upon such preferred list *shall continue for a period of two years* from date of separation from the service. Failure to accept, after reasonable notice, an offer or position to which he has been certified shall be held to be a relinquishment of his right to reinstatement as herein provided."

Section 19 of the Civil Service Law covering "Official Roster," etc., provides in part as follows:

"The official roster shall show opposite or in connection with each name the date of appointment, employment, promotion or reinstatement, the compensation of the position, the date of commencement of service, and date of transfer in or separation from service by dismissal, resignation, cancellation of appointment or death."

From the above quotations we have what may be considered a definition or explanation of what constitutes separation from the service or termination of service and all of which would have a bearing upon what might constitute "continuous service" (if indeed it could not be said to define "continuous service"), at least inferentially or by indirection since there is no specific definition of such term in the Civil Service Law or elsewhere in the statutes. (See *People ex rel. Davie* v. *Lynch*, 164 App. Div. 517, which construed section 19 of the Civil Service Law and Civil Service Rule 16 as such rule read in 1914).

I am of the opinion that "continuous service," as used in chapter 685, Laws of 1930, and under the Civil Service Law, may be defined to mean such service as is not broken or interrupted by a period of more than one year in case of a voluntary separation from service involving no delinquency or misconduct, or by leave of absence, resignation, etc. (see section 19 of the Civil Service Law and Civil Service Rule 16) or not broken by a period of more than two years in case of separation from the service "through abolition of a department, office or institution or any section, bureau or division thereof or whose position is abolished or made unnecessary" (See section 31, Civil Service Law); or not broken by a period of more than four years where the separation from service resulted "by reason of the provisions of the State Departments Law" (See section 31, Civil Service Law).

However, the "time of active service in the military or naval forces of the United States or of the State of New York, and time of employment in the production, construction or manufacturing of equipment or supplies or in war relief or education work for such forces, shall not be considered" as an absence or an interruption of continuous service (See Civil Service rule 16, subdivision 1).

Now, as to the inquiry "(b)."

The purposes of this act as stated in its title is to provide "for periodic increases in salaries of *officers* and *employees* * * *." And section 3 of the act appropriates the money "for the payment of salaries and commutation of *officers* and *employees* * * *."

Although the term "officers" appears only in the title and in section 3 and reference is made elsewhere in the act only to "wages" and not also to "salary," the term generally used in the statutes to designate the compensation of officers and also sometimes to designate the compensation of both officers and employees, I am of the opinion the act affects and refers to officers as well as employees, and I answer your inquiry "(b)" in the affirmative.

Now as to the inquiry "(c)," I have been advised that this question has been withdrawn. Accordingly, no answer is made.

Now, as to question "(d)," this in effect, is covered by the answer to your question "(a)" (supra).

Now, as to question "(e)," there is nothing in chapter 685, Laws of 1930, which would require a change in the practice of the division under your existing schedule in giving time service credit to teachers qualified under the Education Law. I therefore answer in the affirmative.

Dated: July 8, 1930.

Very truly yours,

HAMILTON WARD,
*Attorney-General.*

*To the Division of Standards and Purchase, Executive Department.*

---

MOTOR VEHICLES—DISPOSITION OF FINES FOR SPEEDING—VEHICLE AND TRAFFIC LAW, SECTIONS 54, 56, 58, 73.

Where merely speeding is charged, the fine for a traffic violation in a city or village which has adopted a speed limit belongs to the municipality. But where either reckless driving, or failure to drive in a careful and prudent manner, is involved, the fine belongs to the State, no matter what the speed was.

Hon. Morris S. Tremaine, State Comptroller, asks in regard to the State's right to claim certain fines imposed in the police court of the village of Mamaroneck. It is stated that the fines were imposed for violations of chapter 16, section 1, of the village ordinances, in regard to speeding, and it is assumed that such