**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

---------------------------------------------------------------------x
EDWARD CARTER, FRANK FIORILLO, KEVIN :
LAMM, JOSEPH NOFI, and THOMAS SNYDER, :
:
                      Plaintiffs, :
:
     v. : Case No. 07 CV 1215 (SJF)(ETB)
:
INCORPORATED VILLAGE OF OCEAN BEACH; :
MAYOR JOSEPH C. LOEFFLER, JR., individually :
and in his official capacity; former mayor NATALIE K. :
ROGERS, individually and in her official capacity; :
OCEAN BEACH POLICE DEPARTMENT; ACTING :
DEPUTY POLICE CHIEF GEORGE B. HESSE, :
individually and in his official capacity; SUFFOLK :
COUNTY; SUFFOLK COUNTY POLICE :
DEPARTMENT; SUFFOLK COUNTY DEPARTMENT :
OF CIVIL SERVICE; and ALISON SANCHEZ, :
individually and in her official capacity, :
:
                      Defendants. :
---------------------------------------------------------------------x

**AFFIDAVIT OF EDWARD CARTER IN SUPPORT OF PLAINTIFFS'**
**RULE 56.1 COUNTER-STATEMENTS OF MATERIAL FACTS IN DISPUTE**

STATE OF NEW YORK    )
                               )ss.:
COUNTY OF SUFFOLK    )

I, Edward Carter, hereby declare and state:

       1.     I am a Plaintiff in the above-captioned matter, and have brought this action against the Incorporated Village of Ocean Beach ("Ocean Beach"), certain of its officials (collectively, "Ocean Beach Defendants"), Suffolk County, Suffolk County Department of Civil Service and one of its officials (collectively, "County Defendants") (all Defendants collectively, "Defendants"), for the unlawful termination of my employment as an Ocean

Beach Police Officer on April 2, 2006, and for events related to my termination, including Defendants' defamation and retaliation against me.

2. In addition to the facts attested to in my deposition, the following is additional information concerning my employment with the Ocean Beach Defendants and termination from my position as a Police Officer with the Ocean Beach Police Department ("OBPD").

3. During my employment with Ocean Beach, I expressed opposition to conduct of Ocean Beach employees and officials that I believed to be unlawful, corrupt, and/or improper, out of concern for the public and residents of Ocean Beach, as well as for myself and my fellow officers. In doing so, I acted as a concerned private citizen, knowing that it was not part of my duties as an Ocean Beach Police Officer to express opposition to such conduct.

4. I voiced my opposition to OBPD Officers drinking on duty, including in local bars and in the OBPD station.

5. I voiced my opposition to being forced to leave Ocean Beach short-staffed when I was required to chauffer intoxicated OBPD Officers.

6. I voiced my opposition to Defendant Hesse's orders to selectively enforce the law by refraining from issuing summonses to local bars in Ocean Beach that were owned by Hesse's friends, even though those bars served alcohol to minors.

7. Throughout my employment as an OBPD Officer, I regularly discussed the opposition to unlawful conduct and threats to public safety that I voiced to Ocean Beach authorities and officials with fellow OBPD Officers Joe Nofi, Kevin Lamm, Tom Snyder and

Frank Fiorillo, who are also Plaintiffs in this case. These Officers would, in turn, routinely inform me when they voiced similar opposition to Ocean Beach officials and authorities.

8. During my employment as an OBPD Officer, I heard Defendant Hesse state that he had "hooks" with the Suffolk County Department of Civil Service because he was having a sexual affair with Alison Sanchez.

9. During my employment as an OBPD Officer, I heard Defendant Hesse and other OBPD Officers refer to Defendant Loeffler as the "Ocean Beach Police Liaison" on numerous occasions.

10. When Defendant Hesse terminated my employment on April 2, 2006, he told me that I was being fired for failing to comply with "directives," but he refused to identify or explain what "directives" he was talking about and demanded that I turn in my Ocean Beach Police uniform. I told Hesse that my uniform jacket and gun belt were in my locker in the Police Barracks, Hesse directed another OBPD Officer, who had been waiting with a pair of bolt cutters, to cut the lock on my locker and retrieve my police uniform in front of other officers who were not fired, which was humiliating for me.

11. I also asked Defendant Hesse if his termination of my employment as an Ocean Beach Police Officer would have any affect on my other employment with Suffolk County. Defendant Hesse responded by smirking at me.

12. Subsequent to April 2, 2006, I had several telephone conversations with Defendant Hesse about my termination. I tape-recorded these conversations so that I could have proof of what Defendant Hesse said to me about my termination, because I suspected that Defendant Hesse might later deny his statements to me. Transcripts from two

excerpts of these conversations are attached as exhibits in opposition to Defendants'

motion for summary judgment, and are labeled as "Track 1" and "Track 2," respectively.

_____
EDWARD CARTER

Sworn to before me this
27 day of December 2009

_____
Notary Public

MICHAEL J DEVINE
Notary Public - State of New York
NO. 01DE6150873
Qualified in Suffolk County
My Commission Expires 2/7/2010