UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

-------------------------------------------------------------------- X

EDWARD CARTER, FRANK FIORILLO, KEVIN
LAMM, JOSEPH NOFI AND THOMAS SNYDER,          Case No.: 07 CV 1215 (SJF) (ETB)

                              Plaintiffs,

              -against-

INCORPORATED VILLAGE OF OCEAN BEACH;
MAYOR JOSEPH C. LOEFFLER, JR., individually
and in his official capacity; former mayor NATALIE K.
ROGERS, individually and in her official capacity,
OCEAN BEACH POLICE DEPARTMENT; ACTING
DEPUTY POLICE CHIEF GEORGE B. HESSE,
individually and in his official capacity; SUFFOLK
COUNTY; SUFFOLK COUNTY POLICE
DEPARTMENT; SUFFOLK COUNTY
DEPARTMENT OF CIVIL SERVICE; and ALISON
SANCHEZ, individually and in her official capacity,

                              Defendants.

-------------------------------------------------------------------- X

### REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF DEFENDANT ACTING DEPUTY POLICE CHIEF GEORGE B. HESSE'S MOTION FOR SUMMARY JUDGMENT

                         **MARKS, O'NEILL, O'BRIEN
                         & COURTNEY, P.C.**
                         Attorneys for Defendant
                         **ACTING DEPUTY POLICE CHIEF
                         GEORGE B. HESSE, individually
                         and in his official capacity**
                         530 Saw Mill River Road
                         Elmsford, New York 10523
                         (914) 345-3701
                         File No.: 479.81595

**JAMES M. SKELLY, ESQ.
KEVIN W. CONNOLLY, ESQ.
KAREN M. LAGER, ESQ.**

{NY072460.1}

# TABLE OF CONTENTS

Page

TABLE OF AUTHORITIES ................................................................................. iii

PRELIMINARY STATEMENT ............................................................................ 1

I.   PLAINTIFFS' SPEECH IS NOT PROTECTED UNDER THE FIRST AMENDMENT
     AND THUS PLAINTIFFS' FIRST AMENDMENT RETALIATION CLAIMS UNDER
     42 U.S.C. §§1983, 1985 AND THE NEW YORK STATE CONSTITUTION MUST BE
     DISMISSED ............................................................................................... 1

     A.   Plaintiffs were not speaking as "citizens" ........................................... 2

     B.   Plaintiffs' speech did not address a matter of public concern ................ 3

     C.   The record is devoid of evidence suggesting that plaintiffs' termination was a
          direct result of the protected speech made by the plaintiffs .................. 5

II.  PLAINTIFFS FAIL TO RAISE A TRIABLE ISSUE OF MATERIAL FACT
     REGARDING DEFENDANT HESSE'S ALLEGEDLY DEFAMATORY
     STATEMENTS ............................................................................................ 7

     A.   Plaintiffs have failed to plead and prove a statement of material fact made by
          defendant during the pre-season meeting ........................................... 8

     B.   Plaintiffs have not identified one defamatory statement per se to prospective
          employers, thus rendering summary judgment appropriate ................... 10

     C.   Statement made by Defendant Hesse to any prospective employer are protected
          by the Qualified Privilege .............................................................. 12

     D.   Statements made by Defendant Hesse on "The Schwartz Report" Blog are
          Statements of Pure Opinion, and thus, non-actionable statements .......... 13

     E.   The Court must look to the forum state for state substantive law when applying it
          in the Federal Forum ...................................................................... 15

III. PLAINTIFFS FAIL TO PRESENT A MATERIAL ISSUE OF FACT REQUIRING
     SUMMARY JUDGMENT ON PLAINTIFFS' STIGMA PLUS CLAIMS FOR
     DEPRIVATION OF THEIR LIBERTY INTEREST WITHOUT DUE PROCESS ........ 17

     A.   Plaintiffs fail to show a constitutionally protected property interest in their
          continued employment thus Plaintiffs 14th Amendment Due Process Claim Fails
          as a Matter of Law ........................................................................ 18

     B.   Plaintiffs have not identified a statement calling into question plaintiffs' good
          name, reputation, honor or integrity and thus, this claim fails as a matter of law 18

IV.  PLAINTIFFS CLAIMS UNDER NEW YORK CIVIL SERVICE LAW §75-B FAIL AS
     A MATTER OF LAW ................................................................................... 20

A.   Plaintiffs complaints to their direct supervisor is insufficient disclosure to a "governmental body" thus requiring judgment as a matter of law in Defendant Hesse's favor ................................................................................................... 20

B.   Plaintiffs were not employees of Ocean Beach, but prospective seasonal employees, and thus New York Civil Service Law §75-b is inapplicable to the plaintiffs ................................................................................................................ 21

V.   PLAINTIFFS FAIL TO PRESENT MATERIAL ISSUES OF FACT, THUS REQUIRING SUMMARY JUDGMENT ON PLAINTIFFS' NEGLIGENT SUPERVISION CLAIM ................................................................................... 21

VI.   SUBSTANTIVE DUE PROCESS ......................................................................... 22

VII.   PLAINTIFFS FAIL TO PRESENT A MATERIAL ISSUE OF FACT, REQUIRING DISMISSAL OF PLAINTIFFS' TORTIOUS INTERFERENCE WITH PROSPECTIVE BUSINESS RELATIONSHIP CLAIM ........................................................................ 23

CONCLUSION ...................................................................................................... 24

# TABLE OF AUTHORITIES

**Cases**

Abramson et. al. v. Pataki, et. al. 278 Fed. Appx. 379, 381 (2d Cir. 2007)................................. 19

Bal v. City of New York, 266 a.d. 2d 79, 698 N.Y.S. 2d 852 (1st Dep't 1999)............................ 21

Bd. of Regents v. Roth, 408 U.S. 569 (1972) .............................................................................. 19

Brian v. Richardson, 87 N.Y. 2d 46, 51, 660 N.E. 2d 1126 (N.Y. 1995) .................................... 15

Celle v. Filipino Reporter Enters., 209 F.3d 163 (2d Cir. 2000) .................................................... 7

Connick v. Myers, 461 U.S. 138, 148 n.7, 103 S. Ct. 1684 (1983) ................................................ 4

Curto v. Medical World Comm. Inc., et. al., 388 F. Supp. 2d 101 (E.D.N.Y. 2005) ................... 14

Demas v. Levitsky, 291 A.D.2d 653; 738 N.Y.S.2d 402 (3rd Dep't 2002) ................................. 13

DiBlasio v. Novello, 344 F. 3d 292 (2d Cir. 2003) ..................................................................... 18

Dillion, Jr. et. al. v. City of N.Y. et. al., 261 A.D. 2d 34; 704 N.Y.S. 2d 1 (1st Dep't 1999). ..... 17

Erie Railroad Co. v. Tompkins, 304 U.S. 64; 58 S. Ct. 817, 822 (1938) ..................................... 16

Ezekwo v. New York City Health & Hosp. Corp., 940 F. 2d 775, 781 (2d Cir. 1991).................. 4

Ezekwo, 940 F. 2d at 781............................................................................................................. 4

Flaherty v. All Hampton Limousine, In., et. al., 2008 U.S. Dist. LEXIS 54321 (E.D.N.Y. 2008). ................................................................................................................................................. 13

Garcetti v. Ceballos, 547 U.S. 410, 126 S. Ct. 1951 (2006)......................................................... 2

Gasperini v. Ctr. For Humanities, Inc., 518 U.S. 415, 427 (1996) ............................................... 16

Gjonlekaj et al. v. Bota Sot et. al., 308 A.D. 2d 471; 764 N.Y.S. 2d 278 (2d Dep't 2003).. 7, 8, 14

Gross v. New York Times Co., 82 N.Y. 2d 146, 153, 623 N.E. 2d 1163, 1167 (1993)......... 12, 15

Immuno A.G. v. Moor-Jankowiski, 77 N.Y. 2d 235, 567 N.E. 2d 1270 (N.Y. 1991) ................. 15

In Re Gaston & Snow, 243 F.3d 599 (2d Cir. 2001) ................................................................... 16

Kenny v. Genesee Valley Bd. of Coop. Educ. Services at al., 2008 U.S. Dist. LEXIS 8808 (W.D.N.Y. 2008) ................................................................................................................. 1

Lewis v. Cowen, 165 F. 3d 154 (2d Cir. 1999) ............................................................... 4

Mann v. Abel et. al., 10 N.Y. 3d 271, 276, 85 N.E. 2d 884, 885 (N.Y. 2008) ...................... 14, 15

Markovic v. New York City Sch. Constr. Auth., et. al., 200 U.S. Dist. LEXIS 214 (S.D.N.Y. 2002) ............................................................................................................... 1, 3, 5

Morris v. Lindau, 196 F. 3d 102, 109 (2d Cir. 1999) ...................................................... 1

Morse v. Elmira Country Club, 752 F.2d 35 (2d Cir. 1984) ............................................. 17

November v. Time Inc., 13 N.Y. 2d 175, 179, 244 N.Y.S. 2d 309 (1963) ............................ 14

Parks v. Steinbrenner, 131 A.D. 2d 60, 62, 520 N.Y.S. 2d 374 (N.Y. App. Div. 1987) .......... 7, 14

Perry v. Burger King Corp., 924 f. Supp. 548 (S.D.N.Y. 1996) ......................................... 22

Piccoli v. Yonkers Bd of Ed., et. al., 2009 U.S. LEXIS 116153 (S.D.N.Y. 2009) ................... 18

Pierce v. Netzel, 148 Fed. Appx. 47 (2d Cir. 2005) ...................................... 7, 9, 10, 11, 13, 19, 23

Pisani v. Staten Island University Hospital et. al., 440 F. Supp. 2d 168; 2006 U.S. Dist. LEXIS 35638 (E.D.N.Y. 2006) .................................................................................................. 7

Platt Saco Lowell Ltd. et. al. v. Fahmy Trading Co. Inc., et. al., 1981 U.S. Dist. LEXIS 14605 (S.D.N.Y. 1981) .............................................................................................. 11, 12, 17

Rafter v. Bank of America, et. al., 2009 U.S. Dist. LEXIS 21542 (S.D.N.Y. 2009) ................. 13

Rinadi v. Holt, 42 N.Y.2d 369 (1977) .......................................................................... 12

Ruotolo v. City of N.Y., 514, F.3d 184, 189 (2d Cir. 2008) ........................................ 2, 4, 5

Segal v. City of New York, 459 F. 3d 207 (2d Cir. 2006) ................................................ 18

Shady Grove Orthopedic Assoc. P.A. et. al. v. Allstate Insur. Co., 549 F. 3d 137(2d Cir. 2008) 16

Shady, 549 F. 2d at 142. ........................................................................................... 17

Shan v. N.Y.C. Dep't of Health and Mental Hygiene, 2007 U.S. Dist. LEXIS 69782, (S.D.N.Y. 2007) ................................................................................................................. 16

Silverman v. City of New York, et. al., 2001 U.S. Dist. LEXIS 2631 * 29 (E.D.N.Y. 2001) ..... 18

Tesoriero v. Syosset Central School Dist.et. al., 382 F. Supp. 2d 387 (E.D.N.Y. 2005) ............. 23

Tiltti et. al. v. Weise, 155 f. 3d 596, 603 (2d Cir. 1998)............................................................ 4, 5

Torain v. Liu, 2007 U.S. Dist. LEXIS 60065 (S.D.N.Y. 2007)................................................. 8, 14

Util. Metal Research, Inc. v. Coleman, 2008 U.S. Dist. LEXIS 25095 (E.D.N.Y. 2008)........... 22

Van Cleef v. Seneca County, 2009 U.S. Dist. LEXIS 35430 (W.D.N.Y. 2009)........................ 2, 3

Weintraub v. Bd. of Educ., 489 F. Supp. 2d 209 (E.D.N.Y. 2006). ............................................... 2

**Statutes**

CPLR §3016(a) ......................................................................................................................... 16, 17

Fed. R. Civ. P. Rule 8(a). .................................................................................................. 11, 12, 17

New York Civil Service Law §75-b ....................................................................................... 21, 22

## PRELIMINARY STATEMENT

At the outset, the Court should take notice of the voluntary dismissal by the plaintiffs, Edward Carter ("Carter"), Frank Fiorillo ("Fiorillo"), Kevin Lamm ("Lamm"), Joseph Nofi ("Nofi"), and Thomas Snyder ("Snyder"), of the Seventh Cause of Action, brought under the Equal Protection clause of the 14th Amendment to the U.S. Constitution, the Ninth Cause of Action brought under New York Labor Law §740 and the Thirteenth Cause of Action brought under the RICO statute. (See Pltf. Mem. p. 30, n. 10).

Further, plaintiffs have failed to address the Fourteenth Cause of Action alleging Civil Conspiracy claim nor do the plaintiffs dispute the fact that New York does not recognize the Eleventh Cause of Action alleging Termination in Violation of Public Policy. As such, these claims should be taken as concession, should be dismissed and summary judgment granted.

I.  **PLAINTIFFS' SPEECH IS NOT PROTECTED UNDER THE FIRST AMENDMENT AND THUS PLAINTIFFS' FIRST AMENDMENT RETALIATION CLAIMS UNDER 42 U.S.C. §§1983, 1985 AND THE NEW YORK STATE CONSTITUTION MUST BE DISMISSED**

Plaintiffs asserting a First Amendment Retaliation Claim under §1983 must at the outset demonstrate by a preponderance of the evidence that (1) the plaintiff engaged in constitutionally protected speech; (2) the plaintiff suffered an adverse employment action; and (3) that a causal connection exists between the speech and the adverse employment action, such that it can be said that the speech was a motivating factor in the adverse action.[1] Markovic v. New York City Sch. Constr. Auth., et. al., 2002 U.S. Dist. LEXIS 214 (S.D.N.Y. 2002)(citing Morris v. Lindau, 196 F. 3d 102, 109 (2d Cir. 1999); Healy v. The City of N.Y. Dep't of Sanitation, 2006 U.S. Dist. LEXIS 86344 (S.D.N.Y. 2006). Whether speech is constitutionally protected is evaluated in two

---

1 Free speech claims under Article 1, §8, of the New York State Constitution are governed by the same standards as free speech claims under the First Amendment and, therefore, require dismissal on summary judgment. Markovic, 2002 U.S. Dist. Lexis 214 (S.D.N.Y. 2002); Kenny v. Genesee Valley Bd. of Coop. Educ. Services at al., 2008 U.S. Dist. LEXIS 8808 at *7 (W.D.N.Y. 2008).

sub-parts:  (a) the public employee must be speaking as a "citizen," and (b) the speech must be a matter of "public concern."  Ruotolo v. City of N.Y., 514, F.3d 184, 189 (2d Cir. 2008).  The record is devoid of evidence suggesting that plaintiffs' speech was made as a citizen addressing a matter of public concern, thus, plaintiffs' claim fails as a matter of law.

### A.    Plaintiffs were not speaking as "citizens"

The Supreme Court has held that when public employees make statements as employees, the employees are not speaking as citizens for First Amendment purposes.  Garcetti v. Ceballos, 547 U.S. 410, 421, 126 S. Ct. 1951 (2006).  Statements made in private at work, militates against a finding that a plaintiff was speaking as a citizen on matters of public concern.  Van Cleef v. Seneca County, 2009 U.S. Dist. LEXIS 35430 *11 (W.D.N.Y. 2009). Further, where the plaintiffs' complaints contain no sense of "urgency, nor formality, nor inclination to warn the citizenry of some pending harm," they are not statements found to be made as a citizen.  Id. at *11.   Moreover, when a public employee airs a complaint or grievance, or expresses concern about misconduct to his or her immediate supervisor, he or she is speaking as an employee and not as a citizen; in such cases, the First Amendment does not protect the employee's speech. Weintraub v. Bd. of Educ., 489 F. Supp. 2d 209, 219 (E.D.N.Y. 2006).

The record is clear and there exists no material issue of fact concerning plaintiffs purported speech.  Plaintiffs' complaints were all internal grievances that were addressed to their direct supervisor, Defendant Hesse.  (Hesse 56.1, ¶29).  Plaintiffs all testified that their complaints about the internal operations of the Ocean Beach Police Department ("OBPD") were addressed only to their immediate supervisor, Defendant Hesse.  (See Hesse 56.1, ¶¶29-31.) Specifically, plaintiff Lamm testified that the only complaints he ever made were to his direct supervisor, as that was the "chain of command."  (Hesse Mem., Ex. "F" Lamm T., 204:6-17; 205:6-206:22).  Plaintiff Noffi also testified that he only complained to his direct supervisor,

Defendant Hesse as he went through the "chain of command."   (Hesse Mem., Ex. **"E"** Nofi T., 219:20-23).   Moreover, Plaintiffs never expressed a sense of urgency or formality in their complaints.   See <u>Van Cleef</u>, <u>supra</u> at *11.   All the alleged complaints were made verbally to Defendant Hesse over a period of years.   (<u>See</u> Hesse 56.1, ¶¶29-30).   There can be no impending sense of harm or urgency in plaintiffs' complaints which were made verbally to plaintiffs' direct supervisor *throughout* the course of the plaintiffs' employment with Ocean Beach Police Department ("OBPD").   See <u>Van Cleef</u>, 2009 U.S. Dist. LEXIS 35430 at *11.   There is no evidence in support of plaintiffs claim that these statements were made on matters of public concern

The record is devoid of evidence even suggesting that these complaints were made as citizens outside their employment with Ocean Beach.   Plaintiffs were merely airing personal grievances and concerns of misconduct within OBPD to their supervisor and were not speaking as citizens on matters of public concern.   The plaintiffs fail to point to one statement which can be said was made as a citizen, outside the plaintiffs' employment with Ocean Beach, and thus, the First Amendment affords no protection to plaintiffs' speech and plaintiffs' First Amendment Retaliation Claim fails as a matter of law.

**B.   Plaintiffs' speech did not address a matter of public concern**

Even if the Court does determine that the speech was made in plaintiffs' role as citizens and not as employees of OBPD, the Court must determine whether the speech addresses a matter of public concern. <u>Markovic</u>, 2002 U.S. Dist. LEXIS 214 (S.D.N.Y. 2002) As detailed in Defendants Memorandum of Law, "whether an employee's speech addresses a matter of public concern is a question of law for the Court to decide, taking into account the content, form, and context of a given statement as revealed by the whole record." <u>Connick v. Myers</u>, 461 U.S. 138, 148 n.7, 103 S. Ct. 1684 (1983); <u>Ruotolo</u>, 514 F. 3d at 189.   "The heart of the matter is whether

the employee's speech was calculated to redress personal grievances or whether it had a broader public purpose." Ruotolo, 514 F. 3d at 189, (citing Lewis v. Cowen, 165 F. 3d 154, 163-64 (2d Cir. 1999)). Retaliation against the airing of generally personal grievances is not brought within the protection of the First Amendment by the mere fact that [some of the] comments could be construed broadly to implicate matters of public concern." Id. at 189. Although some of the complaints addressed by plaintiffs may affect the public, plaintiffs were not "on a mission to protect the public welfare." See Def. Hesse's 56.1¶¶ 29-31; Id. (citing Ezekwo v. New York City Health & Hosp. Corp., 940 F. 2d 775, 781 (2d Cir. 1991).

In Ezekwo, a physician complained about aspects of her hospital residency program, including unfair evaluations, lack of ability to perform certain surgery, poor management skills, lack of hospital maintenance and discrimination on basis of sex, race and national origin. The court held that she was not speaking on matters of public concern as although the "quality" of the program may affect the public, it was not her mission to protect the public but was merely concerned with her own development and reputation as a doctor. 940 F. 2d 775, 781 (2d Cir. 1991); See also Tiltti et. al. v. Weise, 155 f. 3d 596, 603 (2d Cir. 1998).

Similar to Ezekwo, plaintiffs' complaints to defendant Hesse regarding the mismanagement of employees, leaving the village dangerously short when they were to drive civilians of the island and cleaning up after fellow officers of OBPD does not amount to matters of public concern, as plaintiffs were not on a mission to protect the public but were only concerned with their own standing within the OBPD and specifically, their perception of favored treatment of some of the officers within the Village. Ezekwo, 940 F. 2d at 781. There is similarly no evidence in the record to support a finding that plaintiffs were on a mission to protect the public. Plaintiffs never contacted media outlets to the purported corruption occurring within the OBPD nor did they notify any other persons besides their direct supervisors to voice their complaints with the actions defendant Hesse was taking toward these officers. (See Def.

Hesse 56.1 ¶31). When all of the complaints are viewed objectively and as a whole, plaintiffs' complaints addressed solely to their direct supervisors does not amount to speech on matters of public concern, but merely personal grievances the plaintiffs had with defendant Hesse's management style decisions.[2] Ruotolo, 514 F. 3d at 190; (See Def. Hesse Mem. p. 4-5). If these concerns had been so grave and important to address the public, plaintiffs would presumably have sought other outlets to voice their concerns. See Tiltti, 155 F.3d at 603. Public employees voicing concerns regarding the mismanagement of the police department is not, as a matter of law protected speech under the First Amendment. Id. The intent of the plaintiffs is clear: plaintiffs were not on a mission to serve and protect the public but were addressing personal grievances within the police department and thus, plaintiffs have were not addressing matters of public concern and, therefore, plaintiffs' First Amendment Retaliation Claim must fail as a matter of law.

### C.   The record is devoid of evidence suggesting that plaintiffs' termination was a direct result of the protected speech made by the plaintiffs

Plaintiffs have failed to allege any material issues of fact thus aligning plaintiffs' termination with the purportedly protected speech. Plaintiffs have failed to demonstrate in the record that defendant Hesse's decision to not re-hire the plaintiffs for the 2006 season was a direct and proximate cause of the protected speech made by the plaintiffs. See Markovic, 202 U.S. Dist. LEXIS 214 (S.D.N.Y. 2002). The timing is too far attenuated to imply that plaintiffs speech was the sole proximate reason for plaintiffs' termination and plaintiffs present no such evidence supporting plaintiffs' assertions.

The speech that plaintiffs allege is protected under the First Amendment was made throughout the plaintiffs tenure at the OBPD. (See Hesse 56.1, ¶¶29-30). Further, Plaintiffs

---

[2] It has long been held, following the reasoning in Connick, public employees dissatisfaction with working conditions does not amount to speech on matters of public concern. Tiltti v. Weise, 155 F. 3d at 603.

testified that the alleged complaints were raised to Defendant Hesse beginning in 2002 through 2005. (Carter T., pp. 314, 322-23, 326-27; Lamm T., pp. 191-92). The timeframe is too far attenuated to imply that as a result of this ongoing speech being made by plaintiffs, Defendant Hesse five years later terminated the Plaintiffs' employment. The record does not support the allegation that the Plaintiffs were not re-hired for the 2006 season as a result of their speech. Moreover, defendant Hesse specifically testified to legitimate reasons for plaintiffs' termination. (Hesse T., pp. 755, 765, 770, 772). Defendant Hesse indicated that the plaintiffs were insubordinate, would not listen to his directives, failed to report to work and were found sleeping tours away. Id. at pp. 617, 626, 634, 637, 640).

The record is devoid of evidence suggesting a causal connection between the timing of the complaints and the termination of the plaintiffs. Plaintiffs further attempt to distort the facts is noted in the allegation that Defendant Hesse told fellow officers at the pre-season meeting he terminated plaintiffs based on his suspicion that the plaintiffs were going to "wear a wire" in connection with aninvestigation by the Suffolk District Attorney is unsupported by the record. (See Pl. Mem. pp. 9). There is no evidence in the record suggesting that Defendant Hesse made any statements even relating to the plaintiffs at the pre-season meeting as discussed *infra*. In actuality, the record supports the defendants' notion that Hesse made no such statements. (See *Infra*, II, B). Officer Carollo and Christopher Moran had no recollection as to any statements made by Defendant Hesse. (Carolla T., 274:2; Moran t., 27:2-29:19). Further, Moran was unaware of plaintiffs termination until he was notified by Kevin Lamm by telephone. (Moran T. 27:2-29:19). As discussed *infra*, plaintiffs' reliance on inadmissible hearsay evidence is insufficient to create a material issue of fact on a motion for summary judgment. See e.g. Pierce v. Netzel, 148 Fed. Appx. 47, 51 (2d Cir. 2005). Moreover, a distorted tape and transcript is insufficient proof as to Defendant Hesse's motive for the termination of Plaintiffs' employment with Ocean Beach. Id. Plaintiffs have failed to establish that the protected speech was the direct

cause of plaintiffs' termination, have offered no admissible evidence in support of such claim and thus, plaintiffs' First Amendment Retaliation Claim must be dismissed on summary judgment.

## II.   PLAINTIFFS FAIL TO RAISE A TRIABLE ISSUE OF MATERIAL FACT REGARDING DEFENDANT HESSE'S ALLEGEDLY DEFAMATORY STATEMENTS

Plaintiffs are correct in their assertion that under New York Law, the burden rests on plaintiffs to plead and prove a (1) false *statement* of fact concerning the plaintiff[s]; (2) that was published to a third party; (3) due to the defendant's negligence (or actual malice depending on the status of the person libeled); and (4) special damages or per se actionability.  Pisani v. Staten Island University Hospital et. al., 440 F. Supp. 2d 168, 172; 2006 U.S. Dist. LEXIS 35638 (E.D.N.Y. 2006)(citing Celle v. Filipino Reporter Enters., 209 F.3d 163, 176 (2d Cir. 2000)(emphasis added).  A defamatory statement is libelous per se if the statement "tends to expose the plaintiff to public contempt, ridicule, aversion or disgrace, or induce an evil opinion of him of their friendly intercourse in society."  Gjonlekaj et al. v. Bota Sot et. al., 308A.D.2d 471, 473; 764 N.Y.S.2d 278, 281 (2d Dep't 2003).  Whether words are reasonably susceptible of a defamatory meaning is a matter of law, to be resolved by the Court.  Id.  Moreover, statements of pure opinion, "no matter how perjorative or pernicious they may be, [are] safeguarded and may not serve as the basis for an action in defamation."  Parks v. Steinbrenner, 131 A.D. 2d 60, 62; 520 N.Y.S. 2d 374 (N.Y. App. Div. 1987); Torain v. Liu, 2007 U.S. Dist. LEXIS 60065 (S.D.N.Y. 2007)(finding statements of pure opinion are immune from all defamation claims, even claims of per se defamation.)

Plaintiffs have failed to plead and prove a "false statement of fact concerning the plaintiff[s]" was ever made at the April 2, 2006 pre-season meeting, nor were any statements made to prospective employers pre se defamatory.  Similarly, defendant Hesse's statements

made on "The Schwartz Report Blog" were all statements of "pure opinion" and, thus, plaintiffs' defamation claim fails as a matter of law.

**A.    Plaintiffs have failed to plead and prove a statement of material fact made by defendant during the pre-season meeting**

In an effort to create issues of material fact, and cloud the true issues before the Court, plaintiffs describe an environment which reeks of cronyism and bullying in their efforts to appeal to the emotions of the Court.  However, any environmental concerns are irrelevant to state a defamation cause of action, plaintiffs must first establish that a false *statement* of fact was made by the defendant. Pisani, 440 F. Supp. 2d at 172 (emphasis added).

Plaintiffs, in their Memorandum of Law, argue that statements by officer Hesse were made to the remaining officers relating to the reasons for the plaintiffs' termination; namely that Hesse had learned that the officers "were to 'wear a wire' for the Suffolk County D.A. in connection with an investigation into claims of police brutality by Hesse and other OBPD Officers and throw them all "under the bus". (See Pl. Mem. P. 21).  However, the record is devoid of evidence to support such allegation or even inferences that such statements were ever made. (See *supra*, VI).

Plaintiffs have misstated Officer Carollo's testimony as he specifically testified that he did not remember, if anything, what Hesse stated about the plaintiffs at the pre-season meeting. (Carollo T., 274:2-6).  Similarly, Moran had no recollection as to anything discussed at the meeting, nor did he know that plaintiffs had not been asked back for the 2006 season until after the meeting when he was informed of the circumstances by telephone call from the plaintiff, Kevin Lamm. (Moran T., 27:2-29:19).

Moreover, plaintiffs' attempt to identify such statements made by defendant Hesse by introducing a transcript of a tape recorded conversation between Kevin Lamm and Chris Moran is insufficient evidence to support such allegation. (See Pl. Ex. 16; see e.g. Pierce, 148 Fed.

Appx at 57).  Further, the tape recording never mentions defendant Hesse by name, the pre-season meeting nor does it provide a sufficient context to determine that what Moran and Kevin Lamm were discussing. Similarly plaintiffs never heard defendant Hesse make any of the alleged defamatory statements.  (See Village 56.1, ¶64-66).

Plaintiffs, once again, in their efforts to identify a statement made by defendant Hesse mischaracterize the testimony of Chris Moran. Plaintiffs indicate that Hesse instructed the attendees to form a line outside of the boathouse while he terminated the plaintiffs and then required them to parade through the remaining officers to leave the island.  Moran never testified to such fact.  (See Pl. Mem. p. 20-21; Pl. 56.1 ¶263).  The record is devoid of evidence suggesting Hesse orchestrated an environment to maximize humiliation.  Further, such information is irrelevant to a claim sounding in defamation, which at the minimum requires a "false statement of fact concerning the plaintiff".  Nowhere in plaintiffs attempt to cloud the facts and paint a picture of sheer meanness and ill will in the Ocean Beach Police Department, do they point to one statement made by Hesse on the date of the pre-season meeting said by Hesse about plaintiffs to any other person.  Their efforts are thwarted by introducing a nearly illegible tape recording of hearsay statements made by Kevin Lamm and Moran. (See Pl. Ex. 16).  Moran and Officer Carollo both testified that they could not recall any statements made by anyone about the plaintiffs at the pre-season meeting.  Id.  These allegations are a feigned attempt to create a material issue of fact as plaintiffs cannot identify one statement made by defendant Hesse about the plaintiffs during that pre-season meeting to support their claim for defamation.

Moran specifically testified that a playing of this tape did not refresh his recollection as to any context in which the conversation was had, nor whether or not the term "wire" was used. (Moran T., 27:2-29:19).  Moran could not identify any of the statements within the tape and had no recollection as to the conversation between himself and Lamm.  (Moran T., 165:24-1674).  This tape recording is insufficient evidence establishing that any statements about a wire or

statements made regarding throwing the plaintiffs under the bus were ever made by defendant Hesse.  See e.g. Pierce, 148 Fed. Appx at 57.  Plaintiffs have failed to plead and prove that any statements about the plaintiffs at the pre-season meeting were ever made and the record is devoid of evidence supporting such inferences.  Plaintiffs defamation claim must fail as a matter of law.

**B.    Plaintiffs have not identified one defamatory statement per se to prospective employers, thus rendering summary judgment appropriate**

Plaintiffs repeatedly allege that defendant Hesse used "retaliatory and defamatory statements" to potential employers, yet plaintiffs have failed to identify any statements made by Hesse to any potential employer.  The record is devoid of evidence establishing any statements were made by defendant Hesse to prospective employers that were anything more than true statements of fact.

Plaintiffs, once again, fail to allege and identify any statements made by defendant Hesse to Mr. Lamm's prospective employer at the Suffolk County Police Department.  Plaintiffs efforts to distort the record include an illegible tape recording of a conversation between Officer Moran and Kevin Lamm discussing some sort of "bad review".  Once again, there is no context for this conversation and Hesse is never once mentioned in the recording.  (See Pl. Ex. 15).  Further, alleging that defendant Hesse made "defamatory and retaliatory statements" to prospective employers without identifying the actual statements, as a matter of law cannot be held to be defamatory.  See Shan, 2007 U.S. Dist. LEXIS 69782 *20 (S.D.N.Y. 2007); (See Pl. Mem. p. 22; Pl. 56.1 ¶269)  Without identifying a statement made to employers besides a hearsay statement which alleges a "bad reference" was given by an unknown party to an unknown party, plaintiffs have not established the necessary elements to sustain a cause of action sounding in defamation.  (See Pierce, 148 Fed. Appx. at 51).  Even under the liberalized pleading rules, without some particularization of the subject slander, a claim cannot stand.  Platt Saco Lowell Ltd., 1981 U.S. Dist. Lexis 14605 at *10-11.  Further, plaintiffs testified that they did not know to date what

statements Hesse made to their prospective employers, but only that the references were bad. (Lamm T., pp. 57-59; Nofi T. pp. 34, 38). Plaintiffs have failed to find support in the record that any defamatory statements were made to Suffolk County Police Department in relation to Plaintiff Lamm in his efforts to obtain employment.

Similarly, plaintiffs in their opposition papers allege that defendant Hesse made retaliatory and defamatory statements to Sergeant Scott Foster relating to Mr. Fioriollo's application of employment with Southampton Police Department. However, there is no evidence to suggest that defendant Hesse ever commented on Mr. Fiorillo's unfitness as a police officer as alleged by plaintiffs. (See Pl. Mem. p. 23). The record is devoid of such evidence and plaintiffs point to no evidence suggesting defendant Hesse ever made any statement relating to Officer Fiorillo's unfitness as an officer. Officer. Fiorillo specifically testified that he had no idea what Hesse said to Foster. (Fiorillo T., 272:15-273:19). An action for defamation cannot stand, where as here, the plaintiffs cannot identify the actual statements to which they believe to be defamatory. Even under the more liberal rules of Fed. R. Civ. P. 8(a), plaintiffs have failed to even suggest the "gist" of the statements, let alone setting forth the slanderous language haec verba. Platt Saco Lowell Ltd, 1981 U.S. Dist. LEXIS 14605 *10 (S.D. N.Y. 1981). Merely suggesting that statements made to potential employers must have been defamatory is insufficient, even under the more liberal Fed. R. Civ. P. Rule 8(a). See Platt Saco Lowell Ltd, 1981 U.S. Dist. LEXIS 14605 at * 10-11. Plaintiffs point to handwritten notes from Officer Foster in which Hesse indicated he would not rehire Officer Fiorillo. This statement cannot be said to be defamatory as it is a statement of opinion by defendant Hesse that he would not hire him. See generally Gross v. New York Times Co., 82 N.Y. 146, 153; 623 N.E. 2d 1163, 1167 (1993). There is no evidence to suggest Officer Fiorillo was harmed nor that these statements were the reasons why Fiorillo did not secure this employment. Further, as plaintiffs allege defamation per se, a statement that he would not rehire the plaintiff does not expose the plaintiff

to "public contempt, ridicule, aversion or disgrace or induce an evil opinion of him." <u>Rinadi v. Holt</u>, 42 N.Y.2d 369, 379 (1977).  This statement of pure opinion can in no way be interpreted as per se defamatory.

Moreover, there is no evidence that as a result of defendant Hesse's statement to Sergeant Foster, Fiorillo did not receive such employment.  Sergeant Foster did reach out to the applicant for an interview, but in the same notation as plaintiffs allege was defamatory, Sergeant Foster indicated that the interview was ended after "the applicant fought with Sergeant Foster." (Skelly Decl., Ex. **"3"**)  There is no evidence to suggest that defendant Hesse's statements interfered with plaintiffs' prospective employment.  Plaintiffs cannot blame their own ineptitude on defendant Hesse.

Moreover, the record is devoid of evidence to establish that Hesse made any statements to prospective employers regarding Officer Lamm.  Plaintiffs once again suggest that inadmissible hearsay, presented in the form of a distorted tape recording and transcript of a conversation between plaintiff Lamm and Moran, is sufficient to overcome a motion for summary judgment. (<u>See</u> <u>e.g.</u> <u>Pierce</u>, 148 Fed. Appx. at 51).  There is no support in the record suggesting that defendant Hesse made any statement to an employer about Lamm's performance as a police officer for Ocean Beach.

Further, plaintiff Carter's allegations that defendant Hesse informed his employer, Gregg Decanio, in a job reference that Carter was sleeping on the tour is not a per se defamatory statement.  Moreover, as far as defendant Hesse knew, this was a true statement of fact.  This type of statement does not impute public contempt or ridicule and, therefore, this statement is not defamatory per se.

**C.    Statement made by Defendant Hesse to any prospective employer are protected by the Qualified Privilege**

Even if the Court finds statements made by defendant Hesse to potential employers to be defamatory per se, statements made by defendant Hesse to other prospective employers is protected by the qualified privilege. New York "recognizes a qualified 'common interest privilege" to help facilitate the flow of information between parties regarding subjects in which they share a common interest." Flaherty v. All Hampton Limousine, In., et. al., 2008 U.S. Dist. LEXIS 54321 *20 (E.D.N.Y. 2008). A qualified privilege arises with respect to defamation when a person makes a good-faith, bona fide communication upon a subject matter which he has an interest, or a legal, moral or societal interest to speak, and the communication is made to a person with a corresponding interest." Id. (quoting Demas v. Levitsky, 291 A.D.2d 653, 738 N.Y.S.2d 402, 410 (3rd Dep't 2002); See also Rafter v. Bank of America, et. al., 2009 U.S. Dist. LEXIS 21542 * 31 (S.D.N.Y. 2009). Assessments of a current or former employee's work performance are non-actionable statements of opinion. Id.

Any statements made by Hesse in his role as supervisor to other prospective employers is protected under the qualified privilege and thus non-actionable. Summary Judgment must be granted in defendant Hesse's favor based on any alleged statements made to prospective employers.

**D.    Statements made by Defendant Hesse on "The Schwartz Report" Blog are Statements of Pure Opinion, and thus, non-actionable statements**

Plaintiffs have failed to prove that any statements made by defendant Hesse were statements of fact, which are provably false. Whether particular words are reasonably susceptible of a defamatory meaning is a matter of law, to be resolved by the Court. Gjonlekaj et al. v. Bota Sot et. al., 308 A.D. 2d 471; 764 N.Y.S. 2d 278 (2d Dep't 2003); Curto v. Medical World Comm. Inc., et. al., 388 F. Supp. 2d 101, 110 (E.D.N.Y. 2005). The statement's defamatory meaning is to be judged by the average and ordinary reader "acquainted with the parties and the subject-matter." Id. (citing November v. Time Inc., 13 N.Y. 2d 175, 179, 244

N.Y.S. 2d 309 (1963); Celle v. Filipino Reporter Enterprises, Inc., 209 F.3d 163, 177 (2d Cir. 2000).   The Court "must give the disputed language a fair reading in the context of the publication as a whole." Celle, at 209 F.3d 163.   In evaluating a defamation claim, the threshold issue to be determined by the Court is whether the complained of statements constitute fact or opinion.   Mann v. Abel et. al., 10 N.Y. 3d 271, 276, 85 N.E. 2d 884, 885 (N.Y. 2008).   If the statement is one of "'pure opinion,' then even if false and libelous, no matter how pejorative or pernicious they may be, such statements are safeguarded and may not serve as the basis for an action in defamation," or defamation per se.   Parks v. Steinbrenner, 131 A.D. 2d 60, 62, 520 N.Y.S. 2d 374 (N.Y. App. Div. 1987); Torain v. Liu, 2007 U.S. Dist. LEXIS 60065 (S.D.N.Y. 2007)(stating statements of pure opinion are immune from all defamation claims, even claims of per se defamation.)   The New York Court of Appeals in determining whether a statement is one of opinion or fact, engages in a three-part analysis considering:

> (1) whether the specific language in issue has a precise meaning which is readily understood; (2) whether the statements are capable of being proven true or false; and (3) whether either the full context of the communication in which the statement appears or the broader social context and surrounding circumstances are such as to signal...readers or listeners that what is being read or heard is likely to be opinion, not fact; Mann, 10 N.Y. 3d at 276; Gross v. New York Times Co., 82 N.Y. 2d 146, 153, 623 N.E. 2d 1163, 1167 (1993); Pisani, 440 F. Supp. 2d at 176.

In determining whether a statement is fact or opinion, the Courts must look to the "content of the communication as a whole, as well as its tone and apparent purpose and look to the overall context in which the assertions were made and determine on that basis 'whether the reasonable reader would believe that the challenged statements were conveying facts about the libel plaintiff[s].'"   Mann, 10 N.Y. 3d at 276 (citing Brian v. Richardson, 87 N.Y. 2d 46, 51, 660 N.E. 2d 1126 (N.Y. 1995))(quoting Immuno A.G. v. Moor-Jankowski, 77 N.Y. 2d 235, 567 N.E. 2d 1270 (N.Y. 1991)).   "Loose, figurative, or hyperbolic statements, even if deprecating to plaintiff are not actionable." Dillon v. City of New York, 261 A.D.2d 34, 704 N.Y.S.2d 1, 5 (1st

Dept. 1999)(citing <u>Gross v. New York Times</u>, 82 N.Y.2d 146, 152-53, 603 N.Y.S.2d 813, 817 (1993)).

Plaintiffs allege that the posting by defendant Hesse indicated that plaintiffs were "rats" and will "never work another law enforcement job" is a statement of fact and not opinion. However, when read in its entirety and overall context in which the assertions were made, this anonymous posting on a local blog where name-calling was going back and forth cannot as a matter of law be said to be a statement of fact. No average ordinary reader would take this blog to assert factual allegations, certainly in the loose and deprecating language that was being thrown back and forth alleging misconduct and distasteful behavior not only against the plaintiffs but also against defendant Hesse. It is evident from an anonymous posting that none of the readers would take any of these postings as fact:

> "You guys just feed into this crap. [] I don't even know anyone involved, and it seems pretty clear that this revenge posting is all crap. How can you believe a word the guy says???" (Skelly Decl., Ex. **"J"**, post 9).

The readers were aware that these postings were opinion based and held no truth behind such statements. The average and ordinary reader, as evidence by this post knew that this blog held no truth.

### E. The Court must look to the forum state for state substantive law when applying it in the Federal Forum

Plaintiffs are misguided in their argument that the CPLR §3016(a) does not apply to cases in Federal Court. The Southern District of New York has held that state law does apply to claims of defamation and CPLR §3016(a) requires that a claim in defamation shall set forth the "particular words complained of and shall be set forth in the complaint." <u>Shan v. N.Y.C. Dep't of Health and Mental Hygiene</u>, 2007 U.S. Dist. LEXIS 69782 *20, (S.D.N.Y. 2007)(holding that a plaintiff who could not recall the specific contents of a note or could not identify the substance of the note could not sustain a motion for summary judgment on defamation). It has been long

held that "except in matters governed by the Federal Constitution or by Acts of Congress, the law to be applied in any case is the law of the State". <u>Erie Railroad Co. v. Tompkins</u>, 304 U.S. 64, 78; 58 S. Ct. 817, 822 (1938). Federal Courts are to apply state substantive law and federal procedural law in matters before the Court under supplemental jurisdiction. <u>Shady Grove Orthopedic Assoc. P.A. et. al. v. Allstate Insur. Co.</u>, 549 F. 3d 137, 142(2d Cir. 2008)(quoting <u>Gasperini v. Ctr. For Humanities, Inc.</u>, 518 U.S. 415, 427 (1996). The Erie doctrine applies, whatever the ground for federal jurisdiction, to any issue or claim which has its source in state law. <u>Shady</u>, 549 F. 3d at 142(2d Cir. 2008) (quoting <u>In Re Gaston & Snow</u>, 243 F.3d 599, 607 (2d Cir. 2001). Since defamation finds its roots in state law, state substantive law applies. <u>See Id.</u> The Supreme Court has noted that classifying a law as substantive or procedural is often a challenging endeavor. <u>Id.</u> The Court must look to whether the state rule directly collides with the federal rule; if not, the inquiry becomes whether the rule would be "outcome affective"; would application of the standard have so important an effect upon the fortunes of both of the litigants, that failure to apply it would unfairly discriminate against citizens of the state or likely cause a plaintiff to choose the Federal Court. <u>Shady</u>, 549 F. 2d at 142. In this case, it would. Plaintiffs, under New York Law, have failed to sufficiently plead and identify the statements made by defendant Hesse, which are alleged to have defamed the plaintiffs. (<u>See</u> Hesse Mem. pp. 14-15).

At the outset, CPLR §3016(a) does not directly conflict with the Federal Rule of Procedure 8(a), however, to invoke the relaxed standards of pleading under the Federal Rules of Civil Procedure for a defamation cause of action goes directly to the heart of the claim. In New York, a defamation cause of action must be specifically plead. <u>See</u> <u>Dillion, Jr. et. al. v. City of N.Y. et. al.</u>, 261 A.D. 2d 34, 38 704 N.Y.S. 2d 1, 7 (1st Dep't 1999). Enabling plaintiffs the relaxed pleading standards in Federal Court encourages a system of forum shopping and inconsistent application of the law between Federal And State Court; exactly what Erie intended

to prevent. <u>See</u> <u>Morse v. Elmira Country Club</u>, 752 F.2d 35, 37 (2d Cir. 1984).   The Court should apply CPLR §3016(a) as the pleading of defamation goes to the heart of the claim; the ability to identify exactly what was said to put the defendant on notice of his exact statement so that he can defend such allegations is critical to the substantive claim of defamation in New York State.

Even if this Court does not find CPLR §3016(a) applicable to the matter before the Court and applies the more liberal Rule 8, of the Federal Rules of Procedure, the allegations must still be detailed enough to enable defendants to respond.  <u>Platt Saco Lowell Ltd. et. al. v. Fahmy Trading Co. Inc., et. al.</u>, 1981 U.S. Dist. LEXIS 14605 *10 (S.D.N.Y. 1981)(holding where pleadings are devoid of any particularization of the subject slander and do not convey the nature of the claim, the pleadings are insufficient even under the liberalized federal pleading rules). Defendants must be given "sufficient notice of the communications complained of to enable him to defend himself." <u>Silverman v. City of New York, et. al.</u>, 2001 U.S. Dist. LEXIS 2631 * 29 (E.D.N.Y. 2001).  Plaintiffs have failed to sufficiently plead defamation per se, even under the most liberal pleading standards of the Federal Rules of Civil Procedure and plaintiffs claim must be dismissed.

**III.   <u>PLAINTIFFS FAIL TO PRESENT A MATERIAL ISSUE OF FACT REQUIRING SUMMARY JUDGMENT ON PLAINTIFFS' STIGMA PLUS CLAIMS FOR DEPRIVATION OF THEIR LIBERTY INTEREST WITHOUT DUE PROCESS</u>**

A stigma-plus claim, which plaintiffs have alleged, "refers to a claim brought for injury to one's reputation (the stigma) coupled with a deprivation of some tangible interest or property right (the plus) without adequate process." <u>Piccoli v. Yonkers Bd of Ed., et. al.</u>, 2009 U.S. LEXIS 116153 *7 (S.D.N.Y. 2009)(quoting <u>DiBlasio v. Novello</u>, 344 F. 3d 292, 302 (2d Cir. 2003)).  At the outset, plaintiff must demonstrate a loss of some tangible property right coupled with the deprivation of some tangible interest or property right. <u>Id.</u> Further, in order to satisfy

the "'stigma' aspect of the stigma-plus claim, the plaintiff must allege (1) the government made "stigmatizing statements about the plaintiffs which call into question the plaintiffs good name, reputation, honor or integrity, (2) the stigmatizing statements were publicly made; (3) the stigmatizing statements were made concurrently with, or in close temporal relationship to the plaintiffs' dismissal from government employment." Id at 8 (quoting Segal v. City of New York, 459 F. 3d 207, 212 (2d Cir. 2006).  Plaintiff must also raise the falsity of the statements as an issue. Id.

### A. Plaintiffs fail to show a constitutionally protected property interest in their continued employment thus Plaintiffs 14th Amendment Due Process Claim Fails as a Matter of Law

Plaintiffs feigned attempt to overcome the fact that all of the plaintiffs were employees-at-will, and thus have no protectable interest in their continued employment, by asserting that plaintiffs' course of dealing with OBPD entitles them to protections under the 14th Amendment is misguided.  As addressed in defendants Memorandum of Law, plaintiffs had no expectation in part-time/seasonal employment with OBPD.  (See Hesse Mem. p. 6).  Plaintiffs' expectation of seasonal employment is insufficient to receive the protections of the due process clause of the 14th Amendment.  Abramson et. al. v. Pataki, et. al. 278 Fed. Appx. 379, 381 (2d Cir. 2007) see generally Bd. of Regents v. Roth, 408 U.S. 569, 577 (1972).  Plaintiffs had no legitimate entitlement in their positions with Ocean Beach, as no contract for employment existed as testified to by plaintiffs. Id.  Plaintiffs had no expectation of continued employment and, therefore, do not receive the protections under the due process clause of the 14th Amendment. (Hesse 56.1, ¶¶3, 5, 7, 8, 9, 13).

### B. Plaintiffs have not identified a statement calling into question plaintiffs' good name, reputation, honor or integrity and thus, this claim fails as a matter of law

Plaintiffs' claim that statements made by defendant Hesse during the pre-season meeting in conjunction with their termination were defamatory per se are completely devoid of merit and

wholly unsupported by the record before this Court.   Plaintiffs attempt to cloud the issues by describing an environment which reeks of cronyism and bullying and continue to assert immaterial factual allegations relating to the environment and behavior in the OBPD.   Plaintiffs fail to offer sufficient evidence to support that any statement was ever made by defendant Hesse during the pre-season meeting and fail to demonstrate such statements, if made, were ever heard by any attendees of the meeting.   The only evidence plaintiffs attempt to present are inadmissible hearsay statements made between plaintiff Lamm and Christopher Moran on a tape recorded conversation which have been transcribed by the plaintiffs.  (See Pl. Ex. 15); see e.g., Pierce v. Netzel, 2005 U.S. App. LEXIS 19555, *8 (2d Cir. 2005).   However, the tape recording does not mention defendant Hesse, the pre-season meeting or put into any context the conversation Moran and Lamm are engaging in.   Moran specifically testified that a playing of this tape did not refresh his recollection regarding whether or not the term "wire" was used.   (Moran T., 165:24-167:4). Moran could not identify any of the statements made nor did he recall any information discussed during that conversation.   (Moran T., 165:24-167:4).   Moran could not identify one statement made by defendant Hesse at the pre-season meeting having any relation to the plaintiffs.   Id. Similarly the plaintiffs never heard defendant Hesse make these allegedly defamatory statements. (See the Village 56.1 ¶64).   There is no evidence to suggest defendant Hesse made any defamatory statements about the plaintiffs in conjuncture with their termination.

Moreover, the allegations regarding the defamatory statements made on "The Schwartz Report Blog" were authored anonymously.   Even conceding that defendant Hesse did admit to making some of those statements, plaintiffs have failed to prove that the author was known to the outside people reading the blog and that as a result of those statements, plaintiffs were stigmatized in their community and thus, could not obtain employment as a result of these statements.   (See Village 56.1, ¶¶67-68).   The fact that the blog was accessed 70,000 times is inconsequential as many of the plaintiffs and defendants in this action have accessed this blog

hundreds of times, increasing the alleged viewer count.  Similarly, plaintiffs have produced no evidence suggesting that any prospective employer ever saw the allegedly defamatory blog entries authored by defendant Hesse.  Plaintiffs have failed to meet the "Stigma-Plus" prong and, therefore, summary judgment is appropriate.

## IV.   PLAINTIFFS CLAIMS UNDER NEW YORK CIVIL SERVICE LAW §75-B FAIL AS A MATTER OF LAW

Plaintiffs have failed to present sufficient evidence to establish that the plaintiffs are entitled to the protections under Civil Services Law §75-b, and, therefore, summary judgment must be granted in defendant Hesse's favor.  As addressed in defendant Hesse's Memorandum of Law, plaintiffs Civil Service Law §75-b must be dismissed on summary judgment as plaintiffs' reports of the alleged misconduct of employees and the department mismanagement to the supervisor, who allegedly committed the mistreatment, is insufficient "disclos[ure] to a governmental body" under §75-b of Civil Service Law.  See Bal v. City of New York, 266 A.D. 2d 79, 698 N.Y.S. 2d 852 (1st Dep't 1999).

### A.   Plaintiffs complaints to their direct supervisor is insufficient disclosure to a "governmental body" thus requiring judgment as a matter of law in Defendant Hesse's favor

Plaintiffs have failed to present a material issue of fact, thus plaintiffs' New York Civil Service Law §75-b claim fails as a matter of law.  The record is clear, and plaintiffs efforts to distort such does not create a material issue of fact.  As discussed in detail in defendant Hesse's Memorandum of Law, plaintiffs' New York Civil Service Law §75-b claim fails as a matter of law as plaintiffs did not report the alleged improper governmental action to the necessary governmental body under §75-b of New York Civil Service Law.  See Bal v. City of New York, 266 a.d. 2d 79, 698 N.Y.S. 2d 852 (1st Dep't 1999).  Merely reporting misconduct to a supervisor, the very person guilty of mistreatment does not amount to the required governmental disclosure necessary to make a claim under Civil Service Law §75-b.  Id. (holding that reporting

alleged misconduct of staffers to the very supervisor allegedly guilty of the mistreatment is insufficient to state a claim under §75-b of the Civil Service Law). Plaintiffs never complained of instances of misconduct to any other person besides their direct supervisor. (See Hesse Mem. pp. 11-12; See also Hesse 56.1 ¶¶32-35; Ex. **"D"** to Hesse's Mem., Carter T., pp. 36-42; Ex. **"F"** to Hesse's Mem., Lamm T., pp. 227-29, 257-58; Ex. **"E"** to Hesse's Mem., Nofi T., p.204; Ex. **"G"** to Hesse's Mem., Snyder T., pp. 250, 258, 262). These complaints are insufficient to state a claim under Civil Service Law §75-b. See Bal, 266 A.D. 79 at 79.

> **B.   Plaintiffs were not employees of Ocean Beach, but prospective seasonal employees, and thus New York Civil Service Law §75-b is inapplicable to the plaintiffs**

Plaintiffs' claim must fail as a matter of law as plaintiffs were not employees within the meaning of Civil Service Law §75-b. Plaintiffs all acknowledge they were part-time/seasonal employees who worked a majority of their shifts between Memorial Day and Labor day for the Village. (See Hesse 56.1, ¶¶20, 22; See also Pl. 56.1, ¶20). Plaintiffs at the time Hesse did not retain them for the 2006 season were merely prospective employees and thus 75-b of the Civil Service law does not protect the plaintiffs.

**V.   PLAINTIFFS FAIL TO PRESENT MATERIAL ISSUES OF FACT, THUS REQUIRING SUMMARY JUDGMENT ON PLAINTIFFS' NEGLIGENT SUPERVISION CLAIM**

Plaintiffs correctly note that in order to sustain an action alleging negligent supervision, a plaintiff must establish that a duty is owed by the defendant employer, a breach of that duty of the defendant employer, and *damages* proximately caused by the defendant employer's breach. Perry v. Burger King Corp., 924 f. Supp. 548, 552 (S.D.N.Y. 1996 (emphasis added). However, plaintiffs fail to acknowledge, that in order to sustain a claim for negligent supervision, the employer is only liable when the employer had knowledge of the employee's propensity for the "sort of behavior which caused the injured party's harm." Util. Metal Research Inc., 2008 U.S.

Dist. LEXIS 25095 at *28.   Plaintiffs fail to present evidence suggesting that they were injured by defendant Hesse's retention of allegedly unfit police officers in any matter other than their alleged wrongful termination.   (Pl. Mem. p. 29).   Moreover, in New York, negligent retention claims are only sustained "where a plaintiff has suffered significant physical injury."   Util. Metal Research, Inc. v. Coleman, 2008 U.S. Dist. LEXIS 25095 *28 (E.D.N.Y. 2008).   Plaintiffs have failed to establish any sort of "physical injury" sustained as a result of the negligent retention of unfit employees.   Id.   Plaintiffs testified that they sustained no injury as a result of the alleged negligent retention of unfit police officers.   (See Lamm T., 154:9-25; 155:2-24; See also Fiorillo T., 357:11-16).

Plaintiffs have failed to prove the damages necessary to sustain a cause of action sounding in negligent retention of an unfit employee as alleged by defendants.   (Compl. ¶175-178).   Further, plaintiffs interchangeably use the terms negligent hiring, supervision and retention, yet all are distinct aspects of the employment relationships that are to be examined separately for negligence, when appropriate.   Tesoriero v. Syosset Central School Dist.et. al., 382 F. Supp. 2d 387,401 (E.D.N.Y. 2005).   Moreover, plaintiffs only allege negligent retention of an unfit employee and not negligent hiring or supervision.   Even if negligent hiring were alleged, plaintiffs have failed to prove that they knew of or should have known of the employee's tortious propensities at the time of hiring.   Id.

## VI.   **SUBSTANTIVE DUE PROCESS**

Plaintiffs allege that their termination was a result of their opposition to misconduct by Hesse and others that represented a threat to public safety, yet there is no evidence in the record to support such allegations.   Again, plaintiffs rely on inadmissible hearsay to even attempt to present any semblance of evidence is insufficient to defeat a motion for summary judgment.   See e.g. Pierce, 148 Fed. Appx at 57.   Allegations that Hesse's fear of the plaintiffs providing

damaging information to the District Attorney in Hesse's pending criminal matter is an absurd notion.   There is no evidence to support the allegations that plaintiffs were terminated for refusing to violate the law, and, thus, summary judgment must be granted on plaintiffs substantive due process claims.

## VII.   PLAINTIFFS FAIL TO PRESENT A MATERIAL ISSUE OF FACT, REQUIRING DISMISSAL OF PLAINTIFFS' TORTIOUS INTERFERENCE WITH PROSPECTIVE BUSINESS RELATIONSHIP CLAIM

As discussed *supra*, plaintiffs have failed to identify any statements made to potential employers, moreover, none of the statements made to the prospective employers were defamatory .  See *supra*, II.

Plaintiffs allege that defendant Hesse's false statements to employers caused prospective employers to have "serious reservations about the applicant", however, the record is devoid of such evidence.   Contrary to plaintiffs assertions, the evidence is clear that plaintiffs did not secure the prospective positions as they were not qualified and did not meet the minimum requirements necessary to hold such positions they were applying for.  (Skelly Decl. Ex. N, Nofi T., 156-161; Ex. L, Fiorillo T., 264).

As discussed in detail in defendants Memorandum of law, the record is completely devoid of evidence suggesting that plaintiffs were denied jobs because of the alleged statements made to prospective employers.  Plaintiff Nofi's prospective employment with Collier County Sheriff's Department was not entered into as a result of his failure to meet minimum qualifications for the position he was seeking but as a result of inability to pass the psychological interview. (Skelly Decl., Ex. O, Letter from Collier County) Id.

Furthermore, plaintiff Fiorillo's employment relationship with the Town of Southampton was not terminated as a result of defendant Hesse's "bad reference" but as the interview's notes indicated, Fiorillo began to "argue" with Sergeant Foster, thus the interview was cancelled.

(Skelly Decl. in Further Support, Ex. **"3"**, Interview Notes on Fiorillo).   Similarly, plaintiff Lamm similarly did not secure employment with the Suffolk County Police as he too did not pass the psychological testing component for employment with Suffolk County Police. (Skelly Decl., Ex. F, Lamm T., pp. 34-35).

Nothing in the record demonstrates that Hesse's alleged actions led to plaintiffs' loss of economic benefit from an existing business relationship.   There is no evidence to suggest that any statements made by defendant Hesse were the proximate cause of plaintiffs failure to secure these other prospective positions.  As such, plaintiffs claim fails as a matter of law.

### CONCLUSION

For the reasons set forth herein, plaintiffs' Federal and State Law claims against defendant Acting Deputy Police Chief George B. Hesse, should be summarily dismissed.

Dated: Elmsford, New York
        January 15, 2010

Respectfully submitted,

**James M. Skelly (JMS - 4844)**
**Kevin W. Connolly (KWC - 4450)**
**Karen M. Lager (KL - 2917)**

**MARKS, O'NEILL, O'BRIEN
& COURTNEY, P.C.**
Attorneys for Defendant
**ACTING DEPUTY POLICE CHIEF
GEORGE B. HESSE, individually
and in his official capacity**
530 Saw Mill River Road
Elmsford, New York 10523
(914) 345-3701
File No.: 479.81595

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that, on January 15, 2010, a true and correct copy of the foregoing **REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF DEFENDANT ACTING DEPUTY POLICE CHIEF GEORGE B. HESSE'S MOTION FOR SUMMARY JUDGMENT**, was served Via Overnight Mail, upon the following:

Andrew Goodstadt, Esq.
**THOMPSON, WIGDOR & GILLY, LLP**
Attorneys for Plaintiffs
**EDWARD CARTER, FRANK FIORILLO,
KEVIN LAMM, JOSEPH NOFI, and THOMAS SNYDER**
85 Fifth Avenue
New York, New York 10003
(212) 239-9292

Kenneth A. Novikoff, Esq.
**RIVKIN, RADLER LLP**
Attorneys for Defendants
**INCORPORATED VILLAGE OF OCEAN BEACH,
MAYOR JOSEPH C. LOEFFLER, JR., individually
and in his official capacity, former mayor
NATALIE K. ROGERS, individually and in her official
capacity and OCEAN BEACH POLICE DEPARTMENT**
926 Rexcorp Plaza
Uniondale, New York 11556-0926
(516) 357-3333

Arlene Zwilling, Esq.
**COUNTY OF SUFFOLK**
County Attorney's Office
Attorneys for Defendants
**SUFFOLK COUNTY POLICE DEPARTMENT,
SUFFOLK COUNTY DEPARTMENT OF CIVIL
SERVICE and ALISON SANCHEZ, individually and in
her official capacity**
H. Lee Dennison Building
100 Veterans Memorial Highway
P.O. Box 6100
Hauppauge, New York 11788
(631) 853-4049

James M. Skelly (JMS-4844)

**MARKS, O'NEILL, O'BRIEN
& COURTNEY, P.C.**
Attorneys for Defendant
**ACTING DEPUTY POLICE CHIEF
GEORGE B. HESSE, individually and
in his official capacity**
530 Saw Mill River Road
Elmsford, New York 10523
(914) 345-3701

{NY067136.1}