UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------ X
EDWARD CARTER, FRANK FIORILLO, KEVIN
LAMM, JOSEPH NOFI AND THOMAS SNYDER,

Plaintiffs,

-against-

INCORPORATED VILLAGE OF OCEAN BEACH;
MAYOR JOSEPH C. LOEFFLER, JR., individually
and in his official capacity; former mayor NATALIE K.
ROGERS, individually and in her official capacity,
OCEAN BEACH POLICE DEPARTMENT; ACTING
DEPUTY POLICE CHIEF GEORGE B. HESSE,
individually and in his official capacity; SUFFOLK
COUNTY; SUFFOLK COUNTY POLICE
DEPARTMENT; SUFFOLK COUNTY
DEPARTMENT OF CIVIL SERVICE; and ALISON
SANCHEZ, individually and in her official capacity,

Defendants.
------------------------------------------------------------------ X

**DEFENDANT'S RESPONSE TO PLAINTIFFS' RULE 56.1 COUNTER-STATEMENT**

Case No.: 07 CV 1215 (SJF) (ETB)

Defendant, ACTING DEPUTY POLICE CHIEF GEORGE B. HESSE individually and in his official capacity, state the following in response to Plaintiffs', EDWARD CARTER, FRANK FIORILLO, KEVIN LAMM, JOSEPH NOFI and THOMAS SNYDER, Counter-Statement of Material Facts in Dispute:

78. Admit that plaintiffs were hired by Police Chief Edward Paradiso. Further state that plaintiffs were hired on a part-time/seasonal basis, subject to rehire or non-rehire each subsequent year. (Carter T., 27:2-7, 30-31; Fiorillo T., 8:14-23, 108; Lamm T., 218: 12-14; Nofi T., 232; Snyder T., 472).

79. Admit, but deny the materiality of this fact.

80. Admit, but deny the materiality of this fact.

81. Admit, but deny the materiality of this fact.

82. Admit, but deny the materiality of this fact.

1

83. Admit, but deny the materiality of this fact.

84. Admit that Paradiso's testimony included statements that plaintiffs were outstanding police officers, but deny the materiality of this fact. Further, deny that any false or defamatory statement was ever made by defendant Hesse in relation to Nofi.

85. Deny. Hesse passed the Suffolk County Civil Service Examination to qualify for the position of Sergeant in 2009. Further, deny the materiality of such fact.

86. Admit, but deny the materiality of this fact.

87. Admit that Paradiso's testimony included statements that officers brought complaints to the officer in charge of that tour. Deny that Paradiso's testimony included that it would be "improper for an officer to raise such matters with another officer not in charge of that tour." Paradiso testified that it would be appropriate to go to the officer in charge first. (Paradiso T., 308:7-9).

88. Deny that the officers were terminated on April 2, 2006, and further state that plaintiffs were not re-hired for the 2006 season and deny the materiality of this fact.

89. Deny that Hesse's testimony included statements that he rescinded the policy that off-duty police officers could not drink in bars in Ocean Beach and state that Hesse's testimony included that these policies were that of Chief Paradiso and Paradiso was the individual who was not enforcing these policies, further deny the materiality of this fact. (Hesse T., 329:9-18).

90. Deny, Hesse's testimony stated that he had consumed beer once or twice in the station, however, he never observed any of the other officers drinking on duty, further deny the materiality of such fact. (Hesse T., 334:2-5; 335:23-336:23).

91. Deny as Moran did not testify to such matter.

2

92. Admit that plaintiffs Carter and Snyder testified to such fact, but deny that those references by Hesse were ever made, further deny the materiality of such fact. (Hesse 841: 12-18).

93. Admit, deny the materiality of this fact.

94. Admit, deny the materiality of this fact.

95. Admit as to Snyder's testimony, deny that Lamm ever testified that the phone call received indicated the Bossettis were in a fight at Houser's, but that they simply received a phone call and further deny the materiality of this fact. (Lamm T., 283).

96. Deny that Lamm or Snyder testified that a group of people were outside Houser's bar shouting and yelling at officer Bosetti. Admit, they testified they approached Bosetti outside the bar and further deny the materiality of this fact. (Lamm T., 285; Snyder T., 398:15-399:8).

97. Admit that this is his testimony, but deny the materiality of this fact.

98. Admit that this is his testimony, but deny the materiality of this fact.

99. Admit that this is his testimony, but deny the materiality of this fact.

100. Admit that this is his testimony, but deny the materiality of this fact.

101. Admit that this is his testimony, but deny the materiality of this fact.

102. Admit that this is Snyder and Lamm's testimony, but deny the materiality of this fact.

103. Admit that this is his testimony, but deny the materiality of this fact.

104. Admit that this is his testimony, but deny the materiality of this fact.

105. Admit that this is his testimony, but deny the materiality of this fact.

106. Admit that this is his testimony, but deny the materiality of this fact.

107. Admit that this is his testimony, but deny the materiality of this fact.

108. Admit that this is his testimony, but deny the materiality of this fact.

109. Admit that this is his testimony, but deny the materiality of this fact.

110. Admit that this is Lamm's testimony, deny Fiorillo ever testified to Schalick stating his concerns about a police "cover up" and deny its materiality.

111. Admit this is his testimony, but deny the materiality of this fact.

112. Admit that Fiorillo took a statement from Vankoot, deny that Fiorillo testified that he was transported to the hospital and deny the materiality of these facts. (Fiorillo T., 248:3-8).

113. Admit that Snyder testified that he put a package of materials together, deny that he testified that he left them for defendant Hesse and further deny the materiality of these facts. (Snyder T., 412: 17-25).

114. Admit that this is his testimony, but deny the materiality of this fact.

115. Admit that this is his testimony, but deny the materiality of this fact.

116. Admit that this is his testimony, but deny the materiality of this fact.

117. Admit that this is his testimony, but deny the materiality of this fact.

118. Admit that this is his testimony, but deny the materiality of this fact.

119. Admit that Lamm testified that Hesse asked him to provide a statement concerning the incident, deny that Lamm testified that it was unusual that Hesse requested a 2042, or interoffice correspondence form, rather than an official statement form, and deny the materiality of these facts.

120. Admit that Fiorillo testified that he told Paradiso that Hesse requested he change his statement, deny that Fiorillo testified that Hesse told him to "adopt Hesse's protection of uncertified OBPD officers Gary and Richard Bosetti" and deny the materiality of these facts. (Fiorillo T., 209:20-211:3).

121. Admit that Richard Bosetti testified that Jaeger went to another bar with her husband, deny that Bosetti testified that he did not instruct Jaeger to go to the police station and further deny the materiality of these facts. (G. Bosetti T., 311).

122. Deny that Fiorillo testified that Hesse asked Fiorillo to change his statement to lie and conceal the Bosettis' criminal attack as Fiorillo did not "recall" whether Hesse asked him to lie in his statement and further deny the materiality of such fact. (Fiorillo T., 214:22-215:4).

123. Deny that Fiorillo testified that Hesse told him to rewrite his statement to cover-up Gary and Richard Bosetti's involvement in the fight and further deny the materiality of this fact. (Fiorillo T., 220-222).

124. Admit that Lamm testified that Hesse told him his report was "no good" and that Lamm refused to adopt Hesse's version of the facts, deny that Hesse's version was inaccurate and further deny the materiality of these facts.

125. Admit that this is his testimony, but deny the materiality of this fact.

126. Admit that Lamm testified that he appointed Patrick Cherry to do a special investigation, deny that Lamm testified that Cherry had ended his employment with OBPD and deny the materiality of these facts.

127. Admit that this is his testimony, but deny the materiality of this fact.

128. Admit that Cherry believed the supervisor should have interview the Bosettis, deny that Cherry testified that he did not speak with Hesse about such investigation as he testified that he did speak to Hesse about such investigation and further deny the materiality of these facts. (Cherry T., 472:3-11).

129. Admit that this is his testimony, but deny the materiality of this fact.

130. Admit that Cherry interviewed a total of four witnesses, deny the materiality of this fact and deny the materiality of these facts.

131. Admit that that this is his testimony, but deny the materiality of this fact.

132. Admit that this is his testimony, but deny the materiality of this fact.

133. Admit that this is his testimony, but deny the materiality of this fact.

134.   Admit that this is his testimony, but deny the materiality of this fact.

135.   Admit that this is his testimony, but deny the materiality of this fact.

136.   Admit that Cherry testified that he interviewed Elyse Myller, deny that he testified the interview lasted only 10 minutes, as he testified it lasted 10-15 minutes and further deny the materiality of this fact.

137.   Deny the materiality of such fact.

138.   Admit that this is his testimony, but deny the materiality of this fact.

139.   Admit that this is his testimony, but deny the materiality of this fact.

140.   Admit that his testimony indicated that Hesse requested a statement from Myller, deny that the testimony included that she made no statement to a "pool cue" and further deny the materiality of these facts.

141.   Admit that this is his testimony, but deny the materiality of this fact.

142.   Admit that this is his testimony, but deny the materiality of this fact.

143.   Admit that this is his testimony, but deny the materiality of this fact.

144.   Admit that this is his testimony, but deny the materiality of this fact.

145.   Admit that this is his testimony, but deny the materiality of this fact.

146.   Admit that this is his testimony, but deny the materiality of this fact.

147.   Admit that this is his testimony, but deny the materiality of this fact.

148.   Admit that this is his testimony, but deny the materiality of this fact.

149.   Admit that this is his testimony, but deny the materiality of this fact.

150.   Admit that this is his testimony, but deny the materiality of this fact.

151.   Admit that this is his testimony, but deny the materiality of this fact.

152.   Admit that this is his testimony, but deny the materiality of this fact.

153.   Admit that this is his testimony, but deny the materiality of this fact.

154. Admit that this is his testimony, but deny the materiality of this fact.

155. Admit that this is his testimony, but deny the materiality of this fact.

156. Admit that this is his testimony, but deny the materiality of this fact.

157. Deny that Cherry admitted to posting this statement on the blog and further deny the materiality of this fact. (Cherry T., 464:19-21).

158. Deny that Cherry admitted to posting this statement on the blog and further deny the materiality of this fact. (Cherry T., 464:19-21).

159. Deny that Cherry admitted to posting this statement on the blog and further deny the materiality of this fact. (Cherry T., 464:19-21).

160. Deny that Cherry admitted to posting this statement on the blog and further deny the materiality of this fact. (Cherry T., 464:19-21).

161. Deny that Cherry admitted to posting this statement on the blog and further deny the materiality of this fact. (Cherry T., 464:19-21).

162. Deny that Cherry admitted to posting this statement on the blog and further deny the materiality of this fact. (Cherry T., 464:19-21).

163. Deny that Cherry admitted to posting this statement on the blog, deny that Cherry testified that Hesse had posted defamatory and disparaging postings on the blog as he testified that he merely discussed the blog with Hesse and further deny the materiality of this fact. (Cherry T., 464:19-21; 467:10-18).

164. Admit that this is his testimony, but deny the materiality of this fact.

165. Admit that this is his testimony, but deny the materiality of this fact.

166. Admit that this is his testimony, but deny the materiality of this fact.

167. Admit that this is his testimony, but deny the materiality of this fact.

168. Admit that this is his testimony, but deny the materiality of this fact.

169.   Admit that this is his testimony, but deny the materiality of this fact.

170.   Admit that this is his testimony, but deny the materiality of this fact.

171.   Admit that this is his testimony, but deny the materiality of this fact.

172.   Admit that this is his testimony, but deny the materiality of this fact.

173.   Admit that this is his testimony, but deny the materiality of this fact.

174.   Admit that this is his testimony, but deny the materiality of this fact.

175.   Admit that this is his testimony, but deny the materiality of this fact.

176.   Admit that this is his testimony, but deny the materiality of this fact.

177.   Admit that this is his testimony, but deny the materiality of this fact.

178.   Admit that this is his testimony, but deny the materiality of this fact.

179.   Admit that this is his testimony, but deny the materiality of this fact.

180.   Admit that this is his testimony, but deny the materiality of this fact.

181.   Admit that this is his testimony, but deny the materiality of this fact.

182.   Admit that this is his testimony, but deny the materiality of this fact.

183.   Admit that this is his testimony, but deny the materiality of this fact.

184.   Deny that Fiorillo testified that he informed the Suffolk County District Attorney's office about a police cover-up by Hesse, admit that he did inform the Suffolk County District Attorney's office about the "Halloween Fight" and further, deny the materiality of these facts. (Fiorillo T., 138:8-18).

185.   Deny that Gary Bosetti testified that he drank on duty on more than one occasion as his testimony indicated he did not recall if he drank on duty more than once and further deny the materiality of this fact. (G. Bosetti T., 233:4-11).

186.   Admit that this is his testimony, but deny the materiality of this fact.

8

187. Deny that Gary Bosetti testified that the next shift had to retrieve the emergency cell phone from him in a local bar as his actual testimony was that he did not recall being relieved in a bar. (G. Bosetti T., 239:12-19).

188. Admit that this is his testimony, but deny the materiality of this fact.

189. Admit that this is his testimony, but deny the materiality of this fact.

190. Admit that this is his testimony, but deny the materiality of this fact.

191. Admit that this is his testimony, but deny the materiality of this fact.

192. Admit that this is his testimony, but deny the materiality of this fact.

193. Deny that Tyree Bacon testified that Hesse instructed him to write more summonses as he testified that Chief Paradiso instructed the department to write more summonses and further deny the materiality of these facts. (Bacon T., 452:15-19).

194. Admit that this is his testimony, but deny the materiality of this fact.

195. Admit that this is his testimony, but deny the materiality of this fact.

196. Admit that this is his testimony, but deny the materiality of this fact.

197. Admit that this is his testimony, but deny the materiality of this fact.

198. Deny as plaintiffs were part-time/seasonal employees subject to termination at any time as they were employees at-will with no contracts for employment. (Hesse 56.1, ¶¶3, 5, 7, 9, 11)

199. Deny that plaintiffs received no paper work as plaintiffs indicated that they received pre-season notice of meeting every year and further deny that they were not re-hired year to year as the plaintiffs were at-will employees who were part-time/seasonal employees with no expectation of continued employment with OBPD. (Hesse 56.1, ¶¶3, 5, 7, 9, 11)

200. Admit, but deny the materiality of this fact.

201. Admit that this is his testimony, but deny the materiality of this fact.

202. Admit that this is his testimony, but deny the materiality of this fact.

9

203. Deny that Loeffler testified that he had the most law-enforcement related experience and further deny the materiality of this fact. (Loeffler T., 325:6-25).

204. Admit that Loeffler testified that his father was a chief of police at Ocean Beach and deny he testified to a "unique connection" and further deny the materiality of these facts.

205. Deny that Hesse's testimony indicated that Loeffler was an official police liaison and relied on him as the de facto authority to issues pertaining to Ocean Beach and further deny the materiality of these facts.

206. Deny that Fiorillo testified that he informed Loeffler of the dysfunctional condition at OBPD, as the testimony indicates Fiorillo informed Loeffler of the "Bosetti's running amuck" and further deny the materiality of these statements. (Fiorillo T., 88:23-25).

207. Deny as Hesse did not testify that Loeffler continued to allow Hesse to exercise supervisory authority over any municipal employee after formal notice from Civil Service that he was prohibited from such conduct and further deny the materiality of these facts. (Hesse T., 187:15-188:5).

208. Deny that Loeffler denied going back to OBPD, however, admit that Loeffler indicated that he went home after he transported the victims to the hospital and further deny the materiality of these facts. (Loeffler T., 252:6-24).

209. Deny that Loeffler testified to his knowledge of prior dysfunction of the OBPD and further deny the materiality of the fact. (Loeffler T., 156:22-158:25).

210. Admit that this is his testimony, but deny the materiality of this fact.

211. Admit that this is his testimony, but deny the materiality of this fact.

212. Admit that this is his testimony, but deny the materiality of this fact.

213. Admit that this is his testimony, but deny the materiality of this fact.

214. Admit that this is his testimony, but deny the materiality of this fact.

215. Admit that Natalie Rogers testified that the OB Police Chief had the authority to hire and fire and deny that Rogers testified that she failed to supervise Hesse in hiring and firing practices. (Rogers T., 128:21-25).

216. Admit that this is his testimony, but deny the materiality of this fact.

217. Admit that this is his testimony, but deny the materiality of this fact.

218. Admit that this is his testimony, but deny the materiality of this fact.

219. Admit that this is his testimony, but deny the materiality of this fact.

220. Deny that Rogers testified that she was warned by civil service that Hesse was unqualified to exercise supervisory authority over any employees in Ocean Beach and further deny the materiality of this fact. (Rogers T., 159:13-160:20).

221. Admit that this is his testimony, but deny the materiality of this fact.

222. Admit that this is his testimony, but deny the materiality of this fact.

223. Deny that Carollo testified to Hesse's opinion on Fiorillo's productivity and further deny the materiality of this fact. (Carollo T., 93:6-94:21).

224. Deny that Carollo testified that employee handbooks were never provided and further state that Carollo testified that employee handbooks were provided in 2006 and further deny the materiality of this fact. (Carollo T., 136: 23:137:4).

225. Admit that Defendant Hesse posted on "The Schwartz Report" website, but deny that post 22 is false and a per se defamatory statement and further deny the materiality of this fact.

226. Admit that this is his testimony, but deny the materiality of this fact.

227. Admit that Defendant Hesse posted on "The Schwartz Report" website, but deny that post 26 is false and a per se defamatory statement and further deny the materiality of this fact.

228. Deny that Defendant Hesse posted number 60 on "The Schwartz Report" website and further deny that post 60 is false and a per se defamatory statement and further deny the materiality of this fact.

229. Deny that Defendant Hesse posted number 87 on "The Schwartz Report" website and further deny that post 87 is false and a per se defamatory statement and further deny the materiality of this fact.

230. Deny that Defendant Hesse posted number 95 on "The Schwartz Report" website and further deny that post 95 is false and a per se defamatory statement and further deny the materiality of this fact.

231. Deny that Defendant Hesse posted number 93 on "The Schwartz Report" website and further deny that post 93 is false and a per se defamatory statement and further deny the materiality of this fact.

232. Deny that Defendant Hesse posted number 125 on "The Schwartz Report" website and further deny that post 125 is false and a per se defamatory statement and further deny the materiality of this fact.

233. Deny that Defendant Hesse posted number 250 on "The Schwartz Report" website and further deny that post 250 is false and a per se defamatory statement and further deny the materiality of this fact.

234. Deny that Defendant Hesse posted number 304 on "The Schwartz Report" website and further deny that post 304 is false and a per se defamatory statement and further deny the materiality of this fact.

235. Deny that Defendant Hesse posted number 233 on "The Schwartz Report" website and further deny that post 233 is false and a per se defamatory statement and further deny the materiality of this fact.

236. Deny that Defendant Hesse posted number 255 on "The Schwartz Report" website and further deny that post 255 is false and a per se defamatory statement and further deny the materiality of this fact.

237. Deny that Defendant Hesse posted number 281 on "The Schwartz Report" website and further deny that post 281 is false and a per se defamatory statement and further deny the materiality of this fact.

238. Deny that Defendant Hesse posted number 291 on "The Schwartz Report" website and further deny that post 291 is false and a per se defamatory statement and further deny the materiality of this fact.

239. Admit that Defendant Hesse posted on "The Schwartz Report" website, but deny that post 497 is false and a per se defamatory statement and further deny the materiality of this fact.

240. Admit that Defendant Hesse posted on "The Schwartz Report" website, but deny that post 52 is false and a per se defamatory statement and further deny the materiality of this fact.

241. Admit that Defendant Hesse posted on "The Schwartz Report" website, but deny that post 22 is false and a per se defamatory statement and further deny the materiality of this fact.

242. Admit that Defendant Hesse posted on "The Schwartz Report" website, but deny that post 25 is false and a per se defamatory statement and further deny the materiality of this fact.

243. Deny that Defendant Hesse posted number 61 on "The Schwartz Report" website and further deny that post 61 is false and a per se defamatory statement and further deny the materiality of this fact.

244. Deny that Defendant Hesse posted number 270 on "The Schwartz Report" website and further deny that post 270 is false and a per se defamatory statement and further deny the materiality of this fact.

245. Deny that Defendant Hesse posted number 282 on "The Schwartz Report" website and further deny that post 282 is false and a per se defamatory statement and further deny the materiality of this fact.

246. Admit that Defendant Hesse posted on "The Schwartz Report" website, but deny that post 294 is false and a per se defamatory statement and further deny the materiality of this fact.

247. Deny that Defendant Hesse posted number 381 on "The Schwartz Report" website and further deny that post 381 is false and a per se defamatory statement and further deny the materiality of this fact.

248. Admit that Defendant Hesse posted on "The Schwartz Report" website, but deny that post 397 is false and a per se defamatory statement and further deny the materiality of this fact.

249. Admit that Defendant Hesse posted on "The Schwartz Report" website, but deny that post 413 is false and a per se defamatory statement and further deny the materiality of this fact.

250. Admit that Defendant Hesse posted on "The Schwartz Report" website, but deny that post 502 is false and a per se defamatory statement and further deny the materiality of this fact.

251. Deny that Defendant Hesse posted number 526 on "The Schwartz Report" website and further deny that post 526 is false and a per se defamatory statement and further deny the materiality of this fact.

252. Deny that plaintiffs were employees on April 2, 2006, as plaintiffs were merely part-time/seasonal employees awaiting to see if their services would be used for the 2006 season as plaintiffs were at-will employees who had no contract for employment. (Hesse 56.1, ¶5, Carter T., 116:16).

253. Admit that this is stated in the Carter affidavit, but deny the materiality of this fact.

254. Deny that Defendant Hesse posted number 381 on "The Schwartz Report" website and further deny that post 381 is false and a per se defamatory statement and further deny the materiality of this fact.

255. Admit that this is stated in the Nofi affidavit, but deny the materiality of this fact.

256. Admit that this is stated in the Lamm affidavit, but deny the materiality of this fact.

257. Deny that Hesse informed Snyder that he was "fired" for being a "civil service rat" as Snyder testified that he thought that was why he was not assigned shifts for the 2006 season and further deny the materiality of this fact. (Snyder T., 84:21-23).

258. Deny that Hesse terminated Snyder for his refusal to amend his statement about a fight in a bar involving off duty Ocean Beach Police Officers Gary Bosetti and Richard Bosetti and further deny the materiality of such fact as plaintiffs were part-time/seasonal employees with no expectation of employment in their positions with OBPD. (Hesse 56.1, ¶5, Carter T., 116:16).

259. Admit that this is stated in the Fiorillo affidavit, and further deny the materiality of such fact as plaintiffs were part-time/seasonal employees with no expectation of employment in their positions with OBPD. (Hesse 56.1, ¶5, Carter T., 116:16).

260. Deny as defendant Hesse did not terminate Fiorillo for his refusal to amend his statement relating to the "Halloween Fight" and because of Fiorillo's productivity as Fiorillo was an at-will employee with no expectation of continued employment with Ocean Beach as he had no contract for employment and deny the materiality of this fact. (Hesse 56.1, ¶¶3, 5, 7, 9, 11)

261. Admit that a letter was sent to the Village Board, but deny the materiality of this fact as plaintiffs had no expectation for employment in part-time/seasonal work.

262. Admit that plaintiffs were instructed to attend the pre-season meeting, but deny the materiality of this fact.

263. Admit that plaintiffs were informed their services would not be needed on April 2, 2006 individually by defendant Hesse but deny that the officers in attendance knew that plaintiffs were not assigned shifts for the 2006 season. (Moran T. 27:2-29:19).

264. Deny that the assembled officers knew that plaintiffs had not been given shifts for the 2006 seasons and further deny that the tape recording indicated that Plaintiffs were terminated because of a rumor relating to wearing a "wire" as this recording was inaudible and further deny the materiality of these facts. (Carollo T., 274:2; Moran T., 27:2-29:19).

265. Admit that Carollo testified that he observed Hesse laughing, deny the officers were watching the plaintiffs depart and further deny the materiality of this fact. (Carollo T., 270:9-271:20).

266. Deny that Defendant Hesse advised Collier County Sheriff Department that Nofi was litigious and an unfit police officer.

267. Deny that defendant Hesse provided false statements to Sergeant Foster at Southampton Police Department in relation to Fiorillo's application and further deny that Fiorillo did not secure employment as a result of this statement but as a result of his fighting with the interviewer and further deny the materiality of this fact. (Skelly Decl., Ex. "3").

268. Admit that Hesse advised Greg Decanio that he was overextended, but further advised him that he was a good police officer and had not been involved in any misconduct and further deny the materiality of this fact. (Pl. Ex. 21).

269. Deny that Hesse provided any false or defamatory reference to Suffolk County Police Department in reference to Lamm and that Lamm was not aware of any statements made to Suffolk County Police Department and further deny the materiality of this fact. (Lamm T., 54-58).

270. Admit, but deny the materiality of this fact.

16

271. Deny that Sanchez determined that OBPD was negligent in reporting as they were suppose to but that her supervisor told her of such fact and further deny the materiality of this fact. (Sanchez T., 119:7-12).

272. Admit that this is her testimony, but deny the materiality of this fact.

273. Admit that this is her testimony, but deny the materiality of this fact.

274. Admit that this is her testimony, but deny the materiality of this fact.

275. Deny as Sanchez testified that "indefinite continued employment" without breaks in service would be in violation of Civil Service Requirements and further deny the materiality of this fact. (Sanchez T., 178:25-179:20).

276. Deny that Sanchez testified that she never informed anyone of Hesse's inability to serve in a supervisory authority as others were aware of Hesse's status as police officer and not sergeant and further deny the materiality of this fact. (Sanchez T., 214:19-218:20).

277. Deny that defendant Hesse unlawfully terminated plaintiffs' employment as plaintiffs were part-time/seasonal employees who had no contracts for employment and were employees at-will. (Hesse 56.1, ¶¶3, 5, 7, 9, 11)

278. Deny that Hesse terminated plaintiffs for their refusal to comply with a cover-up as plaintiffs were part-time/seasonal employees with no contracts of employment, further admit that plaintiffs met with Sanchez to discuss their rights under civil service law and further deny the materiality of this fact. (Hesse 56.1, ¶¶3, 5, 7, 9, 11)

279. Deny that Sanchez deceived plaintiffs and further deny the materiality of this fact.

280. Admit that this is her testimony, but deny the materiality of this fact.

281. Deny that Sanchez lied to plaintiffs about their status as at-will employees who had no contracts for employment with OBPD and further deny the materiality of this fact.

282. Admit that this is her testimony, but deny the materiality of this fact.

17

283. Admit that this is her testimony, but deny the materiality of this fact.

284. Deny that Sanchez engaged in any unlawful retaliatory smear-campaign against plaintiffs, further deny the materiality of this fact.

Dated: Elmsford, New York
January 15, 2010

                Respectfully submitted,

                _____

                James M. Skelly (JMS - 4844)
                Kevin W. Connolly (KWC - 4450)
                Karen M. Lager (KL - 2917)

                MARKS, O'NEILL, O'BRIEN
                & COURTNEY, P.C.
                Attorneys for Defendant
                **ACTING DEPUTY POLICE CHIEF**
                **GEORGE B. HESSE, individually**
                **and in his official capacity**
                530 Saw Mill River Road
                Elmsford, New York 10523
                (914) 345-3701
                File No.: 479.81595

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that, on January 15, 2010, a true and correct copy of the foregoing **DEFENDANT'S RESPONSE TO PLAINTIFFS' RULE 56.1 COUNTER-STATEMENT**, was served Via Overnight Mail, upon the following:

Andrew Goodstadt, Esq.
**THOMPSON, WIGDOR & GILLY, LLP**
Attorneys for Plaintiffs
**EDWARD CARTER, FRANK FIORILLO,
KEVIN LAMM, JOSEPH NOFI, and THOMAS SNYDER**
85 Fifth Avenue
New York, New York 10003
(212) 239-9292

Kenneth A. Novikoff, Esq.
**RIVKIN, RADLER LLP**
Attorneys for Defendants
**INCORPORATED VILLAGE OF OCEAN BEACH,
MAYOR JOSEPH C. LOEFFLER, JR., individually
and in his official capacity, former mayor
NATALIE K. ROGERS, individually and in her official
capacity and OCEAN BEACH POLICE DEPARTMENT**
926 Rexcorp Plaza
Uniondale, New York 11556-0926
(516) 357-3333

Arlene Zwilling, Esq.
**COUNTY OF SUFFOLK**
County Attorney's Office
Attorneys for Defendants
**SUFFOLK COUNTY POLICE DEPARTMENT,
SUFFOLK COUNTY DEPARTMENT OF CIVIL
SERVICE and ALISON SANCHEZ, individually and in
her official capacity**
H. Lee Dennison Building
100 Veterans Memorial Highway
P.O. Box 6100
Hauppauge, New York 11788
(631) 853-4049

James M. Skelly (JMS - 4844)

MARKS, O'NEILL, O'BRIEN
& COURTNEY, P.C.
Attorneys for Defendant
**ACTING DEPUTY POLICE CHIEF
GEORGE B. HESSE, individually and
in his official capacity**
530 Saw Mill River Road
Elmsford, New York 10523
(914) 345-3701

{NY073283.1}