UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

------------------------------------------------------------------X

EDWARD CARTER, FRANK FIORILLO, KEVIN
LAMM, JOSEPH NOFI, and THOMAS SNYDER,

                                Plaintiffs,           Case No. 07-Civ-1215 (SJF)(ETB)

            v.                                         **RULE 56.1 STATEMENT**

INCORPORATED VILLAGE OF OCEAN BEACH;
MAYOR JOSEPH C. LOEFFLER, JR., individually and in
his official capacity; former mayor NATALIE K.
ROGERS, individually and in her official capacity,
OCEAN BEACH POLICE DEPARTMENT; ACTING
DEPUTY POLICE CHIEF GEORGE B. HESSE,
individually and in his official capacity; SUFFOLK
COUNTY; SUFFOLK COUNTY POLICE
DEPARTMENT; SUFFOLK COUNTY DEPARTMENT:
OF CIVIL SERVICE; and ALISON SANCHEZ,
individually and in her official capacity,

                             Defendants.

------------------------------------------------------------------X

Defendants Incorporated Village of Ocean Beach, Mayor Joseph C. Loeffler, Jr.,
individually and in his official capacity, former mayor Natalie K. Rogers, individually and in her
official capacity, and the Ocean Beach Police Department, (collectively "Village Defendants" or
"Village"), submit this statement of undisputed material facts pursuant to Local Rule 56.1.

    1.      The Incorporated Village of Ocean Beach, ("Ocean Beach"), is located on Fire
Island in Suffolk County, New York.

    2.      Ocean Beach is governed by one duly elected Mayor and five (5) duly elected
Trustees who serve on the Village Board. *See, e.g., Minerva Dep., p. 60, ln., 7-18.*

    3.      There are approximately 145 year-round residents of Ocean Beach. *See, Paradiso
Dep., at p. 417, ln. 10-13.*

4. For all times relevant to this action, Defendant Ocean Beach Police Department, ("OBPD"), had two full-time police officers. *See, Fiorillo Dep., at p. 124, ln. 16-20.*

5. During the summer season, the Village supplements its police force by hiring part-time seasonal police officers. *See, Paradiso Dep., at p. 455, ln. 2-25.*

6. In 2005, the Village hired approximately 33 part-time seasonal police officers. *See, Paradiso Dep., at p. 455, ln. 18-25.*

7. Seasonal police officers are employed from two (2) weeks prior to Memorial Day through two (2) weeks after Labor Day. *See, "Police Officer Part Time/Seasonal" job description from the Suffolk County Civil Service Department; See also, Carter Dep., at p. 114, ln. 4-14.*

8. Defendant Mayor Joseph Loeffler, ("Mayor Loeffler"), is the Mayor of Ocean Beach. Mayor Loeffler began serving as Mayor on July 3, 2006. *See, Loeffler Dep., at p. 56, ln. 4-16.*

9. On April 2, 2006, Mayor Loeffler was a Trustee on the Village Board. *See, Loeffler Dep., at p. 56, ln. 17-24.*

10. Defendant Natalie Rogers was the Mayor of Ocean Beach from 1998 through July 3, 2006. *See, Rogers Dep., at p. 51-52, ln. 23-25, 2.*

11. For the 2002, 2003, 2004 and 2005 Seasons, Mr. Edward Paradiso was the Chief of Police for the OBPD, ("Mr. Paradiso"), and Defendant George Hesse was the Sergeant for the OBPD ("Hesse"). *See, Paradiso Dep., at p., 67, ln. 13-25; p. 90, ln. 4-17; Hesse Dep., at p. 404, ln, 3-4.*

2

12.     Mr. Paradiso was responsible for choosing the part-time seasonal police officers to be hired by the Village for the 2002, 2003, 2004 and 2005 Seasons. *See, e.g., Paradiso Dep., at p. 407, ln. 25 through p. 410, ln. 2-18; p. 425, ln. 3-21.*

13.     On or about September 26, 2005, Mr. Paradiso stopped working for the Village due to an injury. *See, Paradiso Dep., at p. 136, ln. 17-24.*

14.     On January 18, 2006, Hesse was promoted to Acting Deputy Chief of the Ocean Beach Police Department. *See, Minerva Aff. at ¶ 3, Ex. "O".*

15.     Hesse was responsible for choosing the part-time seasonal police officers to be hired by the Village for the 2006 Season.  *See, Hesse Dep., at p. 175-76, ln. 20-25, 2-10.*

16.     Plaintiffs were employed by the Village as part-time seasonal police officers for the 2002, 2003, 2004 and 2005 Seasons.  *See, e.g., Carter Dep., at p. 27, lines 22-23; p. 114, lines 4-14.*

17.     Plaintiffs each averaged less than forty (40) hours per week during the 2005 Season. *See, Minerva Aff., at ¶¶ 4-8, Ex. "P", "Q", "R", "S", "T".*

18.     During the eighteen (18) weeks that comprised the 2005 Season, (between May 16, 2005 and September 19, 2005), Plaintiff Snyder worked approximately 55 shifts totaling 447.25 hours. *See, Minerva Aff., at ¶ 4, Ex. "P".*

19.     During the eighteen (18) weeks that comprised the 2005 Season, (between May 16, 2005 and September 19, 2005), Plaintiff Carter worked approximately 43 shifts totaling 344 hours. *See, Minerva Aff., at ¶ 5, Ex. "Q".*

20.     During the eighteen (18) weeks that comprised the 2005 Season, (between May 16, 2005 and September 19, 2005), Plaintiff Nofi worked 24 shifts totaling 236.5 hours. *See, Minerva Aff, at ¶ 6, Ex. "R".*

3

21.     During the eighteen (18) weeks that comprised the 2005 Season, (between May 16, 2005 and September 19, 2005), Plaintiff Lamm worked approximately 76 shifts totaling 617 hours. *See, Minerva Aff., at ¶ 7, Ex. "S"*.

22.     During the eighteen (18) weeks that comprised the 2005 Season, (between May 16, 2005 and September 19, 2005), Plaintiff Fiorillo worked approximately 69 shifts totaling 674.5 hours. *See, Minerva Aff., at ¶ 8, Ex. "T"*.

23.     Between Seasons, the Village would hire individuals on a part-time basis to work various shifts for the OBPD. *See, Paradiso Dep., at p. 457-458, ln. 2-25, ln. 2-9.*

24.     Plaintiffs worked as part-time police officers during the off-season. *See, e.g., Carter Dep., at p. 27, ln. 22-23; p. 114, ln. 4-14.*

25.     Hesse responsible for selecting individuals to work on certain shifts as part-time, off-season police officers during the 2005/2006 off-season. *See, Hesse Dep., at p. 753, ln. 16-19, p. 2-11.*

26.     During the 2005/2006 off-season, Plaintiff Snyder worked approximately 36 shifts totaling 278 hours. *See, Minerva Aff., at ¶ 4, Ex. "P"*.

27.     On March 31, 2006, Plaintiff Snyder worked his last part-time, off-season shift. *See, Minerva Aff., at ¶ 4, Ex. "P"*.

28.     During the 2005/2006 off-season, Plaintiff Carter worked approximately 29 shifts totaling 225 hours. *See, Minerva Aff., at ¶ 5, Ex. "Q"*.

29.     On February 8, 2006, Plaintiff Carter worked his last part-time, off-season shift. *See, Minerva Aff., at ¶ 5, Ex. "Q"*.

30.     During the 2005/2006 off-season, Plaintiff Nofi worked 3 shifts totaling 16 hours. *See, Minerva Aff, at ¶ 6, Ex. "R"*.

4

31.     On January 2, 2006, Plaintiff Nofi worked his last part-time, off-season shift. *See, Minerva Aff, at ¶ 6, Ex. "R".*

32.     During the 2005/2006 off-season, Plaintiff Lamm worked 17 shifts totaling 137 hours. *See, Minerva Aff., at ¶ 7, Ex. "S".*

33.     On October 22, 2005, Plaintiff Lamm worked his last part-time, off-season shift. *See, Minerva Aff., at ¶ 7, Ex. "S".*

34.     During the 2005/2006 off-season, Plaintiff Fiorillo worked 12 shifts totaling 96 hours. *See, Minerva Aff., at ¶ 8, Ex. "T".*

35.     On January 1, 2006, Plaintiff Fiorillo worked his last part-time, off-season shift. *See, Minerva Aff., at ¶ 8, Ex. "T".*

36.     As of April 2, 2006, Plaintiff Snyder was employed full-time by the Town of Islip, Department of Public Safety as a Park Ranger I. *See, Snyder Dep., at p.21, ln. 19-20.*

37.     As of April 2, 2006, Plaintiff Carter was employed full-time by the Town of Islip, Department of Public Safety as a Park Ranger II. *See, Carter Dep., at p. 12, ln. 8-11.*

38.     As of April 2, 2006, Plaintiff Nofi was employed as a part-time peace officer with the Town of Smithtown, and full-time with Suffolk County Health Services, Tobacco Enforcement and Education. *See, Nofi Dep., at p. 64, ln. 13-21; p. 76, ln. 9-15.*

39.     As of April 2, 2006, Plaintiff Lamm was employed full-time by the Town of Islip as an airport security guard at MacArthur Airport. *See, Lamm Dep., at p. 225, ln. 14-24.*

40.     As of April 2, 2006, Plaintiff Fiorillo was employed full-time as a truck driver for LLC Maintenance, Corp. *See, Fiorillo Dep., at p. 9-10, ln. 2-25, 2-7.*

41.     Plaintiff Snyder was never employed as either a part-time or full-time police officer with any governmental agency other than the Village. *See, gen., Snyder Dep., at p. 38, ln. 7-13; p. 204-205, ln. 19-15, ln. 2-3.*

42.     Plaintiff Carter was never employed as either a part-time or full-time police officer with any governmental agency other than the Village. *See, gen., Carter Dep., at p. 12-15.*

43.     Plaintiff Nofi was never employed as either a part-time or full-time police officer with any governmental agency other than the Village. *See, Nofi Dep., at p. 159-160, ln.23-25, 2-8.*

44.     Plaintiff Lamm was never employed as either a part-time or full-time police officer police officer with any governmental agency other than the Village. *See, Lamm Dep., at p. 218, ln. 15-22; p. 20, ln. 13-16.*

45.     Plaintiff Fiorillo was never employed as either a part-time or full-time police officer with any governmental agency other than the Village. *See, e.g., Fiorillo Dep., at p.11,, ln. 11-16.*

46.     As of April 2, 2006, Plaintiff Snyder was 42 years-old. *See, Minerva Aff. at ¶ 9, Ex. "U".*

47.     As of April 2, 2006, Plaintiff Carter was 41 years-old. *See, Minerva Aff. at ¶ 10, Ex. "V".*

48.     As of April 2, 2006, Plaintiff Nofi was 50 years-old. *See, Minerva Aff. at ¶ 11, Ex. "W".*

49.     As of April 2, 2006, Plaintiff Lamm was 34 years-old. *See, Minerva Aff. at ¶ 12, Ex. "Y".*

50. As of April 2, 2006, Plaintiff Fiorillo was 49 years-old. *See, Minerva Aff. at ¶ 13, Ex. "Y"*.

51. Since the beginning of the 2002 season, other than for Plaintiff Lamm, none of the Plaintiffs ever applied, prior to April 2, 2006, to be full-time police officers for any other police department, either within the New York/Metropolitan area. *See, e.g., Snyder Dep., at p. 38, ln. 7-13*.

52. As of April 2, 2006, the 2006 season had not commenced. *See, e.g., Paradiso Dep., at p. 455, ln. 7-16*.

53. As of April 2, 2006, the Plaintiffs had not been hired by the Village as seasonal police officers for the 2006 Season. *See, gen., Complaint*.

54. On April 2, 2006, Hesse separately informed Plaintiff Carter that he would not be chosen as part of the Village's seasonal police force for the 2006 Season. *See, Hesse Dep., at p. 639-640, ln. 25, 2-4*.

55. On April 2, 2006, Hesse separately informed Plaintiff Nofi that he would not be chosen as part of the Village's seasonal police force for the 2006 Season. *See, Hesse Dep., at p. 639, ln. 9-11*.

56. On April 2, 2006, Hesse separately informed Plaintiff Lamm that he would not be chosen as part of the Village's seasonal police force for the 2006 Season. *See, Hesse Dep., at p. 639, ln. 15-17*.

57. On April 2, 2006, Hesse separately informed Plaintiff Fiorillo that he would not be chosen as part of the Village's seasonal police force for the 2006 Season. *See, Hesse Dep., at p. 639, ln. 18-20*.

58.     On or about April 20, 2006, Hesse separately informed Plaintiff Snyder that he would not be chosen as part of the Village's seasonal police force for the 2006 Season. *See, Hesse Dep., at p. 639, ln. 21-24.*

59.     Hesse decided not to hire Plaintiff Snyder for the 2006 Season because he was not showing up to work, and was giving his shifts away to other police officers. *See, Hesse Dep., at p. 634, ln. 12-24.*

60.     Hesse decided not to hire Plaintiff Carter for the 2006 Season because he slept while on-duty with the OBPD. *See, Hesse Dep., at p. 626-27, ln. 15-25, 2-11.*

61.     Hesse decided not to hire Plaintiff Nofi for the 2006 Season because his appearance, attitude and work performance were poor, and he was abusive to the public. *See, Hesse Dep., at p. 637, ln. 3-18.*

62.     Hesse decided not to hire Plaintiff Lamm for the 2006 Season because of his insubordination and abuse of the public. *See, Hesse Dep., at p. 632, ln. 3-15.*

63.     Hesse decided not to hire Plaintiff Fiorillo for the 2006 Season because of his regular insubordination. *See, Hesse Dep., at p. 623, ln. 10-16.*

64.     Plaintiffs were not present at the April 2, 2006 pre-season meeting. *See, e.g., Fiorillo Dep., at p. 376, ln. 5-13; Nofi Dep., at p. 231, ln. 2-8; p. 239-242; Snyder Dep., at p. 472, ln. 10-19.*

65.     Hesse denied making any defamatory comments about the Plaintiffs at the April 2, 2006 meeting. *See, Hesse Dep., at p. 749-750, ln. 15-25, 2-19.*

66.     Plaintiffs have no personal knowledge of any alleged stigmatizing statements made by Hesse on April 2, 2006. *See, e.g., Fiorillo Dep., at p. 375-77; Nofi Dep., at p.241, ln. 13-21.*

8

67.     Hesse acknowledged authoring certain *Schwartz Report* blog entries. *See, Hesse Dep., at p. 294, ln. 9-14.*

68.     The blog entries that Hesse acknowledges authoring prior to the initiation of this action do not identify Plaintiffs by name. *See, Novikoff Aff., at ¶¶ 10, 11, Ex. "M" and "N".*

69.     Hesse was not acting within the scope of his employment when he made entries on the blog. *See, Hesse Dep., at p. 680-81, ln 17-25, 2-15.*

70.     Prior to April 2, 2006, Plaintiffs never raised any of the complaints alleged in their Complaint concerning the OBPD, any police officer or Hesse, with Hesse. *See, Hesse Dep., at p. 729-732.*

71.     Prior to April 2, 2006, Plaintiffs never raised any complaint alleged in their Complaint concerning the OBPD, any police officer or Hesse, with Mr. Paradiso. *See, e.g., Paradiso Dep., at p. 474-496*; *Lamm Dep., at 257, ln. 12-19; Lamm p. 229, ln. 7-22.*

72.     Prior to April 2, 2006, Plaintiff Snyder never raised any alleged complaint concerning the OBPD, any police officer or Hesse, with the Village Board of Trustees, any sitting Mayor, the Suffolk County District Attorney's Office, Newsday, News 12 or any media outlet. *See, Snyder Dep., at p. 246, ln., 22-25; p. 265-66, ln. 6-25, 2-15; p. 281-283; p. 311-312, ln. 17-25, 2-16.*

73.     Prior to April 2, 2006, Plaintiff Carter never raised any alleged complaint concerning the OBPD, any police officer or Hesse, with the Village Board of Trustees, any sitting Mayor, the Suffolk County District Attorney's Office, Newsday, News 12 or any media outlet. *See, e.g., Carter Dep., at p. 328-346.*

74.     Prior to April 2, 2006, Plaintiff Nofi never raised any alleged complaint concerning the OBPD, any police officer or Hesse, with the Village Board of Trustees, any

sitting Mayor, the Suffolk County District Attorney's Office, Newsday, News 12 or any media outlet. *See, e.g., Nofi Dep., at p. 208, ln. 2-19; p. 219, ln. 7-23*; p. 272, ln. 22-24; p. 278-79, ln. 13-25, 2-15.

75.     Prior to April 2, 2006, Plaintiff Lamm never raised any alleged complaint concerning the OBPD, any police officer or Hesse, with the Village Board of Trustees, any sitting Mayor, the Suffolk County District Attorney's Office, Newsday, News 12 or any media outlet. *See, e.g., Lamm Dep. p. 233, ln. 17-24; p. 257-58, ln. 12-25, 2-14; p. 235, ln. 2-24.*

76.     Prior to April 2, 2006, Plaintiff Fiorillo never raised any alleged complaint concerning the OBPD, any police officer or Hesse, with the Village Board of Trustees, any sitting Mayor, the Suffolk County District Attorney's Office, Newsday, News 12 or any media outlet. *See ,e.g., Fiorillo Dep., at p. 112-115; p. 158-160; p. 162-164; 258-260.*

77.     No prospective employer of any of the Plaintiffs ever learned of any alleged stigmatizing statements attributable by Plaintiffs to Hesse. *See, e.g., Snyder Dep., at p. 477-78, ln. 5-25, 2-13*; *See also, Lamm Dep., at, p. 54-60, 70-72, 184-186; Firoillo Dep., at p. 382-383 ln. 15-25, 2-211.*

78.     No current or prospective employer of any of the Plaintiffs ever learned of any alleged stigmatizing statements attributable by Plaintiffs to Hesse.

79.     Plaintiffs failed to avail themselves of an Article 78 proceeding in connection with the decision by the Village not to employ them for the 2006 Season.

80.     Plaintiffs have not sustained any injury, physical or otherwise, as a result of the Village Defendants' alleged negligent retention of unfit police officers. *See, e.g., Lamm Dep., at p. 154, ln. 9-25, p. 155, ln. 2-25, and p. 156, ln. 2-24*; *See also, Fiorillo Dep., at p. 357, ln. 11-16.*

Dated: Uniondale, New York
       October 14, 2009

                          Respectfully submitted,

                          RIVKIN RADLER LLP

                   By:       /s/
                          Kenneth A. Novikoff (KAN-0350)
                          Michael P. Welch (MPW-7559)
                          926 RXR Plaza
                          Uniondale, New York 11556-0926
                          Telephone: (516) 357-3000
                          Facsimile: (516) 357-3333

                          COUNSEL FOR *INCORPORATED VILLAGE OF OCEAN
                          BEACH; MAYOR JOSEPH C. LOEFFLER, JR.,
                          individually and in his official capacity, former mayor
                          NATALIE K ROGERS, individually and in her official
                          capacity, OCEAN BEACH POLICE DEPARTMENT*

2301708 v1

11