# EXHIBIT 1

INCORPORATED VILLAGE OF OCEAN BEACH

P.O. BOX 433

OCEAN BEACH, NEW YORK 11770

JUSTICE COURT

631-583-0104

William Wexler
Village Justice

Annie Robinson
Court Clerk

## DISPOSITION OF RECORD

THE PEOPLE OF THE STATE OF NEW YORK

VS

CHRISTOPHER SCHALICK

Docket #     05-02-001

Date of Violation  10/31/2004

Offense: NYSPL 120.00.01
ASSAULT IN THE THIRD DEGREE

Date of Disposition   MAY 21, 2005

Disposition   PLEAD GUILTY TO A REDUCED CHARGE OF NYSPL 240.20 (7)
DISORDERLY CONDUCT
PAID $250 FINE

I hereby certify that this is a true disposition on record with the Village Justice Court of Ocean Beach

Date: JANUARY 7, 2010

Annie Robinson
Court Clerk

JUSTICE COURT
VILLAGE OF OCEAN BEACH
STATE OF NEW YORK

CC# 110704-01

THE PEOPLE OF THE STATE OF NEW YORK

-VS-

Christopher Schalik

CLASS "A" MISDEMEANOR

*INFORMATION*

COMPLAINANT  Police Officer Gary Bosetti  OF NO. Bay Walk, Ocean Beach, NY 11770

BEING DULY SWORN, SAYS THAT ON   10/31/04  AT APROMX:  3:30am

AT  Housers Bar

IN THE VILLAGE OF OCEAN BEACH, TOWN OF ISLIP COUNTY OF SUFFOLK, NEW YORK, THE DEFENDANT

Christopher Schalik  D.O.B 01/15/75

ADDRESS 63 Maple PL., Huntington, NY 11743

INTENTIONALLY  COMMITTED THE OFFENSE OF:

Assault Third Degree

IN VIOLATION OF SECTION   120.00.01 NEW YORK STATE PENAL LAW

*(handwritten: 2/11/04  Arr: 300 Bail)*

*(handwritten: Adj 1/8/05  1200)*

**COUNT #1**

IN THAT:

A person is guilty of assault in the third degree when:

1. With intent to cause physical injury to another person, he causes such injury to such person or third person.

To wit;

The Defendant, acting in concert with another person, at Housers Bar, Bay Walk, Ocean Beach, in Suffolk County, New York, on or about October 31, 2004, at 3:30 am, with intent to cause physical injury to another person, caused such injury to Police Officer Gary Bosetti; in that, defendant Bryan Van Koot grabbed Police Officer Gary Bosetti around the legs holding him while defendant Christopher Schalik kicked him in the face and hand, causing substantial pain in the nature of a sharp and persistent pain in his face, dizziness and a sprained wrist.

THIS COMPLAINT IS BASED UPON  (PERSONAL KNOWLEDGE) & (~~INFORMATION AND BELIEF~~), THE SOURCE

BEING THE ATTACHED [SWORN DEPOSITION (S) OF

DATED _____     { THE ATTACHED LABORATORY REPORT OF THE SUFFOLK COUNTY POLICE DEPT.

DATED _____

SWORN TO BEFORE ME ___12___     _November_  2004

_____  SA 113/08M

TITLE  Sergeant

P.O. _____

COMPLAINANT

1

1    INCORPORATED VILLAGE OF OCEAN BEACH
     VILLAGE JUSTICE COURT:
2    ------------------------------------------------
     THE PEOPLE OF THE STATE OF NEW YORK,
3
               -against-
4
     CHRISTOPHER SCHALIK,
5
                              Defendant.
6    ------------------------------------------------

7

8                              May 21, 2005
                               P.O. Box 433
9                              Ocean Beach, New York 11770

10

11   B E F O R E:     HONORABLE WILLIAM WEXLER

12

13   A P P E A R A N C E S:

14   For the People
          EDWARD GRASSO, A.D.A.
15

16   For the Defendant
          JOHN BELFORD, ESQ.,
17        120 Fourth Avenue,
          Bayshore, New York 11706
18

19

20

21

22

23

24                    FRANCINE SKINNER
                    OFFICIAL COURT REPORTER

25

1          THE COURT:   This is a matter of People versus

2     Christopher Schalik.   Appearances for the record.

3          MR. GRASSO:   Ed Grasso, District Attorney of

4     Suffolk.

5          MR. BELFORD:   John Belford, for Christopher

6     Schalik.

7          THE COURT:   I understand there is a prepared

8     disposition in this matter.

9          MR. GRASSO:   People have an application to Penal

10    Law 120.00 (1) to the violation of Penal Law 240.20 (7).

11    People are recommending a fine in the amount of $250.

12         THE COURT:   Okay, Mr. Belford.

13         MR. BELFORD:   At this time, we join in the

14    application.   My client has authorized me to enter into a

15    plea of guilty to the reduced and amended charge of

16    disorderly conduct, a violation.   And, he is prepared

17    allocute to that offense.   If we can go off the record.

18         (At this time, a discussion was held off the record at

19    the bench.)

)          THE COURT:   Back on the record.

That is your understanding Mr. Schalik?   Based on your
conversation with Mr. Belford, that you are pleading guilty
to the reduced charge of disorderly conduct, a violation of
240.20 (7) of the Penal Law?

People, do you want to allocute or would you like the

3

1        Court to?

2                MR. GRASSO:  Would the Court, please.

3                THE COURT:  Do you understand you are pleading

4        guilty and you waive your right to a trial and by pleading

5        guilty is the same as if you went to trial and lost

6        and that you waive any right to appeal?

7                I'd ask you on or about October 31, 2004, at

8        3:30 a.m., did you kick a police officer, Gary Bossetti and

9        did you act in kicking the police officer serve no

10       legitimate purpose?

11               THE DEFENDANT:  Yes, your Honor.

12               THE COURT:  Can you swear in the defendant,

13       please.

14               THE CLERK:  Do you swear or affirm to tell the

15       truth to the contents before the Court?

16               THE DEFENDANT:  Yes.

17               THE COURT:  On October 31, 2004, at 3:30 a.m., did

18       you kick Officer Gary Bossetti, an act which served no

19       legitimate purpose that occurred?

20               THE DEFENDANT:  Yes, your Honor.

21               THE COURT:  In Ocean County, Town of Islip, State

22       of New York?

23               THE DEFENDANT:  Yes, your Honor.

24               THE COURT:  How do you plead to the reduce charge

25       of 240.20 (7)?

1          THE DEFENDANT:  Guilty.

2          THE COURT:  I am going to impose a sentence.

3  Before I impose sentence, is there anything you wish to say

4  Mr. Belford?

5          MR. BELFORD:  No, your Honor.

6          THE COURT:  Mr. Schalik?

7          THE DEFENDANT:  No, sir.

8          THE COURT:  Based on the bargain for disposition

9  and the District Attorney's Office, I am imposing a fine of

10  $250, I believe it is a $95 surcharge.  If I am wrong on

11  that, we will credit you.  I am not sure sitting here since

12  we are not at the courthouse.  It is either $75 or $95.  We

13  will apply, I believe the $300 bail.  We will apply it, you

14  do the math.  Our good clerk can do the math.  That ends

15  this matter.

16          I will say one thing though, that your lawyer did a

17  good job for you.  Quite frankly, if he didn't bargain for a

18  disposition, I strongly was putting you in County jail for

19  15 days maximum.  I would have done it in a heartbeat.

20

21

22

23

24

25  (Continued on the following page.)

I don't know when you plan on coming back here, that's up to you, but follow the rules and you should have an enjoyable summer.

\*     \*     \*     \*     \*

## CERTIFICATION

The foregoing is certified to be a true and accurate transcript of the original stenographic notes taken in this proceeding.

FRANCINE SKINNER

OFFICIAL COURT REPORTER