

# Thompson Wigdor & Gilly LLP ATTORNEYS AND COUNSELORS AT LAW

85 Fifth Avenue
New York, NY 10003
Tel 212.257.6800
Fax 212.257.6845
www.twglaw.com

**Andrew S. Goodstadt**
agoodstadt@twglaw.com

January 19, 2010

**BY ECF**

Honorable Sandra J. Feuerstein
United States District Court
Eastern District of New York
290 Federal Plaza
Central Islip, New York 11722

    Re:    *Carter, et al. v. Incorporated Village of Ocean Beach, et al.*,
              **No. 07 Civ. 1215 (SJF)(ETB)**

Dear Judge Feuerstein:

As Your Honor knows, we represent Plaintiffs in the above-referenced matter. We write to respectfully request that the Court strike "Point V" of County Defendants' reply memorandum in support of County Defendants' motion for summary judgment,[1] which improperly interposes an entirely new purported argument that was not addressed at all in County Defendants' initial memorandum and supporting declarations, nor in Plaintiffs' oppositions thereto.

Specifically, County Defendants raise, for the first time on reply, the argument that Plaintiffs' causes of action arising under state law should be dismissed on the basis of Plaintiffs' purported failure to file a Notice of Claim.[2] However, in light of County Defendants' failure to raise such argument in their initial moving papers, we respectfully request that the Court strike this argument in its entirety. *See generally MCI LLC v. Rutgers*

---

[1]    *See* ECF #162, County Reply Mem. at 16-19 ("Point V: *Plaintiffs' State Law Causes of Action Must be Dismissed for Failure to File a Notice of Claim*").

[2]    Although County Defendants' argument also is substantively and factually deficient, Plaintiffs' do not respond on its merits here, as County Defendants' did not address the issue in their initial moving papers, and, moreover, Your Honor's Individual Motion Practices do not permit the submission of rebuttals or sur-replies. *See also Aurora Loan Servs. v. Posner, Posner & Assocs., P.C.*, 513 F. Supp. 2d 18, 20 (S.D.N.Y. 2007) (allowing party opposing summary judgment to submit additional sur-reply does not cure "error because it again allows [moving party] an additional chance to meet its burden on summary judgment, and also creates opportunities for gamesmanship in motion practice").

Thompson Wigdor & Gilly LLP ATTORNEYS AND COUNSELORS AT LAW

Honorable Sandra J. Feuerstein
January 19, 2010
Page 2

*Cas. Ins. Co.*, No. 06-cv-4412 (THK), 2007 U.S. Dist. LEXIS 59241, at *63 (S.D.N.Y. Aug. 13, 2007) ("[T]o the extent Defendant seeks to raise new legal arguments in its Reply Affirmation, such arguments need not be addressed, because [a party] cannot resurrect an argument omitted in its main brief by raising it for the first time in a reply brief") (citations and internal quotations omitted); *MapInfo Corp. v. Spatial Re-Engineering Consultants*, No. 02-cv-1008 (DRH), 2007 U.S. Dist. LEXIS 152, at *3 (N.D.N.Y Jan. 3, 2007) (granting motion to strike reply declaration and explaining that "the declaration may not be considered because it constitutes new factual matters not presented to the Court on the original motion") (citing *Ernst Haas Studio, Inc. v. Palm Press, Inc.*, 164 F.3d 110, 112 (2d Cir. 1999) ("new arguments may not be made in a reply brief")) (additional citations omitted).

Thank you for Your Honor's consideration of this request.

Respectfully submitted,

Andrew S. Goodstadt

cc:	Arlene S. Zwilling, Esq. (*Attorney for Suffolk County Defendants*)
	Kenneth A. Novikoff, Esq. (*Attorney for Ocean Beach Defendants*)
	Kevin W. Connolly, Esq. (*Attorney for Defendant George B. Hesse*)