D/F



**KENNETH A. NOVIKOFF**
PARTNER
(516) 357-3110
ken.novikoff@rivkin.com

March 2, 2010

**VIA ELECTRONIC FILING**

Honorable Sandra J. Feuerstein
United States District Court
Eastern District of New York
United States Courthouse
290 Federal Plaza
Central Islip, New York 11722-4437

**Order**
The application is:
_X_ granted on consent unless opposition is raised by Plaintiffs no later than 5:00 p.m. on Friday, March 5, 2010.
___ denied
___ referred to Magistrate Judge _____ for
___ decision
___ report and recommendation

3/3/10 [signature]

Re: Carter v. Ocean Beach, et al.
Case No.: 07 Civ. 1215 (SJF)(ETB)

Your Honor:

The law firm of Rivkin Radler LLP represents Defendants, Incorporated Village of Ocean Beach, Ocean Beach Police Department, Joseph Loeffler and Natalie Rogers, (hereinafter "Village Defendants"), in the above-entitled action, which Your Honor summarily dismissed on February 19, 2010. The Village Defendants are prepared to move, on or before March 8, 2010, see, Fed.R.Civ.P. 54(2)(B)(i), for the recovery of attorneys fees and/or sanctions against plaintiffs and/or plaintiffs' counsel, pursuant to 42 U.S.C. § 1988, 28 U.S.C. § 1927, as well as

926 RXR Plaza
Uniondale, NY 11556-0926
T 516.357.3000  F 516.357.3333

555 Madison Avenue
New York, NY 10022-3338
T 212.455.9555  F 212.687.9044

21 Main Street, Court Plaza South
West Wing, Suite 158
Hackensack, NJ 07601-7021
T 201.287.2460  F 201.489.0495

RIVKIN RADLER LLP

Honorable Sandra J. Feuerstein
March 2, 2010
Page 2

this Court's "inherent authority to manage its own affairs."[1] However, in light of the Plaintiffs' very recent filing of a Notice of Appeal of the Your Honor's decision, which prevents the Court from awarding the Village Defendants "Taxable Costs," see, Local Rule 54.1,[2] the Village Defendants seek herein a stay, until 30 days after resolution of the appeal by the Second Circuit Court of Appeals, to make its respective application for sanctions and attorneys' fees, so that all of the respective applications concerning costs, fees and sanctions can be addressed by this Court at one time.[3]

The Village Defendants do not believe that plaintiffs will be prejudiced in any manner by the stay sought and further believe, respectfully, that the instant application will further the interests of judicial economy and administrative efficiency.

Respectfully submitted,

RIVKIN RADLER LLP

/s/
Kenneth A. Novikoff
(KAN-0350)

KAN:jas

---

[1] The Village Defendants anticipate seeking the recovery of attorneys' fees and/or the imposition of sanctions pertaining to the following claims that had been asserted by plaintiffs: (a) the 14th Amendment Equal Protection Clause claim; (b) the federal claims against Defendants Loeffler and Rogers in their individual capacities; (c) the New York State Labor Law §740 claim; (4) the "termination in violation of public policy" claim, and; (5) the respective 14th Amendment Due Process Clause claims. All of these claims, with the exception of the Due Process Clause claims, were "discontinued" by plaintiffs after the service and/or filing by the Village Defendants of their motion for summary judgment. Critically, the Village Defendants had demanded in June, 2009 that these very claims be withdrawn since they were legally and/or factually meritless. Indeed, as to the claims against Defendant Loeffler and Rogers individually, the Village Defendants had demanded as far back as April, 2008 that they be discontinued since the allegations in the complaint did not even raise an inference of the requisite "personal involvement" of either Mayor Loeffler or former Mayor Rogers.

[2] The Village Defendants will be seeking the taxation of costs against plaintiffs in excess of $70,000.00.

[3] Given the manner in which plaintiffs have litigated this case, the Village Defendants are fairly certain that plaintiffs will move this Court, pursuant to Fed.R.Civ.P. 54(d)(1), to review the costs taxed by the Clerk for the United States District Court for the Eastern District of New York.

RIVKIN RADLER LLP

Honorable Sandra J. Feuerstein
March 2, 2010
Page 3

cc: Douglas Wigdor, Esq. (Via ECF)
Kevin W. Connolly, Esq. (Via ECF)
Arlene Zwilling, Esq. (Via ECF)

Peter P. McNamara, Esq. (i/o)

2342780 v1