UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
———————————————————————————X

EDWARD CARTER, FRANK FIORILLO, KEVIN
LAMM, JOSEPH NOFI, and THOMAS SNYDER,

                                              **NOTICE OF MOTION
FOR ATTORNEY'S FEES
AND COSTS
CV-07-1215 (SJF)(ETB)**

                           Plaintiffs,

                -against-

INCORPORATED VILLAGE OF OCEAN BEACH,
MAYOR JOSEPH C. LOEFFLER, JR., individually
and in his official capacity, former mayor NATALIE K.
ROGERS, individually and in her official capacity,
OCEAN BEACH POLICE DEPARTMENT, ACTING
DEPUTY POLICE CHIEF GEORGE B. HESSE,
individually and in his official capacity, SUFFOLK
COUNTY, SUFFOLK COUNTY DEPARTMENT
OF CIVIL SERVICE, and ALLISON SANCHEZ,
individually and in her official capacity,

                         Defendants.
———————————————————————————X

      PLEASE TAKE NOTICE, that upon the annexed Affirmation of Arlene S. Zwilling,

dated April 25, 2011, the exhibits attached thereto, the defendants' memorandum of law and

upon all pleading and proceedings heretofore had herein, the undersigned will move this Court,

before the Honorable Sandra J. Feuerstein, at the United States Courthouse located at 100

Federal Plaza, Central Islip, New York on the       day of       2011 at 10:00 am or as soon

thereafter as counsel can be heard for an Order pursuant to Federal Rule 54 (c )(2) of the Federal

Rules of Civil Procedure granting defendants' motion for attorney's fees and taxable costs.

Dated:  Hauppauge, New York
       April 25, 2011

                                Yours, etc.
                                CHRISTINE MALAFI
                                SUFFOLK COUNTY ATTORNEY
                                Attorney for Suffolk County, Suffolk
                                County Dept. of Civil Service, Alison
                                Sanchez
                                100Veterans Memorial Highway
                                P.O. Box 6100
                                Hauppauge, New York 11788

                                Arlene S. Zwilling/AZ-5918
                                Assistant County Attorney

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
_____X

EDWARD CARTER, FRANK FIORILLO, KEVIN,
LAMM, JOSEPH NOFI, and THOMAS SNYDER,

                                        Plaintiffs,                    AFFIRMATION IN
                                                                       SUPPORT OF MOTION
                                                                       FOR ATTORNEY'S
                         -against-                                     FEES AND COSTS

                                                                       CV 07-1215 (SJF) (ETB)

INCORPORATED VILLAGE OF OCEAN BEACH,
MAYOR JOSEPH C. LOEFFLER, JR., individually
and in his official capacity, former mayor NATALIE K.
ROGERS, individually and in her official capacity,
OCEAN BEACH POLICE DEPARTMENT, ACTING
DEPUTY POLICE CHIEF GEORGE B. HESSE,
individually and in his official capacity, SUFFOLK
COUNTY, SUFFOLK COUNTY DEPARTMENT
OF CIVIL SERVICE, and ALISON SANCHEZ,
individually and in her official capacity.

                                        Defendants
_____X

        Arlene S. Zwilling, an attorney duly admitted to practice law before this Court and the

Courts of the State of New York, affirms as follows:


        1)      I am an Assistant County Attorney in the office of Christine Malafi, Suffolk

County Attorney, attorney for Suffolk County, the Suffolk County Department of Civil Service

and Alison Sanchez, defendants in this now dismissed action pursuant to 42 U.S.C. §§1983,

1985 and state law ("County defendants"). I submit this affirmation in support of County

defendants' motion pursuant to 42 U.S.C. §1988 and Local Rule 54(c)(2), for an award of

attorney's fees and taxable costs.

1

2)     An award of attorney's fees and costs is warranted given plaintiffs' relentless prosecution of this action through dismissal and appeal, despite the total legal and factual absence of any conceivable claim against County defendants, since the inception of this action.

3)     In essence, plaintiffs' claims in this case are for their alleged wrongful terminations from their employment by defendant Village of Ocean Beach (the "Village"). The dismissed claims against County defendants were based upon plaintiffs' asserted denial of their due process rights in their employment. The case against County defendants was frivolous and groundless from the start because at no time did County defendants ever employ plaintiffs or have any legal authority to hire, re-hire, retain or fire employees of the village. County defendants have no control at all over whether plaintiffs are employed by the village. Furthermore, since plaintiffs' employment at issue was not permanent, they had no property interest in their continued employment and accordingly, their due process rights were not implicated, let alone violated.

4)     Plaintiffs were part time seasonal police officers employed by the Village. The Village declined to rehire them in 2006. They responded to that decision by instituting this action against the Village, various Village officials and County defendants. Their complaint asserted claims against all defendants under §1983 and §1985 for the alleged deprivation of their due process rights under the Fourteenth Amendment, conspiracy to deprive them of their civil rights, corresponding violations of the New York Constitution, along with state law claims for the violation of New York Civil Service Law §75-b, and other tortious conduct. They also

2

asserted claims pursuant to §§1983, 1985 and the New York Constitution for retaliation in violation of their right to free speech under the First Amendment against Village defendants.

5)    From the first conference herein, the Court questioned plaintiffs' choice to sue County defendants because they were not plaintiffs' employer and did not control plaintiffs' employment. Despite the advice of the Court, and despite the concerted and persistent efforts of the Suffolk County Attorney's office to obtain a voluntary withdrawal, plaintiffs not only refused to withdraw, but zealously litigated this matter through the unsuccessful appellate stage.

6)    The Court's view that County defendants could not have liability in this case culminated in its Opinion & Order dated February 19, 2010 (exhibit A), by which the Court summarily dismissed the case. In particular, the Court dismissed plaintiffs' due process claims, the only federal claims against County defendants, on the basis that plaintiffs did not have the predicate liberty or property interests necessary to invoke their due process rights. The Court also dismissed the First Amendment claims against the other defendants on the basis that plaintiffs had engaged in no protected speech, and further declined jurisdiction over the remaining state law claims.

7)    Plaintiffs then appealed the summary judgment to the Court of Appeals for the Second Circuit. The appeal was also summarily disposed of, by Summary Order issued March 18, 2011(exhibit B). The meritlessness of the appeal is evidenced by the Second Circuit's ruling that plaintiffs' had no protected property interest in their jobs "for substantially the reasons set forth by the district court." (Summary Order, p. 5).[1]

---

[1] Not directly relevant upon this motion but worthy of note, is that after summary judgment was granted, plaintiffs brought a state court action, wherein they purported to raise the pendent claims which this Court declined jurisdiction over. That action was dismissed at the pleadings stage against County defendants.

3

8)      The Suffolk County Attorney's office devoted 632.4 hours to representing County defendants in this matter, plus 10 hours of travel time.  Most of the work on this matter was performed by Assistant County Attorney Rudolph Max Baptiste and me. I rendered 329.5 hours of service in this action Mr. Baptiste's affirmation as to his hours and qualifications is annexed. The Bureau Chief and Deputy Bureau Chief of the office's General Litigation Bureau Brian P. Callahan, and Leonard G. Kapsalis, respectively, as well as Assistant County Attorney Chris Termini also worked on this matter.

9)      Computer printouts of Mr. Baptiste's contemporaneous time records for the work done on this case are annexed as exhibit C.  Printouts of my time records are annexed as exhibit D.   Printouts of the time records of Messrs. Callahan, Kapsalis and Termini are annexed respectively as exhibits E, F, and G. The printouts have columns filled in for, from left to right, date work performed, attorney's initials, case name, time spent and category of task performed. The numbers given for task categories are as follows:

| Category number | Task |
|---|---|
| 1 | consultation |
| 2 | court appearance |
| 3 | research |
| 4 | travel |
| 5 | depositions |
| 6 | review |
| 7 | correspondence |
| 8 | preparation of legal documents |

4

9                          telephone calls

10)    Fees are sought at the rate of $150 per hour, which is the municipal rate paid by this office to many outside counsel during the period when most of the work on this matter was performed. In the Eastern District, the rate sought is appropriately awarded even to attorneys with limited experience. Recompense for travel time is sought at the customary 50% rate of $75 per hour.

11)    Accordingly, the total sum requested by County defendants for attorney's fees is $95,760.00.

12)    I have been admitted to the bar of the State of New York for over 26 years and to the federal courts for the Southern and Eastern Districts for approximately 24-25 years. I was also admitted to the Court of Appeals for the Second Circuit in 1997. Since February 1991, I have been associated with the Suffolk County Attorney's office where the bulk of my work has been handling all phases of federal §1983 litigation, in both the district and appellate courts. I have represented the County and its employees in hundreds of §1983 matters before this Court, from inception through trial, as demonstrated by a list of cases taken from the Court's PACER system in which I have appeared as counsel (exhibit D). I have also briefed and/or argued approximately 20 § 1983 appeals to Court of Appeals for the Second Circuit.

13)    In addition to attorney's fees, taxable costs are sought pursuant to Local Rule 54(c)(2), for County defendants' share of the costs of transcripts of the deposition of defendant George Hesse, which County defendants submitted as an exhibit to and in support of their motion for summary judgment. The County paid a total of $3424.50 to court reporters for taking

5

and transcribing the deposition, which lasted 4 days.  The dates upon which the deposition was taken, and the reporter's charge for each date, are as follows:

| | |
|---|---|
| June 3, 2009 | $1055.65 |
| June 16, 2009 | $687.65 |
| August 6, 2009 | $1111.00 |
| August 17, 2009 | $570.20 |

Copies of the reporters' invoices, along with the Suffolk County Payment Vouchers, indicating payment of the invoices for a total of $3424.50 are annexed as exhibit G.

WHEREFORE, County defendants respectfully request that this Court grant their motion and award them attorney's fees in the sum of $95,760.00 and taxable costs in the sum of $3420.20.

Dated:   Hauppauge, NY
         April 25, 2011

Arlene S. Zwilling

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
_____X

EDWARD CARTER, FRANK FIORILLO, KEVIN
LAMM, JOSEPH NOFI, and THOMAS SNYDER,

                            CV-07-1215 (SJF) (ETB)

                            AFFIRMATION OF
                            RUDOLPH M. BAPTISTE

                Plaintiffs,

              -against-

INCORPORATED VILLAGE OF OCEAN BEACH,
MAYOR JOSEPH C. LOEFFLER, JR., individually
and in his official capacity, former mayor NATALIE K.
ROGERS, individually and in her official capacity,
OCEAN BEACH POLICE DEPARTMENT, ACTING
DEPUTY POLICE CHIEF GEORGE B. HESSE,
individually and in his official capacity, SUFFOLK
COUNTY, SUFFOLK COUNTY DEPARTMENT
OF CIVIL SERVICE, and ALLISON SANCHEZ,
individually and in her official capacity,

                Defendants.
_____X

      Rudolph Max Baptiste,  an attorney duly admitted to practice law before this Court

and the Courts of the State of New York, affirms as follows:

      1)     I am an Assistant County Attorney associated with the office of Christine

Malafi, Suffolk County Attorney, counsel for the County defendants in this action.  I

submit this affirmation in support of County defendants' motion pursuant to 42 U.S.C.

§1988 and Local Rule 54(c)(2), for an award of attorney's fees and taxable costs.

      2)     The time I have devoted to representing County defendants in this matter

is reflected by the computer printouts of my contemporaneous time records annexed as

1

exhibit C. As can be seen from the printouts, I expended a total of 283.30 hours on this case.

    3)    I have been admitted to practice law before the courts of the state of New Jersey since December 3, 2008 and the courts of the State of New York since May 6, 2009. I am also admitted to practice before the U.S. District Court for the Southern and Eastern Districts of New York and the District of New Jersey and the United States Court of Appeals for the Second Circuit.

    4)    In my capacity as an Assistant County Attorney since March 30, 2009, I have handled an assortment of both state and federal litigation on behalf of the County of Suffolk and/or its agencies. On the whole, I am responsible for, among other tasks, the prosecution of administrative hearings pursuant to Suffolk County Local Law 89-12 relating to matters of housing discrimination; defense of challenges to administrative determinations brought pursuant to N.Y. Civil Practice Law & Rules Article 78; prosecution of disciplinary proceedings of County employees pursuant to N.Y. Civil Service Law §75; the defense of the sex offender residency restriction codified Suffolk County Local Law §428 in state and federal courts; and the defense of appeals to the Supreme Court, Appellate Division and the U.S. Court of Appeals where necessary and appropriate.

Dated: Hauppauge, New York
       April 25, 2011

                                 *Rudolph M. Baptiste*
                                 RUDOLPH M. BAPTISTE
                                 Assistant County Attorney

# EXHIBIT "A"

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

——————————————————————————————X

EDWARD CARTER, FRANK FIORILLO, KEVIN
LAMM, JOSEPH NOFI, and THOMAS SNYDER,

                Plaintiffs,

-against-

                              **OPINION & ORDER**
                              **CV-07-1215 (SJF)(ETB)**

INCORPORATED VILLAGE OF OCEAN BEACH,
MAYOR JOSEPH C. LOEFFLER, JR., individually
and in his official capacity, FORMER MAYOR
NATALIE K. ROGERS, individually and in her
official capacity, OCEAN BEACH POLICE
DEPARTMENT, GEORGE B. HESSE, acting
deputy police chief, individually and in his official
capacity, SUFFOLK COUNTY, SUFFOLK
COUNTY POLICE DEPARTMENT, SUFFOLK
COUNTY DEPARTMENT OF CIVIL SERVICE,
ALISON SANCHEZ, individually and in her official
capacity and SUFFOLK COUNTY DISTRICT
ATTORNEY'S OFFICE,

                Defendants.

——————————————————————————————X

FEUERSTEIN, J.

    On March 21, 2007, plaintiffs Edward Carter, Frank Fiorillo, Kevin Lamm, Joseph Nofi

and Thomas Snyder (collectively, "plaintiffs") commenced this action against defendants

Incorporated Village of Ocean Beach, Mayor Joseph C. Loeffler, Jr., former Mayor Natalie K.

Rogers and Ocean Beach Police Department (collectively, "the Ocean Beach defendants")[1];

George B. Hesse ("Hesse"); Suffolk County, Suffolk County Police Department, Suffolk County

Department of Civil Service and Alison Sanchez (collectively, "the County defendants"); and the

---

[1] Plaintiffs subsequently withdrew all claims asserted against defendants Loeffler and
Rogers. Accordingly, the complaint is dismissed in its entirety as against those defendants.

Suffolk County District Attorney's Office, pursuant to, *inter alia*, 42 U.S.C. §§ 1983 and 1985, asserting claims for retaliation in violation of the First Amendment and New York Constitution and violation of plaintiffs' due process[2] rights, as well as state law claims for violation of New York Civil Service Law § 75-b; defamation *per se*; negligent retention of an unfit employee; civil conspiracy; and tortious interference with a business relationship.

Defendants now move, pursuant to Rule 56 of the Federal Rules of Civil Procedure ("Rule 56"), for summary judgment dismissing the complaint. For the reasons set forth herein, defendants' motions are granted in part and denied in part.


I.    BACKGROUND

A.    Factual Background[3]

Plaintiffs are former seasonal and/or part-time police officers previously employed by the Ocean Beach defendants.[4] Plaintiffs worked during the summer season, which commenced two (2) weeks prior to Memorial Day and continued until two (2) weeks after Labor Day, as well as part-time throughout the off-season during the years 2002 through 2006.

---

[2] Plaintiffs subsequently withdrew their claims for violations of their equal protection rights (seventh cause of action), for violations of New York Labor Law § 740 (ninth cause of action) and their RICO claims (thirteenth cause of action).

[3] The facts are derived from the pleadings, the parties' Local 56.1 statements and the affidavits and declarations, with exhibits, submitted by the parties in their respective motion papers. The facts are undisputed, unless otherwise indicated.

[4] The Village of Ocean Beach is located on Fire Island in Suffolk County, New York.

2

Plaintiffs allege that beginning in May 2002, Hesse[5] hired police officers who had not

been certified by the Civil Service Department of Suffolk County; hired civilians as police

dispatchers; permitted police officers to drink alcoholic beverages while on duty; and instructed

other officers to chauffeur intoxicated officers and their civilian friends.  According to plaintiffs,

they each complained to Hesse on numerous occasions that the Village of Ocean Beach ("the

Village") and the Ocean Beach Police Department ("OBPD") were left dangerously short of

personnel when officers were permitted to drink on duty and in their vehicles and when other

officers were assigned to chauffeur them around, but Hesse ignored their complaints.  In

addition, plaintiffs allege that they complained to Hesse that the retention of uncertified officers

posed a constant threat to the public's and their own safety.  Plaintiffs allege that the Suffolk

County Police Department (SCPD) endangered public safety by allowing certain of the

uncertified officers to obtain firearms certifications without possessing pistol permits and

receiving proper training.

On or before January 18, 2006, Hesse was designated as the acting police chief of the

OBPD following the withdrawal from active duty of Paradiso.

Plaintiff Edward Carter ("Carter") last worked for the Ocean Beach defendants on

February 8, 2006.  Plaintiff Frank Fiorillo ("Fiorillo") last worked for the Ocean Beach

defendants on October 1, 2006.  Plaintiff Kevin Lamm ("Lamm") last worked for the Ocean

Beach defendants on October 22, 2005.  Plaintiff Joseph Nofi ("Nofi") last worked for the Ocean

Beach defendants on January 2, 2006.  Plaintiff Thomas Snyder ("Snyder") last worked for the

---

[5] At all relevant times prior to January 26, 2006, Hesse was a sergeant for the OPBD and
Edward Paradiso was the chief of police.

3

Ocean Beach defendants on March 31, 2006. Plaintiffs allege, however, that their employment with the Ocean Beach defendants was not terminated until April 2, 2006, when Hesse informed them prior to the summer 2006 preseason meeting that their employment was being terminated.

Plaintiffs allege that during the April 2, 2006 meeting, Hesse made comments, *inter alia*, that they were "rats" and wore "wires" for the Suffolk County District Attorney investigating corruption and brutality in the OBPD. In addition, plaintiffs allege that Hesse made defamatory entries on an internet blog called The Schwartz Report.

On or about April 2, 2006, defendant Allison Sanchez ("Sanchez") was employed by defendant County of Suffolk ("the County") as a personnel analyst in the County's Civil Service Department. The functions of the Civil Service Department include, *inter alia*, monitoring compliance with the New York Civil Service Law by municipalities located within the geographical boundaries of the County, including the Village; administering written civil service examinations for police officer positions; and arranging for other qualifying examinations to be given to police officer candidates. Sanchez has never been employed by the Ocean Beach defendants.

In April 2006, Sanchez met with plaintiffs Fiorillo, Nofi and Lamm to discuss the Ocean Beach defendants' decision not to hire them for the summer 2006 season. Those plaintiffs informed Sanchez that they believed their employment was terminated by the Ocean Beach defendants in retaliation for their complaints regarding repeated instances of obstruction of justice, abuse of power and other unlawful conduct committed by, or at the direction of, Hesse. According to plaintiffs, Sanchez advised Fiorillo, Nofi and Lamm that Hesse acted lawfully and that they would not have recourse against him, and then she notified Hesse of their conversation

4

with her, notwithstanding that she had promised to keep the conversation confidential.[6] Sanchez
denies ever promising those plaintiffs confidentiality.

In addition, plaintiffs allege that Hesse subsequently interfered with their attempts to
obtain new employment by, *inter alia*, providing bad references and forwarding false information
to potential employers.

B.    Procedural History

On March 21, 2007, plaintiffs commenced this action against the Ocean Beach
defendants, Hesse, the County defendants and the Suffolk County District Attorney's Office
pursuant to, *inter alia*, 42 U.S.C. §§ 1983 and 1985, asserting claims for retaliation in violation
of the First Amendment and New York Constitution and violation of plaintiffs' due process
rights, as well as state law claims for violation of New York Civil Service Law § 75-b;
defamation *per se*; negligent retention of an unfit employee; civil conspiracy; and tortious
interference with a business relationship.[7] Plaintiffs allege, *inter alia*, that their employment with
the Ocean Beach defendants was unlawfully terminated in retaliation for their complaints of
misconduct within the OBPD.

Defendants now move, pursuant to Rule 56 of the Federal Rules of Civil Procedure, for
summary judgment dismissing the complaint.

---

[6] Plaintiffs allege that Sanchez did so because she had a prior sexual relationship with
Hesse. However, Sanchez denies ever having had any relationship with Hesse, other than a
professional relationship and, in fact, she is a lesbian.

[7] Plaintiffs have withdrawn their claims for violations of their equal protection rights
(seventh cause of action) and New York Labor Law § 740 (ninth cause of action), as well as their
RICO claim (thirteenth cause of action).

5

## II.   DISCUSSION

### A.   Standard of Review

Summary judgment should not be granted unless "the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). In ruling on a summary judgment motion, the district court must first "determine whether there is a genuine dispute as to a material fact, raising an issue for trial." McCarthy v. Dun & Bradstreet Corp., 482 F.3d 184, 202 (2d Cir. 2007) (internal quotations and citations omitted); see Ricci v. DeStefano, 129 S.Ct. 2658, 2677, 174 L.Ed.2d 490 (2009) (holding that "[o]n a motion for summary judgment, facts must be viewed in the light most favorable to the nonmoving party *only* if there is a 'genuine' dispute as to those facts." (Emphasis added) (internal quotations and citation omitted)). "A fact is material if it 'might affect the outcome of the suit under governing law.'" Spinelli v. City of New York, 579 F.3d 160, 166 (2d Cir. 2009) (quoting Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248, 106 S. Ct. 2505, 91 L. Ed. 2d 202 (1986)). "Where the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no genuine issue for trial." Ricci, 129 S.Ct. at 2677 (quoting Matsushita Elec. Industrial Co., Ltd. v. Zenith Radio Corp., 475 U.S. 574, 587, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986)).

If the district court determines that there is a dispute as to a material fact, the court must then "resolve all ambiguities, and credit all factual inferences that could rationally be drawn, in favor of the party opposing summary judgment," Spinelli, 579 F.3d at 166 (internal quotations and citation omitted), to determine whether there is a genuine issue for trial. See Ricci, 129 S.Ct.

6

at 2677.  The moving party bears the initial burden of establishing the absence of any genuine issue of material fact, after which the burden shifts to the nonmoving party to "come forth with evidence sufficient to allow a reasonable jury to find in [its] favor." Spinelli, 579 F.3d at 166 (internal quotations and citation omitted).  Thus, the nonmoving party can only defeat summary judgment "by coming forward with evidence that would be sufficient, if all reasonable inferences were drawn in [its] favor, to establish the existence of" a factual question that must be resolved at trial. Id. (internal quotations and citations omitted); see also Celotex Corp. v. Catrett, 477 U.S. 317, 323, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986).

B.      First Amendment Retaliation Claim

Plaintiffs allege that they repeatedly complained about the corruption and abuse of power by members of the OBPD to their superiors at the OBPD.

In order to establish a First Amendment retaliation claim, a plaintiff must demonstrate: (1) that he or she "engaged in constitutionally protected speech;" (2) that he or she suffered an adverse employment action; and (3) that the constitutionally protected speech was a "motivating factor" in the adverse employment action. Skehan v. Village of Mamaroneck, 465 F.3d 96, 106 (2d Cir. 2006), overruled on other grounds by Appel v. Spiridon, 531 F.3d 138, 140 (2d Cir. 2008).  Two inquiries are used to determine whether a public employee's speech is entitled to constitutional protection: (1) "whether the employee spoke as a citizen on a matter of public concern," Garcetti v. Ceballos, 547 U.S. 410, 418, 126 S.Ct. 1951, 164 L.Ed.2d 689 (2006); and, if so, (2) "whether the relevant government entity had an adequate justification for treating the employee differently from any other member of the general public." Id.  If the answer to the first

7

inquiry is "no," "the employee has no First Amendment cause of action based upon his or her employer's reaction to the speech." Id.

"[W]hen public employees make statements pursuant to their official duties, the employees are not speaking as citizens for First Amendment purposes, and the Constitution does not insulate their communications from employer discipline." Garcetti, 547 U.S. at 421, 126 S.Ct. 1951. Thus, a public employee does not have a claim for First Amendment retaliation unless he or she establishes: (1) that he or she was speaking as a citizen for First Amendment purposes; and (2) that he or she was speaking on a matter of public concern. See Garcetti, 547 U.S. at 418, 126 S.Ct. 1951; Sousa v. Roque, 578 F.3d 164, 170 (2d Cir. 2009). If a plaintiff was not speaking as a citizen, i.e., if he or she was speaking pursuant to his of her official duties, then his or her speech was not protected by the First Amendment, regardless of whether his or her speech related to a "matter of public concern." See Weintraub v. Board of Education of the City School District of the City of New York, ___ F.3d ___, 2010 WL 292663, at * 4 (2d Cir. Jan. 27, 2010); see also Davis v. McKinney, 518 F.3d 304, 312 (5th Cir. 2008) (holding that the first task is to determine whether the employee's speech was part of her official duties, i.e., whether she spoke as a citizen or as part of her official duties); Brady v. County of Suffolk, 657 F.Supp.2d 331, 342 (E.D.N.Y. 2009) (holding that the court must first decide whether the plaintiff was speaking as a citizen, or as part of his public job, before ascertaining whether the subject-matter of the speech was a topic of public concern).

"[S]peech made 'pursuant to' a public employee's job duties [is defined] as 'speech that owes its existence to a public employee's professional responsibilities.'" Weintraub, 2010 WL 292663, at * 4 (quoting Garcetti, 547 U.S. at 421). "[S]peech can be 'pursuant to' a public

8

employee's official job duties even though it is not required by, or included in, the employee's job description, or in response to a request by the employer." Id. at * 6. Speech that is "'part-and-parcel of [a public employee's] concerns' about his ability to 'properly execute his duties'" is considered speech made "pursuant to" the employee's official job duties. Id. (quoting Williams v. Dallas Independent School District, 480 F.3d 689, 694 (5th Cir. 2007)). "When a public employee raises complaints or concerns up the chain of command at his workplace about his job duties, that speech is undertaken in the course of performing his job." Davis, 518 F.3d at 313. "If however a public employee takes his job concerns to persons outside the work place in addition to raising them up the chain of command at his workplace, then those external communications are ordinarily not made as an employee, but as a citizen." Id. Examples of protected speech by public employees include making a public statement, discussing politics with a coworker and writing a letter to a newspaper, legislator or outside agency. See, e.g. Garcetti, 547 U.S. at 423-424; Davis, 518 F.3d at 312.

All of plaintiffs' complaints to their superiors at the OBPD related to their concerns about their ability to properly execute their duties as police officers, as they expressed concern, *inter alia,* that the assignment of officers to chauffeur intoxicated officers left the OBPD short-handed, that the hiring of uncertified officers and the retention of unqualified and/or corrupt officers affected their ability to perform their job assignments safely and that they were told not to issue summonses to certain individuals and businesses. Plaintiffs' speech in challenging the Ocean Beach defendants' alleged cover-ups of officer misconduct, including their complaints to the Suffolk County District Attorney's Office, was undertaken in the course of performing one of their core employment responsibilities of enforcing the law and, thus, was speech made pursuant

9

to their official duties. Moreover, all of the relevant speech reflected plaintiffs' special knowledge about the Ocean Beach defendants which was gained as a result of plaintiffs' position as police officers for those defendants based upon what plaintiffs' observed or learned from their job. See, e.g. Brady, 657 F.Supp.2d at 344. "Restricting speech that owes its existence to a public employee's professional responsibilities does not infringe any liberties the employee might have enjoyed as a private citizen." Garcetti, 547 U.S. 421-422, 126 S.Ct. 1951.

Plaintiffs attempt to distinguish Weintraub is unpersuasive. Plaintiffs conclusorily contend that their speech was not limited to the "chain of command," but also extended outside the "chain of command" "to other officers within the [OBPD]." (Letter of Douglas H. Wigdor, Esq. to Court dated February 16, 2010, p. 2). However, plaintiffs' First Amendment retaliation claims are not based upon any of those alleged conversations with other officers. Indeed, the complaint is silent regarding any such conversations and specifically alleges that plaintiffs' complaints were made "to their superiors at the OBPD."[8] (Compl., ¶ 117). Although plaintiffs allege that they also complained of misconduct within the OBPD to the Village Board of Trustees, that is the entity with the authority to hire and fire police officers of the OBPD, (see Plf. Counter-Stat. to Ocean Beach Defendants' 56.1 Stat., ¶ 213), and, thus, was an upper echelon of plaintiffs' "chain of command."

Plaintiffs also contend that the Weintraub decision "was specifically limited to the question of whether the First Amendment protected the filing of the plaintiff's grievance." However, the filing of a grievance in Weintraub was just one factor considered by the Court in

---

[8] Plaintiffs appear to have abandoned their claim that they complained to the County Civil Service Department prior to their termination.

10

determining whether the plaintiff's speech was made pursuant to his official duties and was relevant to the issue of whether there was "a citizen analogue" available, which the Second Circuit indicated was not itself dispositive to its determination in that case. Weintraub, 2010 WL 292663, at * 6. No one factor has been found to be dispositive in ascertaining whether a public employee was speaking as a citizen for First Amendment purposes. See, e.g. Brady, 657 F.Supp.2d at 345-346. Rather, the Court must look at the totality of the circumstances before it.

Since the totality of the circumstances in this case indicate that plaintiffs' speech was made "pursuant to" their official duties as police officers, they were not speaking as citizens for purposes of the First Amendment and, thus, their speech was not constitutionally protected. Accordingly, the branches of defendants' motions seeking summary judgment dismissing plaintiffs' First Amendment retaliation claim (first cause of action) are granted and that claim is dismissed with prejudice. Moreover, since free speech claims under Article 1, Section 8 of the New York State Constitution are subject to the same analysis as free speech claims under the First Amendment, see Almontaser v. New York City Dept. of Educ., 07 Civ. 10444, 2009 WL 2762699, at * 2 n. 1 (S.D.N.Y. Sept. 1, 2009); Housing Works, Inc. v. Turner, 179 F.Supp.2d 177, 199 n. 25 (S.D.N.Y. 2001), aff'd sub nom Housing Works, Inc. v. Guiliani, 56 Fed. Appx. 530 (2d Cir. 2003), the branches of defendants' motion seeking summary judgment dismissing plaintiffs' free speech retaliation claim based upon the New York State Constitution (second cause of action) are also granted and that claim is dismissed with prejudice.

C.    Due Process Claims

Generally, due process entitles a person to notice and an opportunity to be heard prior to

the deprivation of a property or liberty right. Cleveland Board of Education v. Loudermill, 470

U.S. 532, 542, 105 S.Ct. 1487, 84 L.Ed.2d 494 (1985).  Procedural due process claims are

analyzed in two steps: "the first asks whether there exists a liberty or property interest which has

been interfered with by the State; the second examines whether the procedures attendant upon

that deprivation were constitutionally significant." Kentucky Dept. of Corrections v. Thompson,

490 U.S. 454, 460, 109 S.Ct. 1904, 104 L.Ed.2d 506 (1989).


    1.    Property Interest

"Property interests * * * are created and their dimensions defined by existing rules or

understandings that stem from an independent source such as state law * * *." Board of Regents

of State Colleges v. Roth, 408 U.S. 564, 577, 92 S.Ct. 2701, 33 L.Ed.2d 548 (1972).  To state a

due process cause of action, a plaintiff must first show that he or she has a property interest in the

employment or the benefit that was removed. Bernheim v. Litt, 79 F.3d 318, 322 (2d Cir. 1996).

In the context of public employment, "a property interest arises only where the state is barred,

whether by statute or contract, from terminating (or not renewing) the employment relationship

*without cause*." S&D Maintenance Co., Inc. v. Goldin, 844 F.2d 962, 967 (2d Cir. 1988)

(emphasis in original). "This circuit looks to New York Civil Service Law and the statutes

which create a particular position or the authority to appoint or remove an individual to or from

the position to determine whether a New York public employee has a property interest in his

position requiring that he be afforded a hearing before termination." Catone v. Spielmann, 149

F.3d 156, 160 (2d Cir. 1998) (quoting Todaro v. Norat, 112 F.3d 598, 600 (2d Cir. 1997)).

    Plaintiffs assert a property interest in their employment stemming from Section 75(1)(c)

of the New York Civil Service Law, which protects employees in the non-competitive class who have been continuously employed for five (5) years.

As seasonal employees, plaintiffs worked from two (2) weeks prior to Memorial Day to two (2) weeks after Labor Day.  Seasonal employment, by definition, is temporary in nature.  See, e.g. Tavarez v. State of New York Office of Parks, Recreation and Historic Preservation, No. 04 Civ. 9541, 2007 WL 945383, at * 6 (S.D.N.Y. Mar. 28, 2007)  "[P]rovisional or temporary employees have no tenure of office and [are] not entitled to any review of [their] discharge under the provisions of section 75 . . . of the [New York] Civil Service Law." Tavarez, 2007 WL 945383, at * 6 (quoting Ause v. Regan, 59 A.D.2d 317, 323, 399 N.Y.S.2d 526 (4th Dept. 1979)).

Plaintiffs' part-time employment commenced after the summer season ended and continued until the summer season began again. (See Sanchez Dep., pp. 247-248; DiStefano Dep., p. 175).  Each time plaintiffs' seasonal employment ceased and their part-time employment commenced constituted a "break in service" within the meaning of the New York Civil Service Law. (See Sanchez Dep., pp. 247-248; DiStefano Dep., p. 175).  Thus, although plaintiffs' employment with the OBPD between 2002 and 2005 may be characterized as "continual," i.e., periodically recurring at regular or frequent intervals, it may not be characterized as "continuous," i.e., uninterrupted.  Accordingly, plaintiffs were never continuously employed for five (5) years by the OBPD within the meaning of Section 75(c) of the New York Civil Service Law.

Moreover, at least one court has found, relying on the New York Department of Civil Service's interpretation of Section 75(1)(c), that the protection afforded by Section 75(1)(c) is

13

limited to permanent employees. See Tavarez, 2007 WL 945383, at * 6. Plaintiffs clearly were not "permanent employees" within the meaning of the New York Civil Service Law.

Since plaintiffs have not identified any other statute or contract which prohibited their discharge, or non-renewal of employment, without cause and without a hearing, they cannot establish a viable property interest in their seasonal and part-time employment with the Ocean Beach defendants as a matter of law. See, e.g. Piesco v. City of New York, Dept. of Personnel, 753 F.Supp. 468, 476-477 (S.D.N.Y. 1990), aff'd in relevant part, 933 F.2d 1149 (2d Cir. 1991).

Plaintiffs also attempt to base their property interest on their "mutually explicit understanding" of continued seasonal employment with the OBPD. See Perry v. Sindermann, 408 U.S. 593, 92 S.Ct. 2694, 33 L.Ed.2d 570 (1972). However, "mutually explicit understandings" do not create a property interest where they are contrary to the express provisions of regulations and statutes. See Chu v. Schweiker, 690 F.2d 330, 334 (1982); Baden v. Koch, 638 F.2d 486 (2d Cir. 1980). Since finding a property interest in temporary or seasonal employment, or noncompetitive part-time employment that was not continuous for five (5) years, contravenes New York Civil Service Law, plaintiffs cannot rely on their "mutually explicit understandings" to establish a property interest in their employment.

2.      Liberty Interest

Nonetheless, plaintiffs can establish a due process claim based upon a deprivation of their liberty interest if they can establish damage to their reputation, "coupled with the deprivation of a more tangible interest, such a government employment." Patterson v. City of Utica, 370 F.3d 322, 330 (2d Cir. 2004). Such claims are commonly referred to as "stigma-plus" claims.

14

In order to prevail on a stigma-plus due process claim based upon termination from government employment, a plaintiff must establish (1) that the defendant made stigmatizing statements about him or her, which impugned his or her "good name, reputation, honor, or integrity;" (2) that the alleged stigmatizing statements were publically disclosed, including being placed in the employee's personnel file; and (3) that the statements "were made concurrently with, or in close temporal relationship to, the plaintiff's dismissal from government employment." Segal v. City of New York, 459 F.3d 207, 212-213 (2d Cir. 2006) (internal quotations and citations omitted); see also Patterson, 370 F.3d at 330. Further, "[u]nder some circumstances, a state's refusal to rehire an employee implicates the employee's liberty interests." Donato v. Plainview-Old Bethpage Central School District, 96 F.3d 623, 630 (2d Cir. 1996). "The test of whether a state employer's decision not to rehire an employee denied that employee due process is met when it deprives her of the 'freedom to take advantage of other employment opportunities.'" Id. (quoting Roth, 408 U.S. at 573, 92 S.Ct. at 2707).

Plaintiffs allege that defendants have stigmatized them by implying that they are dishonest, "rats" and "rogue law enforcement officers." (Compl., ¶ 138). Specifically, plaintiffs allege, inter alia, that at an organizational meeting on April 2, 2006, Hesse referred to them as "rats;" that defamatory entries were made on a blog entitled The Schwartz Report in early 2006; that defendants misrepresented the reasons for the termination of plaintiffs' employment to potential employers; and that a writing falsely claimed that plaintiffs were lucky that they did not get charged with official misconduct and falsely reporting an incident in connection with a Halloween incident.

Assuming, without deciding, that such statements are admissible and sufficient to

15

establish a stigma-plus claim, plaintiffs must still establish that they were deprived of their liberty interest without due process of law. See Zinermon v. Burch, 494 U.S. 113, 126, 110 S.Ct. 975, 108 L.Ed.2d 100 (1990) (holding that the Due Process Clause only protects against deprivations of constitutionally protected interests in life, liberty or property without due process of law); Rivera-Powell v. New York City Board of Elections, 470 F.3d 458, 464 (2d Cir. 2006) (accord). To this end, "the Supreme Court has distinguished between (a) claims based on established state procedures and (b) claims based on random, unauthorized acts by state employees." Hellenic American Neighborhood Action Committee v. City of New York ("HANAC"), 101 F.3d 877, 880 (2d Cir. 1996) (citing Hudson v. Palmer, 468 U.S. 517, 532, 104 S.Ct. 3194, 3203, 82 L.Ed.2d 393 (1984) and Parratt v. Taylor, 451 U.S. 527, 541, 101 S.Ct. 1908, 1916, 68 L.Ed.2d 420 (1981), overruled on other grounds by Daniels v. Williams, 474 U.S. 327, 106 S.Ct. 662, 88 L.Ed.2d 662 (1986)). For claims based on the random and unauthorized acts by state employees, whether alleging a deprivation of a property or liberty interest, a plaintiff's due process rights are not violated "so long as the State provides a meaningful postdeprivation remedy." HANAC, 101 F.3d at 880; see also Rivera-Powell, 470 F.3d at 465 (accord). However, for claims based on established state procedures, "the availability of postdeprivation procedures will not, ipso facto, satisfy due process." HANAC, 101 F.3d at 880.

Contrary to plaintiffs' contention, the alleged deprivation of their liberty interest occurred because of the random and arbitrary acts of defendants. Indeed, plaintiffs allege in their complaint that defendants' acts "were beyond the scope of their jurisdiction, without authority of law, and in abuse of their powers, and said Defendants acted willfully, wantonly and knowingly * * *." (Compl., ¶ 126). Plaintiffs have not identified any established state procedure followed by

16

defendants during the severance of their employment which deprived them of their liberty interest.  Rather, plaintiffs rely on Hesse's position as the acting police chief of the OBPD in an attempt to establish that he was such a high-ranking official that his acts cannot, as a matter of law, be considered "random" and "unauthorized."

In Zinermon, the Supreme Court held that conduct cannot be considered "random" and "unauthorized," even if not "sanctioned by state law," if the state delegated to the actor "the power and authority to effect the very deprivation complained of . . . [and] the concomitant duty to initiate the procedural safeguards set up by state law."  494 U.S. at 138, 110 S.Ct. 975. Accordingly, the Second Circuit has held "that the acts of high-ranking officials who are 'ultimate decision-maker[s]' and have 'final authority over significant matters,' even if those acts are contrary to law, should not be considered 'random and unauthorized' conduct for purposes of a procedural due process analysis." Rivera-Powell, 470 F.3d at 465-466 (quoting Velez v. Levy, 401 F.3d 75, 91-92 & nn. 14 & 15 (2d Cir. 2005)); see also DiBlasio v. Novello, 344 F.3d 292, 302 (2d Cir. 2003) (accord).

Plaintiffs have failed to establish that Hesse, as acting police chief of the OBPD, was delegated the authority to make the kind of liberty deprivation at issue here, i.e., to make stigmatizing comments about plaintiffs regarding the reasons that their employments were discontinued, or the duty to initiate the procedural safeguards set up by state law, i.e., to initiate a name-clearing hearing, either pre-deprivation or postdeprivation.[9]  Indeed, other district courts in

---

[9] It is questionable whether Hesse even had the authority to hire and fire plaintiffs, since under New York Civil Service Law, the appointing authority for the Village was the mayor, against whom plaintiffs have withdrawn their complaint. (See DiStefano Dep., pp. 214-215). Plaintiffs even admit that the only individuals with the power to hire and fire employees in the Village during the relevant time period were the mayor, from March 3, 2003 through July 18,

17

this Circuit have found that the acts of police chiefs were "random and unauthorized" for purposes of procedural due process analysis and dismissed those claims based upon the availability of an Article 78 proceeding, or other postdeprivation remedy. See, e.g. D'Allessandro v. City of Albany, No. 04-CV-0788, 2008 WL 544701, at * 14 (N.D.N.Y. Feb. 26, 2008) (finding that the availability of an Article 78 proceeding precluded the plaintiff's stigma-plus due process claim against the police chief, among others); Birmingham v. Ogden, 70 F.Supp.2d 353, 369-370 (S.D.N.Y. 1999) (dismissing the plaintiff's due process claim, alleging that the chief of police falsely testified at the disciplinary hearing relating to his termination and attempted to cover up his lies, on the basis that the deprivation of the plaintiff's property interest resulting from the loss of his job occurred because of the random and arbitrary acts of the chief of police and certain police commissioners). That Hesse's conduct was random and unauthorized is further evidenced by the following: (1) the alleged deprivation of plaintiffs' liberty interest was intentional and unpredictable, (2) as a result of which pre-deprivation process was impossible in this case; and (3) Hesse did not have any duty to initiate the procedural safeguards set up by state law to guard against the purported wrongful severance of plaintiffs' employment and admittedly did not even have the authority to hire and fire police officers. See, e.g. Zinermon, 494 U.S. at 138, 110 S.Ct. 975.

The Second Circuit has recognized that "an Article 78 proceeding is a perfectly adequate postdeprivation remedy" to redress constitutional issues, HANAC, 101 F.3d at 881, and other

---

2006; the former Village Administrator, from March 2003 to November 2004; and the former Village Clerk, from March through November 2003. (See Plf. 56.1 Counter-Stat. in Response to Ocean Beach Defendants' 56.1 Stat., ¶ 12). Thus, Hesse was clearly not the high-ranking official plaintiffs would have this Court believe.

18

courts have specifically found that such proceedings are sufficient to function as name-clearing hearings, see, e.g. D'Allessandro, 2008 WL 544701, at * 13 (citing cases).  Since Article 78 afforded plaintiffs a meaningful opportunity to challenge the severance of their employment and to clear their names, they were not deprived of due process as a matter of law.  See, e.g. HANAC, 101 F.3d at 881.  Accordingly, the branches of defendants' motions seeking dismissal of plaintiffs' due process claims (third, fourth, fifth and sixth causes of action) are granted and those claims are dismissed with prejudice.

D.      Remaining State Law Claims

Although the dismissal of state law claims is not required when the federal claims in an action are dismissed, see Wisconsin Dept. of Corrections v. Schacht, 524 U.S. 381, 391-92, 118 S.Ct. 2047, 141 L.Ed.2d 364 (1998); Mauro v. Southern New England Telecommunications, Inc., 208 F.3d 384, 388 (2d Cir. 2000), a federal court may decline to exercise supplemental jurisdiction over the state law claims pursuant to 28 U.S.C. § 1367(c)(3).  The court must "consider and weigh in each case, and at every stage of the litigation, the values of judicial economy, convenience, fairness, and comity in order to decide whether to exercise jurisdiction" over the pendent claims.  Carnegie-Mellon Univ. v. Cohill, 484 U.S. 343, 350, n. 7, 108 S.Ct. 614, 98 L.Ed.2d 720 (1988).  Generally, where the federal claims are dismissed before trial, the state law claims should also be dismissed.  See N.Y. Mercantile Exchange, Inc. v. IntercontinentalExchange, Inc., 497 F.3d 109, 118-119 (2d Cir. 2007); Marcus v. AT&T Corp., 138 F.3d 46, 57 (2d Cir. 1998).

In light of the dismissal of all federal claims in this action before trial, I decline to

19

exercise supplemental jurisdiction over the remaining pendant state law claims and those claims are therefore dismissed pursuant to 28 U.S.C. § 1367(c).  Accordingly, the branches of defendants' motions seeking summary judgment dismissing plaintiffs' state law claims, other than the state law free speech retaliation and due process claims, are denied as moot.[10]

## III.    CONCLUSION

For the reasons set forth herein, the branches of defendants' motions seeking summary judgment dismissing plaintiffs' federal and state free speech retaliation and due process claims are granted and those claims are dismissed with prejudice.  Since I decline to exercise supplemental jurisdiction over the remaining state law claims, those claims are dismissed pursuant to 28 U.S.C. § 1367(c).  The Clerk of the Court is directed to enter judgment in accordance with this Order and to close this case.

SO ORDERED.

_____
SANDRA J. FEUERSTEIN
United States District Judge

Dated:  February 19, 2010
        Central Islip, New York

---

[10]  In light of this determination, plaintiffs' application to strike the County defendants' reply memorandum (doc. no. 177) is also denied as moot.

20

# EXHIBIT "B"

10-0740-cv
Carter v. Inc. Vill. of Ocean Beach

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 18th day of March, two thousand eleven.

PRESENT:
        RALPH K. WINTER,
        ROBERT D. SACK,
        DEBRA ANN LIVINGSON,
            *Circuit Judges,*

---

EDWARD CARTER, FRANK FIORILLO, KEVIN LAMM, JOSEPH NOFI, and THOMAS SNYDER,

>        *Plaintiffs-Appellants,*

>            v.                                                        10-0740-cv

INCORPORATED VILLAGE OF OCEAN BEACH, JOSEPH C. LOEFFLER, JR., Mayor, individually and in his official capacity, NATALIE K. ROGERS, Former Mayor, individually and in her individual capacity, OCEAN BEACH POLICE DEPARTMENT, GEORGE B. HESSE, Acting Deputy Police Chief, individually and in his official capacity, SUFFOLK COUNTY POLICE DEPARTMENT, SUFFOLK COUNTY DEPARTMENT OF CIVIL SERVICE, and ALISON SANCHEZ, individually and in her official capacity,

>        *Defendants-Appellees.*

>        and

SUFFOLK COUNTY DISTRICT ATTORNEY'S OFFICE

>        *Defendant.*

---

DOUGLAS H. WIGDOR (Andrew S. Goodstadt, Ariel Y. Graff *on the brief*), Thompson Wigdor & Gilly LLP, New York, New York *for Plaintiffs-Appellants.*

CHERYL F. KORMAN (Evan H. Krinick, Kenneth A. Novikoff, Merril S. Biscone, *on the brief*), Rivkin Radler LLP, Uniondale, New York, *for Defendants-Appellees Incorporated Village of Ocean Beach, Joseph C. Loeffler, Jr., Mayor, Natalie K. Rogers, Former Mayor, and Ocean Beach Police Department.*

JAMES M. SKELLY (Kevin William Connolly, Karen M. Lager, *on the brief*) Marks, O'Neill, O'Brien & Courtney P.C., Elmsford, New York, *for Defendant-Appellee George B. Hesse.*

ARLENE ZWILLINGS (Rudolophe M. Baptiste *on the brief*) Assistant County Attorneys *for* Christine Malafi, Suffolk County Attorney, Hauppage, New York, *for Defendants-Appellees Suffolk County, Suffolk County Police Department, Suffolk County Department of Civil Service, and Alison Sanchez.*

Appeal from a judgment of the United States District Court for the Eastern District of New York (Feuerstein, *J.*)

UPON DUE CONSIDERATION IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the judgment of the district court is AFFIRMED.

Plaintiffs-Appellants Edward Carter, Frank Fiorillo, Kevin Lamm, Joseph Nofi, and Thomas Snyder appeal from the district court's February 19, 2010 Opinion & Order granting summary judgment on all of plaintiffs' claims which stem from their one-time employment as seasonal police officers by defendant-appellee Ocean Beach Police Department. Plaintiffs allege that they were unlawfully terminated without adequate process and in retaliation for reporting misconduct within the department in violation of the First, Fifth, and Fourteenth Amendments. They further claim that ensuing derogatory statements made about them by defendants-appellees George B. Hesse and Alison Sanchez similarly violated their Fifth and Fourteenth Amendment rights. The district court found that all of plaintiffs' claims failed as a matter of law, concluding, first, that plaintiffs did not

2

engage in "constitutionally protected speech" and thus could not establish First Amendment claims, and, further, that they had not suffered a deprivation of either a protected liberty or property interest. On appeal, plaintiffs contend the district court erred in so doing when, at the very least, issues of material fact remain in dispute with respect to all of their claims. We presume the parties' familiarity with the underlying facts, the procedural history, and the issues on appeal, and revisit those issues only as necessary to facilitate this discussion.

We review a grant of summary judgment *de novo*, and in so doing, we construe the evidence in the light most favorable to the nonmoving party and draw all reasonable inferences in that party's favor. *See Okin v. Vill. of Cornwall-on-Hudson Police Dep't*, 577 F.3d 415, 427 (2d Cir. 2009); *Russo v. City of Bridgeport*, 479 F.3d 196, 203 (2d Cir. 2007). Summary judgment is warranted only where "there is no genuine issue as to any material fact and . . . the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c); *see Cordiano v. Metacon Gun Club, Inc.*, 575 F.3d 199, 204 (2d Cir. 2009). "A fact is material when it might affect the outcome of the suit under governing law." *McCarthy v. Dun & Bradstreet Corp.*, 482 F.3d 184, 202 (2d Cir. 2007) (internal quotation marks omitted).

As noted, plaintiffs each raise three claims: (1) a First Amendment retaliation claim, (2) a Fifth and Fourteenth Amendment denial of due process claim based on plaintiffs' asserted property interest in continued employment, and (3) a Fifth and Fourteenth Amendment denial of due process claim based on plaintiffs' asserted liberty interest in remaining free of the "stigma" caused by defendants' derogatory statements. We review each set of claims in turn.

To state a First Amendment retaliation claim, a plaintiff must establish (1) that he "engaged in constitutionally protected speech," (2) that he or she suffered an adverse employment action; and (3) that the constitutionally protected speech was a "motivating factor" in the adverse employment

3

action. *Skehan v. Vill. of Mamaroneck*, 465 F.3d 96, 106 (2d Cir. 2006). The first element requires us to evaluate whether the employee spoke as a "citizen on a matter of public concern," and, if so, whether the relevant government entity lacked "an adequate justification for treating the employee differently from any other member of the general public." *Garcetti v. Ceballos*, 547 U.S. 410, 418 (2006); *Ruotolo v. City of N.Y.*, 514 F.3d 184, 188 (2d Cir. 2008). The district court found that, even if plaintiffs' factual claims were credited in full, they established only that plaintiffs spoke "pursuant to their official duties" and thus "not . . . as citizens for First Amendment purposes." *Garcetti*, 547 U.S. at 421. We agree.

Plaintiffs' allegations establish no more than that they reported what they believed to be misconduct by a supervisor up the chain of command—misconduct they knew of only by virtue of their jobs as police officers and which they reported as "part-and-parcel of [their] concerns about [their] ability to properly execute [their] duties." *Weintraub v. Bd. of Educ.*, 593 F.3d 196, 203 (2d Cir. 2010); *see also Garcetti*, 547 U.S. at 421 ("speech that owes its existence to a public employee's professional responsibilities" is made "pursuant to" that employee's "official duties"). As such, they were not engaging in constitutionally protected speech at any relevant time and cannot make out a First Amendment claim.

Plaintiffs next contend they were deprived of a protected property interest without due process of law. To state a claim for deprivation of property without due process of law, a plaintiff must, as a preliminary matter, "identify a property interest protected by the Due Process Clause." *Harrington v. Cnty of Suffolk*, 607 F.3d 31, 34 (2d Cir. 2010). To demonstrate a property interest in public employment, the plaintiff must have "more than a unilateral expectation of" continued or future employment but instead "a legitimate claim of entitlement to it." *Town of Castle Rock v.*

4

*Gonzales*, 545 U.S. 748, 756 (2005). Plaintiffs established no such "claim of entitlement" here. To the contrary, the record establishes that plaintiffs were all at-will, part-time, seasonal employees who had no contractual or other basis for asserting any "entitlement" to continued or future employment. Plaintiffs' reliance on section 75(1)(c) of New York's Civil Service Law, which requires a hearing before the termination of certain government employees who have "completed at least five years of continuous service," N.Y. Civ. Serv. L. § 75(1)(c), is misplaced. For substantially the reasons set forth by the district court, we conclude that no plaintiff was employed "continuously" for a five year period, and, accordingly, that section 75(1)(c) provides no support for plaintiffs' claims.

Finally, plaintiffs allege a so-called "stigma plus" deprivation. "'Stigma plus' refers to a claim brought for injury to one's reputation (the stigma) coupled with the deprivation of some 'tangible interest' or property right (the plus), without adequate process." *DiBlasio v. Novello*, 344 F.3d 292, 302 (2d Cir. 2003). Accordingly, to make out a stigma-plus claim, a plaintiff must establish that the government made public, stigmatizing comments about him – that is, "statements that call into question [the] plaintiff's good name, reputation, honor, or integrity" – and that such statements "were made concurrently with, or in close temporal relationship to, the plaintiff's dismissal from government employment." *Segal v. City of N.Y.*, 459 F.3d 207, 212 (2d Cir. 2006) (internal quotation marks, citation omitted).

The district court found that, even assuming a "deprivation" occurred here – that is, assuming plaintiffs could establish the "stigma" and the "plus" – the claims would nonetheless fail because plaintiffs were afforded "adequate process" in the form of a post-deprivation Article 78 hearing in state court. We agree. Where, as here, plaintiffs are "at will" government employees raising stigma-plus claims, our law makes clear that "due process does not require a pre-termination

hearing." *Segal*, 459 F.3d at 217.  Instead, access to post-termination process, such as an Article 78 hearing, is sufficient to satisfy constitutional requirements.  *Anemone v. Metro. Transp. Auth.*, -- F.3d. --, 2011 U.S. App. LEXIS 10, at * 69 (2d Cir. Jan. 4, 2011) ("An article 78 hearing provides the requisite post-deprivation process – even if [plaintiffs] failed to pursue it.")  Accordingly, we agree with the district court that plaintiffs were afforded access to sufficient post-deprivation process to satisfy constitutional requirements and affirm the dismissal of the stigma-plus claims.

To the extent plaintiffs raise any other arguments, we have considered them and reject them as meritless.  Accordingly, the judgment of the district court is hereby AFFIRMED.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

6

# EXHIBIT "C"

Baptiste

## Time Accounting Entry

### TIME_ACCOUNTING_LIST

| Entry Date | Atty | Dept | Case No | Case Name | Hours | Cat. |
|---|---|---|---|---|---|---|
| 03/25/2011 | RMB | XXCB | | CARTER | .3 | 1 |
| 03/25/2011 | RMB | XXCB | | CARTER | .5 | 6 |
| 03/25/2011 | RMB | XXCB | | CARTER | .6 | 8 |
| 03/23/2011 | RMB | XXCB | | CARTER | .3 | 7 |
| 03/23/2011 | RMB | XXCB | | CARTER | .2 | 1 |
| 03/21/2011 | RMB | XXCB | | CARTER | 4.5 | 3 |
| 03/18/2011 | RMB | XXCB | | CARTER | .5 | 1 |
| 03/18/2011 | RMB | XXCB | | CARTER | 1.5 | 6 |
| 02/09/2011 | RMB | XXCB | | CARTER, EDWARD | 2.5 | 6 |
| 08/16/2010 | RMB | XXCB | | CARTER, EDWARD | .6 | 1 |

11, 5

Total - 283.30

Baptiste
Total - 283.30

### Time Accounting Entry

TIME_ACCOUNTING_LIST

| Entry Date | Atty | Dept | Case No | Case Name | Hours | Cat. |
|------------|------|------|---------|-----------|-------|------|
| 06/16/2010 | RMB | XXCS | | CARTER, EDWARD | .6 | 6 |
| 03/26/2010 | RMB | XXCS | | CARTER, EDWARD | 3.5 | 6 |
| 03/26/2010 | RMB | XXCS | | CARTER, EDWARD | .8 | 1 |
| 03/26/2010 | RMB | XXCS | | CARTER, EDWARD | 3 | 3 |
| 03/01/2010 | RMB | XXCS | | CARTER, EDWARD | .3 | 6 |
| 03/01/2010 | RMB | XXCS | | CARTER, EDWARD | .3 | 1 |
| 02/19/2010 | RMB | XXCS | | CARTER, EDWARD | 1.5 | 6 |
| 02/19/2010 | RMB | XXCS | | CARTER, EDWARD | .4 | 1 |
| 02/05/2010 | RMB | XXCS | | CARTER, EDWARD | .3 | 1 |
| 02/05/2010 | RMB | XXCS | | CARTER, EDWARD | .5 | 1 |

11.2

Time Accounting Entry

TIME_ACCOUNTING_LIST

| Entry Date | Atty | Dept | Case No | Case Name | Hours | Cat. |
|---|---|---|---|---|---|---|
| 02/02/2010 | RMB | XXCB | | CARTER V OCEAN BEACH | 6 | 9 |
| 02/01/2010 | RMB | XXCB | | CARTER V OCEAN BEACH | 5 | 3 |
| 01/20/2010 | RMB | XXCB | | CARTER V OCEAN BEACH | .3 | 1 |
| 01/20/2010 | RMB | XXCB | | CARTER V OCEAN BEACH | .5 | 9 |
| 01/20/2010 | RMB | XXCB | | CARTER V OCEAN BEACH | .5 | 6 |
| 01/19/2010 | RMB | XXCB | | CARTER V OCEAN BEACH | 8 | 9 |
| 01/16/2010 | RMB | XXCB | | CARTER V OCEAN BEACH | 10 | 9 |
| 01/14/2010 | RMB | XXCB | | CARTER V OCEAN BEACH | 8 | 9 |
| 01/13/2010 | RMB | XXCB | | CARTER V OCEAN BEACH | 1 | 6 |
| 01/13/2010 | RMB | XXCB | | CARTER V OCEAN BEACH | 8 | 9 |

47.3

**Time Accounting Entry**

TIME_ACCOUNTING_LIST

| Entry Date | Atty | Dept | Case No | Case Name | Hours | Cat. |
|---|---|---|---|---|---|---|
| 01/12/2010 | RMB | XXCS | | CARTER V OCEAN BEACH | 6 | 9 |
| 01/12/2010 | RMB | XXCS | | CARTER V OCEAN BEACH | .3 | 1 |
| 01/11/2010 | RMB | XXCS | | CARTER V OCEAN BEACH | .3 | 7 |
| 01/11/2010 | RMB | XXCS | | CARTER V OCEAN BEACH | .3 | 6 |
| 01/11/2010 | RMB | XXCS | | CARTER V OCEAN BEACH | .3 | 1 |
| 01/11/2010 | RMB | XXCS | | CARTER V OCEAN BEACH | 5.5 | 9 |
| 01/08/2010 | RMB | XXCS | | CARTER V OCEAN BEACH | 7 | 3 |
| 01/07/2010 | RMB | XXCS | | CARTER V OCEAN BEACH | 5.5 | 3 |
| 01/07/2010 | RMB | XXCS | | CARTER V OCEAN BEACH | .7 | 1 |
| 01/07/2010 | RMB | XXCS | | CARTER V OCEAN BEACH | .4 | 10 |

Time Accounting

Commit

26.3

**Time Accounting Entry**

TIME_ACCOUNTING_LIST

| Entry Date | Atty | Dept | Case No | Case Name | Hours | Cat. |
|---|---|---|---|---|---|---|
| 01/06/2010 | RMB | XXCB | | CARTER V OCEAN BEACH | .3 | 1 |
| 01/06/2010 | RMB | XXCB | | CARTER V OCEAN BEACH | 6 | 3 |
| 01/06/2010 | RMB | XXCB | | CARTER V OCEAN BEACH | .4 | 10 |
| 01/05/2010 | RMB | XXCB | | CARTER V OCEAN BEACH | 3.5 | 6 |
| 01/05/2010 | RMB | XXCB | | CARTER V OCEAN BEACH | 1 | 3 |
| 01/04/2010 | RMB | XXCB | | CARTER V OCEAN BEACH | .7 | 1 |
| 01/04/2010 | RMB | XXCB | | CARTER V OCEAN BEACH | 2.5 | 3 |
| 01/04/2010 | RMB | XXCB | | CARTER V OCEAN BEACH | 3.2 | 6 |
| 01/04/2010 | RMB | XXCB | | CARTER V OCEAN BEACH | .3 | 10 |
| 12/23/2009 | RMB | XXCB | | CARTER V COB | 1 | 6 |

Time Accounting

Commit   Edit

18.90

**Time Accounting Entry**

TIME_ACCOUNTING_LIST

| Entry Date | Atty | Dept | Case No | Case Name | Hours | Cat. |
|---|---|---|---|---|---|---|
| 12/22/2009 | RMB | XXCB | | CARTER V OCEAN BEACH | 5 | 6 |
| 12/21/2009 | RMB | XXCB | | CARTER V OCEAN BEACH | .2 | 10 |
| 12/21/2009 | RMB | XXCB | | CARTER V OCEAN BEACH | .3 | 7 |
| 12/21/2009 | RMB | XXCB | | CARTER V OCEAN BEACH | 3.5 | 6 |
| 10/18/2009 | RMB | XXCS | | CARTER V COS | .5 | 1 |
| 10/14/2009 | RMB | XXCS | | CARTER V COS | 1 | 1 |
| 10/14/2009 | RMB | XXCB | | CARTER V COS | 6 | 9 |
| 10/13/2009 | RMB | XXCB | | CARTER V COS | 2.5 | 9 |
| 10/09/2009 | RMB | XXLG | | CARTER V COS | 1.45 | 9 |
| 10/07/2009 | RMB | XXCB | | CARTER V COS | 4 | 9 |

Time Accounting

Commit    Exit

24.45

## Time Accounting Entry

TIME_ACCOUNTING_LIST

| Entry Date | Atty | Dept | Case No | Case Name | Hours | Cat. |
|---|---|---|---|---|---|---|
| 10/05/2009 | RMB | XXCB | | CARTER V COB | .3 | 9 |
| 10/05/2009 | RMB | XXCB | | CARTER V COS | .5 | 6 |
| 10/06/2009 | RMB | XXCB | | CARTER V COB | 2 | 3 |
| 10/05/2009 | RMB | XXCB | | CARTER V COS | .6 | 1 |
| 09/23/2009 | RMB | XXCB | | CARTER V COB | 2 | 9 |
| 09/22/2009 | RMB | XXCB | | CARTER V COB | 2.5 | 6 |
| 09/16/2009 | RMB | XXCB | | CARTER V COB | 2.5 | 9 |
| 09/15/2009 | RMB | XXCB | | CARTER V COB | 8.45 | 9 |
| 09/14/2009 | RMB | XXCB | | CARTER V COB | 7.2 | 9 |
| 09/11/2009 | RMB | XXCB | | CARTER V OCEAN BEACH | 4.5 | 9 |

30.45

**Time Accounting Entry**

TIME_ACCOUNTING_LIST

| Entry Date | Atty | Dept | Case No | Case Name | Hours | Cat. |
|---|---|---|---|---|---|---|
| 09/10/2009 | RMB | XXCS | | CARTER V COS | 3.5 | 9 |
| 09/09/2009 | RMB | XXSS | | CARTER V COS | 3 | 9 |
| 09/08/2009 | RMB | XXCS | | CARTER V COS | 5.5 | 6 |
| 09/08/2009 | RMB | XXCS | | CARTER V COS | 3 | 8 |
| 09/08/2009 | RMB | XXCS | | CARTER V COS | 4 | 6 |
| 09/04/2009 | RMB | XXCS | | CARTER | 2.5 | 6 |
| 09/03/2009 | RMB | XXCS | | CARTER | 8.5 | 6 |
| 09/02/2009 | RMB | XXCS | | CARTER | 1 | 8 |
| 09/02/2009 | RMB | XXCS | | CARTER | 5 | 6 |
| 09/01/2009 | RMB | XXCS | | CARTER | 7 | 6 |

73.0

**Time Accounting Entry**

TIME_ACCOUNTING_LIST

| Entry Date | Atty | Dept | Case No | Case Name | Hours | Cat. |
|---|---|---|---|---|---|---|
| 08/31/2009 | RMB | XXCS | | CARTER | 7.6 | 6 |
| 08/30/2009 | RMB | XXCS | | CARTER | 4.5 | 6 |
| 08/28/2009 | RMB | XXCS | | CARTER | 2.5 | 6 |
| 08/21/2009 | RMB | XXCS | | CARTER V COS | .5 | 6 |
| 08/17/2009 | RMB | XXCS | | CARTER V COS | 6 | 8 |
| 08/14/2009 | RMB | XXCS | | CARTER V COS | 3 | 6 |
| 08/13/2009 | RMB | XXCS | | CARTER V COS | 2 | 6 |
| 08/13/2009 | RMB | XXCS | | CARTER V COS | 2 | 3 |
| 08/12/2009 | RMB | XXCS | | CARTER V COS | 4 | 6 |
| 08/11/2009 | RMB | XXCS | | CARTER V COS | 4.2 | 3 |

36.20

**Time Accounting Entry**

TIME_ACCOUNTING_LIST

| Entry Date | Atty | Dept | Case No | Case Name | Hours | Cat. |
|---|---|---|---|---|---|---|
| 08/13/2009 | RMB | XXCS | | CARTER V COS | 2 | 3 |
| 08/12/2009 | RMB | XXCS | | CARTER V COS | 4 | 6 |
| 08/11/2009 | RMB | XXCS | | CARTER V COS | 4.2 | 3 |
| 08/10/2009 | RMB | XXCS | | CARTER V COS | 4 | 3 |
| 08/07/2009 | RMB | XXPO | | CARTER V COS-DEPOSITION | 6 | 3 |
| 08/07/2009 | RMB | XXPO | | CARTER V COS-DEPOSITION | 2 | 6 |
| 08/06/2009 | RMB | XXPO | | CARTER V COS-DEPOSITION | 8 | 6 |
| 08/06/2009 | RMB | XXPO | | CARTER V COS-DEPOSITION | 1 | 6 |
| 08/05/2009 | RMB | XXPO | | CARTER V COS DEPO-PREP | 10 | 6 |
| 08/04/2009 | RMB | XXPO | | CARTER V COS | 3 | 6 |

34.0

# EXHIBIT "D"

Zwilling

## Time Accounting Entry

TIME_ACCOUNTING_LIST

| Entry Date | Atty | Dept | Case No | Case Name | Hours | Cat. |
|---|---|---|---|---|---|---|
| 01/26/2011 | ABZ | XXCB | | CARTER | .2 | 7 |
| 01/26/2011 | ABZ | XXCB | | CARTER | 4 | 4 |
| 01/26/2011 | ABZ | XXCB | | CARTER | .5 | 1 |
| 01/25/2011 | ABZ | XXCB | | CARTER | 7.5 | 6 |
| 01/21/2011 | ABZ | XXCB | | CARTER | .3 | 1 |
| 01/21/2011 | ABZ | XXCB | | CARTER | .2 | 10 |
| 01/19/2011 | ABZ | XXCB | | CARTER | 1.6 | 7 |
| 01/18/2011 | ABZ | XXCB | | CARTER | .4 | 6 |
| 01/18/2011 | ABZ | XXCB | | CARTER | .4 | 1 |
| 10/15/2010 | ABZ | XXCB | | CARTER | 1 | 6 |

16.10

Zwilling

Total   375.65



| Entry Date | Atty | Dept | Case No | Case Name | Hours | Cat. |
|---|---|---|---|---|---|---|
| | | | | ████ | | |
| | | | | ████ | | |
| | | | | CARTER | | |
| | | | | CARTER | | |
| | | | | CARTER | | |
| 02/23/2010 | A8Z | XXPO | | CARTER | .2 | 6 |
| 02/23/2010 | A8Z | XXPO | | CARTER | .2 | 1 |
| 02/22/2010 | A8Z | XXPO | | CARTER | .3 | 5 |
| 02/22/2010 | A8Z | XXPO | | CARTER | .4 | 8 |
| 02/22/2010 | A8Z | XXPO | | CARTER | .6 | 10 |

3,0

Time Accounting Entry

TIME_ACCOUNTING_LIST

| Entry Date | Atty | Dept | Case No | Case Name | Hours | Cat. |
|------------|------|------|---------|-----------|-------|------|
| 02/22/2010 | ASZ | XXPO | | CARTER | .2 | 1 |
| 02/19/2010 | ASZ | XXPO | | CARTER | 4.4 | 8 |
| 02/19/2010 | ASZ | XXPO | | CARTER | .5 | 4 |
| 02/19/2010 | ASZ | XXPO | | CARTER | 1.2 | 2 |
| 02/18/2010 | ASZ | XXPO | | CARTER | 3.5 | 8 |
| 02/17/2010 | ASZ | XXPO | | CARTER | 8 | 8 |
| 02/16/2010 | ASZ | XXPO | | CARTER | 4 | 8 |
| 02/15/2010 | ASZ | XXPO | | CARTER | 5.5 | 8 |
| 02/12/2010 | ASZ | XXPO | | CARTER | 5 | 8 |
| 02/11/2010 | ASZ | XXPO | | CARTER | 4.5 | 1 |

Time Accounting

36,8

## Time Accounting Entry

TIME_ACCOUNTING_LIST

| Entry Date | Atty | Dept | Case No | Case Name | Hours | Cat. |
|---|---|---|---|---|---|---|
| 02/11/2010 | ABZ | XXPO | | CARTER | 3.5 | 8 |
| 02/10/2010 | ABZ | XXPO | | CARTER | 8 | 8 |
| 02/09/2010 | ABZ | XXPO | | CARTER | 7.1 | 8 |
| 02/08/2010 | ABZ | XXPO | | CARTER | 4.7 | 8 |
| 02/05/2010 | ABZ | XXPO | | CARTER | 6.2 | 8 |
| 02/04/2010 | ABZ | XXPO | | CARTER | .9 | 8 |
| 02/04/2010 | ABZ | XXPO | | CARTER | 2 | 10 |
| 02/03/2010 | ABZ | XXPO | | CARTER | 4.1 | 8 |
| 02/02/2010 | ABZ | XXPO | | CARTER | 6.1 | 8 |
| 02/01/2010 | ABZ | XXPO | | CARTER | 7 | 8 |

49.60

Time Accounting Entry

TIME_ACCOUNTING_LIST

| Entry Date | Atty | Dept | Case No | Case Name | Hours | Cat. |
|------------|------|------|---------|-----------|-------|------|
| 01/26/2010 | ABZ | XXPO | | CARTER | 3.5 | 8 |
| 01/26/2010 | ABZ | XXPO | | CARTER | 5.5 | 8 |
| 01/26/2010 | ABZ | XXPO | | CARTER | 2.5 | 8 |
| 01/25/2010 | ABZ | XXPO | | CARTER | 2 | 8 |
| 01/22/2010 | ABZ | XXPO | | CARTER | .7 | 8 |
| 01/21/2010 | ABZ | XXPO | | CARTER | .2 | 8 |
| 01/21/2010 | ABZ | XXPO | | CARTER | .2 | 1 |
| 01/20/2010 | ABZ | XXPO | | CARTER | .1 | 8 |
| 01/20/2010 | ABZ | XXPO | | CARTER | .2 | 1 |
| 01/19/2010 | ABZ | XXPO | | CARTER | .3 | 8 |

Query    Save    Time Accounting    Commit    Exit

15.20

## Time Accounting Entry

TIME_ACCOUNTING_LIST

| Entry Date | Atty | Dept | Case No | Case Name | Hours | Cat. |
|---|---|---|---|---|---|---|
| 01/19/2010 | ASZ | XXPO | | CARTER | .2 | 1 |
| 01/15/2010 | ASZ | XXPO | | CARTER | .4 | 6 |
| 01/15/2010 | ASZ | XXPO | | CARTER | .3 | 1 |
| 01/14/2010 | ASZ | XXPO | | CARTER | .4 | 6 |
| 01/14/2010 | ASZ | XXPO | | CARTER | .2 | 1 |
| 01/13/2010 | ASZ | XXPO | | CARTER | .2 | 6 |
| 01/13/2010 | ASZ | XXPO | | CARTER | .6 | 1 |
| 01/08/2010 | ASZ | XXPO | | CARTER | .3 | 10 |
| 01/08/2010 | ASZ | XXPO | | CARTER | .2 | 1 |
| 01/06/2010 | ASZ | XXPO | | CARTER | .4 | 7 |

Time Accounting

3,20

**Time Accounting Entry**

TIME_ACCOUNTING_LIST

| Entry Date | Atty | Dept | Case No | Case Name | Hours | Cat. |
|---|---|---|---|---|---|---|
| 12/30/2009 | ASZ | XXPO | | CARTER | .6 | 6 |
| 12/30/2009 | ASZ | XXPO | | CARTER | .2 | 1 |
| 12/30/2009 | ASZ | XXPO | | CARTER | .1 | 10 |
| 12/29/2009 | ASZ | XXPO | | CARTER | .3 | 10 |
| 12/29/2009 | ASZ | XXPO | | CARTER | .2 | 6 |
| 12/29/2009 | ASZ | XXPO | | CARTER | .3 | 1 |
| 12/28/2009 | ASZ | XXPO | | CARTER | .2 | 1 |
| 12/28/2009 | ASZ | XXPO | | CARTER | .2 | 7 |
| 12/28/2009 | ASZ | XXPO | | CARTER | .3 | 8 |
| 12/24/2009 | ASZ | XXPO | | CARTER | .2 | 1 |

2.50

## Time Accounting Entry

TIME_ACCOUNTING_LIST

| Entry Date | Atty | Dept | Case No | Case Name | Hours | Cat. |
|---|---|---|---|---|---|---|
| 12/24/2009 | ABZ | XXPO | | CARTER | .2 | 6 |
| 12/23/2009 | ABZ | XXPO | | CARTER | .6 | 10 |
| 12/23/2009 | ABZ | XXPO | | CARTER | .6 | 6 |
| 12/23/2009 | ABZ | XXPO | | CARTER | .5 | 1 |
| 12/22/2009 | ABZ | XXPO | | CARTER | .4 | 1 |
| 12/22/2009 | ABZ | XXPO | | CARTER | 3 | 10 |
| 10/19/2009 | ABZ | XXPO | | CARTER | .4 | 6 |
| 10/16/2009 | ASZ | XXPO | | CARTER | .5 | 4 |
| 10/16/2009 | ABZ | XXPO | | CARTER | 1 | 2 |
| 10/16/2009 | ABZ | XXPO | | CARTER | .3 | 1 |

7.50

**Time Accounting Entry**

TIME_ACCOUNTING_LIST

| Entry Date | Atty | Dept | Case No | Case Name | Hours | Cat. |
|------------|------|------|---------|-----------|-------|------|
| 10/16/2009 | ABZ | XXPO | | CARTER | .4 | 6 |
| 10/15/2009 | ABZ | XXPO | | CARTER | 1.9 | 6 |
| 10/15/2009 | ABZ | XXPO | | CARTER | 1 | 3 |
| 10/15/2009 | ABZ | XXPO | | CARTER | .3 | 1 |
| 10/14/2009 | ASZ | XXPO | | CARTER | .4 | 1 |
| 10/14/2009 | ABZ | XXPO | | CARTER | 2.3 | 9 |
| 10/13/2009 | ABZ | XXPO | | CARTER | .2 | 6 |
| 10/09/2009 | ASZ | XXPO | | CARTER | 1.2 | 6 |
| 10/07/2009 | ABZ | XXPO | | CARTER | 2.7 | 8 |
| 10/07/2009 | ABZ | XXPO | | CARTER | 1.4 | 6 |

Time Accounting

Commit   Exit

11, 8

**Time Accounting Entry**

TIME_ACCOUNTINO_LIST

| Entry Date | Atty | Dept | Case No | Case Name | Hours | Cat. |
|------------|------|------|---------|-----------|-------|------|
| 10/02/2009 | ABZ | XXPO | | CARTER | .6 | 6 |
| 10/02/2009 | ABZ | XXPO | | CARTER | .8 | 3 |
| 10/02/2009 | ABZ | XXPO | | CARTER | .5 | 1 |
| 09/18/2009 | ABZ | XXPO | | CARTER | .3 | 6 |
| 09/17/2009 | ABZ | XXPO | | CARTER | .4 | 6 |
| 09/17/2009 | ABZ | XXPO | | CARTER | .2 | 1 |
| 09/14/2009 | ABZ | XXPO | | CARTER | .3 | 6 |
| 09/14/2009 | ABZ | XXPO | | CARTER | .2 | 7 |
| 09/14/2009 | ABZ | XXPO | | CARTER | .5 | 2 |
| 09/09/2009 | ABZ | XXPO | | CARTER | .2 | 6 |

Time Accounting

Commit    Exit

4.00

**Time Accounting Entry**

TIME_ACCOUNTING_LIST

| Entry Date | Atty | Dept | Case No | Case Name | Hours | Cat. |
|---|---|---|---|---|---|---|
| 09/09/2009 | ABZ | XXPO | | CARTER | .6 | 9 |
| 09/08/2009 | ASZ | XXPO | | CARTER | .4 | 1 |
| 09/08/2009 | ASZ | XXPO | | CARTER | .9 | 6 |
| 08/21/2009 | ABZ | XXPO | | CARTER | .2 | 7 |
| 08/21/2009 | ABZ | XXPO | | CARTER | .6 | 6 |
| 08/21/2009 | ABZ | XXPO | | CARTER | .4 | 1 |
| 08/21/2009 | ABZ | XXPO | | CARTER | .6 | 10 |
| 08/12/2009 | ASZ | XXPO | | CARTER | .2 | 10 |
| 08/12/2009 | ASZ | XXPO | | CARTER | .2 | 8 |
| 08/12/2009 | ABZ | XXPO | | CARTER | .3 | 1 |

Time Accounting

4, 40

Time Accounting Entry

TIME_ACCOUNTING_LIST

| Entry Date | Atty | Dept | Case No | Case Name | Hours | Cat. |
|---|---|---|---|---|---|---|
| 08/11/2009 | ABZ | XXPO | | CARTER | .8 | 1 |
| 08/07/2009 | ABZ | XXPO | | CARTER | .3 | 1 |
| 08/07/2009 | ABZ | XXPO | | CARTER | 1.9 | 9 |
| 08/07/2009 | ABZ | XXPO | | CARTER | .2 | 10 |
| 08/08/2009 | ABZ | XXPO | | CARTER | .3 | 8 |
| 08/08/2009 | ABZ | XXPO | | CARTER | .3 | 1 |
| 08/08/2009 | ABZ | XXPO | | CARTER | .2 | 10 |
| 08/05/2009 | ABZ | XXPO | | CARTER | .4 | 8 |
| 08/05/2009 | ABZ | XXPO | | CARTER | .4 | 1 |
| 08/04/2009 | ABZ | XXPO | | CARTER | .4 | 8 |

Query    Save    Time Accounting    Commit    Exit

5.20

**Time Accounting Entry**

TIME_ACCOUNTING_LIST

| Entry Date | Atty | Dept | Case No | Case Name | Hours | Cat. |
|------------|------|------|---------|-----------|-------|------|
| 08/03/2009 | ASZ | XXPO | | CARTER | .4 | 9 |
| 08/03/2009 | ASZ | XXPO | | CARTER | .4 | 6 |
| 07/30/2009 | ASZ | XXPO | | CARTER | .3 | 7 |
| 07/28/2009 | ASZ | XXPO | | CARTER | .4 | 6 |
| 07/28/2009 | ASZ | XXPO | | CARTER | .2 | 10 |
| 07/27/2009 | ABZ | XXPO | | CARTER | .2 | 9 |
| 07/27/2009 | ABZ | XXPO | | CARTER | .3 | 6 |
| 07/22/2009 | ABZ | XXPO | | CARTER | .1 | 6 |
| 07/22/2009 | ASZ | XXPO | | CARTER | .1 | 1 |
| 07/21/2009 | ABZ | XXPO | | CARTER | .2 | 6 |

Time Accounting

Commit    Exit

2.60

**Time Accounting Entry**

TIME_ACCOUNTING_LIST

| Entry Date | Atty | Dept | Case No | Case Name | Hours | Cat. |
|---|---|---|---|---|---|---|
| 07/20/2009 | ABZ | XXPO | | CARTER | .1 | 7 |
| 07/20/2009 | ABZ | XXPO | | CARTER | .1 | 6 |
| 07/20/2009 | ABZ | XXPO | | CARTER | .3 | 1 |
| 07/17/2009 | ABZ | XXPO | | CARTER | .9 | 3 |
| 07/16/2009 | ABZ | XXPO | | CARTER | .9 | 3 |
| 07/16/2009 | ABZ | XXPO | | CARTER | 1.6 | 7 |
| 07/16/2009 | ABZ | XXPO | | CARTER | .2 | 6 |
| 07/16/2009 | ABZ | XXPO | | CARTER | .2 | 10 |
| 07/15/2009 | ABZ | XXPO | | CARTER | 4.3 | 9 |
| 07/15/2009 | ABZ | XXPO | | CARTER | 1.4 | 6 |

Query  Save  Time Accounting  Contact  Exit

10,0

**Time Accounting Entry**

TIME_ACCOUNTING_LIST

| Entry Date | Atty | Dept | Case No | Case Name | Hours | Cat. |
|---|---|---|---|---|---|---|
| 07/14/2009 | ASZ | XXPO | | CARTER | .5 | 10 |
| 07/14/2009 | ASZ | XXPO | | CARTER | .3 | 1 |
| 07/10/2009 | ASZ | XXPO | | CARTER | 1.2 | 6 |
| 07/10/2009 | ASZ | XXPO | | CARTER | 1.2 | 10 |
| 07/08/2009 | ASZ | XXPO | | CARTER | .2 | 5 |
| 07/08/2009 | ASZ | XXPO | | CARTER | .2 | 10 |
| 07/08/2009 | ASZ | XXPO | | CARTER | .3 | 6 |
| 06/29/2009 | ASZ | XXPO | | CARTER | .4 | 8 |
| 06/16/2009 | ASZ | XXPO | | CARTER | .3 | 1 |
| 06/16/2009 | ASZ | XXPO | | CARTER | .1 | 6 |

4.70

**Time Accounting Entry**

TIME_ACCOUNTING_LIST

| Entry Date | Atty | Dept | Case No | Case Name | Hours | Cat. |
|---|---|---|---|---|---|---|
| 06/16/2009 | ABZ | XXPO | | CARTER | .3 | 7 |
| 06/16/2009 | ABZ | XXPO | | CARTER | .3 | 10 |
| 05/28/2009 | ABZ | XXPO | | CARTER | .2 | 6 |
| 05/22/2009 | ABZ | XXPO | | CARTER | 4.6 | 6 |
| 05/21/2009 | ABZ | XXPO | | CARTER | 6.3 | 6 |
| 05/12/2009 | ABZ | XXPO | | CARTER | .2 | 6 |
| 05/07/2009 | ABZ | XXPO | | CARTER | .3 | 6 |
| 05/07/2009 | ABZ | XXPO | | CARTER | .2 | 10 |
| 05/06/2009 | ABZ | XXPO | | CARTER | .2 | 6 |
| 03/26/2009 | ABZ | XXPO | | CARTER | .2 | 10 |

Time Accounting

Commit     Exit

11.8

**Time Accounting Entry**

TIME_ACCOUNTING_LIST

| Entry Date | Atty | Dept | Case No | Case Name | Hours | Cat. |
|---|---|---|---|---|---|---|
| 03/26/2009 | ABZ | XXPO | | CARTER | .4 | 8 |
| 03/09/2009 | ABZ | XXPO | | CARTER | .3 | 6 |
| 03/05/2009 | ABZ | XXPO | | CARTER | .4 | 8 |
| 02/26/2009 | ABZ | XXPO | | CARTER | .2 | 7 |
| 02/26/2009 | ABZ | XXPO | | CARTER | .9 | 5 |
| 02/20/2009 | ABZ | XXPO | | CARTER | 4.5 | 4 |
| 02/20/2009 | ABZ | XXPO | | CARTER | 7.5 | 5 |
| 02/20/2009 | ABZ | XXPO | | CARTER | .2 | 6 |
| 02/20/2009 | ABZ | XXPO | | CARTER | 7.5 | 5 |
| 02/19/2009 | ABZ | XXPO | | CARTER | .2 | 10 |

Query   Save   Time Accounting

Commit   Exit

22.10

Time Accounting Entry

TIME_ACCOUNTING_LIST

| Entry Date | Atty | Dept | Case No | Case Name | Hours | Cat. |
|---|---|---|---|---|---|---|
| 02/19/2009 | ABZ | XXPO | | CARTER | 1 | 6 |
| 02/18/2009 | ABZ | XXPO | | CARTER | 8 | 5 |
| 02/18/2009 | ABZ | XXPO | | CARTER | 5 | 1 |
| 02/17/2009 | ABZ | XXPO | | CARTER | 2 | 1 |
| 02/17/2009 | ABZ | XXPO | | CARTER | .3 | 6 |
| 02/12/2009 | ABZ | XXPO | | CARTER | 2 | 6 |
| 02/06/2009 | ABZ | XXPO | | CARTER | .1 | 10 |
| 02/06/2009 | ABZ | XXPO | | CARTER | .6 | 6 |
| 02/05/2009 | ABZ | XXPO | | CARTER | .1 | 1 |
| 02/03/2009 | ABZ | XXPO | | CARTER | .3 | 6 |

Time Accounting

19.40

## Time Accounting Entry

**TIME_ACCOUNTING_LIST**

| Entry Date | Atty | Dept | Case No | Case Name | Hours | Cat. |
|---|---|---|---|---|---|---|
| 02/03/2009 | ABZ | XXPO | | CARTER | .1 | 7 |
| 02/03/2009 | ABZ | XXPO | | CARTER | .4 | 8 |
| 01/28/2009 | ABZ | XXPO | | CARTER | .2 | 7 |
| 01/28/2009 | ABZ | XXPO | | CARTER | .4 | 6 |
| 01/27/2009 | ABZ | XXPO | | CARTER | .3 | 10 |
| 01/27/2009 | ABZ | XXPO | | CARTER | .4 | 6 |
| 01/16/2009 | ABZ | XXPO | | CARTER | .2 | 10 |
| 01/16/2009 | ABZ | XXPO | | CARTER | .4 | 10 |
| 01/16/2009 | ABZ | XXPO | | CARTER | .8 | 6 |
| 01/06/2009 | ABZ | XXPO | | CARTER | .1 | 6 |

Time Accounting
Query   Save   Commit   Edit

3.30

Time Accounting Entry

TIME_ACCOUNTING_LIST

| Entry Date | Atty | Dept | Case No | Case Name | Hours | Cat. |
|---|---|---|---|---|---|---|
| 01/06/2008 | ASZ | XXPO | | CARTER | .5 | 8 |
| 12/19/2008 | ASZ | XXPO | | CARTER | .3 | 6 |
| 12/03/2008 | ASZ | XXPO | | CARTER | .4 | 6 |
| 12/02/2008 | ASZ | XXPO | | CARTER | .3 | 8 |
| 12/02/2008 | ASZ | XXPO | | CARTER | 1 | 4 |
| 12/02/2008 | ASZ | XXPO | | CARTER | 1 | 2 |
| 12/01/2008 | ASZ | XXPO | | CARTER | .3 | 6 |
| 11/26/2008 | ASZ | XXPO | | CARTER | .3 | 6 |
| 11/17/2008 | ASZ | XXLW | | CARTER | 2 | 1 |
| 11/17/2008 | ASZ | XXPO | | CARTER | .3 | 7 |

6.40

Time Accounting Entry

TIME_ACCOUNTING_LIST

| Entry Date | Atty | Dept | Case No | Case Name | Hours | Cat. |
|---|---|---|---|---|---|---|
| 11/14/2008 | ASZ | XXPO | | CARTER | .2 | 10 |
| 11/13/2008 | ASZ | XXPO | | CARTER | .8 | 1 |
| 11/10/2008 | ASZ | XXPO | | CARTER | .3 | 8 |
| 11/03/2008 | ASZ | XXPO | | CARTER | .5 | 8 |
| 10/24/2008 | ASZ | XXPO | | CARTER | .4 | 8 |
| 10/07/2008 | ASZ | XXPO | | CARTER | .2 | 1 |
| 10/07/2008 | ASZ | XXPO | | CARTER | .3 | 8 |
| 09/24/2008 | ASZ | XXCS | | CARTER | .3 | 1 |
| 09/23/2008 | ASZ | XXCS | | CARTER | .3 | 1 |
| 09/23/2008 | ASZ | XXCS | | CARTER | .1 | 10 |

Time Accounting

3,20

**Time Accounting Entry**

TIME_ACCOUNTING_LIST

| Entry Date | Atty | Dept | Case No | Case Name | Hours | Cat. |
|---|---|---|---|---|---|---|
| 09/23/2008 | ASZ | XXC8 | | CARTER | .2 | 7 |
| 09/22/2008 | ASZ | XXPO | | CARTER | .5 | 1 |
| 09/18/2008 | ASZ | XXPO | | CARTER | .5 | 8 |
| 09/16/2008 | ASZ | XXPO | | CARTER | 8 | 5 |
| 09/15/2008 | ASZ | XXPO | | CARTER | .2 | 1 |
| 09/15/2008 | ASZ | XXPO | | CARTER | 3 | 7 |
| 09/09/2008 | ASZ | XXPO | | CARTER | 1 | 4 |
| 09/09/2008 | ASZ | XXPO | | CARTER | 7 | 6 |
| 09/08/2008 | ASZ | XXPO | | CARTER | 3 | 7 |
| 09/05/2008 | ASZ | XXPO | | CARTER | 1.5 | 4 |

Query | Save | Time Accounting | Commit | Exit

*19.50*

**Time Accounting Entry**

TIME_ACCOUNTING_LIST

| Entry Date | Atty | Dept | Case No | Case Name | Hours | Cat. |
|---|---|---|---|---|---|---|
| 09/03/2008 | ABZ | XXCB | | CARTER | .2 | 1 |
| 09/03/2008 | ABZ | XXCB | | CARTER | .1 | 6 |
| 09/02/2008 | ABZ | XXCB | | CARTER | 2 | 6 |
| 08/06/2008 | ABZ | XXPO | | CARTER | .25 | 6 |
| 08/30/2008 | ABZ | XXPO | | CARTER | .5 | 6 |
| 08/25/2008 | ABZ | XXPO | | CARTER | 1 | 6 |
| 08/24/2008 | ABZ | XXPO | | CARTER | .25 | 6 |
| 08/18/2008 | ABZ | XXCB | | CARTER | .75 | 6 |
| 05/28/2008 | ABZ | XXPO | | CARTER | .25 | 6 |
| 05/22/2008 | ABZ | XXPO | | CARTER | .25 | 10 |

5.55

Time Accounting Entry

TIME_ACCOUNTING_LIST

| Entry Date | Atty | Dept | Case No | Case Name | Hours | Cat. |
|---|---|---|---|---|---|---|
| 06/22/2008 | ASZ | XXPO | | CARTER | .25 | 6 |
| 06/05/2008 | ASZ | XXPO | | CARTER | .25 | 6 |
| 02/28/2008 | ASZ | XXSH | | CARTER | .5 | 8 |
| 02/28/2008 | ASZ | XXSH | | CARTER | .5 | 10 |
| 02/27/2008 | ASZ | XXPO | | CARTER | 1 | 6 |
| 02/13/2008 | ASZ | XXPO | | CARTER | .25 | 6 |
| 02/08/2008 | ASZ | XXPO | | CARTER | 1 | 6 |
| 01/24/2008 | ASZ | XXPO | | CARTER | 3 | 1 |
| 01/24/2008 | ASZ | XXPO | | CARTER | 2 | 6 |
| 01/23/2008 | ASZ | XXPO | | CARTER | .5 | 10 |

9.25

19 Time Accounting Entry

TIME_ACCOUNTING_LIST

| Entry Date | Atty | Dept | Case No | Case Name | Hours | Cat. |
|------------|------|------|---------|-----------|-------|------|
| 01/23/2008 | ASZ | XXPO | | CARTER | 1 | 6 |
| 01/14/2008 | ASZ | XXPO | | CARTER | 1 | 4 |
| 01/14/2008 | ASZ | XXPO | | CARTER | 1 | 2 |
| 01/11/2008 | ASZ | XXPO | | CARTER | 2 | 6 |
| 08/13/2007 | ASZ | XXPO | | CARTER | .25 | 9 |
| 08/13/2007 | ASZ | XXPO | | CARTER | .25 | 7 |
| 08/13/2007 | ASZ | XXPO | | CARTER | 1.5 | 6 |
| 08/09/2007 | ASZ | XXPO | | CARTER | 2 | 1 |
| 08/09/2007 | ASZ | XXPO | | CARTER | 1 | 9 |
| 08/09/2007 | ASZ | XXPO | | CARTER | 2 | 6 |

Time Accounting

Commit      Exit

120

**Time Accounting Entry**

TIME_ACCOUNTING_LIST

| Entry Date | Atty | Dept | Case No | Case Name | Hours | Cat. |
|---|---|---|---|---|---|---|
| 08/08/2007 | ASZ | XXPO | | CARTER | 1 | 9 |
| 08/08/2007 | ASZ | XXPO | | CARTER | 2 | 6 |
| 08/08/2007 | ASZ | XXPO | | CARTER | 1.5 | 1 |
| 08/08/2007 | ASZ | XXPO | | CARTER | 2 | 9 |
| 08/07/2007 | ASZ | XXPO | | PHILBIN-CARTER | 1.5 | 6 |
| 08/07/2007 | ASZ | XXPO | | CARTER | 3.5 | 9 |
| 08/06/2007 | ASZ | XXPO | | CARTER | 3.5 | 6 |
| 08/08/2007 | ASZ | XXPO | | CARTER | 3 | 9 |
| 08/01/2007 | ASZ | XXPO | | CARTER | .25 | 10 |
| 08/01/2007 | ASZ | XXPO | | CARTER | .25 | 6 |

18.50

**Time Accounting Entry**

TIME_ACCOUNTING_LIST

| Entry Date | Atty | Dept | Case No | Case Name | Hours | Cat. |
|------------|------|------|---------|-----------|-------|------|
| 07/30/2007 | ABZ | XXPO | | CARTER | .5 | 10 |
| 07/30/2007 | ABZ | XXPO | | CARTER | .5 | 6 |
| 07/30/2007 | ABZ | XXPO | | CARTER | .5 | 7 |
| 07/27/2007 | ABZ | XXPO | | CARTER | .25 | 10 |
| 07/26/2007 | ABZ | XXPO | | CARTER | .5 | 6 |
| 07/13/2007 | ABZ | XXPO | | CARTER | .5 | 10 |
| 07/13/2007 | ABZ | XXPO | | CARTER | 2 | 6 |
| 07/13/2007 | ABZ | XXPO | | CARTER | .5 | 1 |
| 07/13/2007 | ABZ | XXPO | | CARTER | .5 | 7 |
| 07/12/2007 | ABZ | XXPO | | CARTER | .5 | 10 |

Copy | Save | Time Accounting
Commit | Exit

6.25

Time Accounting Entry

TIME_ACCOUNTING_LIST

| Entry Date | Atty | Dept | Case No | Case Name | Hours | Cat. |
|---|---|---|---|---|---|---|
| 07/12/2007 | ABZ | XXPO | | CARTER | .5 | 6 |
| 07/09/2007 | ABZ | XXPO | | CARTER | .25 | 6 |
| 06/22/2007 | ABZ | XXPO | | CARTER | 1 | 4 |
| 06/22/2007 | ABZ | XXPO | | CARTER | 1 | 2 |
| 06/21/2007 | ABZ | XXPO | | CARTER | 1.5 | 6 |
| 06/19/2007 | ABZ | XXPO | | CARTER | .25 | 6 |
| 06/12/2007 | ABZ | XXPO | | CARTER | .25 | 10 |
| 06/12/2007 | ABZ | XXPO | | CARTER | .25 | 7 |
| 06/07/2007 | ABZ | XXPO | | CARTER | .25 | 9 |
| 06/07/2007 | ABZ | XXPO | | CARTER | 2 | 6 |

7.25

Time Accounting Entry

TIME_ACCOUNTING_LIST

| Entry Date | Atty | Dept | Case No | Case Name | Hours | Cat. |
|---|---|---|---|---|---|---|
| 06/07/2007 | A9Z | XXPO | | CARTER | .25 | 1 |
| 06/05/2007 | A8Z | XXPO | | CARTER | .5 | 10 |
| 06/05/2007 | A8Z | XXPO | | CARTER | .5 | 9 |
| 06/05/2007 | A8Z | XXPO | | CARTER | .5 | 1 |
| 06/05/2007 | A8Z | XXPO | | CARTER | 4.5 | 6 |
| 06/04/2007 | A8Z | XXPO | | CARTER | .25 | 10 |
| 06/04/2007 | A8Z | XXPO | | CARTER | .25 | 7 |
| 05/31/2007 | A8Z | XXPO | | CARTER | 2.5 | 1 |
| 05/30/2007 | A8Z | XXPO | | CARTER | .5 | 6 |
| 05/30/2007 | A8Z | XXPO | | CARTER | .5 | 1 |

Time Accounting

Commit   Exit

10.25

**Time Accounting Entry**

TIME_ACCOUNTING_LIST

| Entry Date | Atty | Dept | Case No | Case Name | Hours | Cat. |
|---|---|---|---|---|---|---|
| 05/16/2007 | A8Z | XXPO | | CARTER | .25 | 6 |
| 05/15/2007 | A8Z | XXPO | | CARTER | .25 | 10 |
| 05/09/2007 | A8Z | XXCB | | CARTER | .25 | 10 |
| 05/08/2007 | A8Z | XXCS | | CARTER | .3 | 10 |
| 05/04/2007 | A8Z | XXCS | | CARTER | .3 | 10 |
| 05/03/2007 | A8Z | XXCS | | CARTER | .26 | 10 |
| 05/03/2007 | A8Z | XXCS | | CARTER | .25 | 6 |
| 05/02/2007 | A8Z | XXCS | | CARTER | .6 | 10 |
| 05/01/2007 | A8Z | XXPO | | CARTER | 2 | 9 |
| 05/01/2007 | A8Z | XXPO | | CARTER | 2 | 6 |

Query   Save   Time Accounting

Commit   Print

6.35

**'89 Time Accounting Entry**

TIME_ACCOUNTING_LIST

| Entry Date | Atty | Dept | Case No | Case Name | Hours | Cat. |
|---|---|---|---|---|---|---|
| 06/01/2007 | ASZ | XXPO | | CARTER | 1 | 7 |
| 06/01/2007 | ASZ | XXPO | | CARTER | .25 | 10 |
| 04/20/2007 | ASZ | XXPO | | CARTER | .5 | 10 |
| 04/19/2007 | ASZ | XXPO | | CARTER | .5 | 1 |
| 04/19/2007 | ASZ | XXPO | | CARTER | 1 | 10 |
| 04/13/2007 | ASZ | XXC8 | | CARTER | .5 | 8 |
| 04/13/2007 | ASZ | XXC8 | | CARTER | .5 | 1 |
| 04/04/2007 | ASZ | XXPO | | CARTER | .2 | 8 |
| 03/29/2007 | ASZ | XXC8 | | CARTER | 1 | 8 |
| 03/29/2007 | ASZ | XXC8 | | CARTER | .5 | 1 |

5.95



| Entry Date | Atty | Dept | Case No | Case Name | Hours | Cat. |
|---|---|---|---|---|---|---|
| 04/04/2007 | ABZ | XXPO | | CARTER | .2 | 6 |
| 03/29/2007 | ABZ | XXCB | | CARTER | 1 | 6 |
| 03/29/2007 | ABZ | XXCB | | CARTER | .6 | 1 |
| | | | | | | |
| | | | | | | |
| | | | | CARTER | | |
| 12/06/2006 | ABZ | XXPO | | | | |
| | | | | TRIAL PREP | | |
| | | | | CARTER | | |
| 2007/ | ABZ | XXPO | | CARTER | | |

1/70

# EXHIBIT "E"

*Callahan*

## Time Accounting Entry

### TIME_ACCOUNTING_LIST

| Entry Date | Atty | Dept | Case No | Case Name | Hours | Cat. |
|---|---|---|---|---|---|---|
| 11/23/2010 | BPC | XXC8 | | CARTER | .3 | 6 |
| 11/08/2010 | BPC | XXC8 | | CARTER | .3 | 6 |
| 08/13/2010 | BPC | XXC8 | | CARTER | .4 | 1 |
| 02/11/2010 | BPC | XXC8 | | CARTER | .5 | 1 |
| 02/11/2010 | BPC | XXC8 | | CARTER | .5 | 6 |
| 02/05/2010 | BPC | XXC8 | | CARTER | 1 | 1 |
| 02/01/2010 | BPC | XXC8 | | CARTER | .5 | 1 |
| 01/27/2010 | BPC | XXC8 | | CARTER | .2 | 7 |
| 01/27/2010 | BPC | XXC8 | | CARTER | 3 | 6 |
| 01/15/2010 | BPC | XXC8 | | CARTER | 1 | 1 |

5.0

*Callahan*
*Total   16.4*

Time Accounting Entry

TIME_ACCOUNTING_LIST

| Entry Date | Atty | Dept | Case No | Case Name | Hours | Cat. |
|---|---|---|---|---|---|---|
| 01/15/2008 | BPC | XXCS | | CARTER | 1 | 1 |
| 07/28/2008 | BPC | XXCS | | CARTER | .3 | 6 |
| 07/25/2008 | BPC | XXCS | | CARTER | .3 | 6 |
| 07/22/2008 | BPC | XXCS | | CARTER | .3 | 6 |
| 07/21/2008 | BPC | XXCS | | CARTER | .3 | 6 |
| 07/11/2008 | BPC | XXCS | | CARTER | .3 | 6 |
| 06/19/2008 | BPC | XXCS | | CARTER | .5 | 7 |
| 06/13/2008 | BPC | XXCS | | CARTER | .3 | 6 |
| 06/12/2008 | BPC | XXCS | | CARTER | .4 | 6 |
| 05/28/2008 | BPC | XXCS | | CARTER | .3 | 6 |

4.0

**Time Accounting Entry**

TIME_ACCOUNTING_LIST

| Entry Date | Atty | Dept | Case No | Case Name | Hours | Cat. |
|---|---|---|---|---|---|---|
| 06/12/2008 | BPC | XXCS | | CARTER | .4 | 6 |
| 05/28/2008 | BPC | XXCS | | CARTER | .3 | 6 |
| 05/09/2008 | BPC | XXCS | | CARTER | .3 | 6 |
| 07/10/2007 | BPC | XXCS | | CARTER | .2 | 6 |
| 06/25/2007 | BPC | XXCS | | CARTER/OCEAN BEACH | .3 | 7 |
| 05/24/2007 | BPC | XXCS | | CARTER | .2 | 6 |
| 05/21/2007 | BPC | XXCS | | CARTER/OCEAN BEACH | .2 | 6 |
| 03/27/2007 | BPC | XXPO | | CARTER | .4 | 6 |
| 03/26/2007 | BPC | XXPO | | CARTER | .2 | 6 |
| 03/10/2007 | BPC | XXCS | | CARTER | .2 | 6 |

7.4

*Termini*

## Time Accounting Entry

### TIME_ACCOUNTING_LIST

| Entry Date | Atty | Dept | Case No | Case Name | Hours | Cat. |
|---|---|---|---|---|---|---|
| 06/16/2009 | CPT | XXCS | | CARTER | 5 | 6 |
| 06/16/2009 | CPT | XXCS | | CARTER | 2 | 4 |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |

TOtal      7.0

Termini

Total    7.0

*Kapsalis*

## Time Accounting Entry

TIME_ACCOUNTING_LIST

| Entry Date | Atty | Dept | Case No | Case Name | Hours | Cat. |
|---|---|---|---|---|---|---|
| 11/08/2010 | LGK | XXPO | | CARTER | .2 | 1 |
| 10/18/2010 | LGK | MISC | | CARTER | .2 | 1 |
| 10/15/2010 | LGK | XXPO | | CARTER | 1 | 6 |
| 03/26/2010 | LGK | XXCB | | CARTER | .5 | 1 |
| 03/26/2010 | LGK | XXCB | | CARTER | .5 | 6 |
| 03/02/2010 | LGK | MISC | | CARTER | .25 | 6 |
| 03/02/2010 | LGK | MISC | | CARTER | .5 | 1 |
| 10/19/2009 | LGK | XXPO | | CARTER | .25 | 1 |
| 10/19/2009 | LGK | XXPO | | CARTER | .25 | 6 |

Time Accounting

Commit

Total       3.65

Kapsalis

Total-   3.65

# EXHIBIT "F"

Eastern District of New York - Live Data

# Select A Case

**This person is a party in 306 cases.**

| | | | |
|---|---|---|---|
| <u>0:00-cv-00525-LDW</u> | Ferrer v. County of Suffolk, et al | filed 01/26/00 | closed 10/25/01 |
| <u>0:00-cv-00602-LDW</u> | Smith, et al v. County of Suffolk, et al | filed 01/28/00 | closed 08/15/01 |
| <u>0:00-cv-01125-ADS</u> | Gilbert, et al v. Fittelel, et al | filed 02/24/00 | closed 06/20/03 |
| <u>0:00-cv-02333-ADS</u> | Rera v. Marcoccia, et al | filed 04/21/00 | closed 08/11/06 |
| <u>0:00-cv-02376-DRH</u> | Campanile v. McMurray, et al | filed 04/25/00 | closed 05/07/03 |
| <u>0:00-cv-03829-LDW-ETB</u> | Toia v. County of Suffolk, et al | filed 06/28/00 | closed 11/21/01 |
| <u>0:00-cv-04903-LDW-MLO</u> | Ingber, et al v. County of Suffolk, et al | filed 08/18/00 | closed 08/01/01 |
| <u>0:00-cv-05141-SJF-ETB</u> | Perri v. Neely, et al | filed 08/25/00 | closed 12/02/03 |
| <u>0:90-cv-03632-LDW</u> | Fleischer, et al v. Perales, et al | filed 10/22/90 | closed 10/26/92 |
| <u>0:90-cv-03720-LDW</u> | Wikso v. Mahan, et al | filed 10/29/90 | closed 09/23/92 |
| <u>0:91-cv-00176-ADS</u> | Mathie v. Suffolk County, et al | filed 01/17/91 | closed 08/08/96 |
| <u>0:91-cv-01200-LDW</u> | Hall v. County of Suffolk, et al | filed 04/03/91 | closed 09/07/93 |

| 0:91-cv-01541-LDW | Delaney v. Krause, et al | filed 04/29/91 | closed 12/17/93 |
| 0:91-cv-01795-LDW | Grossman v. Suffolk Cty D.A., et al | filed 05/20/91 | closed 10/07/92 |
| 0:91-cv-02033-DGT-ASC | Mauro, et al v. Pulaski, et al | filed 06/07/91 | closed 05/08/95 |
| 0:91-cv-02245-ARL | Cole v. Brock, et al | filed 06/18/91 | closed 06/16/95 |
| 0:91-cv-04136-DGT | Mauro v. Pulaski | filed 10/24/91 | closed 12/19/94 |
| 0:91-cv-04442-ARL | Henry v. Portella, et al | filed 11/13/91 | closed 10/20/94 |
| 0:91-cv-04461-LDW | Morrison v. C.P.S. Dept. of S.S., et al | filed 11/14/91 | closed 03/09/92 |
| 0:92-cv-01345-LDW | Player v. Lipsky, et al | filed 03/24/92 | closed 03/04/94 |
| 0:92-cv-02332-LDW | D'Angelo v. Schweitzer, et al | filed 05/15/92 | closed 09/22/94 |
| 0:92-cv-02657-LDW-ARL | Perro v. Guido, et al | filed 06/05/92 | closed 08/04/95 |
| 0:92-cv-02914-JG-ARL | Sackos v. Smith- Corr. Officer, et al | filed 06/19/92 | closed 05/31/95 |
| 0:92-cv-03660-LDW | Jeanty, et al v. County of Suffolk, et al | filed 08/04/92 | closed 02/10/97 |
| 0:92-cv-05615-LDW | Schreter, et al v. Bednosky, et al | filed 11/27/92 | closed 03/28/95 |

Case 2:07-cv-01215-SJF-ETB Document 240 Filed 04/25/11 Page 92 of 119

| 0:93-cv-00694-LDW | Jennings v. Suffolk Cnty. Police | filed 02/12/93 | closed 09/15/93 |
| 0:93-cv-01553-LDW | Rainwater, et al v. Doroski, et al | filed 04/09/93 | closed 03/08/95 |
| 0:94-cv-00860-LDW | Dzinanka v. County of Suffolk, et al | filed 02/28/94 | closed 09/09/96 |
| 0:94-cv-01870-LDW | Bazzano, et al v. Cimino, et al | filed 04/20/94 | closed 07/08/94 |
| 0:94-cv-02294-FB-ARL | Karambela v. Nisi, et al | filed 05/11/94 | closed 03/02/98 |
| 0:94-cv-02569-DRH-ARL | Martinez v. LI Head Start Child, et al | filed 05/27/94 | closed 08/02/96 |
| 0:94-cv-05379-LDW-ARL | Craddock v. County of Suffolk, et al | filed 11/22/94 | closed 06/21/96 |
| 0:94-cv-05537-LDW-ETB | Schreter v. Bednosky, et al | filed 12/02/94 | closed 05/19/97 |
| 0:95-cv-00143-LDW-ARL | Carter v. Bednosky, et al | filed 01/11/95 | closed 06/12/97 |
| 0:95-cv-00194-DRH-ARL | Gordon v. SCPD, et al | filed 01/13/95 | closed 03/16/98 |
| 0:95-cv-00300-LDW-ARL | Jennings v. Mahoney, et al | filed 01/23/95 | closed 05/20/97 |
| 0:95-cv-00572-DRH-ETB | Pfeiffer v. Begg, et al | filed 02/09/95 | closed 08/14/96 |
| 0:95-cv-00740-LDW | Zuppardo v. County of Suffolk, et al | filed 02/22/95 | closed 05/14/97 |

| 0:95-cv-00746-DRH | Clancy v. Suffolk Cnty PD, et al | filed 02/22/95 | closed 01/16/98 |
|---|---|---|---|
| 0:95-cv-01021-VVP | Rodriguez-Gomes, et al v. Doherty, et al | filed 03/14/95 | closed 03/03/98 |
| 0:95-cv-02174-DRH-VVP | Devlin, et al v. Baron, et al | filed 05/30/95 | closed 12/30/98 |
| 0:95-cv-04621-DRH-ARL | Matthews v. Chalifaux, et al | filed 11/09/95 | closed 05/08/97 |
| 0:95-cv-04830-LDW-MLO | Pothews v. Dr. Badmeyer, et al | filed 11/24/95 | closed 04/20/98 |
| 0:96-cv-00757-LDW | Carter v. County Of Suffolk, et al | filed 02/21/96 | closed 12/13/99 |
| 0:96-cv-01022-LDW-ARL | Rodriguez v. County of Suffolk, et al | filed 03/07/96 | closed 12/08/98 |
| 0:96-cv-02937-LDW | Farley v. County of Suffolk, et al | filed 06/13/96 | closed 08/28/98 |
| 0:96-cv-03171-ARR | Minton v. Nieves, et al | filed 06/26/96 | closed 12/17/98 |
| 0:96-cv-05789-LDW-ARL | Mazzone v. Mahoney, et al | filed 11/26/96 | closed 02/12/98 |
| 0:97-cv-00382-DRH | Miller v. Jirus, et al | filed 01/23/97 | closed 04/19/00 |
| 0:97-cv-01054-DRH | Demers v. Hauser, et al | filed 03/05/97 | closed 08/24/98 |
| 0:97-cv-01309-LDW-MLO | Calapa, et al v. County of Suffolk, et al | filed 03/19/97 | closed 01/08/98 |
| 0:97-cv-01603-DRH-ARL | Weichbrodt v. Suffolk County,NY, et al | filed 04/02/97 | closed 09/22/99 |

| | | | |
|---|---|---|---|
| 0:97-cv-05603-DRH-VVP | Guilfoil, et al v. SC Police Department, et al | filed 09/25/97 | closed 08/10/99 |
| 0:98-cv-00312-DRH-WDW | Odom, et al v. MTA., et al | filed 01/16/98 | closed 02/26/01 |
| 0:98-cv-02459-DRH-MLO | Jelsik v. Cnty of Suffolk | filed 04/02/98 | closed 01/24/00 |
| 0:98-cv-02765-DRH-ETB | Walton, et al v. Kenneally, et al | filed 04/13/98 | closed 12/03/99 |
| 0:98-cv-04894-JS | Mason v. Village of Babylon, et al | filed 07/27/98 | closed 01/07/02 |
| 0:98-cv-06968-DRH-VVP | Baines, et al v. County of Suffolk, et al | filed 11/09/98 | closed 05/06/99 |
| 0:98-cv-07040-LDW-VVP | Rey v. County of Suffolk, et al | filed 11/10/98 | closed 03/29/00 |
| 0:98-cv-07511-DRH-VVP | Vezzuto v. Fitzharris, et al | filed 12/04/98 | closed 02/07/00 |
| 0:99-cv-00683-DRH | Fragala, et al v. Thomas Gabriele, et al | filed 02/03/99 | closed 09/30/02 |
| 0:99-cv-01711-LDW-ARL | Graham v. Suffolk Cty Police, et al | filed 03/26/99 | closed 02/01/01 |
| 0:99-cv-02320-DRH | Carlson, et al v. County of Suffolk, et al | filed 04/22/99 | closed 12/27/01 |
| 0:99-cv-03088-JFB | Davenport v. County of Suffolk, et al | filed 06/01/99 | closed 11/08/07 |
| 0:99-cv-08159-LDW | Kirkland, John v. Pendlebury, et al | filed 12/13/99 | closed 09/28/00 |
| 1:00-cv-07198-RJD-RML | McCloud v. Suffolk County Sheri, et al | filed 11/30/00 | closed 08/29/02 |

| | | | |
|---|---|---|---|
| 1:02-cv-02235-CBA-VVP | Teamsters Local 814 Pension, Welfare & Annuity Fun v. E & G Sales, Inc | filed 04/12/02 | closed 08/14/02 |
| 1:10-cv-04591-JG-ETB | Murphy v. Suffolk County Police Department et al | filed 09/15/10 | |
| 1:90-cv-04324-RJD-JMA | Corbin v. County of Suffolk, et al | filed 12/17/90 | closed 02/06/96 |
| 1:91-cv-03814-ILG-AXR | Herbstman v. Donnelly, et al | filed 10/01/91 | closed 05/25/94 |
| 1:94-cv-05454-RJD-SMG | Gerena v. Stover, et al | filed 11/29/94 | closed 11/20/97 |
| 1:95-cv-04952-JBW-SMG | Johnson v. Doodley, et al | filed 12/04/95 | closed 04/24/96 |
| 1:96-cv-05476-JBW-SMG | Johnson v. Cruise, et al | filed 11/08/96 | closed 09/17/97 |
| 1:98-cv-06832-CBA-ASC | Oyebanji v. New York State, et al | filed 10/21/98 | closed 07/03/02 |
| 1:99-cv-00427-ADS-MLO | Morrison v. Police Department Co, et al | filed 01/08/99 | closed 09/26/02 |
| 1:99-cv-01224-JS | Duran v. Gargan, et al | filed 03/03/99 | closed 08/13/02 |
| 2:00-cv-05433-DRH | Murray, et al v. Connetquot Central, et al | filed 09/11/00 | closed 04/11/05 |
| 2:00-cv-05654-TCP | Donaldson v. Pruyn, et al | filed 09/20/00 | closed 04/23/02 |
| 2:00-cv-05679-ADS | Montablano v. Doe, et al | filed 09/20/00 | closed 09/17/02 |
| 2:00-cv-06017-TCP | Walker v. Farmer, et al | filed 10/05/00 | closed 07/02/03 |

| | | | |
|---|---|---|---|
| 2:00-cv-06095-TCP-MLO | Rosen v. County of Suffolk, et al | filed 10/11/00 | closed 05/18/05 |
| 2:00-cv-06145-FB | Lunde v. Reilly, et al | filed 10/13/00 | closed 08/23/04 |
| 2:00-cv-06209-NG | Neal v. Fitzpatrick, et al | filed 10/17/00 | closed 09/17/03 |
| 2:00-cv-06645-DGT-JO | Mahan, et al v. City of New York, et al | filed 11/07/00 | closed 07/28/05 |
| 2:00-cv-06837-WDW | Cullen, et al v. Zanca, et al | filed 11/15/00 | closed 02/25/04 |
| 2:00-cv-06997-TCP-MLO | Mills v. Suffolk County P.D, et al | filed 11/27/00 | closed 06/21/05 |
| 2:01-cv-00181-JS | Massaro v. Hutzel, et al | filed 01/11/01 | closed 02/20/04 |
| 2:01-cv-00630-JS -ETB | Figman v. Suffolk County, et al | filed 02/02/01 | closed 07/25/01 |
| 2:01-cv-00952-TCP-ETB | Widmer v. Gambo, et al | filed 02/20/01 | closed 06/07/05 |
| 2:01-cv-01421-TCP | Ahrens v. Suffolk County, et al | filed 03/09/01 | closed 10/24/03 |
| 2:01-cv-02254-SLT-MLO | Iwachiw v. Gersh, et al | filed 04/09/01 | closed 12/01/05 |
| 2:01-cv-02506-DRH | Jones v. County of Suffolk, et al | filed 04/24/01 | closed 03/18/03 |
| 2:01-cv-03085-SJF-JO | Walsh v. Suffolk County Jail, et al | filed 05/15/01 | closed 08/09/04 |
| 2:01-cv-03110-TCP-WDW | Distefano v. Catalina, et al | filed 05/16/01 | closed 01/08/02 |

| 2:01-cv-03853-ADS-MLO | Carr v. Suffolk County, et al | filed 06/05/01 | closed 09/27/02 |
| 2:01-cv-04348-SJF-ARL | Jairam v. McCormick, et al | filed 06/27/01 | closed 05/17/04 |
| 2:01-cv-04478-JS | Fitzgerald v. Doe, et al | filed 07/05/01 | closed 06/18/03 |
| 2:01-cv-04792-ADS | Galatro v. Capparelli, et al | filed 07/19/01 | closed 10/27/03 |
| 2:01-cv-05403-JS-ETB | Bernard, et al v. County of Suffolk, et al | filed 08/10/01 | closed 12/30/04 |
| 2:01-cv-05625-ADS | Ostensen v. Suffolk County, et al | filed 08/21/01 | closed 07/19/05 |
| 2:01-cv-06716-JS-ARL | Toussie, et al v. County of Suffolk, et al | filed 10/11/01 | |
| 2:01-cv-07722-SJ-WDW | Stelsing v. County of Suffolk, et al | filed 11/16/01 | closed 03/11/03 |
| 2:01-cv-07869-ADS | Igneri v. County of Suffolk, et al | filed 11/29/01 | closed 11/17/04 |
| 2:01-cv-08198-CBA | Gonzalez v. Santacruz, et al | filed 12/07/01 | closed 05/18/05 |
| 2:01-cv-08589-JS-WDW | Craig v. Rammene, et al | filed 12/28/01 | closed 12/31/02 |
| 2:02-cv-01085-WDW | Menghi v. Hart et al | filed 02/15/02 | closed 10/29/08 |
| 2:02-cv-01355-JS-ARL | Diaz Alamo v. Catterson et al | filed 02/11/02 | closed 05/30/03 |
| 2:02-cv-02233-DRH | Worytko et al v. County of Suffolk et al | filed 04/12/02 | closed 12/23/05 |

2:02-cv-02446

| | | | |
|---|---|---|---|
| 2:02-cv-02446-DRH-ETB | Dombroff et al v. Stavrides et al | filed 04/24/02 | closed 08/04/04 |
| 2:02-cv-03497-SJF | Byrams v. Suffolk County Police Department et al | filed 06/17/02 | closed 09/30/05 |
| 2:02-cv-03901-DRH-ARL | Hill v. Tisch et al | filed 07/08/02 | |
| 2:02-cv-03917-JS-ETB | Marshall v. Tisch et al | filed 07/08/02 | closed 02/26/04 |
| 2:02-cv-04148-DRH-MLO | Micolo v. Donegan et al | filed 07/19/02 | closed 04/29/04 |
| 2:02-cv-04281-ADS | Cogswell v. Suffolk County et al | filed 07/30/02 | closed 07/08/05 |
| 2:02-cv-04346-SJF-MLO | Madison v. Suffolk County Department of Social Services et al | filed 08/02/02 | closed 05/19/04 |
| 2:02-cv-04600-SJF-WDW | Gause v. Suffolk County et al | filed 08/14/02 | closed 06/22/09 |
| 2:02-cv-04621-JS | Butts v. County of Suffolk et al | filed 08/21/02 | closed 11/05/03 |
| 2:02-cv-04821-LDW-ARL | Sarner v. Attorney General of New York State, Eliot Spitzer | filed 08/30/02 | closed 10/14/04 |
| 2:02-cv-04922-JS-WDW | Beck v. Ramroop et al | filed 09/09/02 | closed 07/02/03 |
| 2:02-cv-05247-JS | Hepworth v. Riverhead Correctional Facility Medical Department | filed 09/30/02 | closed 07/01/04 |
| 2:02-cv-05549-ADS | Toney v. The County of Suffolk et al | filed 10/17/02 | closed 07/08/04 |
| 2:02-cv-05821-SJF-WDW | Longi v. State of New York et al | filed 11/01/02 | closed 03/27/08 |

| 2:02-cv-06460-DRH-MLO | Micolo v. Zurl et al | filed 12/09/02 | closed 04/19/04 |
| 2:02-cv-06473-ENV-ETB | Hepworth v. Campatella et al | filed 12/10/02 | closed 01/19/07 |
| 2:02-cv-06661-ADS-MLO | Lugo et al v. Maldonado et al | filed 12/23/02 | closed 12/07/04 |
| 2:03-cv-00493-DRH | Micolo v. Warden of Suffolk County | filed 01/30/03 | closed 05/01/03 |
| 2:03-cv-00498-SJF-WDW | Gause v. Suffolk County Jail et al | filed 08/14/03 | closed 05/16/05 |
| 2:03-cv-00501-SJF-WDW | Gause v. Suffolk County Jail et al | filed 08/14/03 | closed 05/24/05 |
| 2:03-cv-00551-LDW | Gonzalez v. County of Suffolk et al | filed 02/03/03 | closed 05/19/05 |
| 2:03-cv-00641-JS-ARL | Holland v. Tilden et al | filed 02/07/03 | closed 11/21/03 |
| 2:03-cv-00856-JFB | Rochester v. Sixth Precinct Police Station et al | filed 02/20/03 | closed 01/21/09 |
| 2:03-cv-01414-DLI-WDW | JC et al v. Mark Country Day School et al | filed 03/24/03 | closed 01/25/07 |
| 2:03-cv-01779-ADS-WDW | Butler v. Jones | filed 04/02/03 | closed 03/07/05 |
| 2:03-cv-01896-ADS-WDW | Spence v. Anderson et al | filed 04/18/03 | closed 07/16/05 |
| 2:03-cv-01912-JFB | Duff v. John Doe, et al. | filed 04/18/03 | closed 10/31/06 |
| 2:03-cv-01977-ADS | Mellarodriguez v. 6 Pct. Police Station et al | filed 04/23/03 | closed 07/12/06 |

| 2:03-cv-02145-SLT | Gonzalez v. McMenemy et al | filed 05/05/03 | closed 05/10/05 |
| 2:03-cv-02432-LDW-MLO | Samuelson v. The County of Suffolk et al | filed 05/14/03 | closed 07/22/05 |
| 2:03-cv-02575-LDW-JO | Sweeney v. The County of Suffolk et al | filed 05/22/03 | closed 02/13/06 |
| 2:03-cv-02668-JS | Perea v. Suffolk County Jail | filed 05/23/03 | closed 03/02/04 |
| 2:03-cv-02749-JFB-MLO | Duff v. Soto et al | filed 05/29/03 | closed 03/27/07 |
| 2:03-cv-03359-ADS | Brown v. Brown et al | filed 07/10/03 | closed 11/08/04 |
| 2:03-cv-03545-DLI-ETB | Ruiz v. Suffolk County Sheriff Department et al | filed 07/21/03 | |
| 2:03-cv-04229-LDW-ARL | Helmett et al v. County of Nassau et al | filed 08/27/03 | closed 01/04/05 |
| 2:03-cv-04265-BAF-AKT | Ferris v. Knapp et al | filed 08/28/03 | closed 08/09/06 |
| 2:03-cv-04649-TCP | Asaro et al v. County of Nassau et al | filed 09/15/03 | closed 01/09/06 |
| 2:03-cv-04767-DRH-ARL | Worytko v. County of Suffolk et al | filed 09/19/03 | closed 04/30/09 |
| 2:03-cv-05962-ADS-WDW | Benn v. Murphy et al | filed 11/24/03 | closed 05/25/04 |
| 2:03-cv-06213-TCP-MLO | Tomei v. County of Suffolk et al | filed 12/10/03 | closed 11/23/04 |
| 2:03-cv-06272-SJF-WDW | Nunziata v. Trotta et al | filed 12/12/03 | closed 04/20/04 |

Case 2:07-cv-01215-SJF-ETB   Document 240   Filed 04/25/11   Page 101 of 119

| 2:04-cv-00750-DLI-WDW | Slatkin v. The County of Suffolk of the State of New York et al | filed 02/20/04 | closed 05/03/05 |
|---|---|---|---|
| 2:04-cv-01187-ADS-MLO | Robinson v. Murphy et al | filed 03/22/04 | closed 09/14/05 |
| 2:04-cv-01727-SJF-AKT | Vogelfang v. Riverhead County Jail et al | filed 04/22/04 | closed 06/24/10 |
| 2:04-cv-02552-ADS-MLO | Robinson v. Davis et al | filed 06/21/04 | closed 09/14/05 |
| 2:04-cv-03554-DRH-ARL | Richardt v. Suffolk County Police Department et al | filed 08/17/04 | closed 03/16/05 |
| 2:04-cv-03651-LDW -ETB | Sullivan v. County of Suffolk et al | filed 08/24/04 | closed 08/10/07 |
| 2:04-cv-03835-JS -WDW | Kreutzberg et al v. County of Suffolk et al | filed 09/03/04 | closed 02/20/07 |
| 2:04-cv-05321-JS -AKT | Feliciano et al v. County of Suffolk et al | filed 12/08/04 | |
| 2:04-cv-05637-LDW-WDW | Gordon et al v. County of Suffolk et al | filed 12/23/04 | closed 02/23/07 |
| 2:04-cv-05649-DRH | Korte v. County of Suffolk et al | filed 12/27/04 | closed 04/28/10 |
| 2:05-cv-00546-ENV | Rizzuto v. The County of Suffolk et al | filed 01/31/05 | closed 08/13/07 |
| 2:05-cv-01718-ADS | Pane v. County of Suffolk et al | filed 04/05/05 | closed 07/30/07 |
| 2:05-cv-01814-JS -ARL | Toussie et al v. County of Suffolk et al | filed 04/13/05 | closed 05/18/07 |

2:05-cv-02813

| 2:05-cv-03815-RRM-ETB | Cortes v. Doe et al | filed 08/10/05 | closed 09/16/08 |
| 2:05-cv-03850-SJF-ARL | Schuler et al v. Keith et al | filed 08/11/05 | closed 04/09/08 |
| 2:05-cv-04287-JS-ETB | Pirri v. The County of Suffolk et al | filed 09/09/05 | closed 08/06/08 |
| 2:05-cv-04481-LDW-ARL | Demaille v. The County of Suffolk et al | filed 09/22/05 | closed 08/06/07 |
| 2:05-cv-04785-ADS-ETB | Bonilla v. The County of Suffolk et al | filed 10/11/05 | closed 11/28/06 |
| 2:05-cv-05023-ADS-AKT | Barreto v. Calahan et al | filed 10/27/05 | closed 08/08/06 |
| 2:05-cv-06016-DRH-AKT | Coronna v. County of Suffolk et al | filed 12/23/05 | closed 06/09/10 |
| 2:06-cv-00071-ADS-WDW | Philbin-Collier v. John Does 1-5 et al | filed 01/06/06 | closed 08/08/08 |
| 2:06-cv-00320-LDW-ETB | Sostre et al v. County of Suffolk et al | filed 01/25/06 | closed 03/30/09 |
| 2:06-cv-00513-BMC-ARL | Guendel v. The County of Suffolk et al | filed 02/06/06 | closed 03/05/08 |
| 2:06-cv-00881-JFB-ETB | Colbert v. Suffolk County New York et al | filed 02/28/06 | closed 07/29/08 |
| 2:06-cv-01064-JFB-WDW | Vasquez-Tellez et al v. Federal Bureau of Investigations et al | filed 03/09/06 | closed 08/10/07 |
| 2:06-cv-01683-LDW-ARL | Gil et al v. County Of Suffolk et al | filed 04/11/06 | closed 11/06/08 |

Case 2:07-cv-01215-SJF-ETB   Document 240   Filed 04/25/11   Page 103 of 119

| | | | |
|---|---|---|---|
| 2:06-cv-02819-DRH-ETB | Forde v. Suffolk County Sheriff's Office et al | filed 06/05/06 | closed 07/23/07 |
| 2:06-cv-03253-BMC-ETB | Alas-Martinez v. Kinahan et al | filed 07/03/06 | closed 12/13/07 |
| 2:06-cv-05708-DRH-AKT | Ferlito et al v. The County of Suffolk et al | filed 10/23/06 | |
| 2:06-cv-06026-JG-WDW | Sommer v. County of Suffolk et al | filed 11/13/06 | closed 04/18/07 |
| 2:06-cv-06752-LDW-MLO | Luly et al v. County of Suffolk et al | filed 12/26/06 | closed 06/26/09 |
| 2:07-cv-00539-JS -AKT | Baumgarten v. The County of Suffolk et al | filed 02/07/07 | |
| 2:07-cv-00816-JS -ETB | County of Nassau, New York et al v. Leavitt et al | filed 02/27/07 | closed 05/22/09 |
| 2:07-cv-01215-SJF-ETB | Carter et al v. Incorporated Village of Ocean Beach et al | filed 03/21/07 | closed 02/22/10 |
| 2:07-cv-01250-ADS-ETB | Ramos v. County Of Suffolk et al | filed 03/23/07 | closed 06/24/10 |
| 2:07-cv-01611-JFB-ETB | Barnett v. Suffolk County Police Dept. et al | filed 04/18/07 | closed 03/24/08 |
| 2:07-cv-02802-LDW-AKT | Malhas v. Suffolk County Police Department et al | filed 07/11/07 | closed 08/02/10 |
| 2:07-cv-05435-JFB-AKT | Gonzalez et al v. Mgay et al | filed 12/28/07 | closed 12/30/09 |

| | | | |
|---|---|---|---|
| 2:08-cv-00433-LDW-AKT | Harrington et al v. County of Suffolk et al | filed 01/31/08 | closed 08/18/09 |
| 2:08-cv-00930-JFB-ETB | Schultz v. The Incorporated Village of Bellport et al | filed 03/04/08 | closed 09/30/10 |
| 2:08-cv-00934-JS-ARL | Kainth v. Salamone et al | filed 02/29/08 | closed 05/13/09 |
| 2:08-cv-00959-JG-AKT | Walker v. U.S. Marshals et al | filed 04/28/08 | |
| 2:08-cv-01245-JFB-AKT | Cruz v. Reilly et al | filed 03/25/08 | closed 08/18/09 |
| 2:08-cv-03211-ADS-AKT | Anderson et al v. County Of Suffolk et al | filed 08/07/08 | closed 09/27/10 |
| 2:08-cv-03227-TCP-ETB | Leon-Caraballo et al v. The County of Suffolk et al | filed 08/07/08 | |
| 2:08-cv-03405-LDW-ARL | Padilla v. Suffolk County et al | filed 08/20/08 | closed 06/16/10 |
| 2:08-cv-04401-JFB-ETB | Kuar v. Mawn | filed 10/30/08 | |
| 2:08-cv-05213-JFB-WDW | Maranzino v. Doe | filed 12/29/08 | |
| 2:08-cv-05294-SJF-AKT | Salten v. The County of Suffolk et al | filed 01/29/09 | |
| 2:09-cv-00358-JFB-ETB | Avant v. Executive Department Division of Parole et al | filed 04/15/09 | closed 06/11/10 |
| 2:09-cv-00421-DRH-ETB | Esposito v. Francis et al | filed 04/10/09 | |

| 2:09-cv-00742-TCP-WDW | Martinez-Lopez v. County Of Suffolk et al | filed 02/23/09 | |
|---|---|---|---|
| 2:09-cv-01913-JS-ARL | Anderson v. County of Suffolk et al | filed 05/06/09 | |
| 2:09-cv-02897-JFB-ARL | Harley v. The Suffolk County Police Department et al | filed 06/25/09 | |
| 2:09-cv-03081-SJF-WDW | Poux et al v. The County of Suffolk et al | filed 07/17/09 | |
| 2:09-cv-03255-JS-ETB | Farber et al v. The County of Suffolk et al | filed 07/29/09 | |
| 2:09-cv-03256-ADS-ETB | Canessa v. The County of Suffolk et al | filed 07/29/09 | closed 01/26/11 |
| 2:09-cv-03325-JFB-ARL | Young v. Suffolk County et al | filed 07/30/09 | |
| 2:09-cv-03702-SJF-AKT | Chiaro v. The County of Nassau State of New York et al | filed 08/25/09 | |
| 2:09-cv-05129-JS-ETB | Przybyla v. County of Suffolk et al | filed 11/20/09 | |
| 2:09-cv-05137-SJF-ARL | Icangelo v. Suffolk County, N.Y. et al | filed 10/26/09 | closed 07/14/10 |
| 2:09-cv-05187-DRH-AKT | Rubino v. Town of Babylon et al | filed 11/25/09 | |
| 2:09-cv-05285-ADS-ETB | Willing v. Suffolk County Department of Social Services et al | filed 12/02/09 | closed 07/27/10 |
| 2:09-cv-05462-JS- | Bottcher v. Suffolk County Sheriff's Office et al | filed 12/15/09 | |

ETB

| | | | |
|---|---|---|---|
| 2:09-cv-05549-SJF-WDW | Hernandez v. Dormer et al | filed 12/04/09 | closed 04/05/11 |
| 2:10-cv-00018-LDW -ETB | Lawrence v. The County Of Suffolk et al | filed 01/05/10 | |
| 2:10-cv-00041-SJF-ETB | Sturgis v. Suffolk County Correctional Facility (Riverhead) et al | filed 01/08/10 | closed 04/06/11 |
| 2:10-cv-00843-ADS-WDW | Harris v. Town of Islip Housing Authority et al | filed 02/25/10 | |
| 2:10-cv-01162-SJF-ARL | Corral et al v. The Outer Marker LLC et al | filed 03/15/10 | |
| 2:10-cv-01623-SJF-ETB | Kovarik v. County of Suffolk et al | filed 04/12/10 | |
| 2:10-cv-01755-JFB-ARL | Lynch v. Monahan et al | filed 04/20/10 | |
| 2:10-cv-02877-JFB-ARL | MacFarlane v. Ewald et al | filed 06/14/10 | |
| 2:10-cv-04988-JFB-WDW | LaRocca v. Suffolk County Sheriff et al | filed 10/29/10 | |
| 2:11-cv-00658-LDW -WDW | Mitchell v. Suffolk County, et al | filed 02/10/11 | |
| 2:11-cv-00911-JFB-ARL | Jennings v. The Municipality of Suffolk County et al | filed 02/24/11 | |
| 2:11-cv-00928-JFB-AKT | Roman v. Suffolk County Correctional Facility et al | filed 02/18/11 | |

| 2:11-cv-01460-LDW -AKT | Nix v. County of Suffolk et al | filed 03/24/11 | |
| 9:00-cv-01620-ADS | Galloway v. Bednowski, et al | filed 03/20/00 | closed 01/30/04 |
| 9:00-cv-01930-JM | McArthur v. Suffolk County Corr., et al | filed 04/03/00 | closed 10/11/01 |
| 9:00-cv-02374-ADS-WDW | Wilkerson v. Suffolk County Corr., et al | filed 04/25/00 | closed 11/28/01 |
| 9:00-cv-02375-MLO | Smith v. Suffolk County Corr., et al | filed 04/25/00 | closed 09/12/05 |
| 9:00-cv-02451-ADS-MLO | Springer v. Gilmore, et al | filed 04/28/00 | closed 07/05/01 |
| 9:00-cv-04241-ADS | Galloway v. Suffolk County Corr., et al | filed 07/20/00 | closed 01/30/04 |
| 9:00-cv-04339-JS -MLO | Ling v. Suffolk County Corr, et al | filed 07/26/00 | closed 06/29/09 |
| 9:00-cv-04545-ADS | Cantore v. Doe, et al | filed 08/04/00 | closed 06/21/04 |
| 9:92-cv-04371-ADS-MLO | Lienemann v. Inc. Vill./Northport, et al | filed 07/14/92 | closed 05/31/94 |
| 9:92-cv-04881-ADS | Paul, et al v. Suffolk County Polic, et al | filed 10/15/92 | closed 12/14/94 |
| 9:93-cv-02993-JG-VVP | Torres, et al v. Marquardt, et al | filed 07/06/93 | closed 04/08/97 |
| 9:93-cv-05419-FB-VVP | Littman v. County of Suffolk, et al | filed 11/30/93 | closed 09/12/97 |
| 9:93-cv-05453-JG-VVP | Beickert, et al v. Hughes, et al | filed 12/01/93 | closed 06/30/97 |

9:93-cv-05636

Eastern District of New York - Live Data

| | | | |
|---|---|---|---|
| 9:93-cv-05030-TCP-MLO | Flaherty, et al v. Lang, et al | filed 12/13/93 | closed 06/02/94 |
| 9:94-cv-01644-ARR | Stanley v. Gonzales, et al | filed 04/11/94 | closed 07/21/98 |
| 9:94-cv-02387-FB-VVP | Murphy, et al v. Abolofia, et al | filed 05/16/94 | closed 09/29/95 |
| 9:94-cv-02527-ADS-VVP | Cortes, et al v. Gigante, et al | filed 05/25/94 | closed 12/19/95 |
| 9:94-cv-04202-RJD | Harmon, et al v. State of New York, et al | filed 09/02/94 | closed 08/08/03 |
| 9:94-cv-04934-ADS-VVP | Davis v. County of Suffolk, et al | filed 10/21/94 | closed 04/28/97 |
| 9:94-cv-05417-ADS-ETB | Pantori v. County of Suffolk, et al | filed 11/23/94 | closed 10/18/96 |
| 9:94-cv-05568-NG | Trent, et al v. Fries, et al | filed 12/05/94 | closed 10/29/97 |
| 9:94-cv-05688-ADS-MLO | Martin v. Central Islip UFSD, et al | filed 12/12/94 | closed 03/04/96 |
| 9:94-cv-05723-ADS-ETB | Wooton v. Suffolk Sheriff, et al | filed 12/13/94 | closed 09/13/96 |
| 9:94-cv-05820-TCP | Williams v. Van Burnum, et al | filed 12/20/94 | closed 09/30/98 |
| 9:95-cv-00387-ADS-WDW | Rivas v. Suffolk County, et al | filed 01/27/95 | closed 05/11/09 |
| 9:95-cv-00458-ADS-MLO | Roach v. County of Suffolk, et al | filed 02/01/95 | closed 05/07/96 |
| 9:95-cv-01081-TCP-VVP | Valdez v. County of Suffolk, et al | filed 03/17/95 | closed 01/27/97 |

| | | | |
|---|---|---|---|
| 9:95-cv-01915-JS - VVP | Lucas, et al v. Suffolk Cty Dept, et al | filed 05/11/95 | closed 06/15/98 |
| 9:95-cv-02566-JS - MLO | Scales, et al v. Catterson | filed 06/26/95 | closed 08/09/96 |
| 9:95-cv-02587-ADS-VVP | Grande v. County Of Suffolk, et al | filed 06/27/95 | closed 11/17/95 |
| 9:95-cv-02901-JS | Davenport v. Cruz, et al | filed 07/20/95 | closed 06/29/98 |
| 9:95-cv-03115-VVP | Olsen, et al v. Suffolk County Polic, et al | filed 08/03/95 | closed 10/06/00 |
| 9:95-cv-03394-TCP-MLO | Kiriazes v. County of Suffolk, et al | filed 08/18/95 | closed 06/23/97 |
| 9:95-cv-03448-TCP-ARL | Grasman, et al v. County of Suffolk, et al | filed 08/22/95 | closed 10/09/96 |
| 9:95-cv-04684-TCP-ARL | Jackson v. Suffolk Cty Homocide, et al | filed 11/14/95 | closed 04/28/97 |
| 9:95-cv-04988-NG-MLO | Scott v. County of Suffolk, et al | filed 12/05/95 | closed 07/18/96 |
| 9:95-cv-05085-NG-ETB | Yellon v. Suffolk CPD, et al | filed 12/08/95 | closed 05/05/98 |
| 9:96-cv-00029-TLM | Eichorn, et al v. Hatton, et al | filed 01/03/96 | closed 12/14/98 |
| 9:96-cv-00489-JS - ETB | McCrae v. County of Suffolk, et al | filed 02/06/96 | closed 06/17/97 |
| 9:96-cv-01872-ADS | Evans v. Cobe, et al | filed 04/19/96 | closed 03/21/98 |
| 9:96-cv-02119-ADS | Matherson v. County of Suffolk, et al | filed 04/30/96 | closed 12/17/98 |

| | | | |
|---|---|---|---|
| 9:96-cv-03449-JS | Ryan v. Grogan, et al | filed 07/12/96 | closed 07/21/98 |
| 9:96-cv-03576-ADS-ETB | Suydam v. County of Suffolk, et al | filed 07/19/96 | closed 10/12/98 |
| 9:96-cv-03598-TCP | Sommers v. County Of Suffolk, et al | filed 07/22/96 | closed 07/08/99 |
| 9:96-cv-04026-JS | Squillace, et al v. County of Suffolk, et al | filed 08/15/96 | closed 02/07/00 |
| 9:96-cv-04773-ADS | Mawhirt v. Ahmed, et al | filed 09/27/96 | closed 02/16/00 |
| 9:96-cv-05314-ADS | Indence v. Tramontana, et al | filed 10/30/96 | closed 03/23/99 |
| 9:97-cv-00560-TCP | Waldman v. County of Suffolk, et al | filed 02/03/97 | closed 10/07/99 |
| 9:97-cv-02625-TCP-ARL | De Marco v. County of Suffolk, et al | filed 05/08/97 | closed 10/13/98 |
| 9:97-cv-03465-ADS-MLO | Breitfeller v. Sinclair, et al | filed 06/16/97 | closed 03/02/99 |
| 9:97-cv-03870-JS -VVP | McLaurin, et al v. County of Suffolk, et al | filed 07/03/97 | closed 08/31/98 |
| 9:97-cv-03982-ADS-WDW | Csoka v. County Of Suffolk, et al | filed 07/11/97 | closed 03/12/01 |
| 9:97-cv-04486-JM-ARL | Barnes v. Callahan, et al | filed 08/05/97 | closed 05/17/99 |
| 9:97-cv-05317-ADS-MLO | Gibson, et al v. County Of Suffolk, et al | filed 09/15/97 | closed 04/05/02 |
| 9:97-cv-07102-ADS-MLO | Sgro v. County of Suffolk, et al | filed 12/03/97 | closed 06/15/99 |
| 9:97-cv-07566- | Black v. County of Suffolk, et al | filed 12/29/97 | closed 07/12/99 |

TCP-ETB

| | | | |
|---|---|---|---|
| 9:98-cv-00664-ADS | Allen v. Bauenkind, et al | filed 01/26/98 | closed 04/22/03 |
| 9:98-cv-02757-FB-CLP | Sommer, et al v. County of Suffolk | filed 04/10/98 | closed 01/07/00 |
| 9:98-cv-02927-JS-ETB | Enright v. Vasile | filed 04/16/98 | closed 06/30/98 |
| 9:98-cv-03746-JS | Timpa, et al v. County of Suffolk, et al | filed 05/22/98 | closed 03/21/02 |
| 9:98-cv-03944-TCP-ARL | Rodriguez v. County of Suffolk, et al | filed 06/02/98 | closed 07/20/99 |
| 9:98-cv-04024-TCP-MLO | Capuano v. Suffolk County Polic, et al | filed 06/01/98 | closed 03/21/00 |
| 9:98-cv-04236-JS | Costello v. Suffolk Jail, et al | filed 06/15/98 | closed 04/04/00 |
| 9:98-cv-05601-ADS | Trifaro, et al v. Behm, et al | filed 09/03/98 | closed 09/08/00 |
| 9:98-cv-06732-ADS | Walker v. Alvarez, et al | filed 10/30/98 | closed 10/02/01 |
| 9:98-cv-07720-JS | Davidson v. County of Suffolk, et al | filed 12/16/98 | closed 06/14/01 |
| 9:98-cv-07788-JS | Valer v. Riverhead Prison | filed 11/06/98 | closed 07/27/01 |
| 9:99-cv-00122-JM | Evangelista v. County of Suffolk, et al | filed 01/07/99 | closed 05/08/00 |
| 9:99-cv-02517-JS-WDW | Pisano v. County of Suffolk, et al | filed 05/03/99 | closed 08/14/00 |
| 9:99-cv-02588-JS-ARL | Lopez v. Bednosky, et al | filed 05/03/99 | closed 12/06/99 |
| 9:99-cv-03051-JM- | Brown v. Wood, et al | filed 06/01/99 | closed 10/26/00 |

ETB

| | | | |
|---|---|---|---|
| 9:99-cv-03325-NGG-ETB | Thomas v. County of Suffolk, et al | filed 06/11/99 | closed 02/14/01 |
| 9:99-cv-03372-JS-ARL | Mircea v. Suffolk Cty Sheriff, et al | filed 06/15/99 | closed 07/15/02 |
| 9:99-cv-03774-JM | McDermott, et al v. State of New York, et al | filed 07/06/99 | closed 07/23/01 |
| 9:99-cv-04319-RJD | Hynard v. County of Suffolk, et al | filed 07/28/99 | closed 03/31/05 |
| 9:99-cv-04832-ADS-WDW | Johnson v. Doe, et al | filed 08/18/99 | closed 05/11/01 |
| 9:99-cv-05818-JM-ETB | Martinez v. County of Suffolk, et al | filed 09/22/99 | closed 09/28/01 |
| 9:99-cv-06054-JS-ETB | Vetere, et al v. Suffolk County Polic, et al | filed 09/28/99 | closed 12/06/99 |
| 9:99-cv-08438-JS | Egea v. County of Suffolk, et al | filed 12/22/99 | closed 11/07/01 |

| PACER Service Center | | | |
|---|---|---|---|
| Transaction Receipt | | | |
| 04/21/2011 12:18:44 | | | |
| PACER Login: | sc0217 | Client Code: | carter |
| Description: | Search | Search Criteria: | Last Name: zwilling First Name: Arlene |
| Billable Pages: | 1 | Cost: | 0.08 |

# EXHIBIT "G"

# SUFFOLK COUNTY PAYMENT VOUCHER

Change 9/22/09

| Dept.: | Contact: | Payment Voucher # | Responsible Agcy | Modify # |
|---|---|---|---|---|
| Dept. Address | | 1250301 | LAW | |

| Date of Record (mm/dd/yy) | Accounting Period (mm/yy) | Budget FY (yy) | Document Total (Include Cents) |
|---|---|---|---|
| | | | $ 1,681.20 |

**Vendor Code (10-1)**
4 1 2085 745

**Address**
Corporate Headquarters
747 Third Ave. - 08th Floor
New York, N.Y.
10017

**Vendor Name**
TSG Reporting

**Single Check Indicator (Y/N)** | **Scheduled Pay Date (mm/dd/yy)** | **Offset Liability Account (4)**
Pd 10/23/09 # 2282802

| Ln (02) | Reference Document Cd (2) Number (11) Ln (2) | Com Ln # (3) | Invoice Number (12) Ln (3) | Pd (3) | Agy (3) | Orgn (4) | Sub Org (2) | Actv (4) | Obj (4) | Sub Obj (2) | Rept Cat (4) | Capital Project # (8) |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Rev (4) | BS Acct (4) | Description (17) | | | | Amount (Include Cents) | | | | | I/D | P/F | |
| 01 | | | 37074 | 001 | LAW | 1420 | | | 4560 | | | |
| | Carter 8/17/09 | | | | $ 570.20 | | | | | | | |
| 02 | | | 37079 | 001 | LAW | 1420 | | | 4560 | | | |
| | Carter 8/6/09 | | | | $ 1,111.00 | | | | | | | |
| 03 | | | | | | | | | | | | |
| 04 | | | | | | | | | | | | |
| 05 | | | | | | | | | | | | |

**Additional Comments**

**DEPARTMENT CERTIFICATION:** I hereby certify that the materials above specified have been received by me in good condition without substitution. The service properly performed and that the quantities thereof have been verified with the exceptions of discrepancies noted and payment is approved.

SIGNED  9/18/09  Chief Deputy County Attorney
DATE    TITLE

**PAYEE CERTIFICATION:** I certify that the above bill is just, true and correct; that no part thereof has been paid except as stated; that the balance is actually due and owing; that taxes from which the County is exempt are excluded and that I have read and am familiar with the provisions of Local Law 32-1980 as detailed in the payee instruction section of this voucher.

PAYEE'S SIGNATURE  Principal  TSG REPORTING
TITLE  NAME OF COMPANY

Form PV    Original: Audit & Control    Yellow Copy: Department Accounting



**REPORTING**
24 | 7 Worldwide Client Service

Corporate Headquarters
747 Third Avenue - 28th Floor
New York, NY 10017
Phone: (877) 702-9580
Fax: (212) 207-3311
www.tsgreporting.com

# INVOICE

**DATE:** 9/2/2009
**INVOICE #** 081709-37074

**Bill To:**
Rudolph Baptiste Esq.
Suffolk County Department of Law
H. Lee Dennison Building, 6th Floor
100 Veterans Memorial Highway, P.O. Box 6100
Hauppauge, NY 11788-4311

**CASE:** Carter, Fiorillo v. Incorporated Village of Ocean Beach
**DEPOSITION:** Hesse, George
**DATE:** 8/17/2009
**CITY:** Uniondale
**STATE:** New York

**Comments or Special Instructions:**

| REPORTER | VIDEOGRAPHER | SHIP VIA | TERMS |
|----------|-------------|----------|-------|
| Phil Rizzuti | Jordan Mummert | FedEx Overnight | net 30 |

| DESCRIPTION | # OF PAGES / QTY | UNIT PRICE | AMOUNT |
|-------------|------------------|------------|--------|
| Certified Transcript | 134 | $3.25 | $435.50 |
| Compressed / ASCII / Word Index | 1 | $45.00 | $45.00 |
| Exhibits - Scanned & Hyperlinked | 199 | $0.30 | $59.70 |
| File Creation Fee - Hyperlinked Exhibits - Complimentary | 1 | $50.00 | $0.00 |
| | | SUBTOTAL | $540.20 |
| | | SHIPPING & HANDLING | $30.00 |
| | | TOTAL | $570.20 |

**Federal ID # 41-2085745**

Please make all checks payable to: **TSG Reporting, Inc.**
For prompt payment processing, please include the invoice # with your check. All balances in arrears will be assessed a late fee of 1.5% per month, not to exceed the legal limit. If you have any questions, please call TSG.
**THANK YOU FOR YOUR BUSINESS!**

*Approved By: Brian P. Callahan*



**REPORTING**
24|7 Worldwide Client Service

Corporate Headquarters
747 Third Avenue - 28th Floor
New York, NY 10017
Phone: (877) 702-9580
Fax: (212) 207-3311
www.tsgreporting.com

# INVOICE

**DATE:** 9/2/2009
**INVOICE #** 080609-37079

**Bill To:**
Rudolph Baptiste Esq.
Suffolk County Department of Law
H. Lee Dennison Building, 6th Floor
100 Veterans Memorial Highway, P.O. Box 6100
Hauppauge, NY 11788-4311

**CASE:** Carter, Fiorillo v. Incorporated Village of Ocean Beach
**DEPOSITION:** Hesse, George
**DATE:** 8/6/2009
**CITY:** Uniondale
**STATE:** New York

**Comments or Special Instructions:**

| REPORTER | VIDEOGRAPHER | SHIP VIA | TERMS |
|---|---|---|---|
| Phil Rizzuti | Jordan Mummert | FedEx Overnight | net 30 |

| DESCRIPTION | # OF PAGES / QTY | UNIT PRICE | AMOUNT |
|---|---|---|---|
| Certified Transcript | 316 | $3.25 | $1,027.00 |
| Compressed / ASCII / Word Index | 1 | $45.00 | $45.00 |
| Exhibits - Hard | 30 | $0.30 | $9.00 |
| | | SUBTOTAL | $1,081.00 |
| | | SHIPPING & HANDLING | $30.00 |
| | | TOTAL | $1,111.00 |

**Federal ID # 41-2085745**

Please make all checks payable to: **TSG Reporting, Inc.**
For prompt payment processing, please include the Invoice # with your check. All balances in arrears will be assessed a late fee of 1.5% per month, not to exceed the legal limit. If you have any questions, please call TSG.

**THANK YOU FOR YOUR BUSINESS!**

Approved By: Brian P. Callahan

## SUFFOLK COUNTY PAYMENT VOUCHER

| Dept.: | Contact: | | | |
|---|---|---|---|---|
| Dept. Address | | | | |

| Date of Record (mm/dd/yy) | Accounting Period (mm/yy) | Budget FY (YY) | Payment Voucher # 1193383 | Responsible Agcy LAW | Modify # |
|---|---|---|---|---|---|

Vendor Code (10-1)   41-2085745

Document Total (Include Cents) $687.65

Address 747 Third Ave
28th Floor
New York, NY 10017

Vendor Name   TSG Reporting

Single Check Indicator (Y/N)

Scheduled Pay Date (mm/dd/yy)   PG 8/14/09  CK# 224528

Offset Liability Account (4)

| Ln (02) | Reference Document | | Com La # (3) | Invoice | | Fnd (3) | Agy (3) | Orgn (4) | Sub Org (2) | Actv (4) | Obj (4) | Sub Obj (2) | Rept Cat (4) | Capital Project # (8) |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Rev (4) | Cd (2) Number (11) Ln (2) | | | Number (12) Ln (3) | | | | | | | | | | |
| | BS Acct (4) | Description (17) | | | Amount (Include Cents) | | | | | | | | | |

| 01 | | 68355 | 001 | LAW | 1420 | | 4560 | | I/D | P/F |
|---|---|---|---|---|---|---|---|---|---|---|
| | Carter  6/16/09 | | $687.65 | | | | | | | |

| 02 | | 67726 | 001 | LAW | 1420 | | 4560 | |
|---|---|---|---|---|---|---|---|---|
| | Carter  6/3/09 | | $1,055.65 | | | | | |

| 03 | | | | | | | | |

| 04 | | | | | | | | |

| 05 | | | | | | | | |

**Additional Comments**

Carter, Fiorello v. Ocean Beach     Approved by: Brian Callahan
Deposition Witness: George Hesse / Date: 6/16/2009
Certified Transcript - 185 pgs
Compressed / ASCII / Word Index
Brian Callahan   Exhibits - Hard - 38 pages

**DEPARTMENT CERTIFICATION:** I hereby certify that the materials above specified have been received by me in good condition without substitution. The service properly performed and that the quantities thereof have been verified with the exceptions of discrepancies noted and payment is approved.

SIGNED _____   DATE 7/2/09   TITLE Chief Deputy County Attorney

**PAYEE CERTIFICATION:** I certify that the above bill is just, true and correct; that no part thereof has been paid except as stated; that the balance is actually due and owing; that taxes from which the County is exempt are excluded and that I have read and am familiar with the provisions of Local Law 32-1980 as detailed in the payee instruction section of this voucher.

PAYEE'S SIGNATURE   Finance, TSG Reporting

Form PV       Original: Audit & Control



**TSG**
REPORTING
24|7 Worldwide Client Service

Corporate Headquarters
747 Third Avenue - 28th Floor
New York, NY 10017
Phone: (877) 702-9580
Fax: (212) 207-3311
www.tsgreporting.com

# INVOICE

**DATE:** 7/6/2009
**INVOICE #** 061609-68355

**Bill To:**
Chris Termini Esq.
Suffolk County Department of Law
H. Lee Dennison Building
100 Veterans Memorial Highway, 6th Floor
Hauppauge, NY  11788-4311

**CASE:** Carter, Fiorillo v. Incorporated Village of Ocean Beach
**DEPOSITION:** Hesse, George
**DATE:** 6/16/2009
**CITY:** Uniondale
**STATE:** New York

**Comments or Special Instructions:**

| REPORTER | VIDEOGRAPHER | SHIP VIA | TERMS |
|----------|--------------|----------|-------|
| Judi Johnson | Jordan Mummert | FedEx Overnight | net 30 |

| DESCRIPTION | # OF PAGES / QTY | UNIT PRICE | AMOUNT |
|-------------|------------------|------------|--------|
| Certified Transcript | 185 | $3.25 | $601.25 |
| Compressed / ASCII / Word Index | 1 | $45.00 | $45.00 |
| Exhibits - Hard | 38 | $0.30 | $11.40 |
| | | SUBTOTAL | $657.65 |
| | | SHIPPING & HANDLING | $30.00 |
| | | TOTAL | $687.65 |

Please make all checks payable to: **TSG Reporting, Inc.**    **Federal ID # 41-2085745**

For prompt payment processing, please include the invoice # with your check.  All balances in arrears will be assessed a late fee of 1.5% per month, not to exceed the legal limit.  If you have any questions, please call TSG.

### THANK YOU FOR YOUR BUSINESS!



**TSG**
REPORTING
24 | 7 Worldwide Client Service

Corporate Headquarters
747 Third Avenue - 28th Floor
New York, NY 10017
Phone: (877) 702-9580
Fax: (212) 207-3311
www.tsgreporting.com

# INVOICE

**DATE:** 6/18/2009
**INVOICE #** 060309-67726

**Bill To:**    Brian P. Callahan Esq.
Suffolk County Department of Law
H. Lee Dennison Building, 5th Floor
100 Veterans Memorial Highway
Hauppauge, NY 11788-0099

**CASE:** Carter, Fiorillo v. Incorporated Village of Ocean Beach
**DEPOSITION:** Hesse, George
**DATE:** 6/3/2009
**CITY:** Uniondale
**STATE:** New York

**Comments or Special Instructions:**

| REPORTER | VIDEOGRAPHER | SHIP VIA | TERMS |
|---|---|---|---|
| Judi Johnson | Steve Sanpietro | FedEx Overnight | net 30 |

| DESCRIPTION | # OF PAGES / QTY | UNIT PRICE | AMOUNT |
|---|---|---|---|
| Certified Transcript | 301 | $3.25 | $978.25 |
| Compressed / ASCII / Word Index | 1 | $45.00 | $45.00 |
| Exhibits - Hard | 8 | $0.30 | $2.40 |
| | | SUBTOTAL | $1,025.65 |
| | | SHIPPING & HANDLING | $30.00 |
| | | TOTAL | $1,055.65 |

Please make all checks payable to: **TSG Reporting, Inc.**      **Federal ID # 41-2085745**

For prompt payment processing, please include the invoice # with your check. All balances in arrears will be assessed a late fee of 1.5% per month, not to exceed the legal limit. If you have any questions, please call TSG.

**THANK YOU FOR YOUR BUSINESS!**

approved by: _Brian Callahan_