# EXHIBIT 1



**KENNETH A. NOVIKOFF**
PARTNER
(516) 357-3110
ken.novikoff@rivkin.com

April 15, 2008

**Via Telecopier & Regular Mail**

Andrew S. Goodstadt, Esq.
Thompson, Widgor & Gilly, LLP
350 Fifth Avenue – Suite 5720
New York, New York 10118

   Re: Edward Carter, et al. v. Incorporated
      Village of Ocean Beach, et al.
      RR File No.: 010422-00002

Dear Mr. Goodstadt:

  As you are aware, the law firm of Rivkin, Radler LLC represents defendants Incorporated Village of Ocean Beach, Mayor Joseph C. Loeffler, Jr., individually and in his official capacity, Natalie K. Rogers, individually and in her official capacity, and the Ocean Beach Police Department. I was hoping to discuss this matter with you yesterday, but our respective schedules prevented this from occurring. On behalf of defendants, we demand that your clients: (1) withdraw, with prejudice, their respective claims against Mayor Loeffler and former Mayor Rogers in their respective individual capacities, purportedly arising under 42 U.S.C. §1983, 42 U.S.C. §1985, ("Civil Rights Statutes"), and the New York State Constitution, and; (2) dismiss said claims against them in their official capacities.

  As you are undoubtedly aware, the law in this Circuit is clear and well settled concerning an official's liability in his/her personal capacity under the Civil Rights Statutes:

> [a]n individual cannot be held liable for damages under § 1983 'merely because he held a high position of authority,' but can be held liable if he was personally involved in the alleged deprivation. *See, Black v. Coughlin, 76 F.3d, 72 74 (2d Cir. 1996).* Personal involvement can be shown by: evidence that: (1) the defendant participated directly in the alleged constitutional violation, (2) the defendant, after being informed of the violation through a report or appeal, failed to remedy the wrong,

926 RexCorp Plaza
Uniondale, NY
11556-0926
Tel: 516.357.3000
Fax: 516.357.3333

555 Madison Avenue
New York, NY
10022-3338
Tel: 212.455.9555
Fax: 212.687.9044

21 Main Street
Court Plaza South • West Wing
Hackensack, NJ 07601-7021
Tel: 201.287.2460
Fax: 201.489.0495

www.rivkinradler.com

**RIVKINRADLER**
ATTORNEYS AT LAW

Andrew S. Goodstadt, Esq.
Thompson, Widgor & Gilly, LLP
April 15, 2008
Page 2

> (3) the defendant created a policy or custom under which unconstitutional practices occurred, or allowed the continuance of such a policy or custom, (4) the defendant was grossly negligent in supervising subordinates who committed the wrongful acts, or (5) the defendant exhibited deliberate indifference ... by failing to act on information indicating that unconstitutional acts were occurring. *See Colon v. Coughlin, 58 F.3d 856, 873 (2d Cir. 1995).*

*Back v. Hastings On Hudson Union Free Sch. Dist.*, 365 F.3d 107, 127 (2d Cir. 2004); *see also, Escobar v. City Of New York,* 2007 U.S. Dist. LEXIS 45952, * 11 – 12 (E.D.N.Y., June 25, 2007).

We have thoroughly reviewed your clients' "Complaint and Jury Demand." Based upon this analysis, it is readily apparent that your clients have set forth no allegation, (and could not if provided an opportunity to amend), supporting even the inference that Mayor Loeffler was "personally involved" in any of the alleged constitutional deprivations. In this regard, given that Mayor Loeffler, by your clients' own acknowledgment, *see, Complaint,* at ¶ *14,* did not assume his duties as Mayor until many months after your clients' respective last days of employment, his requisite "personal involvement" in the alleged constitutional deprivations cannot be established.

Indeed, your clients have made no specific allegation concerning Mayor Loeffler's conduct subsequent to his ascension to the position of Mayor. Rather, the sole, non-conclusory allegation in your clients' 47 page Complaint mentioning Mayor Loeffler is contained in ¶69, wherein your clients allege that "[d]efendant Joseph Loeffler, then serving in the capacities of Village Board Member and official Police Liaison, was present at the station and stated that he believed the injuries to Vankoot constituted 'assault second with a dangerous weapon.'" Putting aside the obvious fact that this allegation, even under the most liberal of interpretations, does nothing to tie Mayor Loeffler to any alleged constitutional deprivation taking place almost eighteen months after the alleged Halloween, 2004 incident, your clients have an even more fundamental problem: they have made no allegation, (nor can they possibly in good faith assert one), that then Trustee Loeffler was subject to any duty as an individual trustee to prevent or remedy the alleged constitutional violations alleged in their Complaint. Without such an independent duty, no claim can lie against an individual trustee. *See e.g., Murphy v. The New York Racing Association, Inc.,* 76 F.Supp.2d 489, 498 (S.D.N.Y. 1999).

Additionally, your clients' attempt to attach individual liability to former Mayor Rogers is equally frivolous. Other than naming her in the section entitled "Parties," *see, Complaint,* at ¶ *15,* your clients have not mentioned her name anywhere else in the Complaint. Based upon this telling

**RIVKIN RADLER**
ATTORNEYS AT LAW

Andrew S. Goodstadt, Esq.
Thompson, Widgor & Gilly, LLP
April 15, 2008
Page 3

omission, as well as the clients' numerous admissions against interest in their respective pre-Complaint depositions, your clients' implicit claim of personnel involvement by former Mayor Rogers in the alleged constitutional deprivations is patently without merit.

Last, since your clients have sued the Incorporated Village of Ocean Beach, the actions against Mayor Loeffler and former Mayor Rogers in their respective official capacities are "duplicative of the action" against the Village. *Escobar, 2007 U.S. Dist LEXIS, at * 10.* In this circumstance, you must acknowledge that "courts have routinely dismissed corresponding claims against individuals named in their official capacities as 'redundant and an inefficient use of judicial resources.'" *Id. (Quotation omitted).*

Based upon the foregoing, we demand that your clients immediately dismiss the claims asserted in this action against Mayor Loeffler and former Mayor Rogers. I am writing this letter as a matter of courtesy and in an attempt to avoid needless and costly motion practice before Judge Feuerstein. Please be advised that in the event that you refuse to voluntarily dismiss these claims, we intend to file a motion for partial summary judgment and will request that the Court impose sanctions and compel you to reimburse our clients for the legal fees expended pursuant to Rule 11 and 28 U.S.C. § 1927. It goes without saying that we obviously hope to avoid such an unnecessary situation.

Very truly yours,

RIVKIN RADLER LLP

Kenneth A. Novikoff

KAN:jas

# RivkinRadler
ATTORNEYS AT LAW

Andrew S. Goodstadt, Esq.
Thompson, Widgor & Gilly, LLP
April 15, 2008
Page 4

bcc:   Ken Gray, Esq.
       Bee, Ready, Fishbein, Hatter & Donovan, LLP
       170 Old Country Road
       Mineola, New York  11501

       Joshua Jemal, Esq.
       Bee, Ready, Fishbein, Hatter & Donovan, LLP
       170 Old Country Road
       Mineola, New York  11501

       Mayor Joseph C. Loeffler, Jr.
       Village of Ocean Beach
       P.O. Box 457
       Ocean Beach, New York  11770

       (i/o)
       Peter P. McNamara, Esq.

2139843 v1