UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---------------------------------------------------------------X

EDWARD CARTER, FRANK FIORILLO, KEVIN, LAMM, JOSEPH NOFI, and THOMAS SNYDER,

Plaintiffs,

-against-

CV 07-1215 (SJF) (ETB)

INCORPORATED VILLAGE OF OCEAN BEACH, MAYOR JOSEPH C. LOEFFLER, JR., individually and in his official capacity, former mayor NATALIE K. ROGERS, individually and in her official capacity, OCEAN BEACH POLICE DEPARTMENT, ACTING DEPUTY POLICE CHIEF GEORGE B. HESSE, individually and in his official capacity, SUFFOLK COUNTY, SUFFOLK COUNTY DEPARTMENT OF CIVIL SERVICE, and ALISON SANCHEZ, individually and in her official capacity.

Defendants

---------------------------------------------------------------X

# COUNTY DEFENDANTS' MEMORANDUM OF LAW IN SUPPORT OF MOTION FOR ATTORNEY'S FEES AND COSTS

CHRISTINE MALAFI
Suffolk County Attorney
By: Arlene S. Zwilling
Assistant County Attorney
H. Lee Dennison Building
P.O. Box 6100
100 Veterans Memorial Highway
Hauppauge, New York 11788
(631) 853-4049

# TABLE OF CONTENTS

TABLE OF AUTHORITIES .................... ii

PRELIMINARY STATEMENT .................... 1

POINT I
THE AWARD OF ATTORNEY'S FEES AND COSTS REQUESTED IS WARRANTED .................... 2

CONCLUSION .................... 8

# TABLE OF AUTHORITIES

## FEDERAL CASES

Capone v. Patchogue-Medford Union Free School District,
2011 WL 743573 (E.D.N.Y. February 23, 2011) ........ 7

Christiansburg Garment Co. v. Equal Employment Opportunity Commission,
434 U.S. 412, 422, 98 S. Ct. 694,56 L. Ed.2d 412 (1978) ........ 3,5

Dangler v. Yorktown Central Schools,
777 F. Supp. 1175 (S.D.N.Y. 1991) ........ 4

Davidson v. Keenan,
740 F.2d 129 (2d Cir. 1984) ........ 4,5

Ehrlich v. Incorporated Village of Sea Cliff, 389 Fed. Appx. 59 2 (2d Cir. 2010) ........ 6

Jackson Hewitt Inc. v. Excellent Professional Services LLC,
2010 WL 5665033 (E.D.N.Y. November 8, 2010) ........ 8

Kahre-Richardes Family Foundation, Inc. v. Village of Baldwinsville, New York,
953 F. Supp. 39 (N.D.N.Y. 1997) ........ 6

Konits v. Karahalis,
2011 WL 310318 (2d Cir. February 2, 2011) ........ 7

Miner v. Clinton County,
2009 WL 2156969 (N.D.N.Y. July 16, 2009) ........ 7

Murphy v. Board of Education of Rochester City School District,
420 F. Supp. 2d 131 (W.D.N.Y. 2006) ........ 3,4,7

Olivieri v. Thompson,
803 F.2d 1265 (2d Cir. 1986) ........ 4

Parker v. SONY Pictures Entertainment, Inc.,
260 F.3d 100 (2d Cir. 2001) ........ 4

Porzig v. Dresdner, Kleinwort, Benson, North America LLC.,
497 F.3d 133 (2d Cir. 2007) ........ 7

Puglisi v. Underhill Park Taxpayer Association,
464 F. Supp. 811 (S.D.N.Y. 1997) ........ 5

Rounseville v. Zahl,
13 F.3d 625,632 (2d Cir. 1994) ........ 4,5

Shakur v. Selsky,
391 F.3d 106 (2d Cir. 2004) ........................................................................ 5,6

Tancredi v. Metropolitan Life Insurance Co.,
378 F.3d 220 (2d Cir. 2004) ........................................................................ 7

Tancredi v. Metropolitan Life Insurance Co.,
No. 00Civ.5780, 2003 WL. 22299203 (S.D.N.Y. Oct.7, 2003) .................................. 3

PRELIMINARY STATEMENT

Suffolk County, the Suffolk County Police Department, the Suffolk County Department of Civil Service and Alison Sanchez, defendants in this dismissed action pursuant to 42 U.S.C. §1983, §1985 and state law ("County defendants"), submit this memorandum of law in support of their motion pursuant to 42 U.S.C. §1988, and Local Rule 54(c)(2) for an award of attorney's fees and costs.

The Court is undoubtedly familiar with this matter, upon which it granted summary judgment in favor of all defendants, by Opinion & Order dated February 19, 2010. The factual background and procedural history are fully recited in said Opinion & Order, which is annexed to the Affirmation in Support of Arlene S. Zwilling as exhibit A, to which the Court is respectfully referred.

In short, plaintiffs Edward Carter, Frank Fiorillo, Kevin Lamb, Joseph Nofi and Thomas were police officers employed by defendant, the Village of Ocean Beach (the "Village") on a part time seasonal basis. The Village declined to rehire them in 2006. They responded to that decision by instituting this action against the Village, various Village officials and County defendants, for what they assert was their wrongful discharge from employment with the Village. Their complaint asserted claims against all defendants under §1983 and §1985 for the alleged deprivation of their due process rights under the Fourteenth Amendment, conspiracy to deprive them of their civil rights, corresponding violations of the New York Constitution, along with state law claims for the violation of New York Civil Service Law §75-b, and other tortious

conduct. The complaint also contained claims pursuant to §1983, §1985 and the New York Constitution for retaliation in violation of their right to free speech under the First Amendment. At no time were plaintiffs ever employed by County defendants.

This Court granted summary judgment dismissing plaintiffs' due process claims on the basis that plaintiffs did not possess the predicate liberty or property interests necessary to invoke the due process guarantees, dismissed the First Amendment claims on the basis that plaintiffs had engaged in no protected speech, and declined jurisdiction over the remaining state law claims. Judgment in favor of defendants was entered on February 22, 2010.

By Summary Order, the Court of Appeals for the Second Circuit affirmed this Court on March 18, 2011.

As County defendants now explain, the groundlessness of the action, as demonstrated by the summary and complete dismissal by this Court and the summary affirmance of this Court's judgment by the Second Circuit Court of Appeals, plainly warrants an award of attorney's fees and costs from plaintiffs to County defendants.

## POINT I

## THE AWARD OF ATTORNEY'S FEES AND COSTS REQUESTED IS WARRANTED

In a civil rights action pursuant to 42 U.S.C. §1983 or §1985, the Court is statutorily authorized to make an award of attorneys' fees to be paid by the losing party to the prevailing party. The district court is explicitly empowered to shift responsibility for legal fees and costs by §1988, entitled, "Proceedings in vindication of civil rights," which in subsection b, "Attorney's fees," provides:

> In any action or proceeding to enforce a provision of sections 1981, 1981a,1982, 1983, 1985, and 1986 of this title... the court, in its discretion, may allow the prevailing party, other than the United States, a reasonable attorney's fee as part of the costs...

The Court is required to make an award where the prevailing party is the plaintiff. However, its power to make such an award is not limited to that situation exclusively. It is well established that the trial court may award attorney's fees to a victorious defendant in a civil rights litigation. *Christiansburg Garment Co. v. Equal Employment Opportunity Commission*, 434 U.S. 412, 98 S. Ct. 694, 56 L. Ed 2d 412 ("Christiansburg") (1978).

While attorney's fees are not as commonly granted to prevailing defendants as they are to prevailing plaintiffs, an important judicial purpose is served by an award to a successful defendant.

> ...such awards nevertheless serve an important purpose by serving as a deterrent to litigants who bring, or are contemplating bringing, frivolous lawsuits. Because of that deterrent effect, they also shield defendants from having to endure the burden and cost of defending against such frivolous litigation. *See Andrade* (noting that an award of attorney's fees to a prevailing defendant must be substantial enough to "fulfill the deterrent purpose of §1988 and 42 U.S.C. §2000e-5(k) in discouraging plaintiffs from bringing frivolous claims"); *Tancredi v. Metropolitan Life Ins. Co.*, No. 00Civ.5780, 2003 WL 22299203, at *6 (S.D.N.Y. Oct.7, 2003) ("Fees are awarded to prevailing defendants in civil rights cases principally to deter frivolous litigation") (citing *Carrion v. Yeshiva Univ.*, 535 F.2d 722, 727 (2d Cir.1976)).

*Murphy v. Board of Educ. of Rochester City School Dist.*, 420 F. Supp. 2d 131, 134 (W.D.N.Y. 2006).

To these ends, attorneys' fees may be awarded to a prevailing defendant in a civil rights action where the plaintiff's claim is "frivolous, unreasonable, or groundless, or... the plaintiff

continued to litigate after it clearly became so." *Rounseville v. Zahl,* 13 F.3d 625, 632 (2d Cir. 1994) quoting, *Olivieri v. Thompson*, 803 F.2d 1265, 1272 (2d Cir. 1986). *Accord, Parker v. SONY Pictures Entertainment, Inc.*, 260 F. 3d 100 (2d Cir. 2001). The import of *Christiansburg* and its progeny is that reasonable attorney's fees should be awarded to a prevailing defendant in a civil rights action found to have been unreasonable, vexatious or groundless unless there exist affirmative reasons for not doing so." *Murphy v. Board of Educ. of Rochester City School Dist.*, 420 F. Supp. 2d 131, 135 (W.D.N.Y. 2006) quoting, *Prate v. Freedman*, 583 F.2d 42, 46 (2d Cir. 1978).

That the plaintiff purports to have acted in the public good as one seeking to vindicate alleged civil rights violations does not insulate him from liability for attorney's fees under the *Christiansburg* standard. *Dangler v. Yorktown Central Schools*, 777 F. Supp. 1175, 1178 (S.D.N.Y. 1991). As Judge Goettel of the Southern District explained:

> ...the fact that one claims to be litigating a civil rights case which would benefit the public is no shield from *Christiansburg.* We applaud the accomplishments of those who litigate in the public interest. But, there is no civil right to make false allegations. It is simply not in the public's interest to have frivolous cases litigated. The award of attorney's fees to a prevailing defendant under the *Christiansburg* standard thus protects the public from those who irresponsibly claim to be acting for the public good.

*Dangler v. Yorktown Central Schools*, 777 F. Supp. 1175, 1177-1178 (S.D.N.Y., 1991). Nor is proceeding with a lawsuit in "reliance on the advice of one's attorney" a "defense to a motion for attorney's fees" for it "is well established" that "it is the litigant that is ultimately responsible for the filing and prosecution of the action." *Murphy v. Board of Educ. of Rochester City School Dist.*, 420 F. Supp. 2d 131 (W.D.N.Y. 2006) citing, *Davidson v. Keenan*, 740 F. 2d 129. 133 (2d

Cir. 1984). Accord, *Puglisi v. Underhill Park Taxpayer Association*, 464 F. Supp 811, 815 (S.D.N.Y. 1997).

Moreover, the bad faith required to invoke the Court's inherent power exception to the American Rule is not a prerequisite under §1988. *Puglisi v. Underhill Park Taxpayer Association*, 964 F. Supp. 811, 815, (S.D.N.Y. 1997) citing *Christiansburg*, 434 U.S. at 422, 98 S. Ct. at 701. Although a showing that the plaintiff acted in bad faith "will further support an award under section 1988, the determination generally turns on whether the claim itself is clearly meritless," *Rounseville*, 13 F. 3d at 632, citing *Davidson v. Keenan*, 740 F. 2d 129, 133 (2d Cir. 1984). A claim is frivolous "when it lacks an arguable basis either in law or in fact." *Shakur v. Selsky*, 391 F.3d 106, 113 (2d Cir. 2004).

"The determination as to whether a claim was frivolous, unreasonable, or groundless is not a purely factual inquiry…Thus, such a determination is ordinarily reviewed …for abuse of discretion. *Le-Blanc – Sternberg v. Fletcher,* 143 F. 3d 765, 770 (2d Cir. 1998).

The complete absence of any cognizable claim against County defendants from the outset of this litigation calls for an award of attorney's fees in their favor.

Despite that the crux of the litigation was plaintiffs' alleged wrongful discharge from employment with the Village, they inexplicably chose to sue County defendants, who never employed any of them, who have no legal authority to hire, re-hire, retain or fire any Village employees, and who lack the power to compel the Village to do so. They went so far as to sue in her personal capacity defendant Alison Sanchez, the lower level personal analyst with the Department of Civil Service who was responsible for monitoring the Village's compliance with Civil Service paperwork. Defendant Sanchez's work was subject to 3 levels of review by principal personnel Phil Cohen, the director of classification Cynthia DiStefano and the County

personnel director, Alan Schneider, evidencing that she had absolutely no capacity to control whether or not plaintiffs were employed by the Village. So removed were County defendants from control over the terms of plaintiffs' employment that the Court questioned their inclusion as defendants from the very first conference in this case.

The frivolousness of plaintiffs' choice to sue County defendants for their supposed termination of employment is not found only in the factual circumstance that County defendants were never their employer. Plaintiffs' inclusion of County defendants in this case was legally groundless as well, because as a matter of law, plaintiffs' due process interests were not even implicated, let alone violated, by the cessation of their employment. As the Court correctly reasoned in granting summary judgment, plaintiffs possessed no due process interest in continued employment since they were not permanent employees, and therefore the inquiry as to whether they were afforded sufficient process was never triggered.

Plaintiffs compounded the unreasonableness of their inclusion of County defendants as parties herein by their needless and unsuccessful pursuit of an appeal to the Court of Appeals for the Second Circuit from this Court's judgment. The appeal was disposed of by summary order. The lack of merit to the appeal is demonstrated by the appellate court's cursorily holding that "for substantially the reasons set forth by the district court", plaintiffs had no property interest in their continued employment (see, Summary Order p.5).

This action was truly brought against County defendants without "any basis in fact or law". *Ehrlich v. Incorporated Village of Sea Cliff*, 389 Fed. Appx. 59 * 2 (2d Cir. 2010) citing, *Shakur v. Selsky*, 391 F.3d 106, 113 (2d Cir. 2004). Despite the Court's stated view that County defendants should not be parties to this case, "plaintiffs continued their action, engaging in extensive discovery prior to Defendants' motion for summary judgment." *Kahre-Richardes*

*Family Foundation, Inc. v. Village of Baldwinsville, New York*, 953 F. Supp. 39 (N.D.N.Y. 1997). From its inception, this action was "completely without foundation", factual or legal, against County defendants. *Tancredi v. Metropolitan Life Insurance Co.*, 378 F. 3d 220, 230 (2d Cir. 2004). Plaintiffs' strategic decision to continue to litigate this meritless case against County defendants beyond the granting of summary judgment and until summary affirmance by the Second Circuit surely warrants an award of attorney's fees under §1988. *Murphy v. Board of Educ. of Rochester City School Dist.*, 420 F. Supp. 2d 131 (W.D.N.Y. 2006)(Attorney's fees awarded against plaintiffs whose appeal of summary judgment resulted in affirmance for "substantially the reasons given by District Court.").

In this District, the "presumptively reasonable fee analysis" is applied in "determining the appropriate remuneration." *Miner v. Clinton County*, 2009 WL 2156969 *2 (N.D.N.Y. July 16, 2009) quoting, *Porzig v. Dresdner, Kleinwort, Benson, North America LLC.*, 497 F. 3d 133, 141 (2d Cir. 2007). "This analysis "involves determining the reasonable hourly rate for each attorney and the reasonable number of hours expended, and multiplying the two figures together to obtain the presumptively reasonable fee award." *Porzig*, 497 F. 3d at 141. Given the prevailing rate in the Eastern District, County defendants submit that the requested rate of $150 per hour, for each attorney is reasonable. Accordingly, based upon 632.4 hours of legal work being done on behalf of County defendants in this case, plus 10 hours of travel time for which the 50% rate of $75. Per hr. is requested, we submit respectfully that the Court should award the sum of $95,760. in attorney's fees. See, e.g., *Konits v. Karahalis* 2011 WL 310318 (2d Cir. February 2, 2011)(Noting that prevailing rate for experienced attorneys and/or partners in the Eastern District is $200-400 per hour); *Capone v. Patchogue-Medford Union Free School Dist.*, 2011 WL 743573 (E.D.N.Y. February 23, 2011)(fee award of $161. 41 per hour for work of associate who

began working on case as summer intern); *Jackson Hewitt Inc. v. Excellent Professional Services LLC*, 2010 WL 5665033 (E.D.N.Y. November 8, 2010)(rates of $100-250 per hour reasonable for associates).

Additionally, pursuant to Local Rule (54)(c)(2), which permits the taxation of the costs for depositions used by the court in ruling on a motion for summary judgment, County defendants ask that the Court tax as a cost the sum of $3424.50, the fee to the court reporters for the deposition of George Hesse, as the transcripts thereof were submitted to the Court in support of County defendants' motion for summary judgment.

CONCLUSION

County defendants motion pursuant to 42 U.S.C. §1988 and Local Rule 54(c)(2)for an award of costs and attorney's fees should be granted.

Dated: Hauppauge, New York
April 22, 2011

CHRISTINE MALAFI

Suffolk County Attorney
Attorney for defendants
Suffolk County, Suffolk County
Dept. of Civil Service and Alison
Sanchez
H. Lee Dennison Building
100 Veterans Memorial Highway
P.O. Box 6100
Hauppauge, New York 11788-0099
631-853-4049

By: ______________________
ARLENE S. ZWILLING
Assistant County Attorney