UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X

EDWARD CARTER, FRANK FIORILLO, KEVIN,
LAMM, JOSEPH NOFI, and THOMAS SNYDER,

                          Plaintiffs,

    -against-                                            CV 07-1215 (SJF) (ETB)

INCORPORATED VILLAGE OF OCEAN BEACH,
MAYOR JOSEPH C. LOEFFLER, JR., individually
and in his official capacity, former mayor NATALIE K.
ROGERS, individually and in her official capacity,
OCEAN BEACH POLICE DEPARTMENT, ACTING
DEPUTY POLICE CHIEF GEORGE B. HESSE,
individually and in his official capacity, SUFFOLK
COUNTY, SUFFOLK COUNTY DEPARTMENT
OF CIVIL SERVICE, and ALISON SANCHEZ,
individually and in her official capacity.

                          Defendants
------------------------------------------------------------X

## REPLY MEMORANDUM OF LAW

CHRISTINE MALAFI
Suffolk County Attorney
By: Arlene S. Zwilling
Assistant County Attorney
H. Lee Dennison Building
P.O. Box 6100
100 Veterans Memorial Highway
Hauppauge, New York 11788
(631) 853-4049

## POINT I

## COUNTY DEFENDANTS ARE PREVAILING PARTIES FOR §1988 PURPOSES

Plaintiffs suggest that their voluntary withdrawal of some of their claims prior to trial raises a threshold bar to an award of attorney's fees to County defendants, on the theory that withdrawal renders County defendants non-prevailing parties.

If ever this argument was tenable, it certainly is no longer viable after the issuance of the Opinion of the United States Supreme Court in *Fox v. Vice*, ___S. Ct___, 2011 WL 2175211, 79 USLW 4422 (June 6, 2011). In *Fox*, the Court made plain that a defendant may obtain a §1988 award even where, as here, a plaintiff has withdrawn some claims. In *Fox*, the plaintiff against whom attorneys' fees were sought presented an even more compelling case for the Court to refrain from fee shifting than plaintiffs present herein. In *Fox*, plaintiff voluntarily withdrew all of his federal claims when presented with defendant's motion for summary judgment. Upon the withdrawal, the District Court declined jurisdiction over plaintiff's state law claims and remanded the remaining claims to the Louisiana courts. Despite plaintiff's voluntary withdrawal of all federal claims, and despite the continuation of the matter in state court, the High Court agreed that a defendant prevails for §1988 purposes even where he prevails only upon some of his claims. The Court noted that under *Hensley v Eckerhart*, 461 U.S. 424, 103 S. Ct. 1933, 76 L. Ed. 2d 40 (1983), a plaintiff need not prevail upon every claim to be entitled to a §1988 reward. Accordingly, the Court reasoned:

> Analagous principles indicate that a defendant may deserve fees
> even if not all the plaintiff's claims were frivolous. In this context,
> §1988 serves to relieve a defendant of expenses attributable to
> frivolous charges. The plaintiff acted wrongly in leveling such
> allegations, and the Court may shift to him the reasonable costs

1

> that those claims imposed on his adversary. See, Christiansburg, 434
> U.S. at 420-421, 98 S. Ct. 694. That remains true when the plaintiff's suit
> also includes non-frivolous claims. The defendant of course is not
> entitled to any fees arising from these non-frivolous charges, See ibid.
> But the presence of reasonable allegations in a suit does not immunize
> the plaintiff against paying for the fees that his frivolous claims imposed.

___S. Ct___, 2011 WL 2175211 *6. In comparison, plaintiffs herein offered far less cooperation. Although they withdrew their most patently specious claims prior to trial, they did not do so until the claims were challenged by summary judgment motions. They held steadfast to their additional federal claims until those claims were dismissed upon the summary judgment motions. Their state law claims against defendant Sanchez and the County were ultimately dismissed by the state court. Clearly, County defendants prevailed at least as much as defendant in Fox.

Clearly, in the wake of *Fox*, plaintiffs' withdrawal of part of their case is no barrier to an award of attorneys' fees for the costs incurred defending against plaintiffs' frivolous claims, upon which they persevered. Surely, the claims against County defendants, who never employed any of the plaintiffs, never had any legal authority to hire, re-hire, retain, discipline or terminate them, and never had any power to compel the Village to affect plaintiffs' employment, were frivolous.

## POINT II

## THE *MONELL* CLAIM AGAINST THE COUNTY WAS BASELESS FROM ITS INCEPTION

Although plaintiffs glibly contends otherwise, it is readily apparent that their *Monell* claim against County defendants was frivolous from the outset.

2

It should have been obvious to plaintiffs, as it was to the Court, that there was no conceivable legal or factual basis for any claim that a County custom and/or policy drove a violation of plaintiffs' civil rights, since there is no connection between the County Department of Civil Service, the County agency whose actions plaintiffs tried to ground County liability upon, and the terms of plaintiffs' employment with the Village. While plaintiffs endeavored to connect the alleged wrongdoing by the Village and its officials to defendant Sanchez, a mid-level Civil Service employee, by alleging that she had a sexual affair with defendant Hesse, the proferred connection lacked all factual foundation. Not only did both defendants Hesse and Sanchez deny any illicit relationship, but Sanchez is a lesbian who is married to a woman.

## POINT III

## DEFENDANT SANCHEZ WAS FRIVOLOUSLY SUED

Plaintiffs' assertion that defendant Sanchez was sued for valid tactical reasons taxes credibility. As stated above, there was no legal or factual basis for suing defendant Sanchez. While including her in this lawsuit may have afforded plaintiffs a tactical advantage, it was not an advantage to which they were entitled. Groundlessly including a particular municipal employee as a party to a litigation, in an effort to extract a settlement, is not a legitimate litigation tactic. Furthermore, most of the County Attorney's defense efforts were devoted to the representation of defendant Sanchez, since she was the only County employee accused of wrongdoing herein.

## POINT IV

## COUNTY DEFENDANTS' COSTS SHOULD BE TAXED AGAINST PLAINTIFFS

As plaintiffs themselves acknowledge, County defendants submitted and utilized the transcript of defendant Hesse's deposition in support of their summary judgment motion. Accordingly, the costs associated with that deposition should be taxed against plaintiffs. *Catalano v. Lynbrook Glass and Architectural Metals Corp.*, 2009 WL 4342507 (E.D.N.Y. Dec. 1, 2009). The costs sought by County defendants are nominal and no public purpose was served by plaintiffs suing County defendants, who never employed them, for alleged wrongful termination.

## CONCLUSION

County defendants' motion pursuant to 42 U.S.C. §1988 and Local Rule 54(c)(2) for an award of costs and attorney's fees should be granted.

Dated: Hauppauge, New York
June 30, 2011

Respectfully submitted,

CHRISTINE MALAFI
SUFFOLK COUNTY ATTORNEY
Attorney for County Defendants
P.O. Box 6100
100 Veterans Memorial Hwy.
Hauppauge, New York  11788-0099
631-853-4049 Phone
631-853-5833 Fax

Arlene S. Zwilling (AZ 5918)
Assistant County Attorney

4