UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
--------------------------------------------------------X
EDWARD CARTER, FRANK FIORILLO,
KEVIN LAMM, JOSEPH NOFI, and
THOMAS SNYDER,

        Plaintiffs,

   - against-

INCORPORATED VILLAGE OF OCEAN
BEACH, MAYOR JOSEPH C. LOEFFLER,
JR., individually and in his official capacity,
FORMER MAYOR NATALIE K. ROGERS,
individually and in her official capacity,
OCEAN BEACH POLICE DEPARTMENT,
ACTING DEPUTY POLICE CHIEF GEORGE
B. HESSE, individually and in his official
capacity, SUFFOLK COUNTY, SUFFOLK
COUNTY POLICE DEPARTMENT,
SUFFOLK COUNTY DEPARTMENT OF
CIVIL SERVICE and ALISON SANCHEZ,
individually and in her official capacity,

        Defendants.
--------------------------------------------------------X
FEUERSTEIN, J.

**OPINION AND ORDER**
**07 CV 1215 (SJF)(ETB)**

**FILED**
IN CLERK'S OFFICE
U S DISTRICT COURT E D N Y

★   MAR 0 4 2013   ★

**LONG ISLAND OFFICE**

  On March 21, 2007, plaintiffs Edward Carter, Frank Fiorillo, Kevin Lamm, Joseph Nofi

and Thomas Snyder (collectively, "plaintiffs") commenced this action against defendants

Incorporated Village of Ocean Beach, Mayor Joseph C. Loeffler, Jr., Former Mayor Natalie K.

Rogers and Ocean Beach Police Department (collectively, "the Village defendants"); defendant

George B. Hesse ("Hesse"), acting deputy police chief for the Ocean Beach Police Department

("OBPD"); and defendants Suffolk County, Suffolk County Police Department, Suffolk County

Department of Civil Service and Alison Sanchez (collectively, "the County defendants"),

pursuant to, *inter alia*, 42 U.S.C. §§ 1983 and 1985, alleging claims for retaliation in violation of the First Amendment to the United States Constitution and the New York Constitution and violation of plaintiffs' due process rights, as well as state law claims for violation of New York Civil Service Law § 75-b; defamation *per se*; negligent retention of an unfit employee; civil conspiracy; and tortious interference with a business relationship.  By order dated February 19, 2010, I: (1) granted the branches of defendants' motions seeking summary judgment dismissing plaintiffs' federal and state free speech retaliation and due process claims and dismissed those claims with prejudice; and (2) declined to exercise supplemental jurisdiction over the remaining state law claims and dismissed those claims pursuant to 28 U.S.C. § 1367(c).  Judgment was entered in favor of defendants on February 22, 2010.  By summary order dated March 18, 2011, the United States Court of Appeals for the Second Circuit affirmed the judgment in favor of defendants.  Carter v. Incorporated Village of Ocean Beach, 415 Fed. Appx. 290 (2d Cir. Mar. 18, 2011).  Pending before the Court are defendants' motions for attorney's fees and costs pursuant to 42 U.S.C. § 1988 and Rule 54 of the Federal Rules of Civil Procedure, respectively.[1]  For the reasons stated herein, the County defendants' motion is granted and Hesse's and the Village defendants' motions are denied.

---

[1] During a telephone conference before me on March 29, 2012, the Village defendants and Hesse withdrew their motions for attorney's fees with leave to renew within ninety (90) days thereafter as a result of ongoing settlement negotiations in a then-pending state court action to which they and plaintiffs were parties.  By letters dated May 18, 2012 and June 1, 2012, the Village defendants and Hesse, respectively, request leave to renew their motions for attorney's fees.  Those applications (Doc. Nos. 265 and 266) are granted.

I.    DISCUSSION

A.    Costs

Rule 54(d)(1) of the Federal Rules of Civil Procedure permits courts "to award costs to prevailing defendants '[u]nless a federal statute . . . provides otherwise.'"[2] Marx v. General Revenue Corp., — S. Ct. —, 2013 WL 673254, at * 2 (Feb. 26, 2013). "Rule 54(d)(1) codifies a venerable presumption that prevailing parties are entitled to costs." Id. at 4. "Notwithstanding this presumption, * * * the decision whether to award costs ultimately lies within the sound discretion of the district court." Id.; see also Taniguchi v. Kan Pacific Saipan, Ltd., 132 S. Ct. 1997, 2001, 182 L. Ed. 2d 903 (2012) ("Federal Rule of Civil Procedure 54(d) gives courts the discretion to award costs to prevailing parties.") "Rule 54(d)(1) does not require courts to award costs to prevailing defendants." Marx, — S. Ct. —, 2013 WL 673254 at 9, n. 9 (emphasis in original); see also Crawford Fitting Co. v. J.T. Gibbons, Inc., 482 U.S. 437, 442, 107 S. Ct. 2494, 96 L. Ed. 2d 385 (1987) ("* * * Rule 54(d) generally grants a federal court discretion to refuse to tax costs in favor of the prevailing party."); Wilder v. GL Bus Lines, 258 F.3d 126, 129-30 (2d Cir. 2001) ("Rule 54(d)(1) * * * permits a court to refuse to impose costs on the losing party at all.")

Since, as set forth more fully below, the Village defendants and Hesse did not prevail in this Court on all of plaintiffs' claims against them, i.e., on plaintiffs' state law claims against them, over which I merely declined to exercise supplemental jurisdiction, and likely would have

---

[2] "A statute 'provides otherwise' than Rule 54(d)(1) if it is 'contrary' to the Rule." Marx, — S. Ct. —. 2013 WL 673254, at * 4. "[A] statute is contrary to the Rule if it limits th[e] [court's] discretion [to award costs]." Id. "A statute providing that 'the court may award costs to the prevailing party,' for example, is not contrary to the Rule because it does not limit a court's discretion." Id.

incurred substantially the same costs in defending against only plaintiffs' state law claims against them,[3] I decline to award costs to those defendants. Accordingly, the branches of the Village defendants' and Hesse's motions seeking an award of costs pursuant to Rule 54(d)(1) of the Federal Rules of Civil Procedure are denied without prejudice to seeking costs in the state court, if appropriate.

To the contrary, the County defendants ultimately prevailed upon all of plaintiffs' claims against them, i.e., plaintiffs voluntarily dismissed some of the claims, summary judgment was granted dismissing the federal claims that were not voluntarily dismissed and plaintiffs' state law claims against the County defendants, over which I declined to exercise supplemental jurisdiction, were dismissed at the pleadings stage in the state court. Accordingly, the branch of the County defendants' motion seeking an award of costs pursuant to Rule 54 of the Federal Rules of Civil Procedure is granted and the County defendants are awarded taxable costs in the amount of three thousand four hundred twenty-four dollars and fifty cents ($3,424.50). See Whitfield v. Scully, 241 F.3d 264, 271-72 (2d Cir. 2001); Rule 54.1(c)(2) of the Local Civil Rules of the United States District Courts for the Southern and Eastern Districts of New York.

B.      Attorney's Fees

"The opposite presumption [than the one applicable to an award of costs] exists with respect to attorney's fees." Marx, --- S. Ct. ---, 2013 WL 673254, at * 6. "Under the bedrock

---

[3] Indeed, defendants, in their respective motions for summary judgment, argued for dismissal of both the federal and state law claims against them. Thus, they would have utilized the deposition transcripts, and incurred costs for copying and binding their motions, even absent the federal law claims.

principle known as the 'American Rule,' each litigant pays his own attorney's fees, win or lose, unless a statute or contract provides otherwise." Id. (alterations, quotations and citation omitted); see also Fox v. Vice, 131 S. Ct. 2205, 2213, 180 L. Ed. 2d 45 (2011); Perdue v. Kenny A. ex rel. Winn, 559 U.S. 542, 130 S.Ct. 1662, 1671, 176 L.Ed.2d 494 (2010). "Notwithstanding the American Rule, however, * * * federal courts have inherent power to award attorney's fees in a narrow set of circumstances, including when a party brings an action in bad faith." Marx, — S. Ct. —, 2013 WL 673254, at * 6.

"Federal law authorizes a court to award a reasonable attorney's fee to the prevailing party in certain civil rights cases," Fox, 131 S. Ct. at 2211; see 42 U.S.C. § 1988, including suits brought under Section 1983, id. at 2213; see also Lefemine v. Wideman, 133 S. Ct. 9, 11, 184 L. Ed. 2d 313 (2012), and Section 1985, see LeBlanc-Sternberg v. Fletcher, 143 F.3d 765, 769 (2d Cir. 1998). Different standards for awarding attorney's fees pursuant to Section 1988 apply depending upon whether the prevailing party is the plaintiff or the defendant. See Fox, 131 S. Ct. at 2213.

Under Section 1988, a prevailing defendant may recover attorney's fees only "when the suit is vexatious, frivolous, or brought to harass or embarrass defendant."[4] Hensley v. Eckerhart, 461 U.S. 424, 429 n. 2, 103 S.Ct. 1933, 76 L.Ed.2d 40 (1983); see also Fox, 131 S. Ct. at 2211 ("[A] defendant may receive * * * an award [of attorney's fees] if the plaintiff's suit is frivolous."); Panetta v. Crowley, 460 F.3d 388, 399 (2d Cir. 2006) ("[A] plaintiff should not be

---

[4] To the contrary, if a plaintiff is the prevailing party, he "should ordinarily recover an attorney's fee from the defendant– the party whose misconduct created the need for legal action. * * * Fee shifting in such a case at once reimburses a plaintiff for what it cost him to vindicate civil rights, * * * and holds to account a violator of federal law * * *." Fox, 131 S. Ct. at 2213 (alterations, quotations and citations omitted).

assessed his opponent's attorney's fees unless a court finds that his claim was frivolous, unreasonable, or groundless, or that the plaintiff continued to litigate after it clearly became so." (quoting Christiansburg Garment Co. v. EEOC, 434 U.S. 412, 422, 98 S.Ct. 694, 541 L.Ed.2d 648 (1978))). "A prevailing defendant need not show bad faith by a plaintiff to be entitled to attorneys' fees, though such a showing provides an even stronger basis for the award." Panetta, 460 F.3d at 399 (internal quotations and citation omitted). In applying the standard for an award of attorney's fees to prevailing defendants, "courts must take care not to engage in *post hoc* reasoning by concluding that, because a plaintiff did not ultimately prevail, his action must have been unreasonable or without foundation." LeBlanc-Sternberg, 143 F.3d at 770.

When a plaintiff asserts both frivolous and non-frivolous claims, "a court may grant reasonable fees to the defendant * * *, but only for costs that the defendant would not have incurred but for the frivolous claims." Fox, 131 S. Ct. at 2211, 2218 "The defendant * * * is not entitled to any fees arising from the[] non-frivolous charges. * * * But the presence of reasonable allegations in a suit does not immunize the plaintiff against paying for the fees that his frivolous claims imposed." Id. at 2214 (citation omitted). "Fee-shifting to recompense a defendant * * * is not all-or-nothing: A defendant need not show that every claim in a complaint is frivolous to qualify for fees." Id. In sum, "Section 1988 allows a defendant to recover reasonable attorney's fees incurred because of, *but only because of,* a frivolous claim. * * * [In other words,] Section 1988 permits the defendant to receive only the portion of his fees that he would not have paid but for the frivolous claim." Id. at 2215 (emphasis added). "[T]he dispositive question is not whether attorney costs at all relate to a non-frivolous claim, but whether the costs would have been incurred in the absence of the frivolous allegation." Id. at 2216.

Courts have "wide discretion" in applying the standard for an award of attorney's fees to a prevailing defendant so long as they "call[] the game by the right rules," Fox, 131 S. Ct. at 2216, i.e., they "determine whether the fees requested would not have accrued but for the frivolous claim," id., and "may take into account their overall sense of a suit, and * * * use estimates in calculating and allocating an attorney's time," id. at 2216. The party seeking attorney's fees must "submit appropriate documentation to meet the burden of establishing entitlement to an award." Fox, 131 S. Ct. at 2216 (quotations and citation omitted).

Although plaintiffs voluntarily dismissed many of their claims only late in the proceeding, i.e., upon the filing of summary judgment motions and on the eve of trial, and defendants were successful in getting plaintiffs' remaining federal claims dismissed on summary judgment, none of the defendants have met their burden of establishing the amount of fees they would not have accrued but for the voluntarily dismissed claims, and it cannot be said that the claims against Hesse and the Village defendants that were ultimately dismissed on summary judgment were unreasonable or without any basis in fact from the outset of the litigation so as to be deemed frivolous.

Moreover, plaintiffs' state law claims, which were interrelated with their federal claims insofar as, *inter alia*, they arose out of the same transactions or occurrences and their defense entailed proof or denial of essentially the same facts,[5] were only dismissed without prejudice to re-asserting those claims in state court upon my refusal to exercise supplemental jurisdiction over those claims. Thus, even absent the claims that were voluntarily dismissed or dismissed on

---

[5] Hesse even admits that the federal and state law claims in this action were "intertwined." (Memorandum of Law in Support of * * * Hesse's Motion for Award of Costs and Attorney's Fees, at 10).

summary judgment, counsel for Hesse and the Village defendants would likely have conducted "similar fact-gathering activities– taken many of the same depositions, produced and reviewed many of the same documents, and so forth," Fox, 131 S. Ct. at 2217, to defend against the state law claims over which I declined to exercise supplemental jurisdiction.  In other words, due to the interrelatedness of the federal and state law claims, Hesse and the Village defendants would have incurred most of their attorney's fees even if plaintiffs had asserted only the ostensibly non-frivolous state law claims against them.  See id.  Accordingly, the branches of Hesse and the Village defendants' motions seeking attorney's fees are denied.[6]

To the contrary, all of plaintiffs' claims against the County defendants, who did not employ plaintiffs, or have any legal authority to hire, retain, fire or control employees of the Village or OBPD, were frivolous from the outset of this litigation, as expressed by me during a pretrial conference early in the litigation.  Accordingly, the branch of the County defendants' motion seeking attorney's fees pursuant to 42 U.S.C. § 1988 is granted.


C.      Amount of Attorney's Fees Recoverable by the County Defendants

"The most useful starting point for determining the amount of a reasonable [attorney's] fee is the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate." Hensley, 461 U.S. at 433, 103 S.Ct. 1933; see also McDonald ex rel. Prendergast v. Pension Plan of the NYSA-ILA Pension Trust Fund, 450 F.3d 91, 96 (2d Cir. 2006).  The resulting calculation is commonly referred to as the "lodestar" figure, and it is strongly presumed

---

[6] The branch of the Village defendants' motion seeking sanctions pursuant to 28 U.S.C. § 1927 is likewise denied.

8

to be a reasonable attorney's fee. Perdue, 130 S.Ct. at 1673; Millea v. Metro-North R. Co., 658 F.3d 154, 166 (2d Cir. 2011). The burden is on the fee applicant to submit evidence to support the number of hours expended and the rates claimed. Hensley, 461 U.S. at 437, 103 S.Ct. 1933.

### 1.   Hours Expended

In determining the amount of hours reasonably expended, the court must

> "examine the hours expended by counsel and the value of the work product of the particular expenditures to the client's case. Efforts put into research, briefing and the preparation of a case can expand to fill the time available, and some judgment must be made in the awarding of fees as to diminishing returns from such further efforts. * * * In making this examination, the district court does not play the role of an uninformed arbiter but may look to its own familiarity with the case and its experience generally as well as to the evidentiary submissions and arguments of the parties. (Citations omitted)."

Gierlinger v. Gleason, 160 F.3d 858, 876 (2d Cir. 1998).

"[E]xcessive, redundant, or otherwise unnecessary" hours should be excluded from the "lodestar" calculation. See Hensley, 461 U.S. at 434, 103 S.Ct. 1933; see also Bliven v. Hunt, 579 F.3d 204, 213 (2d Cir. 2009). In reducing the "lodestar" amount, the court may exclude the excessive and unreasonable hours from its calculation by making an across-the-board reduction, or percentage cut, in the amount of hours. See McDonald, 450 F.3d at 96; Luciano v. Olsten Corp., 109 F.3d 111, 117 (2d Cir. 1997).

The County defendants contend, *inter alia*, that the Suffolk County Attorneys' Office, and mainly two (2) assistant county attorneys Rudolph Max Baptiste ("Baptiste") and Arlene S. Zwilling ("Zwilling"), expended a total of over six hundred thirty-two (632.4) hours defending

9

plaintiffs' claims against them, plus an additional ten (10) hours of travel time.  Upon review of

the billing records, however, some of the hours expended appear redundant, duplicative or

unnecessary.  For example, Baptiste and Zwilling billed, *inter alia*: (1) a total of approximately

two hundred (200) hours for just "review;" (2) a total of over one hundred thirty-five (135) hours

for research in this fairly straightforward civil rights case; and (3) a total of almost one hundred

eighteen (118) hours for telephone calls in this case.  (See Affirmation of Arlene S. Zwilling in

Support of Motion for Attorney's Fees and Costs ["Zwilling Aff."], ¶ 9 and Exs. C and D).  Since

this civil rights case was not overly complex, and, indeed, plaintiffs' claims against the County

defendants were clearly meritless from the outset, and given Zwilling's extensive experience

with federal civil rights litigation, (see Zwilling Aff., ¶ 12), the number of hours claimed to have

been expended by the Suffolk County Attorney's Office is reduced across-the-board by one-third

(1/3), i.e., to four hundred twenty-one and six-tenth (421.6) hours.


      2.     Hourly Rate

In determining a reasonable hourly rate, the court should consider the prevailing rates of

lawyers with comparable skill, experience and reputation in the district in which the action was

commenced and litigated.  Missouri v. Jenkins by Agyei, 491 U.S. 274, 286, 109 S.Ct. 2463, 105

L.Ed.2d 229 (1989); McDonald, 450 F.3d at 96.  Rates should be "current rather than historic

hourly rates."  Reiter v. MTA New York City Transit Authority, 457 F.3d 224, 232 (2d Cir.

2006) (quoting Gierlinger, 160 F.3d at 882).

The County defendants seek reimbursement for attorney's fees at an hourly rate of one

hundred fifty dollars ($150.00), which they contend is the municipal rate paid by the Suffolk

County Attorney's Office to many outside counsel during the relevant period, and for travel time at fifty percent (50%) of the hourly rate, i.e., at seventy-five dollars ($75.00) per hour. Since those amounts are comparable with, or lower, than recent prevailing hourly rates in the Eastern District of New York, see, e.g. Cadles of Grassy Meadows II, L.L.C. v. St. Clair, No. 10-cv-1673, 2012 WL 6617448, at * 2 (E.D.N.Y. Dec. 18, 2012) (finding the prevailing hourly rates in the Eastern District of New York to be $300-$450 for partners; $200-$300 for senior associates; and $100-$200 for junior associates); Sacardi v. Green Field Churrascaria, Inc., No. 10 Civ. 5605, 2012 WL 4979195, at * 1 (E.D.N.Y. Oct. 17, 2012) (finding the prevailing hourly rates in the Eastern District of New York to be $200-$350 for partners; $200-$250 for senior associates; and $100-$150 for junior associates); Hugee v. Kimso Apartments, LLC, 852 F. Supp. 2d 281, 302 (E.D.N.Y. 2012) (accepting fifty percent (50%) reduction of hourly rate for reimbursement of travel), the hourly rates sought by the County defendants are reasonable. Accordingly, the total "lodestar" amount is sixty-three thousand nine hundred ninety dollars ($63,990.00), i.e., four hundred twenty-one and six-tenth (421.6) hours at one hundred fifty dollars ($150.00) an hour, plus ten (10) hours at seventy-five dollars ($75.00) an hour.

3.      Adjustment

After the initial "lodestar" calculation is made, the court may adjust the amount upward or downward. Hensley, 461 U.S. at 434, 103 S.Ct. 1933. The party requesting the adjustment has the burden of establishing the propriety of a departure from the "lodestar" amount. See Perdue, 130 S.Ct. at 1673. "[E]nhancements may be awarded in rare and exceptional circumstances," id. (internal quotations and citations omitted), and "may not be awarded based

11

on a factor that is subsumed in the lodestar calculation." Id. For example, the novelty and complexity of a case and the quality of counsel's performance generally may not be used to enhance the lodestar calculation. See id. In contrast, an enhancement may be appropriate, *inter alia*, "if the attorney's performance includes an extraordinary outlay of expenses and the litigation is exceptionally protracted" or where "an attorney's performance involves exceptional delay in the payment of fees." Perdue, 130 S.Ct. at 1674-5. The district court should provide "a concise but clear explanation of its reasons for the fee award," and when an adjustment is made to the "lodestar" amount, the court "should make it clear that it has considered the relationship between the amount of the fee awarded and the results obtained." Hensley, 461 U.S. at 437, 103 S.Ct. 1933; see also Perdue, 130 S.Ct. at 1676 ("It is essential that the judge provide a reasonably specific explanation for all aspects of a fee determination, including any award of an enhancement.")

Neither party has requested a departure from the lodestar amount. In any event, the lodestar amount itself, as determined above and without adjustment, is reasonable. Accordingly, the County defendants are awarded attorney's fees in the total amount of sixty-three thousand nine hundred ninety dollars ($63,990.00).

F.    CONCLUSION

For the reasons set forth above, Hesse's and the Village defendants' motions for attorney's fees and costs pursuant to 42 U.S.C. § 1988 and Rule 54 of the Federal Rules of Civil Procedure, respectively, are denied in their entirety; the County defendants' motion for attorney's fees and costs pursuant to 42 U.S.C. § 1988 and Rule 54 of the Federal Rules of Civil Procedure,

respectively, is granted; and the County is awarded attorney's fees in the total amount of sixty-three thousand nine hundred ninety dollars ($63,990.00) and costs in the total amount of three thousand four hundred twenty-four dollars and fifty cents ($3,424.50).[7]

SO ORDERED.                          s/ Sandra J. Feuerstein

                                     _____
                                     SANDRA J. FEUERSTEIN
                                     United States District Judge
Dated: March 4, 2013
       Central Islip, New York

_____

[7] The County defendants have not sought interest thereon.

13