FILED
CLERK
9/2/2015 4:55 pm
U.S. DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
LONG ISLAND OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------X
EDWARD CARTER, FRANK FIORILLO,
KEVIN LAMM, JOSEPH NOFI, and
THOMAS SNYDER,

                     Plaintiffs,

- against-

INCORPORATED VILLAGE OF OCEAN
BEACH, MAYOR JOSEPH C. LOEFFLER,
JR., individually and in his official capacity,
FORMER MAYOR NATALIE K. ROGERS,
individually and in her official capacity,
OCEAN BEACH POLICE DEPARTMENT,
ACTING DEPUTY POLICE CHIEF GEORGE
B. HESSE, individually and in his official
capacity, SUFFOLK COUNTY, SUFFOLK
COUNTY POLICE DEPARTMENT,
SUFFOLK COUNTY DEPARTMENT OF
CIVIL SERVICE and ALISON SANCHEZ,
individually and in her official capacity,

                     Defendants.
----------------------------------------------------------X

**OPINION AND ORDER
07 CV 1215 (SJF)(ETB)**

FEUERSTEIN, J.

       On March 21, 2007, plaintiffs Edward Carter, Frank Fiorillo, Kevin Lamm, Joseph Nofi and Thomas Snyder (collectively, "plaintiffs") commenced this action against defendants Incorporated Village of Ocean Beach, Mayor Joseph C. Loeffler, Jr., Former Mayor Natalie K. Rogers and Ocean Beach Police Department (collectively, "the Village defendants"); defendant George B. Hesse ("Hesse"), acting deputy police chief for the Ocean Beach Police Department ("OBPD"); and defendants Suffolk County, Suffolk County Police Department, Suffolk County Department of Civil Service and Alison Sanchez (collectively, "the County defendants"),

1

pursuant to, *inter alia*, 42 U.S.C. §§ 1983 and 1985, alleging claims for retaliation in violation of the First Amendment to the United States Constitution and the New York Constitution and violation of plaintiffs' due process rights, as well as state law claims for violation of New York Civil Service Law § 75-b; defamation *per se*; negligent retention of an unfit employee; civil conspiracy; and tortious interference with a business relationship.  By order dated February 19, 2010, I: (1) granted the branches of defendants' motions seeking summary judgment dismissing plaintiffs' federal and state free speech retaliation and due process claims and dismissed those claims with prejudice; and (2) declined to exercise supplemental jurisdiction over the remaining state law claims and dismissed those claims pursuant to 28 U.S.C. § 1367(c).  Judgment was entered in favor of defendants on February 22, 2010.  By summary order dated March 18, 2011, the United States Court of Appeals for the Second Circuit affirmed the judgment.  Carter v. Inc. Vill. of Ocean Beach, 415 F. App'x 290 (2d Cir. Mar. 18, 2011).

Thereafter, all defendants moved for attorney's fees and costs pursuant to 42 U.S.C. § 1988 and Rule 54 of the Federal Rules of Civil Procedure, respectively.  By opinion and order dated March 4, 2013 ("the Fee Order"), I denied the motions of Hesse and the Village defendants; granted the motion of the County defendants; and awarded the County defendants attorney's fees in the total amount of sixty-three thousand nine hundred ninety dollars ($63,990.00) and costs in the total amount of three thousand four hundred twenty-four dollars and fifty cents ($3,424.50).  Plaintiffs subsequently appealed so much of the Fee Order as awarded the County defendants attorney's fees in the aforementioned amount.  By order dated July 21, 2014, the United States Court of Appeals for the Second Circuit affirmed the Fee Order. Carter v. Inc. Vill. of Ocean Beach, 759 F.3d 159 (2d Cir. 2014).

Pending before the Court is the County defendants' motion pursuant to 42 U.S.C. § 1988 and Rule 54 of the Federal Rules of Civil Procedure for a supplemental award of attorney's fees in the amount of five thousand seven hundred seven dollars and fifty cents ($5,707.50) for legal services rendered by Arlene S. Zwilling, Assistant County Attorney, as a result of plaintiffs' appeal of the Fee Order and the instant application. For the reasons set forth below, the County defendants' motion is granted in its entirety.

I. DISCUSSION

    A. Authority to Award Attorney's Fees

Both this Court and the Second Circuit have already determined that the County defendants are entitled to recover attorney's fees under 42 U.S.C. § 1988 on the basis that plaintiff's claims against them were frivolous from the outset of this case. By filing a second appeal, i.e., the appeal of the Fee Order, in a case in which the County defendants never should have been involved, plaintiffs persisted in "requir[ing] the County defendants to litigate continuously (at taxpayer expense)," Carter, 759 F.3d at 168, the frivolous claims against them since March 2007, a period now spanning more than eight (8) years. As plaintiffs asserted no non-frivolous claims against the County defendants in this action, the County defendants would not have incurred any attorney's fees, including the attorney's fees associated with plaintiffs' second appeal, but for plaintiffs' frivolous claims. See Fox v. Vice, 563 U.S. 826, 131 S. Ct. 2205, 2216, 180 L. Ed. 2d 45 (2011). Since "the relevant purpose of Section 1988 is to relieve defendants of the burdens associated with fending off frivolous litigation[,]" id., 563 U.S. 826, 131 S. Ct. at 2215, and the frivolous claims against the County defendants clearly occasioned the

attorney's fees at issue, the County defendants are entitled to recover the attorney's fees incurred by them by reason of plaintiffs' appeal of the Fee Order under Section 1988. See generally id., 563 U.S. 826, 131 S. Ct. at 2215.

Plaintiffs' contention that only the Second Circuit has authority to determine whether or not to impose "attorneys' fees for a frivolous appeal," (Plf. Mem. at 1), is misplaced. In Levine v. Arabian Am. Oil Co., 664 F. Supp. 733, 736 (S.D.N.Y. 1987), cited by plaintiffs, the court rejected the defendant's contention that the plaintiffs' counsel's conduct and submissions on appeal warranted sanctions under former Rule 11 of the Federal Rules of Civil Procedure, finding that "[t]he Second Circuit has explicitly held that 'the determination of whether or not to impose [attorneys' fees for a frivolous appeal] is reserved to the discretion of [the Second Circuit].'" Id. (quoting Sierra Club v. United States Army Corps of Engineers, 776 F.2d 383, 392 (2d Cir.1985)). The court found the origins of that rule to be: (1) that "as a general matter, the appellate court is in a better position to assess the submissions filed with it[,]" id.; and (2) that "a rule permitting a district court to sanction an attorney for appealing an adverse ruling might deter even a courageous lawyer from seeking the reversal of a district court decision." Id. (quoting Cheng v. GAF Corp., 713 F.2d 886, 892 (2d Cir.1983), vacated and remanded on other grounds, 472 U.S. 1023, 105 S. Ct. 3493, 87 L. Ed. 2d 626 (1985)). Thus, the court held that "absent specific instructions from the appellate court, th[e] [district] court is without authority to impose sanctions for papers filed on appeal." Id.

However, motions for sanctions, which require the court to determine a party's entitlement to fees for punitive purposes, are distinguishable from motions seeking an award of attorney's fees pursuant to a fee-shifting statute, such as Section 1988. See Sierra Club, 776 F.2d

4

at 392. With respect to the latter motions, including the County defendants' instant motion, the statute, e.g., Section 1988, not the court, determines a party's entitlement to fees. Id. Since the County defendants would not have incurred the attorney's fees associated with plaintiffs' second appeal, i.e., the appeal of the Fee Order, but for plaintiffs' persistence in continuing to litigate their frivolous claims against the County defendants for more than eight (8) years, they are entitled to attorney's fees for the legal work performed by Ms. Zwilling defending against plaintiffs' appeal of the Fee Order under Section 1988 and on this application, see Sierra Club, 776 F.2d at 392, and this Court may determine the amount of those fees. See, e.g. Perkins v. Standard Oil Co. of California, 399 U.S. 222, 223, 90 S. Ct. 1989, 26 L. Ed. 2d 534 (1970) (per curiam); Cohen v. West Haven Bd. of Police Comm'rs, 638 F.2d 496, 506 (2d Cir. 1980).

B.  Amount of Supplemental Attorney's Fees

The County defendants seek a supplemental award of attorney's fees in the total amount of five thousand seven hundred seven dollars and fifty cents ($5,707.50) based upon (1) an hourly rate of one hundred fifty dollars ($150.00)[1] for legal services rendered by Ms. Zwilling, including (a) thirty and seven-tenths (30.7) hours expended in connection with plaintiffs' appeal of the Fee Order, and (b) five and one-tenth (5.1) hours expended in preparing the instant application for supplemental attorney's fees; and (2) an hourly rate of seventy-five dollars ($75.00)[2] for the four and a half (4.5) hours Ms. Zwilling spent traveling to and from the Second

---

[1] This is the hourly rate I awarded in the Fee Order, which was affirmed by the Second Circuit.

[2] This is the hourly rate I awarded for travel time in the Fee Order, which was affirmed by the Second Circuit.

Circuit to argue the appeal of the Fee Order.

Plaintiffs contend, *inter alia*, that Ms. Zwilling's billing entries "are extremely vague and unquestionably insufficient to support the awarded fees." (Plf. Mem. at 9). Ms. Zwilling acknowledges (1) that her office "employ[s] the practice of 'block billing', or billing by category[,]" (Affirmation of Arlene S. Zwilling in Support of Motion for Attorney's Fees ["Zwilling Aff."], ¶ 6); and that the Fee Order reduced the number of hours billed by her and another Assistant County Attorney who performed legal services on behalf of defendants in this case across the board by one-third (1/3) "to arrive at the number of compensable hours," (id.), which was approved by the Second Circuit on plaintiff's appeal thereof. However, unlike the time records upon which the Fee Order was based, from which it appeared that some of the hours expended by both Ms. Zwilling and the other Assistant County Attorney "were redundant, duplicative or unnecessary," (Fee Order at 10), none of the hours claimed by Ms. Zwilling on this application appear to be redundant, duplicative, unnecessary or otherwise excessive.

"While 'block-billing' is disfavored and may lack the specificity required for an award of attorneys' fees, it is not prohibited as long as the court can determine the reasonableness of the work performed." Adorno v. Port Authority of New York and New Jersey, 685 F. Supp. 2d 507, 515 (S.D.N.Y. 2010), reconsideration granted on other grounds, 2010 WL 727480 (S.D.N.Y. Mar. 2, 2010) (citation omitted); see also Hines v. City of Albany, — F. App'x —, 2015 WL 3479820, at * 3 (2d Cir. June 3, 2015) (summary order) (holding that block-billing "is not per se unreasonable.") Although Ms. Zwilling's time records are somewhat vague as a result of the block-billing, it is clear from the amount of time billed by her for the legal work she performed in connection with both the appeal and this application that the hours billed are reasonable. Ms.

6

Zwilling billed one and eight-tenths (1.8) hours to review plaintiffs' sixty-four (64) page appellate brief; sixteen and one-tenth (16.1) hours to prepare a fifty-three (53) page appellees' brief; five and two-tenths (5.2) hours to research the issues on the appeal for her brief; five (5) hours preparing for oral argument of the appeal, including reviewing the briefs and performing research; one-tenth (.1) of an hour for a telephone call; two and a half (2.5) hours for her court appearance to argue against plaintiffs' appeal; two and two-tenths (2.2) hours to research issues regarding the instant application; and two and nine-tenths (2.9) hours to prepare the instant application. All of those hours are reasonable. See, e.g. HLT Existing Franchise Holding LLC v. Worcester Hosp. Grp. LLC, No. 12 Civ. 8295(PAE), 2015 WL 4879137, at * 1 (S.D.N.Y. Aug. 14, 2015) (finding that the one hundred seventy-four and a half (174.5) hours billed for legal work, including briefing a motion for attorney's fees, participating in mediation, writing appellate briefs and preparing for argument before the Second Circuit, were reasonable); Retirement Plan of Unite Here Nat'l Ret. Fund v. Kombassan Holding A.S., No. 06 Civ. 5861, 2011 WL 5579033, at * 1 (S.D.N.Y. Nov. 15, 2011) (finding that five (5) hours was reasonable to bill for preparing for oral argument of an appeal and that ten (10) hours was reasonable for preparing the fee application "[g]iven that recovery was virtually assured[] [and] all that the attorneys needed to do was collect and analyze their records."); Konits v. Valley Stream Cent. High Sch. Dist., No. 01-cv-6763(LDW), 2011 WL 2747972, at * 3 (E.D.N.Y. July 11, 2011) (finding that a total of sixty (60) hours was reasonable for legal work on an appeal of an order awarding attorney's fees and subsequent fee application).

Moreover, the four and a half (4.5) hours of travel time billed by Ms. Zwilling for traveling to the Second Circuit for oral argument of the appeal is reasonable given the location of

the Suffolk County Attorney's Office in Hauppauge and the Second Circuit's location in Manhattan. Accordingly, the County defendants' motion is granted in its entirety and the County defendants are awarded supplemental attorney's fees in the total amount of five thousand seven hundred seven dollars and fifty cents ($5,707.50).

II.   CONCLUSION

For the reasons set forth above, the County defendants' motion pursuant to 42 U.S.C. § 1988 and Rule 54 of the Federal Rules of Civil Procedure is granted in its entirety and the County defendants are awarded supplemental attorney's fees in the total amount of five thousand seven hundred seven dollars and fifty cents ($5,707.50).[3]

SO ORDERED.

　　　　　　　　　　　_____/s/_____
　　　　　　　　　　　SANDRA J. FEUERSTEIN
　　　　　　　　　　　United States District Judge

Dated: September 2, 2015
　　　　Central Islip, New York

---

[3] The County defendants have not sought interest thereon.